PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiff*
FINJAN, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PALO ALTO NETWORKS, INC., a Delaware Corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Finjan, Inc. ("Finjan") files this Complaint for Patent Infringement and Jury Demand against Defendant Palo Alto Networks, Inc. ("Defendant" or "Palo Alto Networks") and alleges as follows:

### THE PARTIES

1.      Finjan is a Delaware corporation, with its principal place of business at 333 Middlefield Road, Suite 110, Menlo Park, California 94025.  Finjan's U.S. operating business was previously headquartered at 2025 Gateway Place, San Jose, California 95110.

2.      Palo Alto Networks is a Delaware corporation with its principal place of business at 4401 Great America Parkway, Santa Clara, California 95054.

### JURISDICTION AND VENUE

3.      This action arises under the Patent Act, 35 U.S.C. § 101 *et seq*.  This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

5.      This Court has personal jurisdiction over Defendant.  Upon information and belief, Defendant does business in this District and has, and continues to, infringe and/or induce the infringement in this District.  Defendant also markets its products primarily in and from this District.  Palo Alto Networks availed itself of the jurisdiction of Northern California in *Palo Alto Networks, Inc. v. Juniper Networks, Inc.*, 5:13-cv-4510 (PSG), case.   In addition, the Court has personal jurisdiction over Defendant because it has established minimum contacts with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

**INTRADISTRICT ASSIGNMENT**

6.      Pursuant to Local Rule 3-2(c), Intellectual Property Actions are assigned on a district-wide basis.

**FINJAN'S INNOVATIONS**

7.      Finjan was founded in 1997 as a wholly-owned subsidiary of Finjan Software Ltd., an Israeli corporation.  Finjan was a pioneer in developing proactive security technologies capable of detecting previously unknown and emerging online security threats recognized today under the umbrella of "malware."  These technologies protect networks and endpoints by identifying suspicious patterns and behaviors of content delivered over the Internet.  Finjan has been awarded, and continues to prosecute, numerous patents covering its innovations in the United States and around the world resulting directly from Finjan's more than decade-long research, $65 million investment, and development efforts, supported by a dozen inventors.

8.      Finjan built and sold software, including application programing interfaces, and appliances for network security using these patented technologies.  These products and customers of such products continue to be supported by Finjan's licensing partners.  At its height, Finjan employed nearly 150 employees around the world building and selling security products and operating the Malicious Code Research Center through which it frequently published research regarding network security and current threats on the Internet.  Finjan's pioneering approach to online security drew equity investments from two major software and technology companies, the first in 2005, followed by the second in 2006.  Through 2009, Finjan has generated millions of dollars in product sales and related services and support revenues

9.      Finjan's founder and original investors are still involved with and invested in the company today.  Currently, Finjan is a technology company applying its research, development,

2

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

knowledge and experience with security technologies to working with inventors, investing in and/or acquiring other technology companies, investing in a variety of research organizations including security incubators, and evaluating strategic partnerships with other companies in the security space.

10. On October 12, 2004, U.S. Patent No. 6,804,780 ("the '780 Patent"), entitled SYSTEM AND METHOD FOR PROTECTING A COMPUTER AND A NETWORK FROM HOSTILE DOWNLOADABLES, was issued to Shlomo Touboul. A true and correct copy of the '780 Patent is attached to this Complaint as Exhibit 1 and is incorporated by reference herein.

11. All rights, title, and interest in the '780 Patent have been assigned to Finjan, which is the sole owner of the '780 Patent. Finjan has been the sole owner of the '780 Patent since its issuance.

12. The '780 Patent is generally directed towards methods and systems for generating a Downloadable ID. By generating an identification for each examined Downloadable, the system may allow for the Downloadable to be recognized without reevaluation. Such recognition increases efficiency while also saving valuable resources, such as memory and computing power.

13. On November 15, 2005, U.S. Patent No. 6,965,968 ("the '968 Patent"), entitled POLICY-BASED CACHING, was issued to Shlomo Touboul. A true and correct copy of the '968 Patent is attached to this Complaint as Exhibit 2 and is incorporated by reference herein.

14. All rights, title, and interest in the '968 Patent have been assigned to Finjan, who is the sole owner of the '968 Patent. Finjan has been the sole owner of the '968 Patent since its issuance.

15. The '968 Patent is generally directed towards methods and systems for enabling policy-based cache management to determine if digital content is allowable relative to a policy. One of the ways this is accomplished is scanning digital content to derive a content profile and determining whether the digital content is allowable for a policy based on the content profile.

3

16.     On June 6, 2006, U.S. Patent No. 7,058,822 ("the '822 Patent"), entitled MALICIOUS MOBILE CODE RUNTIME MONITORING SYSTEM AND METHODS, was issued to Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul.  A true and correct copy of the '822 Patent is attached to this Complaint as Exhibit 3 and is incorporated by reference herein.

17.     All rights, title, and interest in the '822 Patent have been assigned to Finjan, who is the sole owner of the '822 Patent.  Finjan has been the sole owner of the '822 Patent since its issuance.

18.     The '822 Patent is generally directed towards computer networks and more particularly provides a system that protects devices connected to the Internet from undesirable operations from web-based content.  One of the ways this is accomplished is by determining whether any part of such web-based content can be executed and then trapping such content and neutralizing possible harmful effects using mobile protection code.  Additionally, the system provides a way to analyze such web-content to determine whether it can be executed.

19.     On August 26, 2008, U.S. Patent No. 7,418,731 ("the '731 Patent"), entitled METHOD AND SYSTEM FOR CACHING AT SECURE GATEWAYS, was issued to Shlomo Touboul.  A trued and correct copy of the '731 Patent is attached to this Complaint as Exhibit 4 and is incorporated by reference herein.

20.     All rights, title, and interest in the '731 Patent have been assigned to Finjan, who is the sole owner of the '731 Patent.  Finjan has been the sole owner of the '731 Patent since its issuance.

21.     The '731 Patent is generally directed towards methods and systems for enabling policy-based cache management to determine if digital content is allowable relative to a policy.  One of the ways this is accomplished is scanning digital content to derive a content profile, including at

4

least one computer command the content would perform, and determining whether the digital content is allowable for a policy based on the content profile.

22.    On November 3, 2009, U.S. Patent No. 7,613,918 ("the '918 Patent"), entitled SYSTEM AND METHOD FOR ENFORCING A SECURITY CONTEXT ON A DOWNLOADABLE, was issued to Yuval Ben-Itzhak.  A true and correct copy of the '918 Patent is attached to this Complaint as Exhibit 5 and is incorporated by reference herein.

23.    All rights, title, and interest in the '918 Patent have been assigned to Finjan, who is the sole owner of the '918 Patent.  Finjan has been the sole owner of the '918 Patent since its issuance.

24.    The '918 Patent is generally directed to a system and method for enforcing a security context on a Downloadable.  One way this is accomplished is by making use of security contexts that are associated within certain user/group computer accounts when deriving a profile for code received from the Internet.

25.    On November 3, 2009, U.S. Patent No. 7,613,926 ("the '926 Patent"), entitled METHOD AND SYSTEM FOR PROTECTING A COMPUTER AND A NETWORK FROM HOSTILE DOWNLOADABLES, was issued to Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul.  A true and correct copy of the '926 Patent is attached to this Complaint as Exhibit 6 and is incorporated by reference herein.

26.    All rights, title, and interest in the '926 Patent have been assigned to Finjan, which is the sole owner of the '926 Patent.  Finjan has been the sole owner of the '926 Patent since its issuance.

27.    The '926 Patent generally covers a method and system for protecting a computer and a network from hostile downloadables.  The claims generally cover performing hashing on a

5

downloadable in order to generate a downloadable ID, retrieving security profile data, and transmitting an appended downloadable.

28.     On January 12, 2010, U.S. Patent No. 7,647,633 ("the '633 Patent"), entitled MALICIOUS MOBILE CODE RUNTIME MONITORING SYSTEM AND METHODS, was issued to Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul.  A true and correct copy of the '633 Patent is attached to this Complaint as Exhibit 7 and is incorporated by reference herein.

29.     All rights, title, and interest in the '633 Patent have been assigned to Finjan, who is the sole owner of the '633 Patent.  Finjan has been the sole owner of the '633 Patent since its issuance.

30.     The '633 Patent is generally directed towards computer networks, and more particularly, provides a system that protects devices connected to the Internet from undesirable operations from web-based content.  One of the ways this is accomplished is by determining whether any part of such web-based content can be executed and then trapping such content and neutralizing possible harmful effects using mobile protection code.

31.     On March 20, 2012, U.S. Patent No. 8,141,154 ("the '154 Patent"), entitled SYSTEM AND METHOD FOR INSPECTING DYNAMICALLY GENERATED EXECUTABLE CODE, was issued to David Gruzman and Yuval Ben-Itzhak.  A true and correct copy of the '154 Patent is attached to this Complaint as Exhibit 8 and is incorporated by reference herein.

32.     All rights, title, and interest in the '154 Patent have been assigned to Finjan, who is the sole owner of the '154 Patent.  Finjan has been the sole owner of the '154 Patent since its issuance.

33.     The '154 Patent is generally directed towards a gateway computer for protecting a client computer from dynamically generated malicious content.  One way this is accomplished is to

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

use a content processor to process a first function and invoke a second function if a security computer indicates that it is safe to invoke the second function.

34. On July 17, 2012, U.S. Patent No. 8,225,408 ("the '408 Patent"), entitled METHOD AND SYSTEM FOR ADAPTIVE RULE-BASED CONTENT SCANNERS, was issued to Moshe Rubin, Moshe Matitya, Artem Melnick, Shlomo Touboul, Alexander Yermakov, and Amit Shaked. A true and correct copy of the '408 Patent is attached to this Complaint as Exhibit 9 and is incorporated by reference herein.

35. All rights, title, and interest in the '408 Patent have been assigned to Finjan, who is the sole owner of the '408 Patent. Finjan has been the sole owner of the '408 Patent since its issuance.

