UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,
    Plaintiff,

v.

PALO ALTO NETWORKS, INC.,
    Defendant.

Case No. 14-cv-04908-PJH

**ORDER GRANTING STAY OF CASE**

Re: Dkt. No. 68

On December 9, 2015, this court entered an order staying this case in light of thirteen petitions for inter partes review ("IPR") filed by defendant Palo Alto Network ("PAN") before the Patent Trial and Appeal Board ("PTAB"). The parties stipulated to the stay, which was to continue until the PTAB issued its last decision on whether or not to institute PAN's IPR petitions. See Dkt. 67. At that time, the parties were to file a joint status report including their "respective positions on next steps for the litigation, including whether the stay should be lifted or continued based on the PTAB's decisions." Dkt. 67, p. 2. On May 16, 2016, the PTAB issued its final decision on whether to institute PAN's IPR petitions. On May 23, 2014, the parties filed their joint status report on whether the stay should be lifted. See Dkt. No. 68.

The PTAB decided to institute six of PAN's IPR petitions, affecting 4 of the 10 asserted patents in this case. Courts consider three factors when determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the

non-moving party." Evolutionary Intelligence, LLC v. Facebook, Inc., No. 13–cv–04202–SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014); Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013). "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir.1988) (citations omitted).

Having reviewed the positions of the parties in the joint status report, the court concludes that the stay should remain in effect until the PTAB's final determination of the instituted IPRs. Clearly, the case should be stayed with respect to the 4 asserted patents currently under review by PTAB. A final decision by the PTAB could completely invalidate a number of claims of those patents. Allowing the suit to proceed only with respect to 6 of the 10 asserted patents would be cumbersome, and proceeding in such a piecemeal fashion could lead to duplicative efforts in discovery and claim construction.

All of the factors favor a continued stay in this case. The case remains at an early stage: although some discovery has taken place, infringement contentions have not yet been served. The instituted petitions are likely to greatly streamline the issues in this case, either by invalidating claims of the asserted patents or by narrowing claim constructions. The additional delay will be less than one year, and is unlikely to prejudice Finjan. Finjan's claims of harm to its licensing market are speculative, and in any event these asserted lost profits could be recouped by appropriate monetary relief should Finjan ultimately prevail in this case.

//

For the foregoing reasons, having reviewed the papers, the case is hereby STAYED until the PTAB issues its final ruling on the instituted IPR petitions. Within seven business days of the final determination on the instituted IPRs, including any appeals, the parties shall file a joint status report, informing the court of the final decision in the IPRs.

**IT IS SO ORDERED.**

Dated: May 26, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge