Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Attorneys for Plaintiff,
FINJAN LLC

Michael A. Jacobs (CA SBN 111664)
MJacobs@mofo.com
Matthew A. Chivvis (CA SBN 251325)
MChivvis@mofo.com
Diek O. Van Nort (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000/Fax: (415) 268-7522

Attorneys for Defendant,
PALO ALTO NETWORKS, INC.

Additional counsel on signature page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINJAN LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>    Defendant. | Case No. 4:14-CV-04908-PJH<br><br>**STIPULATED PROTECTIVE ORDER AS MODIFIED BY THE COURT**<br><br>Judge:  Honorable Phyllis J. Hamilton |

1. <u>PURPOSES AND LIMITATIONS</u>

  Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or

responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15     Professional Vendors: persons or entities that provide litigation support services

(e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order; and (b) any information known to the Receiving Party that was obtained lawfully from a source who was under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

1    5.    DESIGNATING PROTECTED MATERIAL

2        5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party

3    or Non-Party that designates information or items for protection under this Order must take care

4    to limit any such designation to specific material that qualifies under the appropriate standards.

5    To the extent it is practical to do so, the Designating Party must designate for protection only

6    those parts of material, documents, items, or oral or written communications that qualify – so that

7    other portions of the material, documents, items, or communications for which protection is not

8    warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

9        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

10   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

11   unnecessarily encumber or retard the case development process or to impose unnecessary

12   expenses and burdens on other parties) expose the Designating Party to sanctions.

13       If it comes to a Designating Party's attention that information or items that it designated

14   for protection do not qualify for protection at all or do not qualify for the level of protection

15   initially asserted, that Designating Party will not unreasonably maintain the designation and will

16   de-designate (or re-designate for a different level of confidentiality) the information or items upon

17   reasonable request by a Receiving Party.

18       5.2    Manner and Timing of Designations. Except as otherwise provided in this

19   Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

20   stipulated or ordered, information or items that qualify for protection under this Stipulated

21   Protective Order must be clearly so designated before the material is disclosed or produced.

22       Designation in conformity with this Stipulated Protective Order requires:

23       (a) for information in documentary form (e.g., paper or electronic documents, but

24   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

25   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

26   EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

27   protected material. If only a portion or portions of the material on a page qualifies for protection,

28   the Producing Party also must clearly identify the protected portion(s) (e.g., by making

appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. Except for information or items that qualify for designation under section 2.9, during the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." For information or items that qualify for designation under section 2.9, during the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – SOURCE CODE." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered

1  by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

2  specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

3  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

4  ATTORNEYS' EYES ONLY."

5          Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

6  other proceeding to include Protected Material so that the other parties can ensure that only

7  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

8  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

9  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

11          Transcripts containing Protected Material shall have an obvious legend on the title page

12  that the transcript contains Protected Material, and the title page shall be followed by a list of all

13  pages (including line numbers as appropriate) that have been designated as Protected Material and

14  the level of protection being asserted by the Designating Party. The Designating Party shall

15  inform the court reporter of these requirements. Any transcript that is prepared before the

16  expiration of a 21-day period for designation shall be treated during that period as if it had been

17  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

18  otherwise agreed. After the expiration of that period, the transcript shall be treated only as

19  actually designated.

20              (c) for information produced in some form other than documentary, and for any

21  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

22  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

23  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

24  CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item

25  warrant protection, the Producing Party, to the extent practicable, shall identify the protected

26  portion(s) and specify the level of protection being asserted.

27          5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

28  designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must

1 be accompanied by a competent declaration affirming that the movant has complied with the meet

2 and confer requirements imposed by the preceding paragraph.

3    The burden of persuasion in any such challenge proceeding shall be on the Designating

4 Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

5 unnecessary expenses and burdens on other parties) may expose the Challenging Party to

6 sanctions. All parties shall continue to afford the material in question the level of protection to

7 which it is entitled under the Producing Party's designation until the court rules on the challenge.

8    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

10 produced by another Party or by a Non-Party in connection with this case only for prosecuting,

11 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

12 the categories of persons and under the conditions described in this Stipulated Protective Order.

13 When the litigation has been terminated, a Receiving Party must comply with the provisions of

14 section 15 below (FINAL DISPOSITION).

