1  Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
2  Roger A. Denning (CA SBN 228998) / denning@fr.com
   K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
3  Frank J. Albert (CA SBN 247741) / albert@fr.com
   Jared A. Smith (CA SBN 306576) / jasmith@fr.com
4  Tucker N. Terhufen (CA SBN 311038) / terhufen@fr.com
   FISH & RICHARDSON P.C.
5  12860 El Camino Real, Ste. 400
   San Diego, CA 92130
6  Telephone: (858) 678-5070 / Fax: (858) 678-5099

7
   Susan E. Morrison (*Pro Hac Vice*) / morrison@fr.com
8  FISH & RICHARDSON P.C.
   222 Delaware Avenue, 17th Floor
9  P.O. Box 1114
   Wilmington, DE 19801
10 Telephone: (302) 652-5070 / Fax: (302) 652-0607

11
   *Additional counsel listed on signature page*
12
13 Attorneys for Plaintiff, FINJAN LLC

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                          OAKLAND DIVISION

17 FINJAN LLC,                          | Case No. 14-cv-04908-PJH

18            Plaintiff,                | **FINJAN LLC'S ANSWER TO PALO
                                         ALTO NETWORKS, INC.'S
19    v.                                 COUNTERCLAIMS TO FINJAN'S
                                         AMENDED COMPLAINT FOR PATENT
20 PALO ALTO NETWORKS, INC.,            INFRINGEMENT**

21            Defendant.               | **DEMAND FOR JURY TRIAL**

22

23                                      Hon. Phyllis J. Hamilton
                                        Ctrm: 3, 3rd Floor
24

25

26

27

28

1

## ANSWER TO COUNTERCLAIMS TO AMENDED COMPLAINT

2  Plaintiff Finjan LLC (f/k/a Finjan, Inc.) ("Finjan") hereby answers the counterclaims of

3  Palo Alto Networks, Inc.'s ("Defendant" or "Palo Alto Networks" or "PAN") in its Answer to

4  Amended Complaint for Patent Infringement as follows:

5  ### PALO ALTO NETWORKS' COUNTERCLAIMS

6  290.   Finjan admits that PAN alleges the following Counterclaims:

7  ### PARTIES

8  291.   Admitted.

9  292.   Admitted.

10  ### JURISDICTION AND VENUE

11  293.   Finjan admits that PAN alleges certain Counterclaims.  To the extent not expressly

12  admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

13  294.   Finjan admits that this action arises under the Patent Act, 35 U.S.C. § 1 et seq. and

14  that there exists an actual and justiciable controversy between the parties regarding infringement

15  of the patents-in-suit. Finjan admits that this Court has subject matter jurisdiction over this action

16  pursuant to 28 U.S.C. §§ 1331 and 1338. To the extent not expressly admitted, Finjan denies the

17  allegations in this paragraph of the Counterclaims.

18  295.   Finjan admits that venue is proper in this District. To the extent not expressly

19  admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

20  ### CLAIMS FOR RELIEF

21  ### COUNT I

22  ### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,804,780)

23  296.   Finjan realleges and incorporates by reference the allegations set forth in its

24  Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

25  297.   Admitted.

26  298.   Admitted.

27

28

299.     Finjan admits that PAN purports to seek a declaratory judgment that it is not infringing any claim of the '780 Patent. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

300.     Denied.

## COUNT II

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,804,780)

301.     Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

302.     Admitted.

303.     Finjan admits that PAN purports to seek a declaratory judgment that the claims of the '780 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

304.     Denied.

## COUNT III

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,418,731)

305.     Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

306.     Admitted.

307.     Admitted.

308.     Finjan admits that PAN purports to seek a declaratory judgment that it is not infringing any claim of the '731 Patent. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

309.     Denied.

## COUNT IV

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,418,731))

310.     Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

311.     Admitted.

312.    Finjan admits that PAN purports to seek a declaratory judgment that the claims of the '731 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

313.    Denied.

## COUNT V

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,613,926)

314.    Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

315.    Admitted.

316.    Admitted.

317.    Finjan admits that PAN purports to seek a declaratory judgment that it is not infringing any claim of the '926 Patent. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

