Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038) / terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan Morrison (Pro Hac Vice) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607
*Additional counsel listed on signature page*

Attorneys for Plaintiff,
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>    Defendant. | Case No. 14-cv-04908-PJH<br><br>**FINJAN LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PALO ALTO NETWORKS, INC.'S TENTH, ELEVENTH, TWELFTH, AND THIRTEENTH AFFIRMATIVE DEFENSES AND MOTION TO DISMISS COUNTS XV, XVI, AND XVII OF PALO ALTO NETWORKS, INC.'S COUNTERCLAIMS**<br><br>Date: Thursday, June 24, 2021<br>Time: 1:30 p.m.<br><br>Hon. Phyllis J. Hamilton<br>Ctrm: 3, 3rd Floor |

**INTRODUCTION**

In pleading its affirmative defense of inequitable conduct against Finjan's '494 and '154 Patents, PAN does not meet either prong of the Federal Circuit's heightened pleading standard requiring a showing of a "material misrepresentation" and an "intent to deceive." First, on the materiality point, Finjan's prosecution counsel filed the petitions to correct the priority chain issues in accordance with the rules of the Patent Office ("PTO"), and PAN cannot show there was a "material misrepresentation" with a reasonable inference of an intent to deceive. Further, for the '494 Patent, Mr. Shlomo Touboul's declaration that he was the sole inventor of *some* claims of the '494 Patent is consistent with Finjan's discovery responses in another litigation that other inventors contributed to *other parts* of the '494 Patent, so there was no misrepresentation. Second, PAN also failed to plead facts sufficient to establish an "intent to deceive" because PAN has no evidence that Finjan intentionally waited to file petitions to correct priority or that Mr. Touboul's declaration—which was accurate—was submitted with the intent to deceive the PTO. PAN's allegations of intent, all based solely on information and belief, cannot lead to a reasonable inference that Finjan intended to deceive. While PAN repeatedly argues that it does not need to prove inequitable conduct at this stage, the Federal Circuit has confirmed that there is a heightened standard not just to prove this defense, but also to *plead* it. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327-28 (Fed. Cir. 2009). PAN's inequitable conduct pleading falls far short of this strict pleading standard.[1]

In addition, PAN is wrong when it states that, "in all four cases, courts have considered those claims and assertions and determined that they satisfied the pleading requirements." Opp. at p. 2. In *Cisco*, the court granted in part Finjan's motion to strike, finding, "Cisco ha[d] failed to sufficiently allege an inequitable conduct defense based on the representations of Finjan's IPR counsel." *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-CV-00072-BLF, 2018 WL 4361134, at *6 (N.D. Cal. Sept. 13, 2018) (Freeman, J.). In *Juniper*, while the court allowed the pleadings to be amended, the court nonetheless found that the arguments PAN rehashes in its counterclaims in this

---

[1] PAN's unclean hands defense fails for the same reasons.

case were insufficient. *Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-05659 WHA, Dkt. No. 190 (N.D. Cal. Aug. 31, 2018) (Alsup, J.). In *SonicWall*, the court did not address these arguments at all; instead, Finjan withdrew its motion to strike to allow the defendant to amend its claims. Finally, though a different court held otherwise in *Rapid7*, that does not change the decisions of courts in this District.[2] Moreover, even in the cases where discovery went forward on the inequitable conduct claims, no inequitable conduct was found, and PAN merely rehashes those failed arguments here.

PAN's allegations of inequitable conduct lack the factual underpinnings required by law at the pleading stage and, indeed, cannot be proven by the set of facts set forth by PAN. Put plainly, the facts on which PAN makes its allegations do not go beyond ordinary and proper conduct and do not allow for a reasonable inference of inequitable conduct.

## ARGUMENT

### I.   PAN'S INEQUITABLE CONDUCT ALLEGATIONS REGARDING THE '494 AND '154 PATENTS ARE FACIALLY IMPLAUSIBLE

PAN's inequitable conduct allegations are not facially plausible under the Federal Circuit's stringent standard because PAN does not plead facts sufficient to establish a misrepresentation by Finjan, that such misrepresentation was material, or that Finjan intended to deceive the PTO. Dkt. No. 116, ¶¶ 216-250; *see also Exergen*, 575 F.3d at 1326-27. To properly plead inequitable conduct, PAN must allege: "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1327 n.3 (citations omitted). The Court need not accept unwarranted deductions of fact or unreasonable inferences as true. *Id*. Therefore, PAN must plead inequitable conduct with particularized factual allegations under Rule 9(b) sufficient to prove that it is "reasonable to infer that the specific intent to deceive is 'the single most reasonable

---

[2] In addition, PAN's reliance on *Checkpoint* and *Bitdefender* is unpersuasive. The courts in this district have decided differently on this issue. For example, *Bitdefender* was decided before *Cisco* and *Juniper*. Despite this, the outcomes in *Cisco* and *Juniper* went against the holding in *Bitdefender*—granting in part or in whole Finjan's motion to dismiss and strike.

inference able to be drawn from the evidence reasonable'" *See Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-CV-02013-JST, 2014 WL 988915, at *7 (N.D. Cal. Mar. 10, 2014).  In trying to plead its claim, PAN selects certain facts, ignores others, and attempts to add an overarching accusation of suspicious activity, hoping that suspicion alone changes the character of documents that are otherwise undisputed.

