UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>    Defendant. | Case No. 14-cv-04908-PJH<br><br>**ORDER DENYING MOTION TO STRIKE AND DISMISS, AND REQUESTING CLARIFICATION RE STIPULATION**<br><br>Re: Dkt. Nos. 120, 130 |

Plaintiff Finjan LLC has filed a motion to strike certain affirmative defenses and to dismiss certain counterclaims of defendant Palo Alto Networks, Inc. See Dkt. 120. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion to strike and dismiss (Dkt. 120) in its entirety. Although they are not binding, the court finds persuasive the rulings by multiple other judges that the issues raised by Finjan's motion are more properly suited to a summary judgment motion, not a Rule 12 motion. See, e.g., Finjan, Inc. v. Check Point Software Tech., Inc., 2019 WL 330912 at *6 (N.D. Cal. Jan. 25, 2019) ("Finjan's counterarguments speak to the weight of the evidence and are not appropriate or persuasive at this stage in the litigation."); Finjan, Inc. v. Juniper, 2018 WL 5454318 (N.D. Cal. Oct. 29, 2018); Finjan, Inc. v. Cisco Systems, Inc., 2018 WL 4361134 at *5 (N.D. Cal. Sept. 13, 2018) ("The court is unpersuaded by Finjan's arguments which may be more appropriately directed to a summary judgment motion"). The hearing set for June 24, 2021 is VACATED.

    The parties have also filed a "joint stipulation re dismissal of three patents-in-suit." See Dkt. 130. The stipulation explains that an opinion was issued by the U.S. District Court for the Southern District of California concluding that certain Finjan patents were

invalid due to an indefinite claim term.  Finjan has therefore agreed to dismiss three of the patents in this suit which use the same claim term.

However, despite stating that the parties stipulate to dismissal of the '780, '926, and '494 patents from this case, the parties' stipulation would leave intact certain counterclaims related to the purportedly-dismissed '494 patent.  Specifically, the stipulation states that counts 1, 2, 5, 6, 13, and 14 of the counterclaims are to be dismissed, but does not make the same statement regarding count 15 of the counterclaims or the portion of count 17 that relates to the '494 patent.

Accordingly, the court requests clarification regarding the status of the counterclaims related to the '494 patent.  The counterclaims cite the complaint as giving rise to a justiciable controversy, but the complaint as it relates to the '494 patent has now been dismissed.  The court is unclear as to why these counterclaims remain in the case, and requests clarification from the parties on that issue.

Additionally, the parties' proposed stipulation would have the court approve the parties' arrangement regarding tolling, which is an issue that the parties can agree upon on their own without the need for court involvement.  Moreover, the stipulation does not make clear that Finjan would need to file a new action if the '780 invalidity judgment is reversed or vacated; it would not be permitted to revive this action once it is dismissed and the case is closed.

For those reasons, the stipulation is DENIED in its current form.  The court directs the parties to file a revised stipulation that (1) clarifies the status of all of the '494-related counterclaims, and (2) removes the language regarding tolling and makes clear that Finjan would need to file a new action if the '780 invalidity judgment is reversed or vacated on appeal.

**IT IS SO ORDERED.**

Dated:  June 23, 2021

        /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge