| | | |
|---|---|---|
| 1 | MICHAEL A. JACOBS (CA SBN 111664)<br>MJacobs@mofo.com | ROSE S. LEE (CA SBN 294658)<br>RoseLee@mofo.com |
| 2 | MATTHEW A. CHIVVIS (CA SBN 251325)<br>MChivvis@mofo.com | MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard, Suite 6000 |
| 3 | DIEK O. VAN NORT (CA SBN 273823)<br>DVanNort@mofo.com | Los Angeles, California 90017-3543<br>Telephone: (213) 892-5200 |
| 4 | MORRISON & FOERSTER LLP<br>425 Market Street | Facsimile: (213) 892-5454 |
| 5 | San Francisco, California 94105-2482<br>Telephone: (415) 268-7000 | ERIC W. LIN (*Pro Hac Vice*)<br>Elin@mofo.com |
| 6 | Facsimile: (415) 268-7522 | MICHAEL J. DESTEFANO (*Pro Hac Vice*)<br>Mdestefano@mofo.com |
| 7 | RUDY Y. KIM (CA SBN 199426)<br>RudyKim@mofo.com | MORRISON & FOERSTER LLP<br>250 West 55th Street |
| 8 | COLETTE REINER MAYER (CA SBN 263630)<br>CRMayer@mofo.com | New York, New York 10019-9601<br>Telephone: (212) 468-8000 |
| 9 | MORRISON & FOERSTER LLP<br>755 Page Mill Road | Facsimile: (212) 468-7900 |
| 10 | Palo Alto, California 94304-1018<br>Telephone: (650) 813-5600 | |
| 11 | Facsimile: (650) 494-0792 | |

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINJAN LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>        Defendant. | Case No.    4:14-CV-04908-PJH<br><br>**DEFENDANT PALO ALTO NETWORKS, INC.'S ADMINSTRATIVE MOTION FOR LEAVE TO INCLUDE ADDITIONAL CLAIM TERMS IN THE JOINT CLAIM CONSTRUCTION STATEMENT**<br><br>Ctrm:    3, 3rd Floor<br>Judge:   Honorable Phyllis J. Hamilton |

Pursuant to Civil Local Rule 7-11 and Paragraph 4 of the Court's Standing Order for Patent Cases ("Standing Order"), Defendant Palo Alto Networks, Inc. ("PAN") moves for leave to include additional disputed claim terms in the Parties' Joint Claim Construction Statement ("JCCS") due on July 16, 2021. To be clear, PAN is not requesting that the Court construe more than ten terms at this time. Rather, PAN is requesting that the Court grant leave for the parties to include in the JCCS the terms in dispute at the time the JCCS is filed, even if there are more than ten. On the other hand, if the Court prefers to resolve all disputed terms together at the upcoming *Markman* hearing, PAN is prepared to do that as well.

Each of the asserted patents in this case has been the subject of extensive prior claim construction—either in district court proceedings or before the Patent Trial and Appeals Board ("PTAB"). Across those prior proceedings, there have been over 35 claim construction decisions, which construed dozens of terms. (*See* Dkt. No. 118.) These prior constructions represent significant investments by courts, the PTAB, and previous litigants in clarifying the scope and meaning of the asserted claims. PAN believes this wealth of prior analysis should be used to narrow the disputes in this case and clarify the claims' meanings for the jury. As such, of the 21 terms currently disputed, 12 of PAN's proposed constructions arise from prior claim construction. For ten of these terms, Finjan responded that the terms should be given "plain and ordinary meaning" and stated that "no construction [was] necessary." Even after meeting and conferring, it remains unclear whether Finjan believes the "plain and ordinary meaning" of these terms is different from, or consistent with, the prior constructions and positions Finjan took in prior cases.

PAN is optimistic that the parties will reach agreement on (at least some) of the terms that were previously litigated prior to the due date for the JCCS—two weeks from today. (*See* Decl. of Diek O. Van Nort, filed herewith ("Van Nort Decl.") Exs. 1-2.) Indeed, in meeting and conferring prior to this motion, the parties were able to agree to constructions for two claim terms. (*See* Van Nort Decl. Ex. 1.) The parties are scheduled to continue their meet and confer on July 7, 2021, well in advance of the July 16, 2021 deadline for submitting the JCCS. (*Id.*)

As it stands today, however, there are greater than ten terms in dispute. The Court's Standing Order requires parties seek leave no less than two weeks in advance of the filing of the

PAN'S ADMINISTRATIVE MOTION FOR LEAVE TO INCLUDE ADDITIONAL CLAIM TERMS IN THE JOINT CLAIM CONSTRUCTION STATEMENT
CASE NO. 4:14-CV-04908-PJH
sf-4520300

1

JCCS if they wish to include greater than ten terms for construction in the JCCS. Specifically, as of this filing, there are 21 terms in dispute. (*Id.*) In the JCCS the parties will identify the top ten terms for construction at that hearing.

Good cause exists to include additional terms in the JCCS. The parties appear to have a dispute as to the appropriate construction of claim terms, and at this point it is not certain whether those disputes will be relevant to the trier of fact. "When the parties raise an actual dispute regarding the proper scope of [the] claims, the court, not the jury must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). Inclusion will not burden the Court with additional work at this time, but will serve to crystallize the parties' positions on claim construction in the event a dispute arises over one of these terms in the future. Moreover, for each of the terms in excess of the ten term limit, PAN relies on either previously settled constructions, portions of settled constructions, or previous positions taken by Finjan in other proceedings. Including these terms in the JCCS, thus, will eliminate gamesmanship while promoting judicial economy and consistency of interpretation across the Finjan patent families. Also, although not possible by the Court's deadline for this filing, PAN is hopeful that the parties will be able to reach agreement on additional claim terms prior to the deadline for the JCCS.

Accordingly, PAN respectfully requests that the Court grant leave to the parties to include greater than ten disputed terms in the JCCS.

Dated:  July 2, 2021                        MORRISON & FOERSTER LLP

                                            By:   */s/ Colette Reiner Mayer*
                                                  Colette Reiner Mayer

                                            Attorneys for Defendant
                                            PALO ALTO NETWORKS, INC.

PAN's ADMINISTRATIVE MOTION FOR LEAVE TO INCLUDE ADDITIONAL CLAIM TERMS IN THE JOINT CLAIM CONSTRUCTION STATEMENT
CASE NO. 4:14-CV-04908-PJH
sf-4520300

2