Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038) / terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan Morrison (Pro Hac Vice) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607
*Additional counsel listed on signature page*

Attorneys for Plaintiff,
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>　　　　Defendant. | Case No. 14-cv-04908-PJH<br><br>**FINJAN LLC'S RESPONSE IN OPPOSITION TO PALO ALTO NETWORKS, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO INCLUDE ADDITIONAL CLAIM TERMS IN THE JOINT CLAIM CONSTRUCTION STATEMENT**<br><br>Hon. Phyllis J. Hamilton<br>Ctrm: 3, 3rd Floor |

The Court should deny Palo Alto Networks, Inc.'s ("PAN") request to include up to **24** terms[1] in the parties' upcoming Joint Claim Construction Statement ("JCCS"). Finjan's position is that only **two** terms require construction at this time. PAN alone proposes that an additional **22** terms require construction, more than double the number permitted by this Court's Standing Order. As explained below, PAN falls far short of demonstrating the required good cause. While PAN argues that courts have construed terms in these patents before, PAN fails to note that those courts have rejected the construction PAN has proposed for five of the 22 terms, and that no court has adopted another eleven of PAN's proposed constructions. PAN's proposal is also speculative and unnecessary, as PAN admits it does not know whether many of the purported claim construction disputes "will be relevant." (Mot. at p. 2 ("at this point it is not certain whether those disputes will be relevant to the trier of fact").) The Court need not permit such speculation. This case has narrowed significantly; the parties can work together to identify the ten most significant terms in the four remaining patents,[2] and the Court need not construe more than those ten terms.

No court in this District has needed to construe more than ten terms in the first round of claim construction in any Finjan case—even in cases with more than four asserted patents—with the lone exception of the *Symantec* case. In *Symantec*, which involved eight asserted patents, the court construed twelve terms, but then found no construction necessary for seven of the twelve, including two terms (the preamble and the "content processor" terms from the '154 Patent) for which PAN has proposed a construction here. PAN's current proposal requests construction of essentially every term that has ever been construed in any proceeding (district court or PTAB), plus several other terms that have never been construed. This presents an unnecessary strain on resources for the Court and Finjan, especially where PAN fails to identify why any specific term over the ten-term limit would be material to the case. The Court should deny PAN the requested relief.

PAN has not provided the required "good cause" for exceeding the Court's ten-term limit for several reasons. Although PAN argues that 12 of its 22 proposed constructions "arise from prior

---

[1] PAN argues it wants to submit up to 21 terms, but PAN improperly groups multiple terms in its exchanges, and Finjan has objected to this grouping.
[2] Pursuant to the Court's Order, the parties are working together to submit an updated stipulation and proposed order to dismiss the '494, '780, and '926 Patents. (Dkt. No. 131 at p. 2.)

claim construction" (Mot. at p. 1), that statement is misleading. For **16** of its 22 terms, PAN's proposed construction has never been adopted by any court or the PTAB. Those 16 terms fall into three categories.

First, **five** of PAN's proposed constructions have already been rejected by other courts:

- "transmitter" ('154 Patent, claim 1): PAN's proposed construction was rejected by Judge Gonzalez Rogers. (*See* Dkt. No. 118 at p. 11.)

- "receiver" ('154 Patent, claim 1): PAN's proposed construction was rejected by Judge Gonzalez Rogers. (*See* Dkt. No. 118 at p. 11.)

- "dynamically-generated" ('154 Patent, claim 1): No construction necessary for preamble in *Symantec*, IPR2015-01547 and IPR2016-00151. (*See* Dkt. No. 118 at p. 9.)

- "second function" ('154 Patent, claim 1): No court has construed that term in isolation as anything other than plain meaning. (*See* Dkt. No. 118 at p. 10.)

- Preamble of claim 14 ('633 Patent, claim 14): All previous courts have corrected the typographical error and found the claim not indefinite. (*See* Dkt. No. 118 at p. 9.)

PAN argues that "prior constructions represent significant investments by courts, the PTAB, and previous litigants in clarifying the scope and meaning of the asserted claims." (Mot. at p. 1.) Yet PAN throws this all out the window with its proposal.

Second, another **six** of PAN's proposed constructions are for terms that have never been construed by any court, including multiple terms that are plain English with a well-understood meaning such as "safe" and "scanner."[3] These terms need no construction and there is no need to make an exception to the Rules here to construe them.

Third, another **five** of PAN's proposed constructions are new proposals for terms that have been construed, but have never been adopted by any tribunal. PAN's proposed constructions either

---

[3] The term "scanner" has been construed in the context of the '408 Patent, but not the '731 Patent. The proposed construction for the '408 Patent in the *Rapid7* case was also different from what PAN now proposes for both patents here.

add words that are not present in the claims or raise entirely new issues that are unsupported by the intrinsic record of the patents.

