Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.om
Frank J. Albert (CA SBN 247741) / albert@fr.com
K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038) / terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Attorneys for Plaintiff,
FINJAN LLC

Michael A. Jacobs (CA SBN 111664)
MJacobs@mofo.com
Matthew A. Chivvis (CA SBN 251325)
MChivvis@mofo.com
Diek O. Van Nort (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000/Fax: (415) 268-7522

Attorneys for Defendant,
PALO ALTO NETWORKS, INC.

*Additional counsel on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>                Plaintiff,<br><br>      v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>                Defendant. | Case No. 4:14-cv-04908-PJH<br><br>**JOINT CLAIM CONSTRUCTION AND PRE-HEARING STATEMENT**<br><br>Hon. Phyllis J. Hamilton<br>Ctrm: 3, 3rd Floor |

## PRE-HEARING STATEMENT

Pursuant to the Joint Case Management Statement and Proposed Order (Dkt. 104) and Patent L.R. 4-3, Plaintiff Finjan LLC ("Finjan") and Defendant Palo Alto Networks, Inc. ("PAN") hereby submit this Joint Claim Construction and Pre-Hearing Statement.

### I. PATENT L.R. 4-3(A): PROPOSED CONSTRUCTION OF EACH AGREED TERM

The parties' agreed constructions are provided below.

| Patent | Term | Agreed Construction |
|---|---|---|
| 7,418,731 | "scanner" | "software, hardware, or a combination of both for scanning" |
| 8,225,408 | "scanner" | "software, hardware, or a combination of both for scanning" |
| 8,225,408 | "parser rules" | "patterns of tokens that form syntactical constructs of program code" |
| 8,141,154 | "transmitter" | "software, hardware, or a combination of both for transmitting" |
| 8,141,154 | "receiver" | "software, hardware, or a combination of both for receiving" |
| 8,141,154 | "invoking a function"/ "invoke" | "initiating a call to a function, regardless of whether the function is executed/"invoke" does not require execution of a function" |

### II. PATENT L.R. 4-3(B): PROPOSED CONSTRUCTION OF EACH DISPUTED TERM

The parties' proposed claim constructions are provided below for disputed terms.[1] The parties' proposed constructions and supporting evidence is provided in a side-by-side format as required by the Court's Standing Order for Patent Cases in Exhibit A. For simplicity, the supporting

---

[1] PAN notes that in addition to the disputed terms that are identified herein, the parties presently dispute the meaning of at least 10 other terms that may require resolution by the Court. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). Pursuant to the Court's Order (Dkt. 141), the parties are identifying only "ten claim terms in the joint claim construction statement" (Dkt. 141 at 2).

evidence is not repeated here. The parties reserve their rights to cite additional supporting evidence based on arguments raised during claim construction briefing.

| U.S. Patent No. 7,418,731 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **PAN's Proposed Construction** |
| "file cache"<br><br>(claims 1, 3, 14, 17) | "a memory for holding a file, at least temporarily" | "data structure to temporarily store [file / security / profile / security policies]"[2] |
| "incoming files from the internet"<br><br>(claims 1-3) | No construction necessary; plain and ordinary meaning | "files requested by an intranet computer from the Internet" |

| U.S. Patent No. 7,647,633 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **PAN's Proposed Construction** |
| "mobile protection code"<br>(claim 14) | "code that, at runtime, monitors or intercepts actually or potentially malicious code operations without modifying the executable code" | "code that, at runtime, monitors or intercepts actually or potentially malicious code operations without modifying the executable code, where the mobile protection code itself must be executable" |
| "downloadable-information destination"<br><br>(claim 14) | "a device or process that is capable of receiving and initiating or other hosting a mobile code execution" | "user device that includes one or more devices or processes that are capable of receiving and initiating or otherwise hosting a mobile code execution" |
| "A computer program product, comprising a computer usable medium having a computer readable program code therein, the computer readable program code adapted to be executed | The typographical error in the preamble is corrected to read:<br><br>"A computer program product comprising a computer usable medium having a computer readable program code | Indefinite for claiming mixed statutory classes and/or a lack of antecedent basis |

---

[2] The terms "security profile cache" and "security policy cache" are also disputed.  PAN believes that these terms should be grouped together with "file cache" and construed as a single term consistent with the Court's Standing Order for Patent Cases.

| | U.S. Patent No. 7,647,633 | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **PAN's Proposed Construction** |
| for computer security, the method comprising"<br><br>(claim 14) | therein, the computer readable program code adapted to be executed for the computer security:" | |

| | U.S. Patent No. 8,225,408 | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **PAN's Proposed Construction** |
| "parse tree"<br><br>(claims 1, 3-8, 22) | No construction necessary; plain and ordinary meaning | "a hierarchical structure of interconnected nodes built from scanned content" |
| "programming language"<br><br>(claims 1, 3-8, 22) | No construction necessary; plain and ordinary meaning | Indefinite |
| "lexical constructs for the specific programming language"<br><br>(claims 1, 3-8, 22) | No construction necessary; plain and ordinary meaning | "elements forming the specific programming language's syntax and defining the operation of the program code" |

| | U.S. Patent No. 8,141,154 | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **PAN's Proposed Construction** |
| "content processor"<br><br>(claims 1, 2, 6, 7) | No construction necessary; plain and ordinary meaning<br><br>To the extent the Court construes this term, Finjan proposes: a processor that processes content | "an application on the protected client/user computer that processes modified content" |
| "content"<br><br>(claims 1, 2, 4, 6, 7, 10) | No construction necessary; plain and ordinary meaning. | "data or information, which has been modified and is received over a network" |

