Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tucker Terhufen (CA SBN 311038) / terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan Morrison (*Pro Hac Vice*) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607
Additional counsel listed on signature page

*Attorneys for Plaintiff,*
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>Plaintiff,<br><br>v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>Defendant. | Case No. 4:14-cv-04908-PJH<br><br>**PLAINTIFF FINJAN LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS**<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**<br><br>Date: August 12, 2021<br>Time: 1:30 p.m.<br><br>Ctrm: 3, 3rd Floor<br>Hon. Phyllis J. Hamilton |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................... 2

III. ARGUMENT ......................................................................................................................... 7

    A. Good Cause Exists for Finjan's Amendment of Its Infringement Contentions. ................................................................................................................ 7

    B. PAN Will Not Suffer Any Prejudice. ..................................................................... 12

IV. CONCLUSION ................................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Altera Corp. v. PACT XPP Techs., AG,*
  No. 14-cv-02868-JD, 2015 WL 928122 (N.D. Cal. Feb. 19, 2015) ...................................... 12

*Apple Inc. v. Samsung Electronics Co. Ltd.*,
  No. 12-CV-0630-LHK (PSG), 2013 WL 3246094 (N.D. Cal. June 26, 2013)........................ 7

*Brandywine Commc'ns Techs., LLC v. AT&T Corp.*,
  No. C 12-2494 CW, 2014 WL 1569544 (N.D. Cal. Apr. 18, 2014)...................................... 12

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
  No. C 16-06180 WHA, 2017 WL 2630088 (N.D. Cal. June 19, 2017)................................. 11

*Illumina Inc. v. BGI Genomics Co.*,
  No. 20-CV-01465-WHO, 2021 WL 2400941 (N.D. Cal. June 11, 2021) ............................... 7

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
  No. 14-cv-01745-VC (KAW), 2015 WL 5440674 (N.D. Cal. Sept. 15, 2015) ....................... 7

*PersonalWeb Techs., LLC v. Google Inc.*,
  No. C13-01317-EJD (HRL), 2014 WL 218164 (N.D. Cal. Jan. 17, 2014), *report
  and recommendation adopted sub nom. PersonalWeb Techs., LLC v. Google
  Inc.*, No. 5:13-CV-01317 EJD, 2014 WL 12708999 (N.D. Cal. Feb. 7, 2014) ....................... 9

*Radware Ltd. v. F5 Networks, Inc.*,
  No. C-13-02021-RMW, 2014 WL 3728482 (N.D. Cal. July 28, 2014) .................................. 9

*Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.*,
  No. 8:17-cv-02032-JLS, 2019 WL 6841993 (C.D. Cal. Sept. 25, 2019).............................. 7, 8

*Symantec Corp. v. Acronis Corp.*,
  Case No.: 11–5310 EMC (JSC), 2013 WL 5368053 (N.D. Cal. Sept. 25, 2013)................... 12

*Synchronoss Techs., Inc. v. Dropbox Inc.*,
  No. 416CV00119HSGKAW, 2018 WL 2984850 (N.D. Cal. June 14, 2018) .................. 10, 13

**Other Authorities**

Patent L.R. 3-6 ............................................................................................................................ 7, 8

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on August 12, 2021, at 1:30 pm, or as soon thereafter as counsel may be heard by the Honorable Phyllis J. Hamilton in Courtroom 3, 3rd Floor, United States District Court of California, 280 South First Street, San Jose, CA 95113, Plaintiff Finjan LLC will and hereby does move the court for an order granting Finjan leave to amend its infringement contentions.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the proposed order submitted herewith, the pleadings and papers on file in this action, any evidence and argument presented to the Court at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

**STATEMENT OF ISSUE**

Whether Finjan should be granted leave to amend its infringement contentions to include citations to source code PAN produced after the deadline for Finjan's infringement contentions, as well as pinpoint citations to source code as requested by PAN, along with accompanying narratives?

