UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>　　　　Defendant. | Case No. 14-cv-04908-PJH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE INFRINGEMENT CONTENTIONS AND DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. No. 127, 128, 133, 138 |

Defendant Palo Alto Networks, Inc. has filed a motion to strike the infringement contentions of plaintiff Finjan LLC. See Dkt. 128. The parties have also filed a total of three motions to seal. See Dkt. 127, 133, 138. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

Motion to strike infringement contentions

Palo Alto Networks' motion makes three arguments with respect to Finjan's infringement contentions: (1) the contentions do not contain sufficient detail to provide notice of Finjan's infringement theories, (2) the contentions do not contain pinpoint citations to source code, and (3) the contentions make conclusory allegations with respect to the doctrine of equivalents. Palo Alto Networks argues that the contentions violate Patent Local Rule 3-1, which requires, among other things, a "chart identifying specifically where and how each limitation of each asserted claim is found within each accused instrumentality."

Starting with argument (1), Palo Alto Networks uses claim 1a of the '154 patent as

an exemplar. The claim language discloses "a content processor (i) for processing content received over a network, the content including a call to a first function, and the call including an input, and (ii) for invoking a second function within the input, only if a security computer indicates that such invocation is safe." See Dkt. 128 at 6.

Palo Alto Networks argues that "Finjan offers no explanation of what a 'first function' is" and "never identifies where a 'second function' is allegedly found in the accused products." Dkt. 128 at 6, 7.

In its opposition, Finjan effectively concedes that its contentions do not identify these functions. Finjan instead blames the contentions' lack of specificity on Palo Alto Networks' alleged failure to produce certain documents, arguing that "the information PAN claims is missing is exactly the information PAN failed to make available to Finjan, and Finjan made that clear in the contentions." Dkt. 133-4 at 13. Finjan then cites the contentions themselves, which state that the first function "varies in each instance depending on the nature of the requested content, and is implemented by at least the source code cited below and the SML files, which to date, PAN has not produced despite repeated requests by Finjan." Id.

In a footnote, Finjan explains that "PAN produced these [SML] files for inspection only after Finjan served its contentions," and that "they provide key information about the identity of the 'first functions' and 'second functions' that PAN complains are missing in the contentions." Dkt. 133-4 at 13, n.3. Finjan then represents that "[o]nce Finjan has had a chance to fully analyze the remaining unproduced source code and any corresponding documentary descriptions (should PAN produce them), it fully intends to supplement its contentions." Id.

Another court in this district faced the same issue with respect to the same "first function" and "second function" terms of the '154 patent. See Finjan, Inc. v. Proofpoint, Inc., 2015 WL 1517920 (N.D. Cal. Apr. 2, 2015). The Proofpoint court first explained that "to satisfy Patent Local Rule 3-1(c) as to claim 1a, Finjan was required to identify what structure, act, or material in each of the [accused] products infringes each claim element.

In other words, what constitutes the 'first function' [and] 'second function' [] in the allegedly infringing" products? Id. at *7.  The Proofpoint court then concluded that "[t]hese are questions that Finjan's infringement contentions do not answer." Id.

While the contentions in this case – unlike in Proofpoint – do use the terms "first function" and "second function," even Finjan acknowledges that the contentions are not clear identifying those functions in the accused products.  Dkt. 133-4 at 13.  As mentioned above, Finjan itself states in its brief that, after it served its contentions, it received discovery containing "key information about the identity of" the "first function" and "second function." Id. at 13, n.3.  Finjan further states that it received SML files which are "relevant" and that it "plans to move to amend its contentions to incorporate this additional evidence." Id. at 10.

Finjan's complaints about Palo Alto Networks' discovery production appear similar to its arguments in Finjan, Inc. v. Sophos, Inc., in which the court observed that:

> The bulk of Finjan's opposition brief is dedicated not to defending the sufficiency of its infringement contentions but to explaining why various alleged deficiencies in [defendant's] source code production have prevented it from making its contentions better.  Finjan does not go so far as to concede that its contentions are inadequate, but its focus in its briefing is on blaming [defendant] for whatever inadequacies exist.

2015 WL 5012679 at *1 (N.D. Cal. Aug. 24, 2015)).

In Sophos, the court ultimately concluded that "[i]t is not clear which party (if either) is at fault for the current state of Finjan's infringement contentions," "[b]ut it is clear that Finjan is willing to amend them." 2015 WL 5012679 at *1.  The court reaches a similar conclusion in this case.  Though it is not entirely clear whether Finjan or Palo Alto Networks (or both) are to blame for the current dispute, Finjan has implicitly acknowledged that its contentions are not entirely clear regarding at least the "first function" and "second function" claim limitations.  And as discussed above, Finjan has indicated its intention to "move to amend its contentions to incorporate [] additional evidence." Dkt. 133-4 at 10.

Accordingly, to the extent that Palo Alto Networks seeks to strike Finjan's

infringement contentions on the grounds that they do not adequately identify where and how each of the claim limitations, including the "first function" and "second function," can be found in the accused products, the motion is GRANTED in part. Palo Alto Networks' motion appears to seek that the contentions be stricken with prejudice, but as in Sophos, the court gives Finjan **30 days** to serve amended infringement contentions in accordance with this order. See also Proofpoint, 2015 WL 1517920 at *12 ("Where appropriate, the court will treat a motion to strike as a motion to compel amendment."). The amended contentions shall not add any products, technologies, or claims, or expand the scope of its infringement theories.

