MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
MATTHEW A. CHIVVIS (CA SBN 251325)
MChivvis@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

RUDY Y. KIM (CA SBN 99426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

KYLE W.K. MOONEY (*Pro Hac Vice*)
KMooney@mofo.com
ERIC W. LIN (*Pro Hac Vice*)
ELin@mofo.com
MICHAEL J. DESTEFANO (*Pro Hac Vice*)
MDeStefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>    Defendant. | Case No.   4:14-CV-04908-JD<br><br>**DEFENDANT PALO ALTO NETWORKS, INC.'S NOTICE OF MOTION AND MOTION TO CONFIRM FINJAN LLC HAS NO OPERATIVE INFRINGEMENT CONTENTIONS FOR THE '633, '408, AND '731 PATENTS AND STRIKE FINJAN'S AMENDED INFRINGEMENT CONTENTIONS FOR THE '154 PATENT**<br><br>Date: October 21, 2021<br>Time: 10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Honorable James Donato |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................................................1

RELIEF REQUESTED ........................................................................................................................1

STATEMENT OF ISSUES .................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .....................................................................1

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................2

    A. History of This Litigation ............................................................................................2

    B. Judge Hamilton's Order Striking Finjan's Initial Infringement Contentions in Part and Terminating Finjan's Motion to Amend ........................................3

    C. The Current Disputes ...................................................................................................4

III. LEGAL STANDARD ..............................................................................................................4

IV. ARGUMENTS .........................................................................................................................5

    A. Finjan Has No Operative Infringement Contentions for the '731, '633 and '408 Patents ....................................................................................................5

        1. Judge Hamilton's July 20 Order Struck Finjan's Infringement Contentions for All Four Patents .............................................................. 6

        2. Finjan's July 16 Proposed Amended Infringement Contentions Are Not Operative ................................................................................. 7

    B. The Court Should Strike Finjan's Amended Infringement Contentions for the '154 Patent .............................................................................................................8

        1. Finjan Again Fails to Identify the "First Function" and "Second Function" in the Accused Products ............................................................ 9

        2. Finjan's Amended Infringement Contentions Fail to Identify Numerous Other Limitations ................................................................... 11

    C. Even if Finjan's Proposed Amended Infringement Contentions for the '633, '408, and '731 Patents Were Operative, the Court Should Strike Them ................12

        1. The '633 Patent ............................................................................................ 12

        2. The '408 Patent ............................................................................................ 13

        3. The '731 Patent ............................................................................................ 14

    D. The Court Should Not Allow Amended Infringement Contentions .......................14

V. CONCLUSION .......................................................................................................................15

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bender v. Infineon Techs. N. Am. Corp.*,
   No. C09-02112JW (HRL), 2010 WL 964197 (N.D. Cal. Mar. 16, 2010) .................................12

*Blue Spike, LLC v. Adobe Sys., Inc.*,
   No. 14-cv-01647-YGR (JSC), 2015 WL 335842 (N.D. Cal. Jan. 26, 2015) .........................5, 15

*Finjan, Inc. v. Check Point Software Techs., Inc.*,
   No. 18-CV-02621-WHO, 2020 WL 597630 (N.D. Cal. Jan. 17, 2020) ..............................5, 15

*Finjan, Inc. v. FireEye, Inc.*,
   No. 13-cv-03133-SBA (JCS), Dkt. No. 134 (N.D. Cal. Oct. 16, 2017) ...................................11

*Finjan, Inc. v. Proofpoint, Inc.*,
   No. 13-CV-05808-HSG, 2015 WL 1517920 (N.D. Cal. Apr. 2, 2015) ........................... *passim*

*Finjan, Inc. v. SonicWall, Inc.*,
   No. 17CV04467BLFVKD, 2019 WL 2077849 (N.D. Cal. May 10, 2019) .............................15

*Finjan, Inc. v. Zscaler, Inc.*,
   No. 17-cv-06946-JST, 2018 WL 4181906 (N.D. Cal. Aug. 31, 2018),
   *enforcement granted*, 2019 WL 7589210 (N.D. Cal. Feb. 5, 2019) .......................................10

*Finjan, Inc. v. Zscaler, Inc.*,
   No. 17-cv-06946-JST, 2019 WL 7589210 (N.D. Cal. Feb. 5, 2019) .........................................13

*Huawei Techs., Co. v. Samsung Elecs. Co.*,
   No. 3:16-CV-02787-WHO, 2017 WL 1508756 (N.D. Cal. Apr. 27, 2017) ...............................8

*Looksmart Grp., Inc. v. Microsoft Corp.*,
   386 F. Supp. 3d 1222 ..............................................................................................................5

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
   No. 14–cv–01745–VC (KAW), Dkt. No. 173 (N.D. Cal. Aug. 26, 2015) .................................5

*Network Caching Tech. LLC v. Novell, Inc.*,
   No. 02–CV–012079, 2002 WL 32126128 (N.D. Cal. Aug.13, 2002) .......................................5

*Shared Memory Graphics LLC v. Apple, Inc.*,
   812 F. Supp. 2d 1022 (N.D. Cal. 2010) ...................................................................................8

*Shared Memory Graphics LLC v. Apple Inc.*,
   No. 10-cv-02475 MMC (JSC), 2011 WL 3878388 (N.D. Cal. Sept. 2, 2011) ........................15

*Word to Info Inc. v. Google Inc.*,
   No. 15-CV-03486-WHO, 2016 WL 3648605 (N.D. Cal. July 8, 2016) .................................11

**Other Authorities**

Patent L.R. 3-1 ................................................................................................................... *passim*

Patent L.R. 3-6 ...........................................................................................................................1, 5, 8

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 21, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, San Francisco Division, in Courtroom 11 before the Honorable James Donato, Defendant Palo Alto Networks, Inc. ("PAN") will and hereby does submit its motion to move the Court for an Order confirming that Plaintiff Finjan LLC ("Finjan") has no operative infringement contentions for U.S. Patent No. 7,647,633 (the "'633 Patent"), U.S. Patent No. 8,225,408 (the "'408 Patent"), and U.S. Patent No. 7,418,731 (the "'731 Patent") and striking Finjan's amended infringement contentions for U.S. Patent No. 8,141,154 (the "'154 Patent").

# RELIEF REQUESTED

Pursuant to Patent Local Rule 3-1 and 3-6, PAN seeks an Order from the Court (1) confirming that Finjan has no operative infringement contentions for the '633, '408, and '731 Patents and (2) striking Finjan's amended infringement contentions for the '154 Patent with prejudice.

# STATEMENT OF ISSUES

1. Whether Finjan has no operative infringement contentions for the '633, '408, and '731 Patents.

2. Whether Finjan's amended infringement contentions for the '154 Patent fail to comply with Judge Hamilton's July 20 Order and Patent Local Rule 3-1, and should therefore be stricken with prejudice.

3. Even if Finjan's proposed amended infringement contentions for the '633, '408, and '731 Patents were operative, whether they fail to comply with Judge Hamilton's July 20 Order and Patent Local Rule 3-1 and should also be stricken with prejudice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Four patents remain in this litigation. In June 2021, PAN filed a motion to strike Finjan's initial infringement contentions for all four patents. (Dkt. No. 128.) On July 20, Judge Hamilton

struck Finjan's initial contentions for the four patents and ordered Finjan to serve amended infringement contentions in thirty days ("July 20 Order," Dkt. No. 146).  Thirty days later, Finjan served amended infringement contentions for just one patent, the '154 Patent.  Because Finjan did not serve amended contentions for the other three patents, Finjan has no operative infringement contentions for the other three patents.  Finjan's "proposed amended infringement contentions"— served four days before the July 20 Order without leave to amend—cannot be operative.

Finjan's amended contentions for the '154 Patent—Finjan's only operative contentions—fail to comply with Patent Local Rule 3-1 and the July 20 Order.  Finjan still fails to identify the "first function" and "second function" claim limitations that Judge Hamilton specifically pointed out in the July 20 Order.  Finjan also makes no attempt to address any of the other deficiencies that PAN raised in its motion to strike and previous correspondence with Finjan.

Finally, even if Finjan's "proposed amended infringement contentions" for the other three patents were operative, they still fail to "adequately identify where and how each of the claim limitations . . . can be found in the accused products," as Patent Local Rule 3-1 and the July 20 Order require.  (Dkt. No. 146 at 3-4; Patent L.R. 3-1(c).)  And because Finjan has repeatedly refused to address the deficiencies in its contentions, even when ordered to do so, the Court should not permit it to serve amended contentions again.

## II.   BACKGROUND

### A.   History of This Litigation

Finjan filed this case on November 4, 2014, asserting ten patents against PAN (Dkt. No. 1.)  Finjan has asserted various combinations of the ten patents and related patents in 24 cases over the last 15 years.  (Dkt. No. 104 at 18.)  Judge Hamilton stayed this case from December 10, 2015 to January 25, 2021, pending resolution of the *inter partes* review proceedings.  (Dkt. Nos. 67, 84.)  Before the stay, PAN produced complete code for the accused products, along with tools for code review.  (Dkt. No. 133-4 at 9; Ex. 1[1].)  PAN also produced a Rule 30(b)(6) witness whom Finjan deposed regarding the identities and organization of source code components.  (Dkt.

---

[1] References to "Ex." are to the declaration of Diek Van Nort, filed herewith.

No. 104 at 18-19.)  PAN further produced over 100,000 pages of documents.  (Ex. 2.)  Since the Court lifted the stay, PAN has produced all requested versions of its source code and all core technical documents.  (Van Nort Decl. ¶ 5.)

Only four patents remain in the case: the '633, '408, '731, and '154 Patents (collectively "the Patents-In-Suit").  The Patents-In-Suit are directed to computer and network security.

**B.    Judge Hamilton's Order Striking Finjan's Initial Infringement Contentions in Part and Terminating Finjan's Motion to Amend**

Finjan served its initial infringement contentions on April 1, 2021.  On June 15, 2021, PAN filed a motion to strike Finjan's initial infringement contentions.  (Dkt. No. 128.)  PAN argued that Finjan's initial contentions did not provide sufficient notice of Finjan's infringement theories.  To illustrate its point, PAN "use[d] claim 1a of the '154 Patent as an exemplar." (Dkt. No. 146 at 1-2; Dkt. No. 128 at 5-6.)  PAN cited to *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920 (N.D. Cal. Apr. 2, 2015), in which Judge Gilliam addressed the same claim element.  (Dkt. No. 128 at 8.)  PAN pointed out that as in *Proofpoint*, Finjan's contentions did not identify what constituted the "first function" and "second function" in the accused products.  (*Id.* at 5-8.)  PAN also listed 13 other exemplary claim limitations for which Finjan failed to identify any cogent infringement theory.  (*Id.* at 9-10.)  PAN further argued that Finjan's contentions were deficient because they did not contain pinpoint citations to source code, and that they made conclusory allegations regarding the doctrine of equivalents.  (*Id.* at 10-16.)

On Friday, July 16, 2021, six days before the noticed hearing on PAN's motion to strike, Finjan provided over 1400 pages of "proposed amended infringement contentions" to PAN.  (Ex. 3.)  Finjan stated that "it intends to move the Court for leave to amend Finjan's infringement contentions" and asked "whether PAN intends to oppose Finjan's motion to amend."  (*Id.* at 2.)  On Monday July 19, PAN replied to Finjan, stating that it "cannot yet take a position on Finjan's motion" because, among others, PAN had not finished its review and Finjan's newly provided contentions still do not comply with Patent Local Rules.  (*Id.* at 1.)  On the same day and without a meet and confer, Finjan filed a motion to amend its infringement contentions, seeking to add (1) citations to additional source code and (2) pinpoint citations to source code.  (Dkt. No. 143.)

On July 20, two days before the noticed hearing, Judge Hamilton vacated the noticed hearing and granted-in-part PAN's motion to strike. She held:

> [T]o the extent that Palo Alto Networks seeks to strike Finjan's infringement contentions on the grounds that they do not adequately identify where and how each of the claim limitations, including the "first function" and "second function," can be found in the accused products, the motion is GRANTED in part.

(Dkt. No. 146 at 3-4.) Judge Hamilton then ordered Finjan to "serve amended infringement contentions in accordance with this order" within 30 days (August 19, 2021). (*Id.* at 4.) She denied PAN's motion "to the extent that Palo Alto Networks seeks to strike the infringement contentions based on lack of pinpoint citations" to source code and "[Finjan's] doctrine of equivalents allegations." (*Id.* at 4-5.) She also terminated Finjan's motion for leave to amend because of her ruling on PAN's motion to strike. (Dkt. No. 147.)

## C. The Current Disputes

On August 19, 2021, Finjan served amended infringement contentions for just the '154 Patent. (Ex. 4 at 6.) Finjan did not serve amended infringement contentions for the '633, '408, and '731 Patents. Finjan has instead insisted that Judge Hamilton granted PAN's motion to strike only as to the '154 Patent, not the other three patents. (*Id.* at 1, 6.) Finjan also argues that even if Judge Hamilton did strike Finjan's initial infringement contentions for the other three patents, the infringement contentions that Finjan provided on July 16 should be operative. (*Id.* at 6.)

On August 27, PAN wrote to Finjan, explaining that (1) Finjan failed to serve amended contentions for the '633, '408, and '731 Patents and (2) Finjan's amended infringement contentions for the '154 Patent are still deficient. (*Id.* at 7.) PAN wrote another email to Finjan on September 1, further explaining its position on the issues. (*Id.* at 5.) The parties held a meet and confer on September 3, 2021 without reaching resolution on the two issues. Finjan denied that Judge Hamilton's order struck all of the contentions or that the issues PAN identified in its May 12 letter were deficiencies, as subsequent communications confirm. (*See, e.g., id.* at 1-2.)

## III.   LEGAL STANDARD

To satisfy Patent Local Rule 3–1, Finjan must identify "each accused apparatus, product, device, process, method, act, or other instrumentality . . . as specific as possible" and also

"identify[] specifically where and how each limitation of each asserted claim is found within each" accused product. Patent L. R. 3–1 (b), (c). "The purpose of Patent Local Rule 3–1 [ ] is in fact to be nit picky, to require a plaintiff to crystalize its theory of the case and patent claims." *Proofpoint*, 2015 WL 1517920, at *2 (citation omitted). Finjan must "compare an accused product to its patents on a claim by claim, element by element basis . . . . [R]everse engineering or its equivalent are required." *Network Caching Tech. LLC v. Novell, Inc.*, No. 02–CV–012079, 2002 WL 32126128, at *3–4 (N.D. Cal. Aug.13, 2002).

When a party has had the opportunity to amend infringement contentions but fails to correct the noted deficiencies, the court may strike the contentions with prejudice. *See, e.g.*, *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2020 WL 597630, at *18-19 (N.D. Cal. Jan. 17, 2020) (striking with prejudice all instances in Finjan's second amended infringement contentions "where Finjan fails to provide adequate source code explanations"); *Blue Spike, LLC v. Adobe Sys., Inc.*, No. 14-cv-01647-YGR (JSC), 2015 WL 335842, at *8 (N.D. Cal. Jan. 26, 2015) (striking certain infringement contentions with prejudice when amendment would be futile).

Finjan may amend infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6; *see also Looksmart Grp., Inc. v. Microsoft Corp.*, 386 F. Supp. 3d 1222, 1231 (there is a "well-established framework requiring leave of court to amend infringement and invalidity contentions"). When a plaintiff "amended its infringement contentions, but did not seek leave of court in violation of Patent Local Rule 3-6 . . . . the amended infringement contentions must be stricken." (Ex. 5 (*Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14–cv–01745–VC (KAW), Dkt. No. 173 (N.D. Cal. Aug. 26, 2015).)

IV.   **ARGUMENTS**

   A.   **Finjan Has No Operative Infringement Contentions for the '731, '633 and '408 Patents**

The July 20 Order struck Finjan's contentions for all four patents and ordered Finjan to amend its contentions to "identify where and how each of the claim limitations . . . can be found in the accused products." (Dkt. No. 146 at 3-4.) Because Finjan served amended contentions

only for the '154 Patent, Finjan has no operative contentions for the other three patents. The proposed amended contentions that Finjan provided on July 16 cannot be operative because Finjan never obtained leave of Court, as required. They also proceeded the July 20 Order striking Finjan's infringement contentions and therefore cannot be responsive to the Court's Order.

        **1.**        **Judge Hamilton's July 20 Order Struck Finjan's Infringement Contentions for All Four Patents**

Both the parties' briefing and the July 20 Order itself make clear that Judge Hamilton did not limit her Order to the '154 patent. In PAN's motion to strike, PAN listed 15 exemplary claim limitations—across all four patents—"for which Finjan has failed to identify any cogent, specific theory for how the accused products satisfy these claim limitations." (Dkt. No. 128 at 9-10.) PAN discussed Finjan's claim charts for the '154 Patent in detail because they "are representative of the deficiencies of Finjan's infringement contentions." (*Id.* at 5-6.) PAN specifically directed the Court's attention to claim element 1[a] and its "first function" and "second function" claim limitations because Judge Gilliam in the *Proofpoint* decision addressed the same limitations and found that Finjan failed to identify them in the accused products. (*Id.* at 8 (citing *Proofpoint*, 2015 WL 1517920, at *7).)

Finjan's opposition to PAN's motion to strike acknowledged that PAN used claim element 1[a] of the '154 Patent as an example. (Dkt. No. 133-4 at 12 ("PAN points to limitation 1[a] of the '154 Patent as being 'representative of the deficiencies' in Finjan's contentions[.]"); *id.* at 3 ("*it was PAN who picked this limitation*, saying in its brief (at pp. 5-6) it is 'representative of the deficiencies of Finjan's infringement contentions.'" (emphasis in original)).) Finjan itself also used the '154 Patent as an example "[t]o demonstrate the lengths to which Finjan went to identify its infringement theories[.]" (*Id.* at 3; *see also id.* at 11 ("Again, using the '154 Patent as an example, the contentions provide headings for each theory . . .").)

Judge Hamilton understood that PAN used the '154 Patent as an example. She first observed that PAN's motion made three arguments: "(1) the contentions do not contain sufficient detail to provide notice of Finjan's infringement theories, (2) the contentions do not contain pinpoint citations to source code, and (3) the contentions make conclusory allegations with

respect to the doctrine of equivalents." (Dkt. No. 146 at 1.) She then stated that "[s]tarting with argument (1), Palo Alto Networks use[d] claim 1a of the '154 patent as *an exemplar*." (*Id.* at 1-2 (emphasis added).) Judge Hamilton found that like Finjan's infringement contentions in *Proofpoint*, Finjan's initial contentions against PAN do not identify the "first function" and "second function" claim limitations in the accused products. (*Id.* at 2-3.)

Judge Hamilton then proceeded to strike Finjan's initial contentions for *all four patents* to the extent that "they do not adequately identify where and how each of the claim limitations, including the 'first function' and 'second function,' can be found in the accused products." (*Id.* at 3-4.) Contrary to Finjan's claim, nothing in the Order limited it to the '154 Patent. Judge Hamilton only discussed the '154 Patent at length because that is the patent that both parties used as an example and briefed in detail.[2] Had Judge Hamilton intended only to order Finjan to amend its initial contentions with respect to the "first function" and "second function," she would have limited her Order to just the two limitations—instead of ordering Finjan to identify "*each* of the limitations, *including* the 'first function' and 'second function[.]'" (*Id.* at 4 (emphasis added).)

Finjan's argument that Judge Hamilton must have limited her Order to the '154 Patent because she only granted PAN's motion to strike in part is misguided. As Finjan acknowledged, "[t]he Order is split into three sections based on PAN's arguments." (Ex. 4 at 6.) Judge Hamilton agreed with PAN's first argument that Finjan's initial contentions do not adequately identify where and how the claim limitations can be found in the accused products. (Dkt. No. 146 at 4.) She disagreed with PAN's other two arguments regarding pinpoint source code citations and doctrine of equivalents. (*Id.* at 4-5.) Judge Hamilton granted PAN's motion to strike in part because she denied PAN's motion regarding pinpoint citations and doctrine of equivalents—not because she intended to address just the '154 Patent but not the other three patents.

### 2. Finjan's July 16 Proposed Amended Infringement Contentions Are Not Operative

Finjan's alternative argument that the proposed amended infringement contentions for the

---

[2] Judge Hamilton noted in her Order that "the court neither has the time nor the inclination to read" Finjan's "over 2,000 pages of exhibits." (*Id.* at 4.)

1  '633, '408, '731 Patents are operative is also wrong. As Finjan recognized in its correspondence
2  with PAN, Finjan provided on July 16 "proposed amended infringement contentions." (Ex. 3 at
3  1.) These proposed contentions do not become operative until the Court grants Finjan's motion
4  for leave to amend. That never happened. Judge Hamilton "[did] not consider the motion to
5  amend infringement contentions" and instead terminated it "[b]ecause another motion has already
6  been filed and ruled on regarding Finjan's infringement contentions." (Dkt. No. 147.) Because
7  Finjan never obtained leave of Court, the proposed amended contentions cannot be operative.
8  Patent L.R. 3-6; *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-CV-02787-WHO, 2017 WL
9  1508756, at *3 (N.D. Cal. Apr. 27, 2017) (Infringement contentions may only be amended upon
10 order of the Court "upon a timely showing of good cause." (quoting Patent L.R. 3-6)).

11     Moreover, even if Finjan's July 16 proposed amended contentions were operative, they
12 are not and indeed cannot be responsive to Judge Hamilton's Order issued four days later.
13 Additionally, as explained in Section C, Finjan's proposed contentions make no attempt to
14 "identify where and how each of the claim limitations . . . can be found in the accused products."
15 as Judge Hamilton ordered. (Dkt. No. 146 at 3-4.)

**B.     The Court Should Strike Finjan's Amended Infringement Contentions for the '154 Patent**

18     Finjan's amended contentions again fail to provide PAN with reasonable notice of
19 Finjan's infringement theories. Finjan's initial contentions are largely filled with high-level
20 descriptions of Finjan's infringement theories, pages of screenshots without reference back to the
21 alleged infringement theories, and general citations to source code filenames. Finjan's amended
22 contentions for the '154 Patent kept all of the above. (*See* Ex. 6.)[3] The only addition is general
23 descriptions of how PAN's source code works. But those rote descriptions do not "map specific
24 elements of [PAN's] alleged infringing products onto [Finjan's] claim construction." *Shared*

---

[3] Finjan's two August 19 claim charts for the '154 Patent total about 600 pages. Finjan's July 16 proposed amended contentions for the other three patents total over 800 pages. In light of Judge Hamilton's guidance regarding preserving judicial economy (Dkt. No. 146 at 4), PAN has included one excerpted claim chart for the '154 Patent (Ex. 6) and one excerpted claim chart each for the '633, '408, and '731 Patents. (Exs. 7, 8, and 9, respectively.)

*Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010).

The '154 Patent relates to protecting computer systems from dynamically generated malicious content. (Dkt. No. 1-3, Ex. 8.) Both Judge Hamilton's July 20 Order and Judge Gilliam's opinion in *Proofpoint* used claim element 1[a] as an example. It discloses:

> a content processor (i) for processing content received over a network, the content including a call to a first function, and the call including an input, and (ii) for invoking a second function within the input, only if a security computer indicates that such invocation is safe;

(Ex. 6 at 10.) As illustrated below, Finjan again fails to properly identify numerous limitations in claim element 1[a] of the '154 Patent.

### 1. Finjan Again Fails to Identify the "First Function" and "Second Function" in the Accused Products

Despite Judge Hamilton specifically ordering Finjan to serve amended infringement contentions that adequately identify where and how the "first function" and "second function" can be found in the accused products, Finjan again fails to do so.

The infringement theories in the amended infringement contentions are mostly a direct copy and paste from the initial infringement contentions. Finjan's initial infringement contentions offer no explanation of what a "first function" actually is in the accused products. The most Finjan does is equate a "first function" with a "substitute function," for which Finjan provides no explanation either. (*See* Dkt. No. 128 at 6-7.) Similarly, Finjan never identifies where a "second function" is allegedly found in the accused products. (*See id.* at 7.) Judge Hamilton found that "Finjan effectively concede[d] that its contentions do not identify these functions." (Dkt. No. 146 at 2.) Because the amended contentions' theories are essentially the same as those in the initial contentions, it is no surprise that they continue to equate a "first function" with a "substitute function" and use the term "second function" without describing it at all. (*See, e.g.*, Ex. 6 at 18 ("the accused content received over a network including a call to a first function (substitute function) the call including an input is comprised of URLs or other web content requested by the client computer"); *id.* at 21 ("The accused content processor invokes a second function with the input only if the security computers indicate such invocation is safe.").)

Finjan's newly inserted source code explanations do not help either.  For example, Finjan provides five pages of source code explanations as "[s]ome examples of content received over a network, the content including a call to a first function, the call including an input[.]" (Ex. 6 at 178-82.)  But despite listing over a dozen functions, Finjan never identifies any of the functions as the "first function."  A closer examination of the explanations reveals that they have nothing to do with the limitation of "content received over a network, the content including a call to a first function, the including an input[.]"  They merely explain what the listed functions in PAN's source code do, without informing what is the "content," "input" or "first function" in PAN's source code.  *See Proofpoint*, 2015 WL 1517920, at *8 (Finjan's "description of [the accused product] (which constitutes the bulk of Finjan's infringement contentions), is largely comprised of rote descriptions divorced from the specific claim elements of each asserted Claim.").

To make matters worse, much of the five pages of source code explanations appear almost verbatim in Finjan's proposed amended infringement contentions for the '408 and '731 Patents.  The table below shows the page numbers of the infringement contentions on which the same source code explanations are repeated and their corresponding claim limitations.

| | |
|---|---|
| the '154 Patent claim 1[a]<br>"content received over a network, the content including a call to a first function, the call including an input" | Ex. 6 at 178-82 |
| the '408 Patent claim 1[b]<br>"determining, by the computer, any specific one of a plurality of programming languages in which the incoming stream is written" | Ex. 8 at 80-83 |
| the '731 Patent claim 1[a]<br>"a scanner for scanning incoming files from the Internet and deriving security profiles for the incoming files" | Ex. 9 at 70-73 |

In *Proofpoint*, the court found that Finjan repeated the same paragraph "verbatim in each of the 21 Claims identified in Finjan's claim chart for the '154 Patent," and that "inserting the same generic descriptions into all 21 Claims contained in Finjan's infringement contentions for the '154 Patent does not approach the level of specificity required by Patent Local Rule 3–1(c)." *Proofpoint*, 2015 WL 1517920, at *8.  Similarly, in *Zscaler*, the court found that Finjan "simply repeats the same generic descriptions and cuts-and-pastes them beside each element of every claim." *Finjan, Inc. v. Zscaler, Inc.*, No. 17-cv-06946-JST, 2018 WL 4181906, at *2 (N.D. Cal.

Aug. 31, 2018), *enforcement granted*, 2019 WL 7589210 (N.D. Cal. Feb. 5, 2019) (citation omitted).  Here, Finjan doubles down on its copy-and-paste tactic and inserts the same generic descriptions for *different* limitations of *different* patents.  PAN cannot possibly understand Finjan's infringement theories when the same generic descriptions simultaneously explain "the content including a call to a first function," "a scanner for scanning incoming files," and "determining . . . any specific one of a plurality of programming languages."

Finally, the "exemplary first functions" and "exemplary second functions" that Finjan provides in the end do not provide PAN with reasonable notice of Finjan's infringement theories. (*See, e.g.*, Ex. 6 at 281-84.)  Finjan merely lists over a dozen "exemplary first functions" and "exemplary second functions" and states that "their application to the claim language and the accused operations, and their relevance to Finjan's infringement theories are provided in Finjan's narratives, explanations, and pinpoint citations above." (*See, e.g.*, Ex. 6 at 282, 283.)  But as explained, Finjan's rote descriptions of those functions do not explain "how . . . the 'first function' and 'second function,' can be found in the accused products." (Dkt. No. 146 at 4.) Moreover, Finjan's insistence that "[a]ll citations below are exemplary only, and in no way limit the disclosed theories" (*see, e.g.*, Ex. 6 at 3) renders its contentions open-ended and indefinite. (*See, e.g.*, Ex. 10 (*Finjan, Inc. v. FireEye, Inc.,* No. 13-cv-03133-SBA (JCS), Dkt. No. 134 (N.D. Cal. Oct. 16, 2017) ("Finjan shall delete references in the Infringement Contentions and Claims Charts to the infringement as 'exemplary and not limiting' or 'by way of example and not limiting'").)  Finjan cannot rely on "open-ended placeholder phrases" to avoid taking specific infringement positions. *Word to Info Inc. v. Google Inc.*, No. 15-CV-03486-WHO, 2016 WL 3648605, at *5 n.4 (N.D. Cal. July 8, 2016) (warning plaintiff its improper "use [of] open-ended placeholder phrase[s] like 'such as' and 'for example' . . . . [would] not enable it to rely on infringement theories not specifically articulated in its infringement contentions.").

### 2.      Finjan's Amended Infringement Contentions Fail to Identify Numerous Other Limitations

In addition to the "first function" and "second function," PAN has repeatedly identified four other exemplary limitations for which Finjan failed to identify any theory of infringement:

"content processor," "security computer," "input," and "content." (*See* Dkt. No. 128 at 7-9; Ex. 11 at 6-7.) Finjan makes no attempt to address them in its amended contentions, as Finjan maintains that Judge Hamilton only "ordered Finjan to serve amended infringement contentions that identify the 'first function' and 'second function' accused of infringement." (Ex. 6 at 3.)

As an example, Finjan's amended contentions regarding the "content processor" remain deficient. Just like Finjan's initial contentions, the amended contentions do not identify where the "content processor" is found in the accused products. Finjan alleges that "[t]he accused content processor is comprised of structures, functionalities, operations, or systems of NGFW alone, or in combination with a client computer." (*See, e.g.*, Ex. 6 at 11, 12, 16.) But those "generic allegations [ ] do not identify specific . . . components" of the accused products. *Bender v. Infineon Techs. N. Am. Corp.*, No. C09-02112JW (HRL), 2010 WL 964197, at *2 (N.D. Cal. Mar. 16, 2010). Finjan also lists "different portions of the PAN-OS source code [that] implement the claimed content processor." (Ex. 6 at 165.) But what exactly is the "claimed content processor" implemented by the source code? Finjan does not say.

### C. Even if Finjan's Proposed Amended Infringement Contentions for the '633, '408, and '731 Patents Were Operative, the Court Should Strike Them

Even if Finjan's proposed amended infringement contentions for the '633, '408, and '731 Patents were operative, they fail to comply with Patent Local Rule 3-1 and Judge Hamilton's Order. Like Finjan's amended contentions for the '154 Patent, Finjan's proposed amended infringement contentions for the other three patents merely add general descriptions of PAN's source code. They do not "adequately identify where and how each of the claim limitations . . . can be found in the accused products." (Dkt. No. 146 at 4.)

#### 1. The '633 Patent

As an example, Finjan's proposed amended contentions again fail to identify the "mobile protection code" claim limitation. The '633 Patent relates to executing files (such as potential malware) in a protected environment. (Dkt. No. 1-3, Ex. 7 at 3:5-21.) Claim element 14[c] discloses "causing mobile protection code executed by the mobile code executor at a downloadable-information destination such that one or more operations of the executable code at

the destination, if attempted, will be processed by the mobile protection code." (Ex. 7 at 72.) Finjan only conclusorily alleges that some high-level components of the accused products include "mobile protection code." (*See, e.g.*, *id*. at 72 ("WildFire's backend processing includes mobile protection code"), 83 ("VM includes mobile protection code").) But as courts in this district have warned Finjan before, "[m]erely identifying the function or output of high-level system components, then alleging that the infringing component must be in there somewhere, is insufficient to meet the of requirements of Patent Local Rule 3-1." *Finjan, Inc. v. Zscaler, Inc.*, No. 17-cv-06946-JST, 2019 WL 7589210, at *4 (N.D. Cal. Feb. 5, 2019); *see also Proofpoint*, 2015 WL 1517920, at *2 ("The purpose of Patent Local Rule 3–1, however, is in fact to be nit picky, to require a plaintiff to crystalize its theory of the case and patent claims.") (internal citation omitted). Moreover, Finjan's conclusory allegations are inconsistent. For example, despite the above limitation including "mobile protection code," a "mobile code executor," and a "downloadable-information destination," Finjan points to the same thing for all three components. (*See, e.g.,* Ex. 7 at 72 (mobile code executor includes the WildFire's "Virtual Machine"), 81 (mobile protection code is WildFire's "Virtual Machine"), 84 (downloadable-information destination is WildFire's "Virtual Machine").)

### 2. The '408 Patent

Finjan's proposed amended contentions for the '408 Patent are deficient. The '408 Patent relates to "scanning content that includes mobile code, to produce a diagnostic analysis of potential exploits within the content." (Dkt. No. 1, Ex. 9 at 1:59-61.) Claim 1[c] recites:

> . . . the scanner comprising *parser rules* and *analyzer rules* for the specific programming language, wherein the *parser rules* define certain patterns in terms of tokens, . . . and wherein the *analyzer rules* identify certain combinations of tokens and patterns as being indicators of potential exploits . . .

(Ex. 8 at 96-97 (emphasis added).) Finjan never identifies, for example, the "parser rules" and "analyzer rules." It merely uses the terms without identifying them. (*See, e.g.*, *id.* at 97, 101, 113.) The most Finjan does is list several functions that "specify," "load," or "utilize []" the "parser rules" and "analyzer rules." (*See, e.g.*, *id.* at 117, 150, 166.) But nowhere does Finjan identify "where and how" the "parser rules" and "analyzer rules" are found in the accused

products. (Dkt. No. 146 at 4.) Finjan also fails to identify the "tokens," on which the "parser rules" and "analyzer rules" are based. Finjan either uses the term without explaining it or parrots claim language and asserts that tokens are "lexical constructs for the specific programming language." (*See, e.g.*, Ex. 8 at 96, 120, 159.) But that is not enough under Patent Local Rule 3-1. *Proofpoint*, 2015 WL 1517920, at *6 (the Patent Local Rule 3-1 burden "cannot be met simply by parroting claim language").

### 3. The '731 Patent

As another example, Finjan's proposed amended contentions fail to identify the "file cache" limitation. The '731 Patent relates to scanning incoming files from the internet and deriving security profiles from those files. (Dkt. No. 1-1, Ex. 4.) Claim element 1[b] discloses:

> a file cache for storing files that have been scanned by the scanner for future access, wherein each of the stored files is indexed by a file identifier;

(Ex. 9 at 92.) While Finjan points to alleged file caches in the accused products (*see, e.g.*, *id.* at 93, 95, 99, 101), it never explains how any of those alleged file caches meet the rest of the claim limitations, such as "storing files that *have been scanned*." Scanning a file includes "deriving security profiles" for the file that include "a list of computer commands" for the file. (*Id.* at 10-11 (claim element 1[a]).) But Finjan never identifies any alleged file cache that stores files after the scanner has derived a security profile with a list of computer commands for the file. At the most, Finjan relies on conclusory statements (*see, e.g., id.* at 93, 95, 99) and cites alleged file caches that store files before any scanning (*see, e.g.*, *id.* at 103-04 (citing an alleged "file cache" but acknowledging that receipt and storage of file is cancelled if file has already been scanned)). Finjan carries these deficiencies to other elements that depend on the "file cache," such as the "security profile cache," where Finjan relies on optional language to identify "the *potential* security profile cache" or what "*can be*" the claimed cache." (*Id.* at 122, 124 (emphasis added).)

### D. The Court Should Not Allow Amended Infringement Contentions

The Court should strike Finjan's amended infringement contentions for the '154 Patent with prejudice and not allow Finjan to serve amended infringement contentions.

Finjan has had plenty of opportunities to serve sufficient contentions. PAN first identified

various deficiencies in Finjan's initial contentions on May 12, 2021 and stated that PAN would not oppose Finjan's motion to amend if Finjan addressed those deficiencies. (Ex. 11.) Judge Hamilton specifically directed Finjan "to serve amended contentions in accordance with [her] order." (Dkt. No. 146 at 4.) After Finjan served amended contentions for just the '154 Patent, PAN explained its position to Finjan and stated that it would welcome amended contentions that address the deficiencies identified in PAN's May 12 letter. (Ex. 4 at 3-4.)

Finjan's refusal—or more likely, inability—to provide compliant infringement contentions is striking, especially considering that previous courts in this district have repeatedly found Finjan's contentions for many of the same patents deficient.[4] Finjan's refusal to articulate any cogent infringement theories has prejudiced PAN's ability to prepare its defense. PAN has also produced costly discovery on products for which Finjan has failed to provide a credible basis for infringement. Because Finjan steadfastly refuses to serve contentions that comply with Patent Local Rule 3-1 and the July 20 Order, the Court should not give Finjan another chance to serve amended contentions. *Proofpoint*, 2015 WL 1517920, at *12 ("The Court will not provide Finjan leave to amend the portions of its contentions expressly stricken, above."); *Shared Memory Graphics LLC v. Apple Inc.*, No. 10-cv-02475 MMC (JSC), 2011 WL 3878388 at *8 (N.D. Cal. Sept. 2, 2011) (striking plaintiff's second amended infringement contentions without leave to amend, after plaintiff "steadfastly maintained" it did not need to amend contentions); *Blue Spike*, 2015 WL 335842 at *6-8 (striking contentions given plaintiff's "failure to take any action" despite defendants "having raised this defect in informal communications, a discovery letter to the Court, and a formally noticed motion").

## V.  CONCLUSION

For the foregoing reasons, the Court should confirm that Finjan has no operative infringement contentions for the '633, '408, and '731 Patents and strike Finjan's amended infringement contentions for the '154 Patent with prejudice.

---

[4] *See, e.g.*, *Check Point*, 2020 WL 597630, at *8 (striking in part with prejudice Finjan's contentions for the '731, '633, and '154 Patents); *SonicWall*, 2019 WL 2077849, at *8-14 (ordering Finjan to amend contentions for the '408 and '154 Patents).

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: September 16, 2021 | MORRISON & FOERSTER LLP |
| 3 | | |
| 4 | | By: */s/ Diek O. Van Nort* |
| 5 | | Diek O. Van Nort |
| 6 | | Attorneys for Defendant PALO ALTO NETWORKS, INC. |