36. The '408 Patent is generally directed towards network security and, in particular, rule-based scanning of web-based content for a variety of exploits written in different programming languages. One of the ways this is accomplished is by expressing the exploits as patterns of tokens. Additionally, the system provides a way to analyze these exploits by using a parse tree.

37. On March 18, 2014, U.S. Patent No. 8,677,494 ("the '494 Patent"), entitled MALICIOUS MOBILE CODE RUNTIME MONITORING SYSTEM AND METHODS, was issued to Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul. A true and correct copy of the '494 Patent is attached to this Complaint as Exhibit 10 and is incorporated by reference herein.

38. All rights, title, and interest in the '494 Patent have been assigned to Finjan, who is the sole owner of the '494 Patent. Finjan has been the sole owner of the '494 Patent since its issuance.

39. The '494 Patent is generally directed towards a method and system for deriving security profiles and storing the security profiles. The claims generally cover deriving a security

7

COMPLAINT FOR PATENT INFRINGEMENT                CASE NO.

profile for a downloadable, which includes a list of suspicious computer operations, and storing the security profile in a database.

## PALO ALTO NETWORKS

40.     Palo Alto Networks makes, uses, sells, offers for sale, and/or imports into the United States and this District products and services that utilize the Next Generation Enterprise Security Platform, App-ID, User-ID, Content-ID, WildFire, Next-Generation Intelligence Cloud, and Targeted Remote Attack Prevention System ("TRAPS" also spelled as "Traps"), including but not limited to, Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection.

41.     Palo Alto Networks' products fall under the umbrella of Next-Generation Security Platform, which is also known as Next-Generation Enterprise Security Platform.  This Next-Generation Security Platform is an ecosystem consisting of four segments of products including Cloud, Network, Security Subscriptions, and Endpoint.  The Cloud segment consists of WildFire, Palo Alto Network Next-Generation Threat Intelligence Cloud, WildFire Cloud, or Wild Fire Next-Generation Threat Intelligence Cloud and is integrated into all Palo Alto Networks security products. The Network segment consists of the Next-Generation Firewall and Virtualized Firewall products. The Subscription segment consists of Threat Prevention, URL Filtering, Global Protect and WildFire Subscription.  The Endpoint segment consists of the Advanced Endpoint Protection products.  Shown below is a diagram of Palo Alto Networks Next-Generation Security platform:

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.



http://investors.paloaltonetworks.com/phoenix.zhtml?c=251350&p=irol-irhome (attached as Exhibit 41).

42.     In addition to the Next-Generation Threat Intelligence Cloud technology Palo Alto Networks Next Generation Firewall Technology consists of App-ID, User-ID, Content-ID, and WildFire.

43.     App-ID identifies applications that traverse a network which is the first task that Palo Alto Networks Next-Generation Firewall executes.  App-ID can use up to four different techniques to identify the application.  These include application signatures, SSL and SSH Decryption, Application Protocol Decoding, and Heuristics.  When traffic first enters the network, App-ID applies an initial policy check based on IP protocol and port.  Signatures are then applied to the traffic to identify the application based on application properties and related transaction characteristics. If the traffic is encrypted and a decryption policy is in place, the application is first decrypted, then application signatures are applied.  Additional context-based signature analyses is then performed to identify

9

known protocols that may be hiding other applications. Encrypted traffic that was decrypted is then re-encrypted before being sent back into the network. For evasive applications that cannot be identified through advanced signature and protocol analysis, heuristics or behavioral analyses are used to determine the identity of the application. When an application is accurately identified during this series of successive techniques, the policy check determines how to treat the application and associated functions. The policy check can block the application, allow it and scan for threats, inspect it for unauthorized file transfer and data patterns, or shape its use of network resources by applying a quality-of-service policy. *See* https://www.paloaltonetworks.com/resources/techbriefs/app-id-tech-brief.html, (attached as Exhibit 11) and Palo Alto Networks Form 10-K at 5-6 (attached as Exhibit 12).

44.     User-ID integrates with directories and terminal service to identify users and groups and ties them to policies.  Different events can be used to map the user's identity which include, but are not limited to, authentication events, user authentication, terminal services monitoring, client probing, directory services and XML Application Programming Interface.  User-ID agent communicates with the domain controllers, directories, or supported enterprise applications, mapping information such as user, role, and current IP address to the firewall, making the policy integration transparent. In cases where user repository information does not include the current IP address of the user, a transparent, captive portal authentication or challenge/response mechanism can be used to tie users to the security policy. In cases where a user repository or application is in place that already has knowledge of users and their current IP address, a standards-based application programming interface can be used to tie the repository to its platform.  *See* https://www.paloaltonetworks.com/resources/techbriefs/user-id-tech-brief.html (attached as Exhibit 13); Palo Alto Networks Form 10-K at 5-6 (attached as Exhibit 12).

COMPLAINT FOR PATENT INFRINGEMENT                  CASE NO.

45.     Content ID is a collection of technologies that enable multiple Palo Alto Networks subscription services.   Content ID combines a Threat Prevention engine, URL filtering, and file and data filtering.  The Threat Prevention engine is mainly comprised of anti-malware/anti-spyware and an Intrusion Protection System ("IPS").  The anti-malware will scan a packet when it is first received looking for a variety of executables, PDF files, HTML, and JavaScript viruses.  The anti-spyware will also block attempt from spyware trying phone-home or becon out to external command and control servers.  There are various levels of protection than can be applied to the spyware security policy. Threat Prevention may also be combined with the cloud based WildFire engine to additionally detect unknown and targeted malware that may have no known signatures.  The IPS protects against vulnerability exploits, buffer overflows, DoS attacks and port scans.  IPS portion of Threat Prevention has protocol decoders and anomaly detection, stateful pattern matching, statistical anomaly detection, heuristic-based analysis, invalid or malformed packet detection, IP defragmentation and TCP reassembly, and custom vulnerability and spyware phone-home signatures.  *See* https://www.paloaltonetworks.com/resources/techbriefs/content-id-tech-brief.html (attached as Exhibit 14) and Getting_Started_Guide_PAN-OSv5.0_revC.pdf (attached as Exhibit 15).

46.     Wildfire is Palo Alto Networks' cloud-based protection feature that is sold on a subscription basis and is also the name for a technology that benefits nearly all the Palo Alto Networks products.  Wildfire can also be known as WildFire Next-Generation Threat Intelligence Cloud or just Next-Generation Threat Intelligence Cloud.  Wildfire may also be platform based in lieu of cloud based which utilizes the WF-500 appliance.

47.     One function of Wildfire is to identify malware by observing the behavior of the suspect file instead of relying solely on pre-existing signatures.  Palo Alto Networks' firewalls are configured to send files to Wildfire based on the policy.  Whenever a file is transferred over a session

11

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

that matches a security rule with a forwarding profile, the firewall checks with WildFire to see if the file is new.  If the file is new, the firewall automatically forwards the file to WildFire, even if it is contained within a ZIP file or over compressed HTTP.  The firewall can also be configured to forward files inside of decrypted SSL sessions.  When WildFire receives the file, it analyzes it in its virtualized sandbox to determine if the file exhibits signs of malicious behaviors, changes to browser security settings, injection of code into other processes, modification of files in the Windows system folder, or domains that the sample may have visited.  Once WildFire completes the analyses, detailed forensics report is generated that summarizes the activities performed by the sample on the host and the network and automatically assigns a verdict of malware or benign.  In addition, when the WildFire engine identifies a sample as malware, it passes it to the WildFire signature generator, which automatically generates a signature based on the malware payload of the sample.  WildFire is also part of the WildFire Next-Generation Threat Intelligence Cloud's intelligence which informs the protections of Palo Alto Networks other security services for all customers.  *See* https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/white-papers/whitepaper-wildfire.pdf (attached as Exhibit 16).  Shown below is a diagram depicting the WildFire cloud:

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.



https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/white-papers/threat-visibility-for-government-networks.pdf (attached as Exhibit 17).

48.     Palo Alto Networks deploys the REST Management Application Programming Interface.  The XML-based REST Application Programming Interface is provided as a web service that is implemented using HTTP/HTTPS requests and responses.  The Application Programming Interface allows access to several types of data in order to be integrated with and used in other systems.  The different Application Programming Interface requests that can be done are Key Generation, Device Configuration, Operational Commands, Commit Configuration, Reporting, Exporting files, Importing files, Retrieving logs, and Set or Get User-ID mapping.  The User-ID Application Programming Interface /Mapping allows one to import user data for external sources.  This can include user defined scripts as well as partner integrations.  *See*

COMPLAINT FOR PATENT INFRINGEMENT                CASE NO.

https://live.paloaltonetworks.com/docs/DOC-4126 (attached as Exhibit 18) and

https://live.paloaltonetworks.com/docs/DOC-5939 (attached as Exhibit 19).

49.     Targeted Remote Attack Prevention System ("TRAPS" also spelled as "Traps") in

Advanced Endpoint Protection protects endpoint through the use a series of exploit prevention

modules aimed at mitigating and blocking different exploit techniques.  When an application is

opened, TRAPS injects prevention modules into the process.  The TRAPS will also collect detailed

forensics and report that information.  TRAPS will also query the WildFire threat cloud with a hash

to determine if the file is malicious, benign, or unknown within the global threat community.  Shown

below is a flow chart of the process TRAPS uses:



https://www.paloaltonetworks.com/resources/datasheets/endpoint-protection.html (attached as

Exhibit 20).

50.     Further, as stated in Palo Alto Networks SEC filings, TRAPS is technology that Palo

Alto Networks acquired from the company, Cyvera Ltd. ("Cyvera").  Palo Alto Networks completed

an acquisition of Cyvera on April 9, 2014 for approximately $177,647,000 in cash and stock.  Palo

Alto Networks has been and is currently integrating Cyvera's technology into its own product lines,

including those mentioned above.

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

http://investors.paloaltonetworks.com/phoenix.zhtml?c=251350&p=irol-sec (attached as Exhibit 21) and http://investors.paloaltonetworks.com/phoenix.zhtml?c=251350&p=irol-irhome (attached as Exhibit 41).

## PALO ALTO NETWORKS' INFRINGEMENT OF FINJAN'S PATENTS

51.     Defendant has been and is now infringing the '780 Patent, the '968 Patent, the '822 Patent, the '731 Patent, the '918 Patent, the '926 Patent, the '633 Patent, the '154 Patent, the '408 Patent, and the '494 Patent (collectively "the Patents-In-Suit") in this judicial District, and elsewhere in the United States by, among other things, making, using, importing, selling, and/or offering for sale the claimed system and methods on the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection.

52.     In addition to directly infringing the Patents-In-Suit pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, or both, Defendant indirectly infringes all the Patents-In-Suit except the '154 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including its users and developers, to perform all or some of the steps of the method claims, either literally or under the doctrine of equivalents, or both, of the Patents-In-Suit.

### COUNT I
### (Direct Infringement of the '780 Patent pursuant to 35 U.S.C. § 271(a))

53.     Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

54.     Defendant has infringed and continues to infringe one or more claims of the '780 Patent in violation of 35 U.S.C. § 271(a).

55.     Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

56. Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization, or license of Finjan.

57. Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including, but not limited to, the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, and which embody the patented invention of the '780 Patent.

58. As a result of Defendant's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief.

59. Defendant's infringement of the '780 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

60. Defendant is well aware of Finjan's patents, including the '780 Patent, and has continued its infringing activity despite this knowledge. Finjan informed Defendant of its infringement of the '780 Patent on or about October 4, 2013, and provided a representative claim chart specifically identifying how Defendant's products and services infringe. Finjan attempted unsuccessfully to actively engage in good faith negotiations for over a year with Defendant regarding Finjan's patent portfolio, including providing additional representative claim charts for different patents and identifying Defendant's infringement. Further, Finjan met via teleconference with Defendant's Direct of Intellectual Property Strategy, Michael Ritter, on September 26, 2014, to engage in a technical discussion regarding infringement of Defendant's products and services. Despite knowledge of Finjan's patent portfolio, being provided representative claim charts of several Finjan patents, including the '780 Patent, and engaging in a technical meeting regarding infringement

COMPLAINT FOR PATENT INFRINGEMENT                 CASE NO.

of Defendant's products and services, Defendant has refused to enter into good faith discussions with Finjan, in complete disregard of Finjan's patent rights, and has sold and continues to sell the accused products and services.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '780 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT II
### (Indirect Infringement of the '780 Patent pursuant to 35 U.S.C. § 271(b))

61.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

62.    Defendant has induced and continues to induce infringement of at least claims 1-8 and 16 of the '780 Patent under 35 U.S.C. § 271(b).

63.    In addition to directly infringing the '780 Patent, Defendant indirectly infringes the '780 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including but not limited to its customers, users and developers, to perform one or more of the steps of the method claims, either literally or under the doctrine of equivalents, of the '780 Patent, where all the steps of the method claims are performed by either Palo Alto Networks, its customers, users or developers, or some combination thereof.  Defendant knew or was willfully blind to the fact that it was inducing others, including customers, users and developers, to infringe by practicing, either themselves or in conjunction with Defendant, one or more method claims of the '780 Patent.

64.    Defendant knowingly and actively aided and abetted the direct infringement of the '780 Patent by instructing and encouraging its customers, users and developers to use Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced

EndPoint Protection.  Such instructions and encouragement include, but are not limited to, advising third parties to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, or Advanced EndPoint Protection in an infringing manner, providing a mechanism through which third parties may infringe the '780 Patent, specifically through the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, advertising and promoting the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, or Advanced EndPoint Protection in an infringing manner, and distributing guidelines and instructions to third parties on how to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, or Advanced EndPoint Protection in an infringing manner.

65.     Palo Alto Networks provides detailed instructions to its customers and users regarding all aspects of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection.  These instructions can be found at https://www.paloaltonetworks.com/customers.html (attached as Exhibit 31).

66.     Palo Alto Networks itself and through its authorized partners regularly provide class-room style training, demonstrations, and certification programs to help users use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint

Protection, including the following:

- Palo Alto Networks Essentials 1, where "[s]uccessful completion of this three-day, instructor led course will enable the student to install, configure, and manage the entire line of Palo Alto Networks Next-Generation firewalls." https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/datasheets/education/5.0-essentials-1.pdf (attached as Exhibit 22);

- Palo Alto Network Essentials 2, which "Firewall Management expands on 201 course topics, while introducing many new features and functions of Palo Alto Networks Next-Generation firewalls." https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/datasheets/education/5.0-essentials-2.pdf (attached as Exhibit 23);

- Accredited Configuration Engineer ("ACE"), where "[t]he primary goal of the ACE exam is to serve as an objective indication of your ability to configure Palo Alto Networks firewalls using the PAN-OS." https://www.paloaltonetworks.com/services/education/ace.html (attached as Exhibit 24);

- Certified Network Security Engineer ("CNSE") exam and study materials which upon successful passing indicate an in-depth engineering level knowledge of how to install, configure, and implement Palo Alto Network products.   The study materials consist of 32 technical documents which cover detailed aspects of the Palo Alto Networks Next-Generation Firewall.  https://www.paloaltonetworks.com/services/education/cnse.html (attached as Exhibit 25);

67.     Palo Alto Networks also offers a range of consulting services where "[e]xperienced

consultants from Palo Alto Networks provide on-site personalized assistance to create the optimal

implementation for your business."  *See*

https://www.paloaltonetworks.com/content/dam/paloaltonetworks-

com/en_US/assets/pdf/services/Consulting%20Services%20Overview.pdf (attached as Exhibit 26).

68.     The consulting services further provide for employee and customer testing, setup and

running the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall,

WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention

Subscription, and Advanced EndPoint Protection including the following:

19

- Remote Installation of Software where Palo Alto Networks "offer(s) Remote Install with Baseline Threat Protection . . . to quickly (and properly) install the next-generation firewall." https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/services/Consulting%20Services%20Overview.pdf (attached as Exhibit 26);

- Palo Alto Networks also offers "experienced consultants will apply their extensive knowledge of Palo Alto Networks next-generation firewalls and best practices to identify recommended changes." https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/services/Consulting%20Services%20Overview.pdf (attached as Exhibit 26).

69.     Palo Alto Networks provides on-demand video demonstrations on how to configure and use the Next-Generation Firewall and Virtualized Firewalls. https://www.paloaltonetworks.com/resources/demos/ngfw-overview-and-demo.html (attached as Exhibit 27).

70.     Palo Alto Networks provides technical documentation, administrators guides, hardware guides, and getting started guides.  These documents instruct users on ways to configure and operate the Next-Generation Firewalls and Virtualized Firewalls. https://live.paloaltonetworks.com/community/documentation (attached as Exhibit 28).

71.     Palo Alto Networks provides the webcast "Threat Review Series: Combining the Power of App-ID with Wildfire."  This webcast discusses how users should leverage the App-ID technology with WildFire in order to get heightened protection against malware. https://www.paloaltonetworks.com/resources/webcasts/trs-combining-the-power-of-app-id-with-wildfire.html (attached as Exhibit 29).

72.     Palo Alto Networks includes the XML-based REST Application Programming Interface in PAN-OS.   The Application Programming Interface allows access to several types of data by third parties.  This data can be integrated and used in other systems such as User-ID Application

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

Programming Interface partnering with third parties.  https://live.paloaltonetworks.com/docs/DOC-5939 (attached as Exhibit 19).

73.     Defendant is well aware of Finjan's patents, including the '780 Patent, and has continued its infringing activity despite this knowledge.  Finjan informed Defendant of its infringement of the '780 Patent on or about October 4, 2013, and provided a representative claim chart specifically identifying how Defendant's products and services infringe.  Finjan attempted unsuccessfully to actively engage in good faith negotiations for over a year with Defendant regarding Finjan's patent portfolio, including providing additional representative claim charts for different patents and identifying Defendant's infringement.  Further, Finjan met via teleconference with Defendant's Direct of Intellectual Property Strategy, Michael Ritter, on September 26, 2014, to engage in a technical discussion regarding infringement of Defendant's products and services.  Despite knowledge of Finjan's patent portfolio, being provided representative claim charts of several Finjan patents, including of the '780 Patent, and engaging in a technical meeting regarding infringement of Defendant's products and services, Defendant has refused to enter into good faith discussions with Finjan, in complete disregard of Finjan's patent rights, and has sold and continues to sell the accused products and services.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '780 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

74.     Defendant has had knowledge of the '780 Patent at least as of October 4, 2013, and by continuing the actions described above, has had the specific intent to or was willfully blind to the fact that its actions would induce infringement of the '780 Patent.

COMPLAINT FOR PATENT INFRINGEMENT                CASE NO.

75.     Palo Alto Networks actively and intentionally maintains websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, and to encourage potential customers, users and developers to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in the manner described by Finjan. https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

76.     Palo Alto Networks actively updates its websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support, and Consulting, to promote the Palo Alto Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, including Wildfire and  Next-Generation Threat Intelligence Cloud, to encourage customers, users and developers to practice the methods claimed in the '780 Patent.  *See* https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

## COUNT III
### (Direct Infringement of the '968 Patent pursuant to 35 U.S.C. § 271(a))

77.     Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

78.     Defendant has infringed and continues to infringe one or more claims of the '968 Patent in violation of 35 U.S.C. § 271(a).

79.     Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

80.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization, or license of Finjan.

81.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, which embody the patented invention of the '968 Patent.

82.     As a result of Defendant's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief.

83.     Defendant's infringement of the '968 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

84.     Defendant is well aware of Finjan's patents, including the '968 Patent, and has continued its infringing activity despite this knowledge.  Finjan informed Defendant of its infringement of Finjan's '968 Patent on or about June 5, 2014 and provided a representative claim chart specifically identifying how Defendant's products and services infringe.  Finjan actively sought to engage in good faith negotiations several times since providing Defendant with the '968 Patent claim chart.  Further, Finjan met via telephone conference with Defendant's Director of Intellectual Property Strategy Michael Ritter on September 26, 2014, to engage in a technical discussion regarding infringement of Defendant's products and services.  Despite knowledge of Finjan's patent portfolio, being provided representative claim charts of several Finjan patents, including of the '968 Patent, and engaging in a technical meeting regarding infringement of Defendant's products and services, Defendant has refused to enter into good faith discussion with Finjan, in complete disregard

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

of Finjan's patent rights, and has sold and continues to sell the accused products and services.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '968 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT IV
### (Indirect Infringement of the '968 Patent pursuant to 35 U.S.C. § 271(b))

85.     Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

86.     Defendant has induced and continues to induce infringement of at least claims 13-22 and 25-31 of the '968 Patent under 35 U.S.C. § 271(b).

87.     In addition to directly infringing the '968 Patent, Defendant indirectly infringes the '968 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including but not limited to its customers, users, and developers, to perform one or more of the steps of the method claims, either literally or under the doctrine of equivalents, of the '968 Patent, where all the steps of the method claims are performed by either Palo Alto Networks, its customers, users or developers, or some combination thereof.  Defendant knew or was willfully blind to the fact that it was inducing others, including customers, users, and developers, to infringe by practicing, either themselves or in conjunction with Defendant, one or more method claims of the '968 Patent.

88.     Defendant knowingly and actively aided and abetted the direct infringement of the '968 Patent by instructing and encouraging its customers, users and developers to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection.  Such instructions and encouragement include, but are not limited to, advising third parties to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized

Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner, providing a mechanism through which third parties may infringe the '968 Patent, specifically through the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, or Advanced EndPoint Protection; advertising and promoting the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, or Advanced EndPoint Protection in an infringing manner, and distributing guidelines and instructions to third parties on how to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, or Advanced EndPoint Protection in an infringing manner.

89.     Palo Alto Networks provides detailed instructions to its customers and users regarding all aspects of Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to, Policy Control, on-device cache, AppID ContentID and UserID.  These instructions can be found at https://www.paloaltonetworks.com/customers.html (attached as Exhibit 31).

90.     Palo Alto Networks provides on-demand video demonstrations on how to configure and use the Next-Generation Firewall and Virtualized Firewall. https://www.paloaltonetworks.com/resources/demos/ngfw-overview-and-demo.html (attached as Exhibit 27).

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

91.     Palo Alto Networks provides technical documentation, administrators guides, hardware guides and getting started guides.  These documents instruct users on ways to configure and operate the Next-Generation Firewall and Virtualized Firewall. https://live.paloaltonetworks.com/community/documentation (attached as Exhibit 28).  These documents include:

- The "Next-Generation Firewalls for Dummies" guide.   This guide gives a background to the threat landscape, the challenges of the current threat landscape, in-depth discussion on how Next-Generation Firewalls addresses current threat, and then how to deploy and safely enable the Next-Generation Firewalls in one's organization. https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/education/NGFW_dummies.pdf (attached as Exhibit 32);

- The "Getting Started Guide" for PAN-OS 5.0.  This guide provides details on how to active Threat Prevention, URL Filtering, Global Protect and other services.  The guide also instructs user how to set the security profiles for Threat Prevention including Content-ID and WildFire.  https://live.paloaltonetworks.com/docs/DOC-4214 (attached as Exhibit 15).

92.     Palo Alto Networks publishes and provides videos to its customer, including "Application Visibility and Control."  This guide provides how to use the application visibility more effectively.  https://www.paloaltonetworks.com/resources/demos/application-visibility-and-control.html (attached as Exhibit 33).

93.     Palo Alto Networks publishes and provides to its customers the "Threat Prevention Deployment Tech Note."  This guide provides instructs user on how to configure and implement App-ID, Content-ID, File Blocking, URL Filtering, and other Palo Alto Networks technology. https://live.paloaltonetworks.com/docs/DOC-3094 (attached as Exhibit 34).

94.     Palo Alto Networks provides the functionalities of policy control and promotes the use of policy control on its website.  https://www.paloaltonetworks.com/products/features/policy-control.html (attached as Exhibit 35).

95.     Defendant is well aware of Finjan's patents, including the '968 Patent, and has continued its infringing activity despite this knowledge.  Finjan informed Defendant of its infringement of Finjan's '968 Patent on or about June 5, 2014 and provided a representative claim chart specifically identifying how Defendant's products and services infringe.  Finjan actively sought to engage in good faith negotiations several time since providing Defendant with the '968 Patent claim chart.  Further, Finjan met via telephone conference with Defendant's Director of Intellectual Property Strategy Michael Ritter on September 26, 2014, to engage in a technical discussion regarding infringement of Defendant's products and services.  Despite knowledge of Finjan's patent portfolio, being provided representative claim charts of several Finjan patents, including of the '968 Patent, and engaging in a technical meeting regarding infringement of Defendant's products and services, Defendant has refused to enter into good faith discussions with Finjan, in complete disregard of Finjan's patent rights, and has sold and continues to sell the accused products and services.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '968 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

96.     Defendant has had knowledge of the '968 Patent at least as of June 5, 2014 and by continuing the actions described above, has had the specific intent to or was willfully blind to the fact that its actions would induce infringement of the '968 Patent.

97.     Palo Alto Networks actively and intentionally maintains websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection and to encourage potential customers, users and developers to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in the manner described by Finjan.  https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

98.     Palo Alto Networks actively updates its websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to, Palo Alto Networks Policy Control, on-device cache, Policy Control, on-device cache, AppID ContentID and UserID, to encourage customers, users and developers to practice the methods claimed in the '968 Patent.  *See* https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

## <u>COUNT V</u>
### (Direct Infringement of the '822 Patent pursuant to 35 U.S.C. § 271(a))

99.     Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

100.     Defendant has infringed and continues to infringe one or more claims of the '822 Patent in violation of 35 U.S.C. § 271(a).

101.     Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

102.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

28

103.    Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, which embody the patented invention of the '822 Patent.

104.    As a result of Defendant's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief.

105.    Defendant's infringement of the '822 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

106.    Defendant is well aware of Finjan's patents, including the '822 Patent, and has continued its infringing activity despite this knowledge.  Finjan informed Defendant of its infringement of Finjan's '822 Patent on or about June 20, 2014 and provided a representative claim chart on July 23, 2014 specifically identifying how Defendant's products and services infringe. Finjan actively sought to engage in good faith negotiations several time since providing Defendant with the '822 Patent claim chart.  Further, Finjan met via telephone conference with Defendant's Director of Intellectual Property Strategy Michael Ritter on September 26, 2014, to engage in a technical discussion regarding infringement of Defendant's products and services.  Despite knowledge of Finjan's patent portfolio, being provided representative claim charts of several Finjan patents, including of the '822 Patent, and engaging in a technical meeting regarding infringement of Defendant's products and services, Defendant has refused to enter into good faith discussions with Finjan, in complete disregard of Finjan's patent rights, and has sold and continues to sell the accused products and services.  As such, Defendant has acted recklessly and continues to willfully, wantonly,

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

1    and deliberately engage in acts of infringement of the '822 Patent, justifying an award to Finjan of

2    increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. §

3    285.

4                                    **COUNT VI**

5              **(Indirect Infringement of the '822 Patent pursuant to 35 U.S.C. § 271(b))**

6        107.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the

7    allegations of the preceding paragraphs, as set forth above.

8        108.    Defendant has induced and continues to induce infringement of at least claims 1-8 and

9    16- 27 of the '822 Patent under 35 U.S.C. § 271(b).

10       109.    In addition to directly infringing the '822 Patent, Defendant indirectly infringes the

11   '822 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including

12   but not limited to its customers, users and developers, to perform one or more of the steps of the

13   method claims, either literally or under the doctrine of equivalents, of the '822 Patent, where all the

14   steps of the method claims are performed by either Palo Alto Network, its customers, users or

15   developers, or some combination thereof.  Defendant knew or was willfully blind to the fact that it

16   was inducing others, including customers, users and developers, to infringe by practicing, either

17   themselves or in conjunction with Defendant, one or more method claims of the '822 Patent.

18       110.    Defendant knowingly and actively aided and abetted the direct infringement of the

19   '822 Patent by instructing and encouraging its customers, users and developers to use the Next-

20   Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription,

21   WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced

22   EndPoint Protection.  Such instructions and encouragement include but are not limited to, advising

23   third parties to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized

24   Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

Subscription, and Advanced EndPoint Protection in an infringing manner, providing a mechanism through which third parties may infringe the '822 Patent, specifically through the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection; advertising and promoting the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner, and distributing guidelines and instructions to third parties on how to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner.

111.    Palo Alto Networks provides detailed instruction to its customers and users regarding all aspects of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to, App-ID, User-ID, Content-ID and Threat Prevention.  These instructions can be found at https://www.paloaltonetworks.com/customers.html (attached at Exhibit 31).

112.    Palo Alto Networks provides on-demand video demonstrations on how to configure and use the Next-Generation Firewall.  This video can be found at https://www.paloaltonetworks.com/resources/demos/ngfw-overview-and-demo.html (attached as Exhibit 27).

113.    Palo Alto Networks provides technical documentation, administrators guides, hardware guides and getting started guides.  These documents instruct users on ways to configure and

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

operate the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall,

WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention

Subscription, and Advanced EndPoint Protection.

https://live.paloaltonetworks.com/community/documentation (attached as Exhibit 28).  These

documents include:

> • The "Next-Generation Firewalls for Dummies" guide.   This guide gives a
> background to the threat landscape, the challenges of the current threat landscape, in-depth
> discussion on how Next-Generation Firewalls addresses current threat, and then how to deploy
> and safely enable the Next-Generation Firewalls in one's organization.
> https://www.paloaltonetworks.com/content/dam/paloaltonetworks-
> com/en_US/assets/pdf/education/NGFW_dummies.pdf (attached as Exhibit 32);

> • The "Getting Started Guide" for PAN-OS 5.0.  This guide provides details on
> how to active Threat Prevention, URL Filtering, Global Protect and other services.  The guide
> also instructs user how to set the security profiles for Threat Prevention including Content-ID
> and WildFire.  https://live.paloaltonetworks.com/docs/DOC-4214 (attached as Exhibit  15).

114.    Palo Alto Networks publishes and provides to its customers the "Threat Prevention

Deployment Tech Note."  This guide instructs a user on how to configure and implement App-ID,

Content-ID, File Blocking, URL Filtering, and other Palo Alto Networks technology.

https://live.paloaltonetworks.com/docs/DOC-3094 (attached as Exhibit 34).

115.    Defendant is well aware of Finjan's patents, including the '822 Patent, and has

continued its infringing activity despite this knowledge.  Finjan informed Defendant of its

infringement of Finjan's '822 Patent on or about June 20, 2014 and provided a representative claim

chart on July 23, 2014 specifically identifying how Defendant's products and services infringe.

Finjan actively sought to engage in good faith negotiations several time since providing Defendant

with the '822 Patent claim chart.  Further, Finjan met via telephone conference with Defendant's

Director of Intellectual Property Strategy Michael Ritter on September 26, 2014, to engage in a

technical discussion regarding infringement of Defendant's products and services.  Despite

knowledge of Finjan's patent portfolio, being provided representative claim charts of several Finjan

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

patents, including the of the '822 Patent, and engaging in a technical meeting regarding infringement of Defendant's products and services, Defendant has refused to enter into good faith discussion with Finjan, in complete disregard of Finjan's patent rights, and has sold and continues to sell the accused products and services.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '822 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

116.   Defendant has had knowledge of the '822 Patent at least as of June 20, 2014 and by continuing the actions described above, has had the specific intent to or was willfully blind to the fact that its actions would induce infringement of the '822 Patent.

117.   Palo Alto Networks actively and intentionally maintains websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection and to encourage potential customers, users and developers to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in the manner described by Finjan.  https://www.paloaltonetworks.com/services.html (attached as Exhibit 30). Palo Alto Networks actively updates its websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

Subscription, and Advanced EndPoint Protection including, but not limited to, the Palo Alto

Networks Content-ID, User-ID, App-ID, and Threat Prevention, to encourage customers, users and

developers to practice the methods claimed in the '822 Patent.

https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

## COUNT VII
### (Direct Infringement of the '731 Patent pursuant to 35 U.S.C. § 271(a))

118.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the

allegations of the preceding paragraphs, as set forth above.

119.    Defendant has infringed and continues to infringe one or more claims of the '731

Patent in violation of 35 U.S.C. § 271(a).

120.    Defendant's infringement is based upon literal infringement or infringement under the

doctrine of equivalents, or both.

121.    Defendant's acts of making, using, importing, selling, and/or offering for sale infringing

products and services have been without the permission, consent, authorization, or license of Finjan.

122.    Defendant's infringement includes, but is not limited to, the manufacture, use, sale,

importation and/or offer for sale of Defendant's products and services, including but not limited to

the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire

Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and

Advanced EndPoint Protection, which embody the patented invention of the '731 Patent.

123.    As a result of Defendant's unlawful activities, Finjan has suffered and will continue to

suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled

to preliminary and/or permanent injunctive relief.

124.    Defendant's infringement of the '731 Patent has injured and continues to injure Finjan

in an amount to be proven at trial.

COMPLAINT FOR PATENT INFRINGEMENT                     CASE NO.

125.    Defendant is well aware of Finjan's patents.  Finjan's claim chart for the '731 Patent is confidential.  As such, Finjan offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis.  Defendant refused to sign the agreement.  Defendant has continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '731 Patent.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '731 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT VIII
### (Indirect Infringement of the '731 Patent pursuant to 35 U.S.C. § 271(b))

126.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

127.    Defendant has induced and continues to induce infringement of at least claims 7-12, 14-16, and 20-21 of the '731 Patent under 35 U.S.C. § 271(b).

128.    In addition to directly infringing the '731 Patent, Defendant indirectly infringes the '731 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including but not limited to its customers, users and developers, to perform one or more of the steps of the method claims, either literally or under the doctrine of equivalents, of the '731 Patent, where all the steps of the method claims are performed by either Palo Alto Networks, or its customers, users or developers, or some combination thereof.  Defendant knew or was willfully blind to the fact that it was inducing others, including customers, users and developers, to infringe by practicing, either themselves or in conjunction with Defendant, one or more method claims of the '731 Patent.

129.    Defendant knowingly and actively aided and abetted the direct infringement of the '731 Patent by instructing and encouraging its customers, users and developers to use the Next-

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection. Such instructions and encouragement include, but are not limited to, advising third parties to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner, providing a mechanism through which third parties may infringe the '731 Patent, specifically through the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, advertising and promoting the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner, and distributing guidelines and instructions to third parties on how to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner.

130.     Palo Alto Networks provides detailed instruction to its customers and users regarding all aspects of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to, Policy Control, on-device cache, Policy Control, on-device cache, AppID ContentID and UserID. These instructions can be found at https://www.paloaltonetworks.com/customers.html (attached as Exhibit 31).

36

131.    Palo Alto Networks provides on-demand video demonstrations on how to configure and use the Next-Generation Firewall and Virtualized Firewall.  This video can be found at https://www.paloaltonetworks.com/resources/demos/ngfw-overview-and-demo.html (attached as Exhibit 27).

132.    Palo Alto Networks provides technical documentation, administrators guides, hardware guides and getting started guides.  These documents instruct users on ways to configure and operate the Next-Generation Firewall and Virtualized Firewall.  This documentation and guides can be found at https://live.paloaltonetworks.com/community/documentation (attached as Exhibit 28). These documents include:

- The "Next-Generation Firewalls for Dummies" guide.   This guide gives a background to the threat landscape, the challenges of the current threat landscape, in-depth discussion on how Next-Generation Firewalls addresses current threat, and then how to deploy and safely enable the Next-Generation Firewalls in one's organization. https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/education/NGFW_dummies.pdf (attached as Exhibit 32);

- The "Getting Started Guide" for PAN-OS 5.0.  This guide provides details on how to active Threat Prevention, URL Filtering, Global Protect and other services.  The guide also instructs user how to set the security profiles for Threat Prevention including Content-ID and WildFire.  https://live.paloaltonetworks.com/docs/DOC-4214 (attached as Exhibit 15).

133.    Palo Alto Networks publishes and provides videos to its customer, including "Application Visibility and Control."  This guide provides how to use the application visibility more effectively and can be found at https://www.paloaltonetworks.com/resources/demos/application-visibility-and-control.html (attached as Exhibit 33).

134.    Palo Alto Networks publishes and provides to its customers the "Threat Prevention Deployment Tech Note."  This guide instructs user on how to configure and implement App-ID, Content-ID, File Blocking, URL Filtering, and other Palo Alto Networks technology.  *See* https://live.paloaltonetworks.com/docs/DOC-3094 (attached as Exhibit 34).

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

135.    Palo Alto Networks provides the functionalities of policy control and promotes the use of policy control on its website.  https://www.paloaltonetworks.com/products/features/policy-control.html (attached as Exhibit 35).

136.    Defendant is well aware of Finjan's patents.  Finjan's claim chart for the '731 Patent is confidential.  As such, Finjan offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis.  Defendant refused to sign the agreement.  Defendant has continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '731 Patent.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '731 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

137.    Defendant has had knowledge of the '731 Patent at least as of June 20, 2014 and by continuing the actions described above, has had the specific intent to or was willfully blind to the fact that its actions would induce infringement of the '731 Patent.

138.    Palo Alto Networks actively and intentionally maintains websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection and to encourage potential customers, users and developers to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in the manner described by Finjan.  *See* https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

38

139.    Palo Alto Networks actively updates its websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to, Palo Alto Networks Policy Control, on-device cache, Policy Control, on-device cache, AppID ContentID and UserID, to encourage customers, users and developers to practice the methods claimed in the '731 Patent.  *See* https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

## COUNT IX
### (Direct Infringement of the '918 Patent pursuant to 35 U.S.C. § 271(a))

140.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

141.    Defendant has infringed and continues to infringe one or more claims of the '918 Patent in violation of 35 U.S.C. § 271(a).

142.    Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

143.    Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

144.    Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to, the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, which embody the patented invention of the '918 Patent.

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

145.     As a result of Defendant's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief.

146.     Defendant's infringement of the '918 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

147.     Defendant is well aware of Finjan's patents and has continued its infringing activity despite this knowledge.  Finjan's claim chart for the '918 Patent is confidential.  As such, Finjan offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis. Defendant refused to sign the agreement.  Defendant has continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '968 Patent.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '968 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT X
### (Indirect Infringement of the '918 Patent pursuant to 35 U.S.C. § 271(b))

148.     Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

149.     Defendant has induced and continues to induce infringement of at least claims 1-11, 22-27, and 34 of the '918 Patent under 35 U.S.C. § 271(b).

150.     In addition to directly infringing the '918 Patent, Defendant indirectly infringes the '918 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including but not limited to its customers, users and developers, to perform one or more of the steps of the method claims, either literally or under the doctrine of equivalents, or both, of the '918 Patent, where all the steps of the method claims are performed by either Palo Alto Networks, its customers, users or

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

developers, or some combination thereof.  Defendant knew or was willfully blind to the fact that it

was inducing others, including customers, users and developers, to infringe by practicing, either

themselves or in conjunction with Defendant, one or more method claims of the '918 Patent.

151.    Defendant knowingly and actively aided and abetted the direct infringement of the

'918 Patent by instructing and encouraging its customers, users and developers to use the Next-

Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription,

WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced

EndPoint Protection.  Such instructions and encouragement include, but are not limited to, advising

third parties to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized

Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention

Subscription, and Advanced EndPoint Protection in an infringing manner, providing a mechanism

through which third parties may infringe the '918 Patent, specifically through the use of the Next-

Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription,

WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced

EndPoint Protection; advertising and promoting the use of the Next-Generation Security Platform,

Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL

Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an

infringing manner, and distributing guidelines and instructions to third parties on how to use the

Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire

Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and

Advanced EndPoint Protection in an infringing manner.

152.    Palo Alto Networks provides detailed instruction to its customers and users regarding

all aspects of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall,

41

WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention

Subscription, and Advanced EndPoint Protection including, but not limited to, App-ID, User-ID,

Content-ID, and TRAPS.  These instructions can be found at

https://www.paloaltonetworks.com/customers.html (attached as Exhibit 31).

153.    Palo Alto Networks provides on-demand video demonstrations on how to configure

and use the Next-Generation Firewall, Virtualized Firewall, and Advanced EndPoint Protection.

This video can be found at https://www.paloaltonetworks.com/resources/demos/ngfw-overview-and-

demo.html (attached as Exhibit 27).

154.    Palo Alto Networks provides technical documentation, administrators guides,

hardware guides and getting started guides.  These documents instruct users on ways to configure and

operate the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall,

WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention

Subscription, and Advanced EndPoint Protection.  The documents and guides can be found at

https://live.paloaltonetworks.com/community/documentation (attached as Exhibit 28).  These

documents include:

- The "Getting Started Guide" for PAN-OS 5.0.  This guide provides details on how to active Threat Prevention, URL Filtering, Global Protect and other services.  The guide also instructs user how to set the security profiles for Threat Prevention including Content-ID and WildFire.  https://live.paloaltonetworks.com/docs/DOC-4214 (attached as Exhibit 15);

- The "Palo Alto Networks Firewall Configuration" Elearning course.  This course is the same basic course as Essentials 101, but is offered as a free presentation on Palo Alto's website.  https://support.paloaltonetworks.com/101_ver5/player.html attached as Exhibit 36;

- The "TRAPS: Advanced Endpoint Protection."  This datasheet explains the functionalities Trap and how to implement it into a customer's system.  https://www.paloaltonetworks.com/resources/datasheets/endpoint-protection.html (attached as Exhibit 20).

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

155. Defendant is well aware of Finjan's patents and has continued its infringing activity despite this knowledge. Finjan's claim chart for the '918 Patent is confidential. As such, Finjan offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis. Defendant refused to sign the agreement. Defendant has continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '968 Patent. As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '968 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

156. Defendant has had knowledge of the '918 Patent at least as of the time it learned of this action for infringement and by continuing the actions described above, has had the specific intent to or was willfully blind to the fact that its actions would induce infringement of the '918 Patent.

157. Palo Alto Networks actively and intentionally maintains websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection and to encourage potential customers, users and developers to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in the manner described by Finjan. https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

158. Palo Alto Networks actively updates its websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall,

43

Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to, the Palo Alto Networks Content-ID, User-ID, App-ID, and TRAPS, to encourage customers, users and developers to practice the methods claimed in the '918 Patent. https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

## COUNT XI
### (Direct Infringement of the '926 Patent pursuant to 35 U.S.C. § 271(a))

159.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

160.    Defendant has infringed and continues to infringe one or more claims of the '926 Patent in violation of 35 U.S.C. § 271(a).

161.    Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

162.    Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

163.    Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including, but not limited to, the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, which embody the patented invention of the '926 Patent.

164.    As a result of Defendant's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief.

165.     Defendant's infringement of the '926 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

166.     Defendant is well aware of Finjan's patents and has continued its infringing activity despite this knowledge.  Finjan's claim chart for the '926 Patent is confidential.  As such, Finjan offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis.  Defendant refused to sign the agreement.  Defendant has continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '926 Patent.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '926 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT XII
### (Indirect Infringement of the '926 Patent pursuant to 35 U.S.C. § 271(b))

167.     Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

168.     Defendant has induced and continues to induce infringement of at least claims 1-7 and 15-21 of the '926 Patent under 35 U.S.C. § 271(b).

169.     In addition to directly infringing the '926 Patent, Defendant indirectly infringes the '926 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including, but not limited to its customers, users and developers, to perform one or more of the steps of the method claims, either literally or under the doctrine of equivalent, or both, of the '926 Patent, where all the steps of the method claims are performed by either Palo Alto Networks or its customers, users or developers, or some combination thereof.  Defendant knew or was willfully blind to the fact that it was inducing others, including customers, users and developers, to infringe by practicing, either themselves or in conjunction with Defendant, one or more method claims of the '926 Patent.

45

170.    Defendant knowingly and actively aided and abetted the direct infringement of the '926 Patent by instructing and encouraging its customers, users and developers to use Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection.  Such instructions and encouragement include, but are not limited to, advising third parties to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner, providing a mechanism through which third parties may infringe the '926 Patent, specifically through the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, advertising and promoting the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner, and distributing guidelines and instructions to third parties on how to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner.

171.    Palo Alto Networks provides detailed instruction to its customers and users regarding all aspects of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to, App-ID, User-ID,

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

Content-ID and WildFire. These instructions can be found at

https://www.paloaltonetworks.com/customers.html (attached as Exhibit 31).

172.    Palo Alto Networks itself and through its authorized partners regularly provides class-

room style training, demonstrations, and certification programs to help users use the Next-Generation

Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire

Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint

Protection, including the following:

- Palo Alto Networks Essentials 1, where "[s]uccessful completion of this three-day, instructor led course will enable the student to install, configure, and manage the entire line of Palo Alto Networks Next-Generation firewalls." https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/datasheets/education/5.0-essentials-1.pdf (attached as Exhibit 22);

- Palo Alto Network Essentials 2, which "Firewall Management expands on 201 course topics, while introducing many new features and functions of Palo Alto Networks Next-Generation firewalls." https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/datasheets/education/5.0-essentials-2.pdf (attached as Exhibit 23);

- Accredited Configuration Engineer ("ACE"), where "[t]he primary goal of the ACE exam is to serve as an objective indication of your ability to configure Palo Alto Networks firewalls using the PAN-OS." https://www.paloaltonetworks.com/services/education/ace.html (attached as Exhibit 24);

- Certified Network Security Engineer ("CNSE") exam and study materials which upon successful passing indicate an in-depth engineering level knowledge of how to install, configure, and implement Palo Alto Network products. The study materials consist of 32 technical documents which cover detailed aspects of the Palo Alto Networks Next-Generation Firewall.  https://www.paloaltonetworks.com/services/education/cnse.html (attached as Exhibit 25).

173.    Palo Alto Networks also offers a range of consulting services where "[e]xperienced

consultants from Palo Alto Networks provide on-site personalized assistance to create the optimal

implementation for your business."

https://www.paloaltonetworks.com/content/dam/paloaltonetworks-

com/en_US/assets/pdf/services/Consulting%20Services%20Overview.pdf (attached as Exhibit 26).

47

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

174.    The consulting services further provide for employee and customer testing,  setup and running the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including the following:

- Remote Installation of Software where Palo Alto Networks "offer(s) Remote Install with Baseline Threat Protection . . . to quickly (and properly)install the next-generation firewall."  https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/services/Consulting%20Services%20Overview.pdf (attached as Exhibit 26);

- Palo Alto Networks also offers "experienced consultants will apply their extensive knowledge of Palo Alto Networks next-generation firewalls and best practices to identify recommended changes." https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/services/Consulting%20Services%20Overview.pdf (attached as Exhibit 26).

175.    Palo Alto Networks provides on-demand video demonstrations on how to configure and use the Next-Generation Firewall and Virtualized Firewalls.  The video can be viewed at https://www.paloaltonetworks.com/resources/demos/ngfw-overview-and-demo.html (attached as Exhibit 27).

176.    Palo Alto Networks provides technical documentation, administrators guides, hardware guides and getting started guides.  These documents instruct users on ways to configure and operate the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection. https://live.paloaltonetworks.com/community/documentation (attached as Exhibit 28).

177.    Defendant is well aware of Finjan's patents and has continued its infringing activity despite this knowledge.  Finjan's claim chart for the '926 Patent is confidential.  As such, Finjan offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis.

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

Defendant refused to sign the agreement.  Defendant has continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '926 Patent.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '926 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

178.    Defendant has had knowledge of the '926 Patent at least as of the time it learned of this action for infringement and by continuing the actions described above, has had the specific intent to or was willfully blind to the fact that its actions would induce infringement of the '926 Patent.

179.    Palo Alto Networks actively and intentionally maintains websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection and to encourage potential customers, users and developers to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in the manner described by Finjan.  https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

180.    Palo Alto Networks actively updates its websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to, Palo Alto Networks Content-ID, User-ID, App-ID and WildFire, to encourage customers, users and developers

49

to practice the methods claimed in the '926 Patent.  https://www.paloaltonetworks.com/services.html

(attached as Exhibit 30).

## COUNT XIII
### (Direct Infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a))

181.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the

allegations of the preceding paragraphs, as set forth above.

182.    Defendant has infringed and continues to infringe one or more claims of the '633

Patent in violation of 35 U.S.C. § 271(a).

183.    Defendant's infringement is based upon literal infringement or infringement under the

doctrine of equivalents, or both.

184.    Defendant's acts of making, using, importing, selling, and/or offering for sale infringing

products and services have been without the permission, consent, authorization or license of Finjan.

185.    Defendant's infringement includes, but is not limited to, the manufacture, use, sale,

importation and/or offer for sale of Defendant's products and services, including but not limited to

the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire

Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and

Advanced EndPoint Protection, which embody the patented invention of the '633 Patent.

186.    As a result of Defendant's unlawful activities, Finjan has suffered and will continue to

suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled

to preliminary and/or permanent injunctive relief.

187.    Defendant's infringement of the '633 Patent has injured and continues to injure Finjan

in an amount to be proven at trial.

188.    Defendant is well aware of Finjan's patents and has continued its infringing activity

despite this knowledge.  Finjan's claim chart for the '633 Patent is confidential.  As such Finjan

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis. Defendant refused to sign the agreement stating that it wanted to keep the possibilities open to start a litigation.  Defendant has continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '633 Patent.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '633 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

### COUNT XIV
### (Indirect Infringement of the '633 Patent pursuant to 35 U.S.C. § 271(b))

189.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

190.    Defendant has induced and continues to induce infringement of at least claims 1-7, 14-20,  and 28-33 of the '633 Patent under 35 U.S.C. § 271(b).

191.    In addition to directly infringing the '633 Patent, Defendant indirectly infringes the '633 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including but not limited to its customers, users and developers, to perform one or more of the steps of the method claims, either literally or under the doctrine of equivalents, or both, of the '633 Patent, where all the steps of the method claims are performed by either Palo Alto Networks, its customers, users or developers, or some combination thereof.  Defendant knew or was willfully blind to the fact that it was inducing others, including customers, users and developers, to infringe by practicing, either themselves or in conjunction with Defendant, one or more method claims of the '633 Patent.

192.    Defendant knowingly and actively aided and abetted the direct infringement of the '633 Patent by instructing and encouraging its customers, users and developers to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription,

51

WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection.  Such instructions and encouragement include, but are not limited to, advising third parties to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner, providing a mechanism through which third parties may infringe the '633 Patent, specifically through the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, advertising and promoting the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner, and distributing guidelines and instructions to third parties on how to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner.

193.    Palo Alto Networks provides detailed instruction to its customers and users regarding all aspects of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to, App-ID, User-ID, Content-ID and Threat Prevention.  These instructions can be found at https://www.paloaltonetworks.com/customers.html (attached as Exhibit 31).

194.    Palo Alto Networks provides on-demand video demonstrations on how to configure and use the Next-Generation Firewall.  These video can be found at

https://www.paloaltonetworks.com/resources/demos/ngfw-overview-and-demo.html (attached as Exhibit 27).

195. Palo Alto Networks provides technical documentation, administrators guides, hardware guides and getting started guides. These documents instruct users on ways to configure and operate the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection. https://live.paloaltonetworks.com/community/documentation (attached as Exhibit 28). These documents include:

- The "Next-Generation Firewalls for Dummies" guide. This guide gives a background to the threat landscape, the challenges of the current threat landscape, in-depth discussion on how Next-Generation Firewalls addresses current threat, and then how to deploy and safely enable the Next-Generation Firewalls in one's organization. https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/education/NGFW_dummies.pdf (attached as Exhibit 32);

- The "Getting Started Guide" for PAN-OS 5.0. This guide provides details on how to active Threat Prevention, URL Filtering, Global Protect and other services. The guide also instructs user how to set the security profiles for Threat Prevention including Content-ID and WildFire. https://live.paloaltonetworks.com/docs/DOC-4214 (attached as Exhibit 15).

196. Palo Alto Networks publishes and provides to its customers the "Threat Prevention Deployment Tech Note." This guide provides instructs user on how to configure and implement App-ID, Content-ID, File Blocking, URL Filtering, and other Palo Alto Networks technology. This guide can be found at https://live.paloaltonetworks.com/docs/DOC-3094 (attached as Exhibit 34).

197. Defendant is well aware of Finjan's patents and has continued its infringing activity despite this knowledge. Finjan's claim chart for the '633 Patent is confidential. As such, Finjan offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis. Defendant refused to sign the agreement. Defendant has continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '633 Patent. As such, Defendant

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '633 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

198.    Defendant has had knowledge of the '633 Patent at least as of the time it learned of this action for infringement and by continuing the actions described above, has had the specific intent to or was willfully blind to the fact that its actions would induce infringement of the '633 Patent.

199.    Palo Alto Networks actively and intentionally maintains its websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection and to encourage potential customers, users and developers to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in the manner described by Finjan.  https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

200.    Palo Alto Networks actively updates its websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to, the Palo Alto Networks Content-ID, User-ID, App-ID, and Threat Prevention, to encourage customers, users and developers to practice the methods claimed in the '633 Patent.  https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT XV
### (Direct Infringement of the '154 Patent pursuant to 35 U.S.C. § 271(a))

201.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

202.    Defendant has infringed and continues to infringe one or more claims of the '154 Patent in violation of 35 U.S.C. § 271(a).

203.    Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

204.    Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

205.    Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to, Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, all which embody the patented invention of the '154 Patent.

206.    As a result of Defendant's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief.

207.    Defendant's infringement of the '154 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

208.    Defendant is well aware of Finjan's patents.  Finjan's claim chart for the '154 Patent is confidential.  As such, Finjan offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis.  Defendant refused to sign the agreement.  Defendant has

55

continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '154 Patent.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '154 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT XVI
### (Direct Infringement of the '408 Patent pursuant to 35 U.S.C. § 271(a))

209.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

210.    Defendant has infringed and continues to infringe one or more claims of the '408 Patent in violation of 35 U.S.C. § 271(a).

211.    Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

212.    Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

213.    Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including but not limited to, the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, which embody the patented invention of the '408 Patent.

214.    As a result of Defendant's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief.

215.    Defendant's infringement of the '408 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

216.    Defendant is well aware of Finjan's patents.  Finjan's claim chart for the '408 Patent is confidential.  As such, Finjan offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis.  Defendant refused to sign the agreement.  Defendant has continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '408 Patent.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '408 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## COUNT XVII
### (Indirect Infringement of the '408 Patent pursuant to 35 U.S.C. § 271(b))

217.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

218.    Defendant has induced and continues to induce infringement of at least claims 1-8 and 23-28, of the '408 Patent under 35 U.S.C. § 271(b).

219.    In addition to directly infringing the '408 Patent, Defendant indirectly infringes the '408 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including but not limited to its customers, users and developers, to perform one or more of the steps of the method claims, either literally or under the doctrine of equivalents, or both, of the '408 Patent, where all the steps of the method claims are performed by either Palo Alto Networks, its customers, users or developers, or some combination thereof.  Defendant knew or was willfully blind to the fact that it was inducing others, including customers, users and developers, to infringe by practicing, either themselves or in conjunction with Defendant, one or more method claims of the '408 Patent.

COMPLAINT FOR PATENT INFRINGEMENT                          CASE NO.

220.    Defendant knowingly and actively aided and abetted the direct infringement of the '408 Patent by instructing and encouraging its customers, users and developers to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection.  Such instructions and encouragement include, but are not limited to, advising third parties to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner, providing a mechanism through which third parties may infringe the '408 Patent, specifically through the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, advertising and promoting the use of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner, and distributing guidelines and instructions to third parties on how to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an infringing manner.

221.    Palo Alto Networks provides detailed instruction to its customers and users regarding all aspects of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to, App-ID, User-ID, and

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

Content-ID.  These instructions can be found at https://www.paloaltonetworks.com/customers.html (attached as Exhibit 31).

222.    Palo Alto Networks runs the Palo Alto Academy which "creates partnerships with Colleges, Universities, and Technical Academic Institutes, so that Palo Alto Networks courses and technology can be taught and implemented as part of the curriculum." https://www.paloaltonetworks.com/services/education/authorized-academy-centers/about-the-aac-program.html (attached as Exhibit 37).  These institutions can gain an accreditation from Palo Alto Networks to become Authorized Academy Center ("ACC").  Palo Alto Networks provides the VM-100 at no charge and the access to Threat Prevention, URL Filtering, Global Protect, and Wildfire for a nominal fee to the ACC's.  https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/datasheets/education/Authorized%20Academy%20Center.pdf (attached as Exhibit 38).

223.    Palo Alto Networks itself and through its authorized partners regularly provides class-room style training, demonstrations, and certification programs to help users use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, including the following:

- Palo Alto Networks Essentials 1, where "[s]uccessful completion of this three-day, instructor led course will enable the student to install, configure, and manage the entire line of Palo Alto Networks Next-Generation firewalls." https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/datasheets/education/5.0-essentials-1.pdf (attached as Exhibit 22);

- Palo Alto Network Essentials 2, which "Firewall Management expands on 201 course topics, while introducing many new features and functions of Palo Alto Networks Next-Generation firewalls."  https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/datasheets/education/5.0-essentials-2.pdf (attached as Exhibit 23);

- Palo Alto Networks Advanced Trouble Shooting, where students will receive hands-on experience troubleshooting the security, networking, threat prevention, logging, and

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

reporting features of the Palo Alto Networks Operation System (PAN-OS). https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/datasheets/education/5.0-advanced-troubleshooting.pdf (attached as Exhibit 39);

- Accredited Configuration Engineer ("ACE"), where "[t]he primary goal of the ACE exam is to serve as an objective indication of your ability to configure Palo Alto Networks firewalls using the PAN-OS." https://www.paloaltonetworks.com/services/education/ace.html (attached as Exhibit 24).

224.    Palo Alto Networks also offers a range of consulting services where "[e]xperienced consultants from Palo Alto Networks provide on-site personalized assistance to create the optimal implementation for your business." https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/services/Consulting%20Services%20Overview.pdf (attached as Exhibit 26). The consulting services further provide for employee and customer testing,  setup and running the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection which include:

- Remote Installation of Software where Palo Alto Networks "offer(s) Remote Install with Baseline Threat Protection . . . to quickly (and properly)install the next-generation firewall." https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/services/Consulting%20Services%20Overview.pdf (attached as Exhibit 26);

- Palo Alto Networks offering "experienced consultants will apply their extensive knowledge of Palo Alto Networks next-generation firewalls and best practices to identify recommended changes." https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/services/Consulting%20Services%20Overview.pdf (attached as Exhibit 26).

225.    Palo Alto Networks provides the "Next-Generation Firewalls for Dummies" guide. This guide gives a background to the threat landscape, the challenges of the current threat landscape, in-depth discussion on how Next-Generation Firewalls addresses current threats, and then how to deploy and safely enable the Next-Generation Firewalls in one's organization.

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/education/NGFW_dummies.pdf (attached as Exhibit 32).

226.    Defendant is well aware of Finjan's patents.  Finjan's claim chart for the '408 Patent is confidential.  As such, Finjan offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis.  Defendant refused to sign the agreement.  Defendant has continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '408 Patent.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '408 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

227.    Defendant has had knowledge of the '408 Patent at least as of the time it learned of this action for infringement and by continuing the actions described above, has had the specific intent to or was willfully blind to the fact that its actions would induce infringement of the '408 Patent.

228.    Palo Alto Networks actively and intentionally maintains websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection and to encourage potential customers, users and developers to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in the manner described by Finjan.  https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

229.     Palo Alto Networks actively updates its websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to, the Palo Alto Networks Content-ID, User-ID, and App-ID, to encourage customers, users and developers to practice the methods claimed in the '408 Patent.  https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

### COUNT XVIII
### (Direct Infringement of the '494 Patent pursuant to 35 U.S.C. § 271(a))

230.     Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

231.     Defendant has infringed and continues to infringe one or more claims of the '494 Patent in violation of 35 U.S.C. § 271(a).

232.     Defendant's infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

233.     Defendant's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without the permission, consent, authorization or license of Finjan.

234.     Defendant's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products and services, including, but not limited to, the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection, which embody the patented invention of the '494 Patent.

235.    As a result of Defendant's unlawful activities, Finjan has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Finjan is entitled to preliminary and/or permanent injunctive relief.

236.    Defendant's infringement of the '494 Patent has injured and continues to injure Finjan in an amount to be proven at trial.

237.    Defendant is well aware of Finjan's patents.  Finjan's claim chart for the '494 Patent is confidential.  As such, Finjan offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis.  Defendant refused to sign the agreement.  Defendant has continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '494 Patent.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '494 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

### COUNT XIX
### (Indirect Infringement of the '494 Patent pursuant to 35 U.S.C. § 271(b))

238.    Finjan repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

239.    Defendant has induced and continues to induce infringement of at least claims 1-9 of the '494 Patent under 35 U.S.C. § 271(b).

240.    In addition to directly infringing the '494 Patent, Defendant indirectly infringes the '494 Patent pursuant to 35 U.S.C. § 271(b) by instructing, directing and/or requiring others, including, but not limited to, its customers, users and developers, to perform one or more of the steps of the method claims, either literally or under the doctrine of equivalents, or both, of the '494 Patent, where all the steps of the method claims are performed by either Palo Alto Networks, its customers,

63

users or developers, or some combination thereof.  Defendant knew or was willfully blind to the fact

that it was inducing others, including customers, users and developers, to infringe by practicing,

either themselves or in conjunction with Defendant, one or more method claims of the '494 Patent.

241.    Defendant knowingly and actively aided and abetted the direct infringement of the

'494 Patent by instructing and encouraging its customers, users and developers to use the Next-

Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription,

WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced

EndPoint Protection.  Such instructions and encouragement include, but are not limited to, advising

third parties to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized

Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention

Subscription, and Advanced EndPoint Protection in an infringing manner, providing a mechanism

through which third parties may infringe the '494 Patent, specifically through the use of the Next-

Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription,

WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced

EndPoint Protection, advertising and promoting the use of the Next-Generation Security Platform,

Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL

Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in an

infringing manner, and distributing guidelines and instructions to third parties on how to use the

Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire

Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and

Advanced EndPoint Protection in an infringing manner.

242.    Palo Alto Networks provides detailed instruction to its customers and users regarding

all aspects of the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall,

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention

Subscription, and Advanced EndPoint Protection.  These instructions can be found at

https://www.paloaltonetworks.com/customers.html (attached as Exhibit 31).

243.    Palo Alto Networks provides on-demand video demonstrations on how to configure

and use the Next-Generation Firewall.  This video can be viewed at

https://www.paloaltonetworks.com/resources/demos/ngfw-overview-and-demo.html (attached as

Exhibit 27).

244.    Palo Alto Networks provides technical documentation, administrators guides,

hardware guides and getting started guides.  These documents instruct users on ways to configure and

operate the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall,

WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention

Subscription, and Advanced EndPoint Protection.

https://live.paloaltonetworks.com/community/documentation (attached as Exhibit 28).  These

documents include:

- The "Next-Generation Firewalls for Dummies" guide.  This guide gives a background to the threat landscape, the challenges of the current threat landscape, in-depth discussion on how Next-Generation Firewalls addresses current threat, and then how to deploy and safely enable the Next-Generation Firewalls in one's organization. https://www.paloaltonetworks.com/content/dam/paloaltonetworks-com/en_US/assets/pdf/education/NGFW_dummies.pdf (attached as Exhibit 32);

- The "Getting Started Guide" for PAN-OS 5.0.  This guide provides details on how to active Threat Prevention, URL Filtering, Global Protect and other services.  The guide also instructs user how to set the security profiles for Threat Prevention including Content-ID and WildFire.  https://live.paloaltonetworks.com/docs/DOC-4214 (attached as Exhibit 15);

- The "WildFire Administrator's Guide" to its user on their website.  This guide shows users how to set the WildFire privilege levels as well as configure other aspects of WildFire.  https://live.paloaltonetworks.com/docs/DOC-5129 (attached as Exhibit 40).

245.    Palo Alto Networks provides the webcast "Threat Review Series: Combining the

Power of App-ID with Wildfire.  This webcast discusses how users should leverage the App-ID

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

technology in the Next-Generation Firewall with WildFire in order to further protect against malware. This webcast can be found at https://www.paloaltonetworks.com/resources/webcasts/trs-combining-the-power-of-app-id-with-wildfire.html (attached as Exhibit 29).

246.    Defendant is well aware of Finjan's patents.  Finjan's claim chart for the '494 Patent is confidential.  As such, Finjan offered to Defendant a Non-Disclosure Agreement to maintain the confidential nature of its analysis.  Defendant refused to sign the agreement.  Defendant has continued its infringing activity without a good faith effort to assure Finjan that it is not infringing Finjan's '494 Patent.  As such, Defendant has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '494 Patent, justifying an award to Finjan of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

247.    Defendant has had knowledge of the '494 Patent at least as of the time it learned of this action for infringement and by continuing the actions described above, has had the specific intent to or was willfully blind to the fact that its actions would induce infringement of the '494 Patent.

248.    Palo Alto Networks actively and intentionally maintains websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection and to encourage potential customers, users and developers to use the Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection in the manner described by Finjan. https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

249.     Palo Alto Networks actively updates its websites, including Palo Alto Networks Services and its ancillary components Solution Assurance, Education, Support and Consulting, to promote the Palo Alto Networks Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced EndPoint Protection including, but not limited to,  the Palo Alto Networks WildFire Threat Intelligence Cloud and WildFire, to encourage customers, users and developers to practice the methods claimed in the '494 Patent. https://www.paloaltonetworks.com/services.html (attached as Exhibit 30).

## PRAYER FOR RELIEF

WHEREFORE, Finjan prays for judgment and relief as follows:

A.     An entry of judgment holding Defendant has infringed and is infringing the '780 Patent, the '968 Patent, the '822 Patent, the '731 Patent, the '918 Patent, the '926 Patent, the '633 Patent, the '154 Patent, the '408 Patent, and the '494 Patent; has induced infringement and is inducing infringement of the '780 Patent, the '968 Patent, the '822 Patent, the '731 Patent, the '918 Patent, the '926 Patent, the '633 Patent, the '408 Patent, and the '494 Patent;

B.     A preliminary and permanent injunction against Defendant and its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity with them, from infringing the '780 Patent, the '968 Patent, the '822 Patent, the '731 Patent, the '918 Patent, the '926 Patent, the '633 Patent, the '154 Patent, the '408 Patent, and the '494 Patent, or inducing the infringement of the '780 Patent, the '968 Patent, the '822 Patent, the '731 Patent, the '918 Patent, the '926 Patent, the '633 Patent, the '408 Patent, and the '494 Patent and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

C.     An award to Finjan of such damages as it shall prove at trial against Defendant that is

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

1   adequate to fully compensate Finjan for Defendant's infringement of the '780 Patent, the '968 Patent,

2   the '822 Patent, the '731 Patent, the '918 Patent, the '926 Patent, the '633 Patent, the '154 Patent, the

3   '408 Patent, and the '494 Patent, said damages to be no less than a reasonable royalty, and on

4   information and belief and based on publicly available information, Finjan anticipates it will seek no

5   less than $60 million at trial;

6       D.      A determination that Defendant's infringement has been willful, wanton, and

7   deliberate and that the damages against it be increased up to treble on this basis;

8

9       E.      A finding that this case is "exceptional" and an award to Finjan of its costs and

10  reasonable attorney's fees, as provided by 35 U.S.C. § 285;

11      F.      An accounting of all infringing sales and revenues, together with post judgment

12  interest and prejudgment interest from the first date of infringement of the '780 Patent, the '968

13  Patent, the '822 Patent, the '731 Patent, the '918 Patent, the '926 Patent, the '633 Patent, the '154

14  Patent, the '408 Patent, and the '494 Patent; and

15

16      G.      Such further and other relief as the Court may deem proper and just.

17                                          Respectfully submitted,

18  Dated:  November 4, 2014          By:   _/s/ Paul J. Andre_____
                                           Paul J. Andre
19                                         Lisa Kobialka
                                           James Hannah
20                                         KRAMER LEVIN NAFTALIS
                                           & FRANKEL LLP
21                                         990 Marsh Road
                                           Menlo Park, CA 94025
22                                         Telephone: (650) 752-1700
                                           Facsimile: (650) 752-1800
23                                         pandre@kramerlevin.com
                                           lkobialka@kramerlevin.com
24                                         jhannah@kramerlevin.com
25
26                                         *Attorneys for Plaintiff*
                                           FINJAN, INC.
27

28

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR JURY TRIAL

Finjan demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:  November 4, 2014

By:   */s/ Paul J. Andre*
Paul J. Andre
Lisa Kobialka
James Hannah
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys for Plaintiff*
FINJAN, INC.

69

COMPLAINT FOR PATENT INFRINGEMENT                    CASE NO.