15    Protected Material must be stored and maintained by a Receiving Party at a location and

16 in a secure manner that ensures that access is limited to the persons authorized under this

17 Stipulated Protective Order.

18    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

19 by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

20 information or item designated "CONFIDENTIAL" only to:

21    (a) the Receiving Party's Outside Counsel of Record in this action, as well as

22 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

23 information for this litigation;

24    (b) the officers, directors, and employees (including House Counsel) of the

25 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

26 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27    (c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party

28 to whom disclosure is reasonably necessary for this litigation and who have signed the

STIPULATED PROTECTIVE ORDER
CASE NO. 4:14-CV-04908-PJH

9

1    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2           (d) the court and its personnel;

3           (e) court reporters and their staff, professional jury or trial consultants, and

4    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

5    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6           (f) during their depositions, witnesses in the action to whom disclosure is

7    reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

8    (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

9    transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

10   separately bound by the court reporter and may not be disclosed to anyone except as permitted

11   under this Stipulated Protective Order.

12          (g) the author or recipient of a document containing the information or a custodian

13   or other person who otherwise possessed or knew the information.

14          7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

15   "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise

16   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

17   disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

18   EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

19          (a) the Receiving Party's Outside Counsel of Record in this action, as well as

20   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

21   information for this litigation;

22          (b) As to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," only:

23   one Designated House Counsel of the Receiving Party (1) who has no involvement in competitive

24   decision-making, (2) to whom disclosure is reasonably necessary to assess the settlement

25   prospects for this litigation or as part of a motion, request, or pleading intended to be filed with

26   the Court under seal, (3) who has signed the "Acknowledgment and Agreement to Be Bound"

27   (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been

28   followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to a Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Stipulated Protective Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving

Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert 14 days after delivering the request unless the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

STIPULATED PROTECTIVE ORDER
CASE NO. 4:14-CV-04908-PJH

12

setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.   PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to network security technology, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.   SOURCE CODE

(a)   To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

---

[2] Prosecution includes, for example, original prosecution, reissue, reexamination, and review proceedings before the United States Patent and Trademark Office.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The Producing Party shall provide open source review, editing, and build tools for the review, and shall accommodate reasonable requests by the Receiving Party for additional open source tools. Any expense for tools that are not open source shall be borne by the Receiving Party. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. Upon the Receiving Party's request, the Producing Party shall make available one computer solely for notetaking ("Notetaking Computer").  The Receiving Party shall not bring any electronic devices, other than one USB storage device, which is the property of the Receiving Party or Receiving Party's representative, for use with the Notetaking Computer, into the secured room without prior approval of the Producing Party.  The Notetaking Computer shall have a USB port active.  The Receiving Party agrees it shall only use the active USB port to access reference documents stored on the USB storage device and to facilitate the transfer of Receiving Party's notes taken on the Notetaking Computer to the USB storage device.  The Producing Party agrees that the Receiving Party's representative can connect the USB storage device to or disconnect it from the Notetaking Computer at will during the course of source code inspection.  The Producing Party agrees that it has no rights to access, inspect, or otherwise monitor the contents of the USB storage device including, but not limited to, the Receiving Party's electronic notes or reference documents stored

thereon.  The Receiving Party agrees it shall not use the Notetaking Computer to copy or transcribe any portion of the source code whether as part of notes or otherwise. The Producing Party may visually monitor the activities of the Receiving Party's representatives from outside the secured room during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     The Receiving Party may request that the Producing Party print four paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The total number of pages of paper copies of portions of source code shall be limited to 750 pages, which can be increased in increments of 250 pages upon reasonable request by the Receiving Party.  The number of pages of paper copies of portions of source code shall not exceed 15 pages of contiguous or substantially contiguous source code without permission from the Producing Party.  To the extent a request by Receiving Party exceeds either of these limits, the parties agree to work in good faith to resolve the issue.  The Producing Party shall provide all such source code in paper form including Bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The Receiving Party may challenge the amount of source code permitted in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6, whereby the Receiving Party is the "Challenging Party" and the Producing Party is the "Designating Party" for purposes of dispute resolution.  The burden of persuasion shall be on the Receiving Party.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, which shall be made available to the Producing Party upon request within one business day. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are necessary

for deposition. Any paper copies used during a deposition shall be retrieved by the Producing

Party at the end of each day and must not be given to or left with a court reporter or any other

unauthorized individual.

10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
        LITIGATION

        If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

SOURCE CODE" that Party must:

        (a) notify the Designating Party within 5 days of receipt of the subpoena or court

order, whichever occurs sooner, that compels disclosure of any information or items designated in

this action. Such notification shall include a copy of the subpoena or court order;

        (b) promptly notify in writing the party who caused the subpoena or order to issue

in the other litigation that some or all of the material covered by the subpoena or order is subject

to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated

Protective Order; and

        (c) cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.[3]

        If the Designating Party timely seeks a protective order, the Party served with the

subpoena or court order shall not produce any information designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission. The Designating Party shall bear the burden and expense of seeking protection in that

court of its confidential material – and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of
this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to
try to protect its confidentiality interests in the court from which the subpoena or order issued.

1   another court.

2   11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
        LITIGATION
3
4          (a)     The terms of this Stipulated Protective Order are applicable to information

5   produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

6   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

7   CODE." Such information produced by Non-Parties in connection with this litigation is protected

8   by the remedies and relief provided by this Stipulated Protective Order. Nothing in these

9   provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10         (b)     In the event that a Party is required, by a valid discovery request, to

11  produce a Non-Party's confidential information in its possession, and the Party is subject to an

12  agreement with the Non-Party not to produce the Non-Party's confidential information, then the

13  Party shall:

14              1.   promptly notify in writing the Requesting Party and the Non-Party that

15  some or all of the information requested is subject to a confidentiality agreement with a Non-

16  Party;

17              2.   promptly provide the Non-Party with a copy of the Stipulated Protective

18  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

19  the information requested; and

20              3.   make the information requested available for inspection by the Non-Party.

21         (c)     If the Non-Party fails to object or seek a protective order from this court

22  within 14 days of receiving the notice and accompanying information, the Receiving Party may

23  produce the Non-Party's confidential information responsive to the discovery request. If the Non-

24  Party timely seeks a protective order, the Receiving Party shall not produce any information in its

25  possession or control that is subject to the confidentiality agreement with the Non-Party before a

26  determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

27  burden and expense of seeking protection in this court of its Protected Material.

28

STIPULATED PROTECTIVE ORDER
CASE NO. 4:14-CV-04908-PJH                                                          17

1

12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

2

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

3

Material to any person or in any circumstance not authorized under this Stipulated Protective

4

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

5

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

6

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

7

made of all the terms of this Stipulated Protective Order, and (d) request such person or persons

8

to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

9

Exhibit A.

10

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
MATERIAL</u>

11

When a Producing Party gives notice to Receiving Parties or the Receiving Party

12

otherwise becomes aware that produced material is subject to a claim of privilege or other

13

protection, the Receiving Party must promptly return or destroy the specified information and any

14

copies it has and may not sequester, use or disclose the information until the claim is resolved.

15

This includes a restriction against presenting the information to the Court for a determination of

16

the claim. This provision is not intended to modify whatever procedure may be established in an

17

e-discovery order that provides for production without prior privilege review. Pursuant to Federal

18

Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

19

disclosure of a communication or information covered by the attorney-client privilege or work

20

product protection, the parties may incorporate their agreement in the stipulated protective order

21

submitted to the court.

22

14. <u>MISCELLANEOUS</u>

23

14.1   <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the

24

right of any person to seek its modification by the court in the future.

25

14.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated

26

Protective Order no Party waives any right it otherwise would have to object to disclosing or

27

producing any information or item on any ground not addressed in this Stipulated Protective

28

Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.3    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or

STIPULATED PROTECTIVE ORDER
CASE NO. 4:14-CV-04908-PJH

19

1    capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

2    retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

3    legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

4    product, and consultant and expert work product, even if such materials contain Protected

5    Material. Any such archival copies that contain or constitute Protected Material remain subject to

6    this Stipulated Protective Order as set forth in Section 4 (DURATION).

7

8

9

10          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11   DATED: March 25, 2021                    ___/s/ Roger A. Denning_____
                                              Juanita R. Brooks (CA SBN 75934)
12                                            brooks@fr.com
                                              Roger A. Denning (CA SBN 228998)
13                                            denning@fr.com
                                              Frank J. Albert (CA SBN 247741)
14                                            albert@fr.com
                                              K. Nicole Williams (CA SBN 291900)
15                                            nwilliams@fr.com
                                              Jared A. Smith (CA SBN 306576)
16                                            jasmith@fr.com
                                              Tucker Terhufen (CA SBN 311038)
17                                            terhufen@fr.com
                                              FISH & RICHARDSON P.C.
18                                            12860 El Camino Real, Ste. 400
                                              San Diego, CA 92130
19                                            Telephone: (858) 678-5070 / Fax: (858) 678-5099
20
                                              Aamir Kazi (*Pro Hac Vice*)
21                                            kazi@fr.com
                                              Lawrence Jarvis (*Pro Hac Vice*)
22                                            jarvis@fr.com
                                              FISH & RICHARDSON P.C.
23                                            1180 Peachtree St. NE, 21st floor
                                              Atlanta, GA  30309
24                                            Telephone: (404) 892-5005 / Fax: (404) 892-5002
25
                                              Phillip W. Goter (*Pro Hac Vice*)
26                                            goter@fr.com
                                              FISH & RICHARDSON P.C.
27

28

1          3200 RBC Plaza, 60 South Sixth Street
            Minneapolis, MN  55402
2          Telephone: (612) 335-5070 / Fax: (612) 288-9696

3
          Susan E. Morrison (*Pro Hac Vice*)
4          morrison@fr.com
            FISH & RICHARDSON P.C.
5          222 Delaware Ave., 17th Floor
            P.O. Box 1114
6          Wilmington, DE  19801
7          Telephone: (302) 652-5070 / Fax: (302) 652-0607

8          Tracea Rice (*Pro Hac Vice*)
            trice@fr.com
9          FISH & RICHARDSON P.C.
            1000 Maine Ave. Ste. 1000
10         Washington, DC 20024
11         Telephone: (202) 783-5070 / Fax: (202) 783-2331

12         Attorneys for Plaintiff FINJAN LLC

13

14 DATED: March 25, 2021     __*/s/ Colette Reiner Mayer*__
15          Michael A. Jacobs (CA SBN 111664)
            MJacobs@mofo.com
16         Matthew A. Chivvis (CA SBN 251325)
            MChivvis@mofo.com
17         Diek O. Van Nort (CA SBN 273823)
            DVanNort@mofo.com
18         MORRISON & FOERSTER LLP
19         425 Market Street
            San Francisco, California 94105-2482
20         Telephone: (415) 268-7000/Fax: (415) 268-7522

21         Rudy Y. Kim (CA SBN 99426)
            RudyKim@mofo.com
22         Colette Reiner Mayer (CA SBN 263630)
            CRMayer@mofo.com
23         MORRISON & FOERSTER LLP
24         755 Page Mill Road
            Palo Alto, California 94304-1018
25         Telephone: (650) 813-5600/Fax: (650) 494-0792

26         Eric W. Lin (*Pro Hac Vice*)
27         Elin@mofo.com
            Michael J. DeStefano (*Pro Hac Vice*)
28         Mdestefano@mofo.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000/Fax: (212) 468-7900

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

1

### ECF ATTESTATION

2      I, Colette Reiner Mayer, hereby attest pursuant to Local Rule 5-1(i)(3) that the

3  concurrence to the filing of this document has been obtained from each signatory hereto.

4   Dated:  March 25, 2021                          /s/ *Colette Reiner Mayer*
                                                    Colette Reiner Mayer
5
                                        Attorneys for Defendant
6                                       PALO ALTO NETWORKS, INC.

7

8

9

10  PURSUANT TO STIPULATION, IT IS SO ORDERED.

11

12  Dated:  March 31, 2021

13                                       _____
                                         United States
14                                       Honorable Phyllis J. Hamilton

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on [date] in the case of _____ **[insert**

**formal name of the case and the number and initials assigned to it by the court]**. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
               [printed name]

Signature: _____
            [signature]

STIPULATED PROTECTIVE ORDER
CASE NO. 4:14-CV-04908-PJH

24