318.    Denied.

## COUNT VI

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,613,926)

319.    Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

320.    Admitted.

321.    Finjan admits that PAN purports to seek a declaratory judgment that the claims of the '926 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

322.    Denied.

## COUNT VII

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,647,633)

323.    Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

324.    Admitted.

FINJAN'S ANSWER TO PALO ALTO NETWORKS'
COUNTERCLAIMS TO AMENDED COMPLAINT

325.    Admitted.

326.    Finjan admits that PAN purports to seek a declaratory judgment that it is not infringing any claim of the '633 Patent. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

327.    Denied.

## COUNT VIII

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,647,633)

328.    Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

329.    Admitted.

330.    Finjan admits that PAN purports to seek a declaratory judgment that the claims of the '633 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

331.    Denied.

## COUNT IX

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,141,154)

332.    Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

333.    Admitted.

334.    Admitted.

335.    Finjan admits that PAN purports to seek a declaratory judgment that it is not infringing any claim of the '154 Patent. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

336.    Denied.

## COUNT X

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,141,154)

337.    Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

338.    Admitted.

339.    Finjan admits that PAN purports to seek a declaratory judgment that the claims of the '154 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

340.    Denied.

**COUNT XI**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,225,408)**

341.    Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

342.    Admitted.

343.    Admitted.

344.    Finjan admits that PAN purports to seek a declaratory judgment that it is not infringing any claim of the '408 Patent. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

345.    Denied.

**COUNT XII**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,225,408)**

346.    Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

347.    Admitted.

348.    Finjan admits that PAN purports to seek a declaratory judgment that the claims of the '408 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

349.    Denied.

**COUNT XIII**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,677,494)**

350.    Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

351.    Admitted.

352.    Admitted.

353.    Finjan admits that PAN purports to seek a declaratory judgment that it is not infringing any claim of the '494 Patent. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

354.    Denied.

**COUNT XIV**

**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,677,494)**

355.    Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

356.    Admitted.

357.    Finjan admits that PAN purports to seek a declaratory judgment that the claims of the '494 Patent are invalid. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

358.    Denied.

**COUNT XV**

**(Declaratory Judgment of Unenforceability of U.S. Patent No. 8,677,494 Due to Inequitable Conduct)**

359.    Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

360.    Admitted.

361.    Finjan admits that PAN denies that the '494 Patent is enforceable and contends that this patent is unenforceable on the grounds of inequitable conduct. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

362.    Finjan denies that the allegations set forth in ¶¶ 216-250 of PAN's Answer set forth a cognizable basis for inequitable conduct or unenforceability of the '494 Patent.

    a.   ¶ 216 – Denied.

FINJAN'S ANSWER TO PALO ALTO NETWORKS'
COUNTERCLAIMS TO AMENDED COMPLAINT

b.  ¶ 217 – Finjan admits that the application that issued as the '494 Patent,
Application No. 13/290,708 ("the '708 Application"), was filed on November
6, 2011. Finjan further admits that the '708 Application, as on the face of the
'494 Patent, lists inventors: Yigal Mordechai Edery; Nimrod Itzhak Vered;
David R. Kroll; and Shlomo Touboul. Finjan further admits that the '494 Patent
claims priority, through a series of continuations, continuations-in-part, and
provisional applications, to a provisional application filed on November 8,
1996, No. 60/030,639 ("the '639 Application"). Finjan further admits that
Shlomo Touboul is the only inventor identified for the '639 application.  To the
extent not expressly admitted, Finjan denies the allegations in this paragraph of
the Counterclaims.

c.  ¶ 218 – Finjan admits that on November 6, 2011, Finjan submitted to the
USPTO with the '708 Application a Declaration signed by all four inventors
that stated "I hereby declare that . . . I believe that the inventor(s) named below
to be the original and first inventor(s) of the subject matter which is claimed
and for which a patent is sought on the Invention entitled Malicious Mobile
Code Runtime Monitoring System and Methods."  Finjan further admits that
this Declaration signed by all four inventors was the same Declaration that was
submitted to the USPTO on June 23, 2005 during the prosecution of an
application that later issued as U.S. Patent No. 7,058,822 (the "'822 Patent"),
which was filed on May 17, 2001.  To the extent not expressly admitted, Finjan
denies the allegations in this paragraph of the Counterclaims.

d.  ¶ 219 – Admitted.

e.  ¶ 220 – Finjan admits that in response to a Final Office Action, Finjan
submitted a Declaration from inventor, Shlomo Touboul, on May 7, 2013
("Touboul Declaration").  Finjan further admits that under 37 C.F.R. 1.56,
inventors owe a duty of candor to the PTO.  Finjan further admits that in the
Touboul Declaration, Mr. Touboul declared that the then pending "claims 1, 3,

4-6, 9, 10, 12-15 and 18" were his "sole invention" and that "[his] sole invention was in [his] mind and developed by at least November 18, 1996. The remaining pending dependent claims were coinvented by or with one or more of the other listed inventors." To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

f.   ¶ 221 – Finjan admits that on August 29, 2013, the Examiner allowed the pending claims and stated that "The [Touboul] Declaration filed on May 7, 2013 under 37 CFR 1.131(a) is sufficient to overcome the Ji, U.S. Patent 5,893,348 reference . . . The rejection is hereby withdrawn and the claims are in conditions for allowance." To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

g.   ¶ 222 – Finjan admits that it has answered discovery in this and other lawsuits regarding the conception and inventorship of the '494 Patent. Finjan denies that these discovery responses contradict the Touboul Declaration. Finjan admits that in the Symantec case, it narrowed its asserted claims of the '494 Patent to claims 10, 14, and 15 on June 26, 2017. Finjan further admits that, in that case, it served Supplemental Interrogatory Responses on July 26, 2017, in which it stated that "Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul were involved with, and may have knowledge related to the conception and reduction to practice of the '494 Patent." Finjan admits that in its June of 2017 response to Symantec's Requests for Admission, "Finjan admit[ted] that Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul collaborated as a group on the invention set forth in the . . . '494 Patent." Finjan further admits that in an interrogatory response served in June of 2017 in the Symantec case, Finjan stated that "Yigal Edery, Nimrod Vered, David Kroll, and Shlomo Touboul collaboratively conceived of the inventions disclosed in the . . . '494 Patent[]." Finjan further admits that Finjan served a fourth supplemental response to Symantec's Interrogatory No. 1 stating that

1    "[t]he date of conception for the asserted claims of the [the '494 Patent] began

2    October 31, 1996 and continued through May 2000. The date of constructive

3    reduction of practice to the asserted claims of the '494 Patent is no later than

4    November 7, 2011."  To the extent not expressly admitted, Finjan denies the

5    allegations in this paragraph of the Counterclaims.

6    h.   ¶ 223 – Admitted.

7    i.   ¶ 224 – Finjan admits that David Kroll testified at trial that he "helped come up

8         with the idea behind claim 10 [of the '494 Patent] during [his] time at Finjan."

9         To the extent not expressly admitted, Finjan denies the allegations in this

10        paragraph of the Counterclaims.

11   j.   ¶ 225 – Denied.

12   k.   ¶ 226 – Denied.

13   l.   ¶ 227 – Denied.

14   m.   ¶ 228 – Denied.

15   n.   ¶ 229 – Denied.

16   o.   ¶ 230 – This paragraph is a reservation of rights and does not require a

17        response.  To the extent this paragraph requires a response, it is denied.

18   p.   ¶ 231 – Admitted.

19   q.   ¶ 232 – Finjan admits that PAN denies that the '494 Patent is enforceable and

20        contends that it is unenforceable on the grounds of inequitable conduct.  To the

21        extent not expressly admitted, Finjan denies the allegations in this paragraph of

22        the Counterclaims.

23   r.   ¶ 233 – Admitted.

24   s.   ¶ 234 – Admitted.

25   t.   ¶ 235 – Finjan admits that the original application for the '494 Patent contained

26        in its specification a claim to priority of a non-provisional application to U.S.

27        Patent No. 6,092,194 filed on November 6, 1997.  To the extent not expressly

28        admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

u.  ¶ 236 – Finjan admits that on July 23, 2012, the Examiner from the USPTO issued a non-final rejection rejecting all of the claims as anticipated by U.S. Patent No. 5,983,348 ("Ji") and that the Ji reference was filed on September 10, 1997.  To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

v.  ¶ 237 – Admitted.

w.  ¶ 238 – Denied.

x.  ¶ 239 – Admitted.

y.  ¶ 240 – Admitted.  On May 7, 2013, Ms. Bey, on behalf of Finjan, filed an "Amendment And Response To Office Action Under 37 C.F.R. § 1.114." Accompanying this filing, Ms. Bey submitted a "Declaration Of Prior Invention In The United States To Overcome Cited Patent Or Publication (37 C.F.R. § 131)" sworn by Shlomo Touboul. In his declaration, Mr. Touboul declared that "I had the ideas described in the patent application, and first developed a working system that is described in the patent application and in claims 1, 3, 4-6, 9, 10, 12-15 and 18 pending as of the signing of this declaration (hereafter sole invention) prior to September 10, 1997, which is the filing date of U.S. Patent No. 5,983,348 to Ji ("the '348 patent"). I hereby declare that my sole invention was in my mind and developed by at least November 18, 1996. The remaining pending dependent claims were coinvented by or with one or more of the other listed inventors."  To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

z.  ¶ 241 – Admitted.

aa.  ¶ 242 – Denied.

bb.  ¶ 243 – Denied.

cc.  ¶ 244 – Denied.

dd.  ¶ 245 – Denied.

ee.  ¶ 246 – Denied.  PAN incorporated its Thirteenth Affirmative Defense of Unclean Hands in this paragraph and Finjan incorporates the responses in ¶ 374 (below) herein.

ff.  ¶ 247 – Denied.

gg.  ¶ 248 – Denied.

hh.  ¶ 249 – Denied.

ii.  ¶ 250 – Denied.

363.  Admitted.

364.  Denied.

## COUNT XVI

### (Declaratory Judgment of Unenforceability of U.S. Patent No. 8,141,154 Due to Inequitable Conduct)

365.  Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

366.  Admitted.

367.  Finjan admits that PAN denies that the '154 Patent is enforceable and contends that this patent is unenforceable on the grounds of inequitable conduct. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

368.  Finjan denies that the allegations set forth in ¶¶ 251-266 of PAN's Answer set forth a cognizable basis for inequitable conduct or unenforceability of the '154 Patent.

a.  ¶ 251 – Admitted.

b.  ¶ 252 – Finjan admits that PAN has denied that the '154 Patent is enforceable and contend that this patent is unenforceable on the grounds of inequitable conduct.  To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

c.  ¶ 253 – Admitted.

d.  ¶ 254 – Admitted.

e.   ¶ 255 – Finjan admits that on October 16, 2013, Dawn-Marie Bey, Finjan's
patent attorney at the time, filed a "Petition To Accept Unintentionally Delayed
Claim Of Priority Under 35 U.S.C. § 120 For The Benefit Of A Prior-filed
Application Filed Under 37 C.F.R. § 1.78(a)(3)."   Finjan further admits that in
this petition, Ms. Bey sought to claim priority to U.S. Patent No. 7,757,289,
which was filed on December 12, 2005, and that Ms. Bey represented that "the
entire delay between the date the priority claim was due and the date that this
petition with priority claim added to the specification is filed was
unintentional."   To the extent not expressly admitted, Finjan denies the
allegations in this paragraph of the Counterclaims.

f.   ¶ 256 – Denied.

g.   ¶ 257 – Finjan admits that Ms. Bey petitioned the USPTO to accept a claim of
priority on October 16, 2013.  Finjan further admits that Finjan filed litigation
asserting the '154 Patent against Websense, Inc. on September 23, 2013 (No.
5:13-cv-04398, N.D. Cal.), FireEye, Inc. on July 8, 2013 (No. 4:13-cv-03133-
SBA, N.D. Cal.), and Proofpoint, Inc. on December 16, 2013 (No. 4:13-cv-
05808-HSG, N.D. Cal.), and PAN.  To the extent not expressly admitted, Finjan
denies the allegations in this paragraph of the Counterclaims.

h.   ¶ 258 – Denied.

i.   ¶ 259 – Denied.

j.   ¶ 260 – Denied.

k.   ¶ 261 – Denied.

l.   ¶ 262 – Denied.

m.  ¶ 263 – Denied.

n.   ¶ 264 – Denied.

o.   ¶ 265 – Denied.

p.   ¶ 266 – Denied.

369.   Admitted

370.    Denied.

## COUNT XVII

### (Declaratory Judgment of Unenforceability of
U.S. Patent Nos. 8,677,494 and 8,141,154 Due to Unclean Hands)

371.    Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

372.    Admitted.

373.    Finjan admits that PAN denies that the '494 and '154 Patents are enforceable and contends that these patents are unenforceable on the grounds of unclean hands.  To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

374.    Finjan denies that the allegations set forth in ¶¶ 267-280 of PAN's Answer set forth a cognizable basis for unclean hands or unenforceability of the '494 and '154 Patents.

    a.   ¶ 267 – Admitted.

    b.   ¶ 268 – Finjan admits that PAN denies that the '494 and '154 Patents are enforceable and contends that these patents are unenforceable on the grounds of unclean hands.

    c.   ¶ 269 – Denied.

    d.   ¶ 270 – Denied.

    e.   ¶ 271 – Finjan admits that on May 17, 2001, Finjan's representatives filed a patent application on behalf of Finjan that would ultimately mature into U.S. Patent No. 7,058,822 ("the '822 Patent").  To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

    f.   ¶ 272 – Admitted.

    g.   ¶ 273 – Admitted.

    h.   ¶ 274 – Admitted.

    i.   ¶ 275 – Admitted.

    j.   ¶ 276 – Finjan admits that on March 6, 2014 Ms. Dawn-Marie Bey, Finjan's patent attorney, filed a "Petition To Accept Unintentionally Delayed Priority

Claim Under 37 C.F.R. § 1.78." Finjan further admits that the Petition sought to add claims of priority to U.S. Patent No. 6,092,194 ("the '194 Patent"), filed November 6, 1997, and U.S. Patent No. 6,167,520 ("the '520 Patent"), filed January 29, 1997. Finjan further admits that Ms. Bey represented that "The entire delay between the date a correctly worded benefit claim was under . . . and the date the correctly worded benefit claim was filed was unintentional." To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

k.   ¶ 277 – Denied.

l.   ¶ 278 – Finjan admits that the USPTO accepted on July 25, 2014 Finjan's claim of priority in its "Decision Granting Petition To Accept Unintentionally Delayed Priority Claim Under 37 C.F.R. § 1.78(e)." Finjan further admits that on September 8, 2014, the USPTO issued a final rejection in ex parte reexamination no. 90/013,017. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

m.  ¶ 279 – Finjan admits that the '494 Patent claims priority through the '822 Patent. To the extent not expressly admitted, Finjan denies the allegations in this paragraph of the Counterclaims.

n.   ¶ 280 – Denied.

375.   Admitted.

376.   Denied.

## PRAYER FOR RELIEF ON PAN'S COMPLAINT

Finjan denies that PAN is entitled to any relief, and specifically denies the allegations and requests for relief set forth in paragraphs A-H under the heading "REQUEST FOR RELIEF" in the Counterclaims.

## FINJAN'S AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, and without waiver, limitation or prejudice, Finjan hereby asserts the following affirmative defenses:

## FINJAN'S FIRST AFFIRMATIVE DEFENSE

### (Failure to State Claim)

1.      Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

2.      Counterclaims 1-17 fail to state a cause of action upon which relief may be granted. Counterclaims 1-14 are conclusory and fail to allege any facts to support the assertions of noninfringement or invalidity, and thus they fail to provide fair notice of the basis for the claims.

3.      Counterclaims 15-17 each fail to state plausible claims upon which relief may be granted, as none of these Counterclaims, taking all factual allegations as true and ignoring the unsupported legal conclusions, state sufficient grounds to find that any of the patent-in-suit are unenforceable. The Counterclaims are deficient in many respects, including regarding purported allegations of deceit before the Patent and Trademark Office ("PTO") and there is no allegation to support that the "single most reasonable inference" of the alleged facts is an intent to deceive the PTO. Therefore, there is no proper claim for declaratory relief and PAN's Counterclaims 15-17 fail to state a claim.

4.      Counterclaims 15 and 16 fail to state a plausible claim because there is no identification of facts to support that "the single most reasonable inference" of the alleged facts is an intent to deceive the PTO, much less sufficient grounds to assert deceit before the PTO, given the undisputed evidence, including the fact that Shlomo Touboul's affidavit was corroborated by a contemporaneous document.

5.      Counterclaim 17 further fails to state a plausible claim upon which relief may be granted because unenforceability for unclean hands is an affirmative defense and is not a standalone claim, such that it cannot be pled as a counterclaim.

## FINJAN'S SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

6.      Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

7.      Counterclaims 15-17 are barred, in whole or in part, because Finjan's actions were taken with due diligence, in good faith, with the absence of malicious intent, and constituted and constitute lawful, proper, and justified means to accomplish legitimate business objectives.

## FINJAN'S THIRD AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

8.      Finjan realleges and incorporates by reference the allegations set forth in its Complaint and the preceding paragraphs of this Answer as though fully set forth herein.

9.      Counterclaims 1-17 are barred, in whole or in part, by the doctrine of equitable estoppel.

10.     The bases for this defense include the foregoing allegations.

* * *

Finjan's investigation of its defenses is ongoing. Finjan reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## FINJAN'S PRAYER FOR RELIEF

WHEREFORE, Finjan prays for relief against the Counterclaimant as follows:

A.      That each of the Counterclaims be dismissed with prejudice;

B.      For an entry of judgment that PAN is not entitled to the relief sought, or any other relief, on the Counterclaims;

C.      That the Court award Finjan the relief sought in its Complaint;

D.      For an entry of judgment declaring that PAN infringes all claims of the patents-in-suit;

1       E.     For an entry of judgment declaring that each and every claim of the patents-in-suit

2 is valid and enforceable;

3       F.     For a finding that this case is "exceptional" and an award to Finjan of its costs and

4 reasonable attorney's fees, as provided by 35 U.S.C. § 285; and

5       G.     That Finjan be granted all further and other relief as the Court may deem proper

6 and just.

7 Dated:  May 5, 2021                Respectfully Submitted,

8                                  */s/ Phillip W. Goter*

9                                    Juanita R. Brooks (CA SBN 75934)
brooks@fr.com

10                                    Roger A. Denning (CA SBN 228998)
denning@fr.com

11                                    Frank J. Albert (CA SBN 247741)
albert@fr.com

12                                    K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com

13                                    Jared A. Smith (CA SBN 306576)
jasmith@fr.com

14                                    Tucker N. Terhufen (CA SBN 311038)
terhufen@fr.com

15                                    FISH & RICHARDSON P.C.

16                                    12860 El Camino Real, Ste. 400
San Diego, CA 92130

17                                    Telephone: (858) 678-5070 / Fax: (858) 678-5099

18                                    Aamir Kazi (*Pro Hac Vice*)

19                                    kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)

20                                    jarvis@fr.com
FISH & RICHARDSON P.C.

21                                    1180 Peachtree St. NE, 21st floor

22                                    Atlanta, GA  30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

23

24                                    Phillip W. Goter (*Pro Hac Vice*)

25                                    goter@fr.com
FISH & RICHARDSON P.C.

26                                    3200 RBC Plaza, 60 South Sixth Street
Minneapolis, MN  55402

27                                    Telephone: (612) 335-5070 / Fax: (612) 288-9696

28

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Tracea Rice (*Pro Hac Vice*)
trice@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave. Ste. 1000
Washington, DC 20024
Telephone: (202) 783-5070 / Fax: (202) 783-2331

Attorneys for Plaintiff, FINJAN LLC

Case No. 14-cv-04908-PJH
FINJAN'S ANSWER TO PALO ALTO NETWORKS'
COUNTERCLAIMS TO AMENDED COMPLAINT