      A.      **The '494 Patent**

           1.      **PAN's Inequitable Conduct Allegations Based on the File History and Prior Litigation Documents Are Not Facially Plausible.**

PAN does not dispute that there was no material misrepresentation when prosecution counsel filed a "Petition To Accept Unintentionally Delayed Claim of Priority Under 35 U.S.C. § 119(e) and § 120 For The Benefit Of A Prior-filed Application Filed Under 37 C.F.R. § 1.78(a)(3)" in accordance with the established rules of the PTO.  Dkt. No. 116, ¶236; *see also* Dkt. No. 120-4, Declaration of Phillip Goter in Support of Finjan's Motion to Strike ("Goter Decl."), Ex. 3 at FINJAN-PAN 003519-3520; Motion at pp. 9–10.  Properly filing papers according to PTO procedure is legally insufficient to establish a material misrepresentation with intent to deceive.

Rather, PAN's Opposition rehashes the allegations in its affirmative defense regarding the statement in the declaration of Mr. Touboul "that he was the sole inventor of the claims of the '494 Patent," despite that the Touboul Declaration contained no false statements or misrepresentation.  Dkt. No. 116, ¶250.  The Court should not accept allegations that are "unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  Here, PAN cannot dispute that Mr. Touboul stated only that he is the sole inventor of *some* of the claims of the '494 Patent and made it clear that "[t]he remaining pending dependent claims were co-invented by or with one or more of the listed inventors":

> The declaration made herein is to establish that I had the ideas described in the patent application, and first developed a working system that is described in the patent application and in claims 1, 3, 4-6, 9, 10, 12-15, and 18 pending as of the signing of this declaration

(hereinafter sole invention) prior to September 10, 1997, which is the filing date of U.S. Patent No. 5,983,348 to Ji ("the '348 patent"). I hereby declare that my sole invention was in my mind and developed by at least November 18, 1996. ***The remaining pending dependent claims were co-invented by or with one or more of the listed inventors***.

Dkt. No. 120-4, Goter Decl., Ex. 3 (Touboul Decl.) at FINJAN-PAN 003571-72 (emphasis added). This statement is consistent with statements Finjan made in a prior litigation that others were involved in conception of some claims of the '494 Patent. Motion at pp. 8–10.

In addition, PAN fails to acknowledge the timing of the draft press release for SurfinGate, which has a fax stamp of 1996—years before the other inventors were involved. The other inventors did not and ***could not*** contribute to those claims because they were not yet employed by Finjan. But Shlomo Touboul was. The PTO found the claims patentable because the draft press release for SufinGate established that the subject claims predate the Jin reference. The only inventor who could have invented those claims was Mr. Touboul. Contrary to PAN's assertions, this is not evidence of deceit, nor does it logically support an inference of an intent to deceive. Rather it confirms that Mr. Touboul's declaration was accurate—he was the inventor of ***certain*** claims, and these claims were invented in 1996. This does not in any way preclude contribution by the joint inventors to other claims when they eventually were brought on in 1998. Nor would it be reasonable to infer that this means the claims were made in the future by other inventors. Thus, based on the lack of conflict between Mr. Touboul's statement and statements made by Finjan during litigation, it would not be reasonable to infer any misrepresentation.

Similarly lacking is PAN's argument that Mr. Kroll believed he "helped come up with the idea behind claim 10 [of the '494 Patent] during [his] time at Finjan." Dkt. No. 116, ¶224; Opp. at p. 6. The Federal Circuit has found that "[n]o inquiry as to the subjective intent of the applicant or PTO is appropriate or even possible in the context of a patent infringement suit," and Mr. Kroll's testimony cannot supplant the legal determination of PTO that the SurfinGate draft press release supported the date of Mr. Touboul's 1996 invention. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 985 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996).

1    PAN's remaining allegations rely on Finjan's interrogatory responses from the *Symantec* litigation to claim that there was a misrepresentation by named inventor Mr. Touboul years earlier during the prosecution of the '494 Patent to the PTO.  As Finjan explained in its Motion, the discovery responses in the *Symantec* case do not contradict Mr. Touboul's statement that he was sole inventor of ***certain*** claims of the '494 Patent.  *See* Motion at pp. 10–11.  Indeed, in an effort to avoid any doubt in the *Symantec* case, Finjan supplemented its interrogatory response to state that "[t]he date of conception for claims of U.S. Patent No. 8,677,494 ("the '494 Patent") began October 31, 1996 and continued through May 2000," and clarified that the "currently asserted claims" have a conception date of October 31, 1996.  *Id*. at pp. 11-12 (citing Goter Decl., Ex. 8 at p. 15).  Thus, Finjan's statements in the *Symantec* litigation do not provide any basis for claiming that Mr. Touboul made a misrepresentation in his declaration.

Because there is no conflict between Mr. Touboul's statements and Finjan's statements in prior litigation, which are subject to judicial notice, there can be no misrepresentation.  Thus, PAN's inequitable conduct affirmative defense fails for these reasons.

### 2.   PAN Does Not Allege Facts Supporting Materiality of the Alleged Misrepresentation.

PAN's allegations of inequitable conduct are also not facially plausible because there was no material misrepresentation to the PTO.  Dkt. No. 116, ¶¶245-250.  The PTO relied on the draft press release for SurfinGate—not Mr. Touboul's declaration—in allowing the rejected claims of the '494 Patent, stating:

> The Declaration filed on May 7, 2013 under 37 CFR 1.131(a) is sufficient to overcome the Ji, U.S. Patent 5,983,348 reference ***wherein the submitted Exhibit A SurfingateTM product press release titled "Gateway Level Corporate Security for the New World of Java™ and Downloadables" shows a publication date of October 31, 1996 which is prior to September 10, 1997***. The rejection is hereby withdrawn and the claims are in conditions for allowance.

Dkt. No. 120-4, Goter Decl., Ex. 3 at FINJAN-PAN 004102 (emphasis added).

As shown above, the Examiner relied on the draft press release to establish the priority date,

and PAN includes no allegations that the date of this draft press release is inaccurate. Instead, PAN contends the Court should accept its unsupported inference of materiality as to Touboul's inventorship statements, even when the Examiner expressly stated that he relied on the contemporaneous evidence from 1996, **not** Mr. Touboul's statements. As such, "but-for" materiality cannot be inferred. *Int'l Test Sols., Inc. v. Mipox Int'l Corp.*, No. 16-cv-00791-RS, 2017 WL 2118314, at *8 (N.D. Cal. May 16, 2017) (striking inequitable conduct defense for failure to facially establish but-for materiality). Thus, contrary to PAN's assertions, there is no factual dispute because the PTO withdrew its rejection based on the draft SurfinGate press release, and it does not show that any other aspect of the Touboul declaration was relied on. Opp. at pp. 8-9. "The [PTO] was not deceived by the Applicants' allegedly deceptive statement" because it did not rely on them at all. *Capella Photonics, Inc. v. PAN Sys., Inc.*, 77 F. Supp. 3d 850, 859-60 (N.D. Cal. 2014) (striking as legally insufficient certain portions of an affirmative defense of inequitable conduct). The PTO had the benefit of the draft press release to determine that it supported a date of invention earlier than the prior art at issue. Thus, not only was there no misrepresentation about the inventorship, it was also not material to the issuance of the '494 Patent.

      **3.**      **PAN Alleges No Facts Supporting Any Specific Intent By Finjan To Deceive the PTO.**

Even if PAN had plead sufficient facts to support materiality (which it has not), PAN still lacks factual support to please any intent to deceive, instead relying impermissibly on statements made "upon information and relief" in an attempt to draws that conclusion. Dkt. No. 116, ¶242. PAN has not sufficiently alleged a basis for any allegation of intent where Mr. Touboul indicated that he is the sole inventor of certain claims of the '494 Patent. Indeed, intent to deceive cannot be inferred if it is "solely based upon failure to disclose known information, even if it is highly material." *Int'l Test Sols.*, 2017 WL 2118314, at *21 (striking inequitable conduct defense for failure to plausibly allege specific intent to deceive) (citations omitted). Based on PAN's pleaded facts that Mr. Touboul submitted a declaration indicating he is the inventor of certain claims of the '494 Patent does not lead to the reasonable inference that he had an intent to deceive the PTO because PAN provided no facts establishing that this statement might be false. Other than its

6      Case No. 14-cv-04908-PJH
FINJAN'S REPLY ISO MTS DEFS 10TH, 11TH,
12TH & 13TH AFFIRMATIVE DEFENSES

"information and belief"—its wishful thinking—PAN offers no basis to support a reasonable inference of intent to deceive.

PAN further fails to plead facts supporting a conclusion of intent to deceive the PTO by Ms. Bey.  PAN alleges that Ms. Bey submitted similar Petitions to correct priority claims in other cases as supposed evidence of an ongoing pattern of deception.  To the contrary, Ms. Bey submitted the petition to **correct** the priority claim by adding the November 1996 provisional application.  Motion at p. 16.  Ms. Bey's contemporaneous petitions in other cases were to correct the ***same issue*** across multiple related patents, and they were done in the same timeframe when Ms. Bey became aware of the issue. *Id*.

Accordingly, PAN's affirmative counterclaim and defense of inequitable conduct on the '494 Patent should be dismissed and stricken.

### B. The '154 Patent

For the '154 Patent, PAN's allegations regarding Ms. Bey do not sufficiently plead a material misrepresentation because she took the prescribed steps to claim the benefit of an earlier filing date in accord with the MPEP.  Motion at 14-15; *see* Dkt. No. 116, ¶¶255-266. PAN does not dispute that Finjan took the appropriate measures allowed by the PTO during patent prosecution.  Rather, PAN rehashes the same statements in its Tenth and Eleventh Affirmative Defense, which do not give rise to the suggestion of misrepresentation.  Opp. at pp. 13–16; Motion at pp. 14–17; Dkt. No. 116, ¶¶ 255-266.

Ms. Bey filed a "Petition to Accept Unintentionally Delayed Claim of Priority Under 35 U.S.C. § 120 For The Benefit Of A Prior-filed Application Filed Under 37 C.F.R. § 1.78(a)(3)" on October 16, 2013 ("'154 Patent Petition") to seek to claim priority to the U.S. Patent No. 7,757,289 (the "'289 Patent").  PAN's argument that filing this petition amounts to a misrepresentation is implausible on its face because Ms. Bey identified the '289 Patent as the parent application of the '154 Patent in the Utility Patent Application Transmittal Form for the '154 Patent.  Thus, Ms. Bey clearly intended to claim priority to the '289 at the time she filed the '154 Patent.  Motion at 15.  PAN does not allege any facts from which the Court could conclude otherwise, leaving its defense facially implausible.

PAN also does not allege facts to support an inference of materiality.  It argues the alleged misrepresentation is *per se* material, but it fails to allege facts supporting a conclusion of an unmistakably false affidavit.  Dkt. No. 116, ¶¶255-266; Motion at pp. 15-16.  PAN did not dispute that each of Finjan's petitions correcting priority claims across the affected patents all corrected the same issue of perfecting the priority claims related to their common parent, such that the patents in Finjan's patent portfolio maintain consistent priority claims.  *Id.*

Similar to PAN's claim of inequitable conduct of the '494 Patent, the Court need not consider the intent to deceive.  Nonetheless, as Finjan explained in its Motion, PAN's allegations concerning Finjan's litigations, pre-licensing negotiations, and another IPR proceeding—based solely on information and belief—do not lead any reasonable inference that Finjan intended to deceive the PTO.  Motion at p. 16; Dkt. No. 116, ¶248.  Therefore, PAN's affirmative defenses of inequitable conduct should be dismissed and its counterclaims stricken.

## CONCLUSION

PAN is correct that courts have held similar facts to be sufficiently pled for purposes of inequitable conduct.  Yet, no party has taken these claims to trial and no party has proven these facts constitute inequitable conduct.  Instead, these claims have been, and continue to be in this case, nothing more than a sideshow that wastes time and resources.  PAN's claims, identical to the claims jettisoned by numerous defendants before it, will fare no better and should be dismissed.

Dated:  May 26, 2021

Respectfully Submitted,

*/s/ Phillip W. Goter*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038)
terhufen@fr.com

|   |   |
|---|---|
| 1 | FISH & RICHARDSON P.C. |
| 2 | 12860 El Camino Real, Ste. 400 |
|   | San Diego, CA 92130 |
| 3 | Telephone: (858) 678-5070 / Fax: (858) 678-5099 |
| 4 | Aamir Kazi (*Pro Hac Vice*) |
|   | kazi@fr.com |
| 5 | Lawrence Jarvis (*Pro Hac Vice*) |
|   | jarvis@fr.com |
| 6 | FISH & RICHARDSON P.C. |
| 7 | 1180 Peachtree St. NE, 21st floor |
|   | Atlanta, GA  30309 |
| 8 | Telephone: (404) 892-5005 / Fax: (404) 892-5002 |

Phillip W. Goter (*Pro Hac Vice*)
goter@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza, 60 South Sixth Street
Minneapolis, MN  55402
Telephone: (612) 335-5070 / Fax: (612) 288-9696

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Tracea Rice (*Pro Hac Vice*)
trice@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave. Ste. 1000
Washington, DC 20024
Telephone: (202) 783-5070 / Fax: (202) 783-2331


Attorneys for Plaintiff FINJAN LLC