That leaves only six of the 22 terms as being ones for which PAN has proposed a construction that a previous court has adopted. But even for those six terms, different courts have generally come to different conclusions, and in most instances at least one court has adopted the competing construction proposed by Finjan. All of this is to say, Finjan is not complicating things by not agreeing to well-established constructions as PAN seems to assert; instead, PAN is complicating things by trying to maintain as many disputes as possible in hopes something will become relevant.

PAN also fails to show good cause because the requested relief is speculative and undefined. The law in this District requires PAN to specifically explain why it is necessary to deviate from the Patent Local Rules. *See, e.g.*, *Sage Electrochromics, Inc. v. View, Inc.*, No. 12-cv-6441-JST, 2014 WL 1379282, at *3 n.2, 4 (N.D. Cal. Apr. 7, 2014) (finding it a "special situation" when the Court construes more than 10 claim terms: "[i]f the parties believe the Court should deviate from their usual rule of construing not more than ten total terms, they should explain why."). PAN does not explain why this Court should deviate from the Patent Local Rules and its Standing Order. For example, PAN argues that "[i]nclusion will not burden the Court with additional work at this time." (Mot. at p. 2.) PAN seems to be arguing that the parties need to provide more than ten terms for construction in the JCCS, even though they do not presently need to brief more than ten terms. Indeed, PAN admits that, "at this point it is not certain whether these disputes will be relevant to the trier of fact." This should end the inquiry—there is presently no need to construe more than ten terms. If there is no present need to brief more than ten terms, then the parties need not present more than ten terms to the Court in the JCCS.

Indeed, in *Finjan v. Cisco*, Judge Freeman denied Cisco's motion in the first round of claim construction to construe ten additional claim terms where five patents were at issue. Judge Freeman noted that Cisco had "not shown that it would be prejudiced if the Court denies its request to brief additional claim terms." *See Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-cv-00072-BLF, Dkt. No. 92 (Order Denying Without Prejudice Administrative Motion to Brief More Than Ten Claim Terms

1  For Construction) (Dec. 11, 2017).  The same is true here. PAN has not attempted to show any
2  prejudice, and indeed is unsure if any of these additional terms would even be relevant.  Judge
3  Freeman also noted that "courts have routinely declined to deviate from the Patent Local Rules
4  which set a default ten-term limit even in cases where more than five patents and thirty claims were
5  asserted," and that "the ten-term limit serves as a reasonable and effective case management tool."
6  *Id.*

7  Also PAN argues that, "for each of the terms in excess of the ten-term limit, PAN relies on
8  either previously settled constructions, portions of settled constructions, or previous positions taken
9  by Finjan in other proceedings." (Mot. at p. 2.)  It is unclear how PAN could make this
10 representation when the parties have not yet completed their meet and confer process and have not
11 identified the ten most significant terms.  Without knowing the ten most significant terms, PAN
12 cannot say it knows which terms are "in excess of the ten-term limit."

13 PAN also argues that including the additional terms in the JCCS will "eliminate
14 gamesmanship" and "crystallize the parties' positions on claim construction." (Mot. at p. 2.)  These
15 are not good cause justifications for deviating from the Rules, and PAN cites no authority saying
16 otherwise.  Finjan's positions are clear as to all terms.  Finjan does not believe any but **two** terms
17 require construction at this point, and it is PAN that wants to construe more than double the limit
18 imposed by this Court.  That request should be denied.

19 Finally, Finjan has worked hard to narrow this case significantly, obviating the need to
20 construe more than ten terms.  In the four months since the Case Management Conference, Finjan
21 has reduced this case from ten patents and over 70 claims to just four patents and 21 claims.  Ten
22 terms is more than sufficient for PAN to construe the most significant terms and the limit serves as
23 an effective case management tool.

24 Accordingly, the Court should deny PAN's request for leave to include more than ten terms
25 in the JCCS, and the parties should continue towards construction of up to ten terms as contemplated
26 by the Patent Local Rules and this Court's Standing Order.

27
28

Dated: July 6, 2021                     Respectfully Submitted,

/s/ *Roger A. Denning*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (*Pro Hac Vice*)
kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st floor
Atlanta, GA  30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Phillip W. Goter (*Pro Hac Vice*)
goter@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza, 60 South Sixth Street
Minneapolis, MN  55402
Telephone: (612) 335-5070 / Fax: (612) 288-9696

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

| | |
|---|---|
| 1 | Tracea Rice (*Pro Hac Vice*) |
| 2 | trice@fr.com |
|   | FISH & RICHARDSON P.C. |
| 3 | 1000 Maine Ave. Ste. 1000 |
|   | Washington, DC 20024 |
| 4 | Telephone: (202) 783-5070 / Fax: (202) 783-2331 |
| 5 | Attorneys for Plaintiff FINJAN LLC |

Tracea Rice (*Pro Hac Vice*)
trice@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave. Ste. 1000
Washington, DC 20024
Telephone: (202) 783-5070 / Fax: (202) 783-2331

Attorneys for Plaintiff FINJAN LLC