## III. PATENT L.R. 4-3(C): IDENTIFICATION OF TEN TERMS, THE CONSTRUCTION OF WHICH WILL BE MOST SIGNIFICANT TO RESOLUTION OF THE CASE

**Finjan's Statement:**

The parties each identified their top five most significant terms to be construed. As part of that process, the parties agreed on one term:

| U.S. Patent No. 7,647,633 | | |
|---|---|---|
| **Claim Term** | **Finjan's Proposed Construction** | **PAN's Proposed Construction** |
| "A computer program product, comprising a computer usable medium having a computer readable program code therein, the computer readable program code adapted to be executed for computer security, the method comprising"<br><br>(claim 14) | The typographical error in the preamble is corrected to read:<br><br>"A computer program product comprising a computer usable medium having a computer readable program code therein, the computer readable program code adapted to be executed for the computer security:" | Indefinite for claiming mixed statutory classes and/or lack of antecedent basis |

In addition, Finjan identified four additional terms and PAN identified five additional terms, bringing the total disputed terms to be construed to ten, which are included in the table above in Section II.

Finjan does not believe that construction of any of the disputed terms will be case or claim dispositive.

**PAN's Statement:**

PAN believes that the following terms are dispositive for non-infringement for their respective patents if PAN's proposed constructions are adopted:

- "content"
- "content processor"
- "parse tree"
- "lexical constructs for the specific programming language"
- "downloadable-information destination"

- "file cache"
- "mobile protection code"

If PAN's position regarding indefiniteness is adopted for the following terms, these terms are dispositive of invalidity for their respective patents:

- "programming language"
- "A computer program product, comprising a computer usable medium having a computer readable program code therein, the computer readable program code adapted to be executed for computer security, the method comprising"

## IV.   PATENT L.R. 4-3(d): TIME FOR CLAIM CONSTRUCTION HEARING

The parties anticipate that they will not require more than (3) hours for the entire claim construction hearing.

## V.   PATENT L.R. 4-3(e): WITNESSES AT CLAIM CONSTRUCTION HEARING

The parties do not believe that live expert testimony is required at the *Markman* hearing. However, the parties each expect to offer expert declarations in support of their proposed claim construction positions.

## VI.   PATENT L.R. 4-3(f): REQUESTED FACTUAL FINDINGS

No party requests any factual findings from the Court related to claim construction other than those submitted with any expert declaration that may be served by the parties in accordance with Pat. L.R. 4-3.

Dated:  July 16, 2021                                Respectfully Submitted,

*/s/ Roger A. Denning*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com

Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (*Pro Hac Vice*)
kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st floor
Atlanta, GA  30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Phillip W. Goter (*Pro Hac Vice*)
goter@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza, 60 South Sixth Street
Minneapolis, MN  55402
Telephone: (612) 335-5070 / Fax: (612) 288-9696
Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Tracea Rice (*Pro Hac Vice*)
trice@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave. Ste. 1000
Washington, DC 20024
Telephone: (202) 783-5070 / Fax: (202) 783-2331


Attorneys for Plaintiff
FINJAN LLC

| | |
|---|---|
| 1 | |
| 2 | Respectfully Submitted, |
| 3 | */s/ Diek O. Van Nort* |
| | Michael A. Jacobs (CA SBN 111664) |
| 4 | MJacobs@mofo.com |
| | Matthew A. Chivvis (CA SBN 251325) |
| 5 | MChivvis@mofo.com |
| | Diek O. Van Nort (CA SBN 273823) |
| 6 | DVanNort@mofo.com |
| 7 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 8 | San Francisco, California 94105-2482 |
| | Telephone: (415) 268-7000/Fax: (415) 268-7522 |
| 9 | |
| | Rudy Y. Kim (CA SBN 99426) |
| 10 | RudyKim@mofo.com |
| 11 | Colette Reiner Mayer (CA SBN 263630) |
| | CRMayer@mofo.com |
| 12 | MORRISON & FOERSTER LLP |
| | 755 Page Mill Road |
| 13 | Palo Alto, California 94304-1018 |
| | Telephone: (650) 813-5600/Fax: (650) 494-0792 |
| 14 | Eric W. Lin (*Pro Hac Vice*) |
| | Elin@mofo.com |
| 15 | Michael J. DeStefano (*Pro Hac Vice*) |
| 16 | Mdestefano@mofo.com |
| | MORRISON & FOERSTER LLP |
| 17 | 250 West 55th Street |
| | New York, New York 10019-9601 |
| 18 | Telephone: (212) 468-8000/Fax: (212) 468-7900 |
| 19 | |
| 20 | Attorneys for Defendant |
| | PALO ALTO NETWORKS, INC. |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

*/s/ Roger A. Denning*
Roger A. Denning