**I.    INTRODUCTION**

Finjan respectfully requests leave to amend its infringement contentions to include: (1) citations to source code for the accused products that PAN made available to Finjan only *after* Finjan's infringement contentions were due; and (2) pinpoint citations to source code for the accused products, as PAN has requested.  Finjan's infringement contentions were due on April 1, 2021, and Finjan served its contentions—totaling over 2,100 pages—on that day.  After that date, on April 8, PAN notified Finjan that it had made additional source code available for inspection on the source code computer.  Having not had access earlier, Finjan could not have included that source code in its original infringement contentions.  Finjan has now reviewed and analyzed the late-produced source code, and Finjan has prepared amended infringement contentions to include citations to that late-produced code, along with narratives explaining how that code further shows the accused products meet various limitations of the asserted claims.

Additionally, Finjan has amended its infringement contentions include pinpoint citations to the source code for PAN's accused products, along with additional accompanying narratives. PAN argued in its pending motion to strike that Finjan's infringement contentions should be stricken in their entirety because Finjan did not include pinpoint citations to PAN's source code. Pinpoint citations to source code are not required under the Patent Local Rules, as Finjan explained in its opposition to PAN's motion to strike. Dkt. No. 133-4 (Finjan's Opp. to Mot. to Strike at pp. 18-20.) Finjan's original infringement contentions are more than adequate, as they identify which particular source code files are relevant for each limitation of the asserted claims (a total of ▮ relevant files out of the ▮▮▮▮ files made available), and then provide narrative explanations describing how the operation of those source code files meets each particular limitation. (*See Id.* at pp. 6, 11-15, 17-18.) Nevertheless, to negate PAN's complaint and remove the issue entirely from this case, Finjan has gone back through its original infringement contentions to provide the requested pinpoint citations on a limitation-by-limitation basis.

Finjan acted diligently to prepare these amended infringement contentions after receiving PAN's late-produced source code. Any delay is the fault of PAN for not making that source code available for inspection before the deadline for Finjan's infringement contentions. In addition, the close of fact discovery has not been set, only one deposition has been taken, and the parties have not yet submitted their claim construction briefs. As such, there is no prejudice to PAN, especially because PAN delayed in producing the materials that Finjan now seeks to incorporate into its infringement contentions, and it was PAN who requested the pinpoint citations.

## II.   FACTUAL BACKGROUND

On April 1, 2021, Finjan timely served its infringement contentions. Finjan's original contentions total 2,141 pages and provide a detailed narrative describing how each accused product meets each claim limitation. For support, the charts also include narratives citing to and discussing PAN's technical documents and source code, to the extent provided by PAN. For example, in the excerpt below, Finjan explains how PAN-OS implements the claimed content processor and specifically identifies the five source code files that receive the network packets corresponding to executable files and processes those packets.

[REDACTED]

Dkt. No. 133-11 (Finjan's Opp. to PAN's Mot. to Strike, Ex. H) at p. 182.)

In addition to citing to and describing how PAN's technical documents and source code show infringement, Finjan's original contentions also identify documents and source code that were *missing* from PAN's production that Finjan believed would be additional evidence of infringement. For example:

> The call to a first function, the call including an input, varies in each instance depending on the nature of the requested content, and is implemented by at least the source code cited below and ***the [REDACTED] files, which to date, PAN has not produced despite repeated requests by Finjan***.

Dkt. No. 133-11 (Finjan's Opp. to PAN's Mot. to Strike, Ex. H) at p. 12 (emphasis added).) Weeks earlier, on February 25, 2021, Finjan had requested PAN to make those specific [REDACTED] files available for inspection, but PAN delayed. (Dkt. No. 133-22 (*Id.*) at Ex. U.) Finjan also sought production of [REDACTED] files that Finjan believed would support its infringement theories, but PAN delayed in making those files available, as well. (*Id.*)

On April 8, 2021, a week *after* Finjan's contentions were due and were served, PAN notified Finjan that it had loaded the [REDACTED] files and other source code files onto the source code computer for inspection. (Dkt. No. 133-24 (*Id.*) at Ex. W.) That was too late for Finjan to include citations to the [REDACTED] files in its original infringement contentions.

1   PAN's source code and document production was still incomplete, however, and throughout the spring of 2021, Finjan continued to request that PAN supplement its production to include source code for the post-2015 versions of the accused "Traps" product and post-2015 technical documentation for ***all*** of the accused products.[1] On June 15, 2021, despite not having produced that source code and those technical documents, PAN moved to strike Finjan's infringement contentions. (Dkt. No. 128.)

On June 29, 2021, two weeks *after* filing its motion to strike—and nearly ***three months after*** Finjan served its original infringement contentions—PAN finally made available for inspection the source code for the post-2015 versions of its accused Traps product (including versions 4.0, 5.0, 6.0, and 7.0). (*See* Exh. 1 (June 29, 2021 email from Van Nort to Smith).) As PAN produced that source code less than three weeks ago, Finjan and its expert have not yet been able to analyze it and include it in the current version of its amended infringement contentions.

Lastly, PAN ***still has not produced*** the missing technical documentation for the accused products. After many e-mails and conferences, on June 29, 2021, PAN finally told Finjan that it will commit to producing the requested technical documents for the accused products by July 31, 2021. (Exh. 2 (June 29, 2021 email from Van Nort to Terhufen).) As Finjan has not yet received those documents, they also are not included in the current version of the amended infringement contentions.[2]

Finjan has now reviewed and analyzed the ▓▓▓▓▓▓ source code files that PAN made available for inspection after the deadline for Finjan's infringement contentions, and Finjan has prepared amended contentions to include citations to the ▓▓▓▓▓▓ files. In addition, to

---

[1] *See, e.g.,* Dkt. No. 132-13 (Finjan's Opp. to PAN's Mot. to Strike), Ex. L (March 22, 2021 letter from Smith to Van Nort regarding PAN's deficient production); Dkt. No. 132-14 (Ex. M) (April 23, 2021 letter from Goter to Van Nort regarding PAN's deficient production); Dkt. No. 133-16 (Ex. N) (May 25, 2021 letter from Smith to Van Nort regarding several issues including PAN's failure to produce documents related to software for use with Traps); Dkt. No. 132-16 (Ex. O) (May 28, 2021 letter from Goter to Van Nort regarding PAN's deficient production); Dkt. No. 132-17 (Ex. P) (June 7, 2021 letter from Smith to Van Nort regarding several issues including PAN's deficient document and source code productions); Exh. 1 (June 29, 2021 email from Van Nort to Smith); Exh. 2 (June 29, 2021 email from Van Nort to Terhufen).

[2] Finjan believes it will likely have to seek leave to amend its infringement contentions again after it has analyzed the source code PAN produced on June 29, 2021, and the technical documents PAN says it will produce by July 31, 2021.

1  eliminate PAN's complaints regarding pinpoint citations to source code, Finjan also has added
2  pinpoint citations to the source code files.  Finjan has attached versions of its amended infringement
3  contentions with redlines to show the supplementation.  (Exhs. 3-7.)
4      In addition to adding pinpoint citations to line numbers in the source code, Finjan's amended
5  infringement contentions also include additional detailed narratives about the source code that
6  further clarify and support Finjan's theories of infringement. For example, for the limitation of claim
7  1 of the '154 Patent requiring a "content processor … for processing content received over a
8  network," Finjan added to the narrative describing the NGFW source code:



(Exh. 5 (Amended Appendix E-1) at pp. 163-64.)

Following that narrative, Finjan cited several source code files that are relevant to that explanation. (*Id.* at pp. 164-65.)  And after that listing of relevant source code files, Finjan provided detailed explanations that include specific function calls and pinpoint citations to line numbers in the source code that illustrate exemplary structures in the source code that support the narratives provided in the preceding pages:

[Redacted content]

(*Id.* at pp. 165-66.)

Finjan repeated this exercise for each limitation of the claims to illuminate its infringement theories with pinpoint citations and substantial narratives. (*See, e.g.*, *id.* at pp. 166-255; 279-295; 322-335.)  This amendment added 170 pages to Finjan's infringement contentions, increasing them from 2,141 pages to 2,311 pages.

Finjan notified PAN on July 14, 2021, that Finjan planned to file the present motion and asked for PAN's position, and PAN responded by requesting to see the amended contentions.  On July 16, 2021, Finjan e-mailed PAN a redlined version of the proposed amended infringement

1  contentions and asked for PAN's position on the motion to amend by July 19, 2021.  On July 19,
2  2021, counsel for Finjan left a voicemail for counsel for PAN and sent a follow-up e-mail, asking
3  for PAN's position on the motion.  PAN responded by email on July 19, 2021 that it cannot yet take
4  a position on Finjan's motion.

5  **III.    ARGUMENT**

6      **A.    Good Cause Exists for Finjan's Amendment of Its Infringement Contentions.**

7      Patent L.R. 3-6 permits amendment of infringement contentions "only by order of the Court"
8  and only upon a "timely showing of good cause."  *Illumina Inc. v. BGI Genomics Co.*, No. 20-CV-
9  01465-WHO, 2021 WL 2400941, at *3 (N.D. Cal. June 11, 2021); Pat. L.R. 3-6.  The rule lists
10 several examples of "circumstances that may, absent undue prejudice to the non-moving party,
11 support a finding of good cause," including "recent discovery of nonpublic information about the
12 Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the
13 Infringement Contentions."  *Id.*  In determining whether a party has established good cause, courts
14 ask whether the party has shown that it has acted with diligence.  *Apple Inc. v. Samsung Electronics*
15 *Co. Ltd.*, No. 12-CV-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) ("If the
16 court finds that the moving party has acted with diligence, it then must determine whether the non-
17 moving party would suffer prejudice if the motion to amend were granted.").  Diligence consists of
18 two steps: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking
19 amendment once the basis for amendment has been discovered."  *Monolithic Power Sys., Inc. v.*
20 *Silergy Corp.*, No. 14-cv-01745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015)
21 (citation omitted).

22     As a threshold issue, courts have found that a party seeking to amend its contentions need
23 not show good cause when it made the amendment in response to a motion to strike by the other
24 party, as the other party cannot complain about getting precisely what it wanted.  *See Sportspower*
25 *Ltd. v. Crowntec Fitness Mfg. Ltd.*, No. 8:17-cv-02032-JLS, 2019 WL 6841993, at *4 (C.D. Cal.
26 Sept. 25, 2019) (applying the Patent Local Rules of N.D. Cal. and finding "[n]either Rule 3-6, nor
27 the caselaw, stand for the proposition that a party requesting leave to amend in response to a motion
28 to strike must make the same showing of good cause that it would be required to make if formally

█████████████████████████████████████

1 moving to amend its contentions to add newly discovery information.") (citing *Slot Speaker Techs.,*
2 *Inc. v. Apple, Inc.*, No. 13-cv-01161-HSG, 2017 WL 235049, at *8 (N.D. Cal. Jan. 19, 2017)).³ In
3 that case, the defendant sought to amend its invalidity contentions in response to repeated complaints
4 from the plaintiff. *Id.* at *2. The court found that, "a party requesting leave to amend its ***existing***
5 contentions to comply with the disclosure rules in response to a motion to strike is far afield from
6 the context of a party formally moving to amend its contentions to add newly discovery
7 information." *Id.* (internal quotations omitted) (emphasis in original) (citing *Slot Speaker Techs.,*
8 *Inc. v. Apple, Inc.*, No. 13-cv-01161-HSG, 2017 WL 235049, at *8 (N.D. Cal. Jan. 19, 2017)). "The
9 reasoning is simple: Crowntec cannot now complain for getting precisely what it requested in its
10 repeated objections to the Original Invalidity Contentions." *Id.* The court then concluded that
11 "because the Supplemental Invalidity Contentions qualitatively mirror the Original Invalidity
12 Contentions and provide further detail on Sportspower's theories of invalidity that Crowntec itself
13 has requested, the Court concludes that Sportspower need not show 'diligence' to support good
14 cause for the requested amendments…." *Id.* at *5.

15   This case has numerous parallels with *Sportspower*. Finjan is seeking leave to amend its
16 contentions to add pinpoint citations to source code in response to PAN's motion to strike, in which
17 it requests pinpoint citations to source code. Finjan's amended contentions do not add new asserted
18 claims, new accused products or new infringement theories. "[PAN] cannot now complain for
19 getting precisely what it requested in its repeated objections." *Sportspower*, at *4. Accordingly,
20 Finjan need not demonstrate diligence to supply good cause to amend. Even so, as described below,
21 Finjan has been more than sufficiently diligent in discovering new information and providing its
22 amended contentions once that information was available.

23   Under the usual P.L.R. 3-6 analysis, there is no doubt Finjan could not have included PAN's
24 ████████████ source code files in its original infringement contentions, because PAN did not

---

³ *Sportspower* deals with leave to amend invalidity contentions. The standard for amending
infringement contentions is the same. *See* P.L.R. 3-6. *Sportspower* is also from the Central District
of California, but that case applied the Patent Local Rules of this District. *See id.* at *2 ("In patent
cases, the Court generally follows the process and timeline outlined in the rules for patent cases that
have been adopted by the Northern District of California, and the parties have stipulated to abide by
those rules.").

notify Finjan that the ███████████ files were available for inspection by Finjan until April 8, 2021, a week *after* the April 1 deadline.  This is exactly the type of new information that courts find justify leave to amend contentions.  *See Radware Ltd. v. F5 Networks, Inc.*, No. C-13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. July 28, 2014) ("In considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *PersonalWeb Techs., LLC v. Google Inc.*, No. C13-01317-EJD (HRL), 2014 WL 218164, at *4 (N.D. Cal. Jan. 17, 2014), *report and recommendation adopted sub nom. PersonalWeb Techs., LLC v. Google Inc.*, No. 5:13-CV-01317 EJD, 2014 WL 12708999 (N.D. Cal. Feb. 7, 2014) (granting motion to leave because plaintiff was found to be diligent when it "requested production of the [] source code").

Moreover, Finjan was diligent in requesting PAN's source code files for inspection.  On January 22, 2021—even before the stay in this case was lifted on January 25, 2021—Finjan requested that PAN make all of its source code available for inspection.  (*See* Dkt. No. 132-19 (Finjan Opp. to PAN's Mot. to Strike, Ex. R).)  Then on February 25, 2021, Finjan requested that PAN make available for inspection these specific ███████████ files. (Dkt. No. 133-22 (*Id.*) at Ex. U.)  PAN chose to ignore Finjan's requests and withhold production until after Finjan's infringement contentions were due.  Thus, it is PAN's conduct, and not that of Finjan, that makes this motion necessary.  Moreover, Finjan repeatedly told PAN that Finjan would be seeking leave to supplement its contentions once PAN produced the missing code, so PAN cannot claim surprise. (*See, e.g.*, Dkt No. 132-19 (Finjan Opp. to PAN's Mot. to Strike, Ex. R) at p. 2 (March 4, 2021 email from Smith to Van Nort stating "Finjan reserves its rights to seek leave from the Court to amend its infringement contentions as it sees fit"); Dkt. No. 133-24 (*Id.*) at Ex. W, p. 1 (May 17, 2021 email from Smith to Van Nort stating "[s]urely, PAN will not oppose Finjan inspecting the ███████████ files (and any related source code), and supplementing its infringement contentions as necessary to account for any new non-public information previously unavailable to Finjan despite its diligent efforts to obtain it from PAN before serving its infringement contentions").)  Finjan also made this clear in its infringement contentions, pointing out that particular claim limitations are, for example, "implemented by at least the source code cited below *and the* ███ *files, which to date,*

1  *PAN has not produced despite repeated requests by Finjan*." (Dkt. No. 133-11 (Finjan's Opp. to
2  PAN's Mot. to Strike, Ex. H) at p. 12.) Accordingly, Finjan acted with diligence in identifying the
3  additional PAN materials it needed for its infringement contentions and could not have discovered
4  them earlier due to PAN's failure to produce them.

5  As to diligence in amending its contentions, Finjan has been diligent in working with its
6  expert to review and analyze the late-produced code and then amend its infringement contentions
7  accordingly. Even after PAN made the ▓▓▓▓ files available for inspection on April 8,
8  2021, PAN continued to delay in producing additional source code requested by Finjan (including
9  the source code for Traps) and the missing technical documentation, despite repeated requests by
10 Finjan. (*See, e.g.*, Exh. 2 (June 29, 2021 email from Van Nort to Terhufen) at p. 10 (May 28, 2021
11 email from Smith to PAN's counsel identifying post-2015 versions of Traps as "missing from
12 PAN's source code production"); *Id*. at 8 (June 4, 2021 email from Smith to Van Nort asking
13 "[w]hen will PAN make this new Traps source code available for inspection?").) Finjan planned to
14 supplement its contentions after PAN produced all of the missing source code and technical
15 documents. But as PAN's delay continued through May and into June, Finjan felt it could wait no
16 longer in preparing this first set of amended contentions based on the ▓▓▓▓ files made
17 available in April. Finjan's expert reviewed the ▓▓▓▓ files in June, and Finjan prepared
18 its amended infringement contentions immediately thereafter and then notified PAN that it would
19 seek leave to serve the amended contentions. Thus, Finjan has been diligent in supplementing, and
20 PAN cannot complain due to its own delay in producing source code and documents.[4] *See*
21 *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 416CV00119HSGKAW, 2018 WL 2984850, at *4
22 (N.D. Cal. June 14, 2018) ("Plaintiff was diligent in seeking amendment of its infringement
23 contentions . . . given that it sought leave to amend a few days after completing its review of
24 Defendant's source code per the parties' agreement.").

25 With regard to the pinpoint source code citations, Finjan reiterates the points it makes in its
26 opposition to PAN's motion to strike (Dkt. No. 133-4 at pp. 16-21): (1) at the Case Management
27

28 [4] Finjan believes it will likely have to seek leave to amend its infringement contentions again after it has analyzed the missing Traps source code, which PAN produced on June 29, 2021, and the technical documents PAN has not yet produced but says it will produce by July 31, 2021.

1  Conference, the Court denied PAN's request to require Finjan to provide pinpoint citations to source
2  code; (2) the Patent Local Rules do not require pinpoint citations to source code; (3) Finjan's original
3  contentions are sufficient to put PAN on notice of Finjan's infringement theories, providing detailed
4  narratives explaining how PAN's source code files and other evidence meet the claim limitations;
5  and (4) PAN should not be heard to complain about the lack of pinpoint citations to source code
6  when PAN had not even produced much of the source code for the accused products until after the
7  contentions were due.

8  Despite those arguments, and while Finjan maintains pinpoint citations to source code are
9  not required, Finjan has included pinpoint citations in its amended contentions to cure any supposed
10  defect about which PAN complains. *See Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, No. C
11  16-06180 WHA, 2017 WL 2630088, at *6 (N.D. Cal. June 19, 2017) ("While some courts have
12  required a party asserting infringement to show good cause before being granted leave to amend
13  initial contentions, many have simply compelled the asserting party to file compliant infringement
14  contentions.") (quoting *Geovector Corp. v. Samsung Elecs. Co. Ltd.*, Case No. 16-cv-02463-WHO,
15  2017 WL 76950, at *7 (N.D. Cal. Jan. 9, 2017)).  After receiving PAN's motion to strike, Finjan
16  and its expert worked diligently to review the individual source code files, identify the relevant
17  portions on a line-by-line basis, and then incorporate those pinpoint citations into the amended
18  contentions.  Finjan has even done so for the late-produced ▮▮▮▮▮▮▮ files, which it is
19  including in its amended contentions for the first time.  And in addition to providing pinpoint
20  citations, Finjan added additional narrative, explaining precisely how the identified source code
21  meets the limitations of the asserted claims with the level of detail typically seen only in expert
22  reports, not infringement contentions.  After Finjan has finished analyzing the Traps source code
23  PAN made available on June 29, 2021, Finjan will include pinpoint citations to that code in any
24  further amendment, as necessary.

25  For all the foregoing reasons, good cause exists to grant Finjan leave to amend its
26  infringement contentions.

27
28

**B.      PAN Will Not Suffer Any Prejudice.**

PAN will not be prejudiced if the Court grants Finjan leave to amend. Indeed, PAN has only itself to blame for producing the ███████ files after the deadline for Finjan's infringement contentions. Finjan could not have included those files in its original contentions because PAN had not produced them. In the discovery correspondence cited above—and even in the contentions themselves—Finjan told PAN that its production was incomplete and Finjan would seek leave to supplement its contentions after PAN produced the necessary documents. Now that PAN has produced the ███████ files, Finjan is in a position to supplement its infringement contentions to include them. PAN also will not suffer prejudice by granting Finjan leave to include pinpoint citations to source code. Indeed, that is what PAN has asked for in its motion to strike, and Finjan now seeks to provide them, despite maintaining they are not required.

Finjan's amended contentions do not add new theories nor add new accused products. *Brandywine Commc'ns Techs., LLC v. AT&T Corp.*, No. C 12-2494 CW, 2014 WL 1569544, at *16 (N.D. Cal. Apr. 18, 2014) (permitting "supplemental contentions [that] essentially expand on [plaintiff's] previous infringement contentions and do not add any new patent claims or products"). As a result, the notice provided in Finjan's infringement contentions of April 1 continues. Finjan is only identifying newly produced evidence and pinpoint citations to source code. Consequently, there is no prejudice to PAN, and the claim construction process the parties are currently undertaking is not impacted. *See Symantec Corp. v. Acronis Corp.*, Case No.: 11–5310 EMC (JSC), 2013 WL 5368053, at *3 (N.D. Cal. Sept. 25, 2013) (noting the Pat L.R. is designed to eliminate the "shifting sands" approach to claim construction).

PAN has ample time remaining in fact discovery to address Finjan's supplemental infringement contentions. Fact discovery is in its early stages. Only one deposition has been taken, and that was in 2015. The Court has not yet set a date for the close of fact discovery, and expert discovery has not begun. This District has found no prejudice in permitting amendments at this stage in the case. *See, e.g., Altera Corp. v. PACT XPP Techs., AG*, No. 14-cv-02868-JD, 2015 WL 928122, at *2 (N.D. Cal. Feb. 19, 2015) (finding no undue prejudice where close of fact discovery is months away) (citing *Yodlee, Inc. v. CashEdge, Inc.*, No. C 05–01550 SI, 2007 WL 1454259, at

*3 (N.D. Cal. May 17, 2007) (finding that two months remaining in fact discovery provided "ample time" to react to proposed amendments)). In fact, Finjan's amended contentions will assist PAN in its investigation into Finjan's claims because they provide exemplary pinpoint citations to the source code. Moreover, given the many months of fact discovery remaining, Finjan's supplementation will not require any modifications to the case schedule. *Synchronoss Techs., Inc.*, 2018 WL 5619743, at *6 (finding no prejudice where the case schedule would not be interrupted by the amendment).

## IV. CONCLUSION

For all of the above reasons, Finjan respectfully requests that the Court grant its motion for leave to amend its infringement contentions to add information received from PAN after the infringement contentions were due and to provide the very information PAN complains about in its motion to strike, i.e., pinpoint citations to source code.

Dated: July 19, 2021

Respectfully Submitted,

*/s/ Phillip W. Goter*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tucker Terhufen (CA SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (*Pro Hac Vice*)
kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st floor
Atlanta, GA  30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

13                    Case No. 4:14-cv-04908-PJH
FINJAN'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

███████████████████████████████████████

1
2   Phillip W. Goter (*Pro Hac Vice*)
    goter@fr.com
3   FISH & RICHARDSON P.C.
    3200 RBC Plaza, 60 South Sixth Street
4   Minneapolis, MN  55402
    Telephone: (612) 335-5070 / Fax: (612) 288-9696
5
    Susan E. Morrison (*Pro Hac Vice*)
6   morrison@fr.com
    FISH & RICHARDSON P.C.
7   222 Delaware Ave., 17th Floor
    P.O. Box 1114
8   Wilmington, DE  19801
    Telephone: (302) 652-5070 / Fax: (302) 652-0607
9
10  Tracea Rice (*Pro Hac Vice*)
    trice@fr.com
11  FISH & RICHARDSON P.C.
    1000 Maine Ave. Ste. 1000
12  Washington, DC 20024
    Telephone: (202) 783-5070 / Fax: (202) 783-2331
13
14  Attorneys for Plaintiff FINJAN LLC
15
16
17
18
19
20
21
22
23
24
25
26
27
28