As a separate matter, the court notes that Finjan repeatedly cites to the sheer number of pages in its contentions as evidence that the contentions provide sufficient detail. See, e.g., Dkt. 133-4 at 1 ("serving infringement contentions that total over 2,100 pages"), 2 ("The contentions comprise ten claim charts, total 2,141 pages"). The court is not persuaded by Finjan's argument that, because the infringement contentions are over 2,000 pages, they must be sufficiently detailed. If anything, any focus on the length of the contentions is a distraction from the real issue – the substantive content of the contentions. Moreover, rather than file over 2,000 pages of exhibits, which the court neither has the time nor the inclination to read, the parties are directed to streamline their future filings for the purpose of judicial economy.

Argument (2) in Palo Alto Networks' motion is that Finjan's contentions are deficient because they do not contain pinpoint citations to source code. The Proofpoint court also addressed this issue. In that case, after Finjan served amended infringement contentions providing additional information regarding the "first function" and "second function," the defendant again moved to strike the contentions, based on the lack of pinpoint citations. See Finjan, Inc. v. Proofpoint, Inc., 2015 WL 9023166 (N.D. Cal. Dec. 16, 2015) ("Proofpoint II"). In Proofpoint II, the court found that "pinpoint citations are not an inherent requirement of Patent Local Rule 3-1" and distinguished cases requiring pinpoint citations on the grounds that those cases involved interrogatories specifically

calling for pinpoint citations to source code. See Proofpoint II at *2 (citing Vasudevan Software Inc. v. IBM Corp., 2011 WL 940263 (N.D. Cal. Feb. 18, 2011); Finjan v. Sophos, 2015 WL 5012679).

Accordingly, to the extent that Palo Alto Networks seeks to strike the infringement contentions based on lack of pinpoint citations, its motion is DENIED.

Palo Alto Networks' third and final argument is that Finjan's infringement contentions make conclusory allegations with respect to the doctrine of equivalents. In its briefing, Palo Alto Networks cites only a single example of the infringement contentions' reference to the doctrine of equivalents. See Dkt. 128 at 15 (citing Appendix B-1 at 90); Dkt. 138-4 at 12 (citing Opp. Ex. Y at 90)[1]. This single cited reference to the doctrine of equivalents is not the type of "blanket statement" or "boilerplate" reservation of rights warned against by other courts in this district. See, e.g., CSR Technology Inc. v. Freescale Semiconductor, 2013 WL 503077 at *8 (N.D. Cal. Feb. 8, 2013); Finjan v. Sophos, 2015 WL 5012679 at *3. Accordingly, to the extent Palo Alto Networks seeks to strike Finjan's infringement contentions based on its doctrine of equivalents allegations, the motion to strike is DENIED.

Thus, for the foregoing reasons, Palo Alto Networks' motion to strike Finjan's infringement contentions (Dkt. 128) is GRANTED in part and DENIED in part.

Motions to seal

In addition to Palo Alto Networks' motion to strike, a total of three motions to seal have been filed by the parties. First, Palo Alto Networks filed a motion to seal portions of its exhibits attached to its motion to strike. See Dkt. 127. Second, Finjan filed a motion to seal portions of its opposition brief and attached exhibits. See Dkt. 133. Third and finally, Palo Alto Networks filed a motion to seal portions of its reply brief and attached

---

[1] This citation from Palo Alto Networks' reply brief appears to be an error, as Ex. Y to Finjan's opposition brief consists of a 13-page patent, U.S. Patent No. 7,418,731. See Dkt. 132, Ex. Y. Presumably, Palo Alto Networks intended to cite to page 90 of the same document cited in its opening brief, as the quoted language can be found there. See Dkt. 128, Ex. 5 (also referred to as "Appendix B-1").

exhibits.  See Dkt. 138.

This court finds useful guidance in Finjan v. Sophos.  While the Sophos court agreed that "a party's confidential source code generally constitutes sealable information," the parties in that case were seeking to seal "the names of folders in which source code is stored, or file paths for source code, or broad descriptions of the general organization of source code."  Id. at *5.  The court concluded that such "high level information" was not sealable, even under the "laxer standard governing non-dispositive motions like this one."  Id.

The court reaches a similar conclusion in this case.  The parties seek to seal not only the actual underlying source code, but also high level descriptions of source code.  Indeed, the parties would have the court seal the term "SML files" which – although not defined in any of the papers – appears to be the name of a source code programming language.  While Palo Alto Networks filed declarations in support of the sealing motions, those declarations contain the same type of "boilerplate, vague, and speculative" explanations that were rejected in Sophos.  See 2015 WL 5012679 at *5.

Accordingly, the motions to seal (Dkt. 127, 133, 138) are DENIED.  In particular, the court is not inclined to allow the sealing of portions of any briefs, and it does not appear that any actual source code appears in the unredacted versions of the opposition brief or reply brief.  See Dkt. 133-4, Dkt. 138-4.  The parties shall have **seven (7) days** from the date of this order to re-file unredacted versions of the opposition and reply briefs on the public docket.

The hearing set for July 22, 2021 is VACATED.

**IT IS SO ORDERED.**

Dated:  July 20, 2021

     /s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge