1
2
3
4
5
6

Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038) terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

7

Attorneys for Plaintiff,
FINJAN LLC

8
9
10
11
12
13

Michael A. Jacobs (CA SBN 111664)
MJacobs@mofo.com
Matthew A. Chivvis (CA SBN 251325)
MChivvis@mofo.com
Diek O. Van Nort (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000/Fax: (415) 268-7522

14

Attorneys for Defendant,
PALO ALTO NETWORKS, INC.

15

Additional counsel on signature page

16

17

UNITED STATES DISTRICT COURT

18

NORTHERN DISTRICT OF CALIFORNIA

19
20
21
22
23
24

| FINJAN LLC, | Case No.   4:14-CV-04908-JD |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| v. | |
| PALO ALTO NETWORKS, INC., | Courtroom:  11, 19th Floor |
| Defendant. | Judge:  Honorable James Donato |

25
26
27
28

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Court's Standing Order for Civil Cases, and the Reassignment Order Setting CMC (Dkt. No. 151), the parties to the above-titled action, Plaintiff Finjan LLC ("Finjan") and Defendant Palo Alto Networks, Inc. ("PAN"), jointly submit the following Joint Case Management Statement and Proposed Order.

**1.      Jurisdiction and Service**

This is an action for patent infringement arising under 35 U.S.C. § 101 et seq.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).  No issues exist regarding personal jurisdiction or service.

**2.      Facts**

Finjan's Infringement Claims:  Finjan filed this case over six years ago—on November 4, 2014—asserting ten (10) patents.  After Judge Hamilton lifted the stay on January 25, 2021 (Dkt. No. 84), Finjan filed an Amended Complaint on March 31, 2021 (Dkt. No. 112) and asserted the following seven (7) patents.  Finjan contends it holds all rights, title, and interest in these patents.

- U.S. Patent No. 6,804,780 ("the '780 Patent");
- U.S. Patent No. 7,418,731 ("the '731 Patent");
- U.S. Patent No. 7,613,926 ("the '926 Patent");
- U.S. Patent No. 7,647,633 ("the '633 Patent");
- U.S. Patent No. 8,141,154 ("the '154 Patent");
- U.S. Patent No. 8,225,408 ("the '408 Patent"); and
- U.S. Patent No. 8,677,494 ("the '494 Patent").

For the other three originally-asserted patents (U.S. Patent Nos. 6,965,968, 7,058,822, and 7,613,918), Judge Hamilton dismissed with prejudice Finjan's claims for infringement and PAN's counterclaims and defenses based on a joint stipulation.  (Dkt. No. 111.)  In accordance with the stipulated case narrowing schedule ordered by Judge Hamilton on June 9, 2021 (Dkt. No. 126), Finjan served a Preliminary Election of Asserted Claims on June 21, 2021—continuing to assert

1   twenty-one (21) claims from the '731 Patent, the '154 Patent, the '408 Patent, and the '633 Patent

2   (collectively, "the Patents-in-Suit") and no claims from the '780 Patent, the '926 Patent, and the

3   '494 Patent (collectively, "the ESET Patents").  The parties have filed two joint stipulations and

4   proposed orders to dismiss the ESET Patents from the case (Dkt. Nos. 130, 156) in view of Judge

5   Bencivengo's judgment of invalidity of the '780 Patent and four other Finjan patents based on a

6   finding of indefiniteness (*Finjan, Inc. v. ESET, LLC*, No. 3:17-cv-0183-CAB-BGS, Dkt. No. 869

7   (S.D. Cal. Mar. 29, 2021)).  Although both stipulations were denied (Dkt. Nos. 131, 157), the

8   parties continue to work together to appropriately dismiss the ESET Patents from the case in

9   accord with the agreed conditions in the stipulation and the Court's Order and expect to present a

10  further plan at the CMC.

11          Finjan alleges that PAN has infringed and/or continues to infringe the Patents-in-Suit by

12  making, using, selling, offering for sale and/or importing "products and services that utilize the

13  Next Generation Enterprise Security Platform, App-ID, User-ID, Content-ID, Wildfire, Next-

14  Generation Intelligence Cloud, and Targeted Remote Attack Prevention System ('TRAPS' also

15  spelled as 'Traps')," including: "Next-Generation Security Platform, Next-Generation Firewall,

16  Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription,

17  Threat Prevention Subscription, and Advanced Endpoint Protection."  (*See, e.g.*, Dkt No. 112 ¶

18  31.)  On April 1, 2021, Finjan served Patent Local Rule 3-1 Infringement Contentions and

19  identified the accused products as the Next-Generation Firewalls ("NGFWs"), WildFire, Traps,

20  Threat Prevention, and URL Filtering.

21          Finjan additionally alleges that PAN has induced and/or continues to induce infringement

22  of the Patents-in-Suit by instructing, directing and/or requiring others to perform the steps of

23  method claims of these patents.

24          Finjan seeks damages and injunctive relief for PAN's infringement, as well as a finding

25  that PAN's infringement has been willful and that this case is exceptional.

26          <u>PAN's Defenses and Counterclaims</u>:  PAN filed its Answer to Finjan's Amended

27  Complaint on April 14, 2021 (Dkt. No. 116), denying infringement and asserting affirmative

28  defenses of non-infringement, invalidity, judicial estoppel, prosecution history estoppel and

1    disclaimer, prosecution laches, ensnarement and prior art estoppel, adequate remedy at law,

2    limitations on damages, 28 U.S.C. § 1498, inequitable conduct as to the '494 Patent and the '154

3    Patent, unclean hands as to the '494 Patent and the '154 Patent, failure to mark, and preclusion.

4    PAN also asserts counterclaims seeking declarations of non-infringement and invalidity of the

5    Patents-in-Suit, and unenforceability of the '494 Patent and '154 Patent due to inequitable

6    conduct and unclean hands.  PAN further seeks a finding of exceptional case.

7         On May 5, 2021, Finjan filed its Answer to PAN's counterclaims (Dkt. No. 121), denying

8    non-infringement, invalidity, and unenforceability, and asserting affirmative defenses of failure to

9    state a claim upon which relief may be granted, good faith, and equitable estoppel.  On the same

10   day, Finjan also filed a motion to strike and dismiss PAN's affirmative defenses and

11   counterclaims related to inequitable conduct for not being sufficiently pleaded.  (Dkt. No. 120.)

12   After full briefing (Dkt. No. 122 (PAN's opposition), Dkt. No. 124 (Finjan's reply)), Judge

13   Hamilton denied the motion on June 23, 2021 (Dkt. No. 131).

14        <u>Pre-Stay</u>:  The Court initially assigned this case to Magistrate Judge Corley.  (Dkt. No.

15   10.)  After Finjan declined magistrate judge jurisdiction (Dkt. No. 14), the case was reassigned to

16   Judge Chen on December 8, 2014 (Dkt. No. 16).  Judge Chen recused himself from the case on

17   October 8, 2015 (Dkt. No. 56), and the case was reassigned to Judge Hamilton (Dkt. No. 57).  On

18   October 15, 2015, Judge Hamilton ordered a Case Management Conference to be held on

19   November 5, 2015 (Dkt. No. 58), which Judge Hamilton rescheduled for December 3, 2015, on

20   joint motion of the parties (Dkt. No. 61).  On November 25, 2015, the parties filed a Joint Case

21   Management Statement.  (Dkt. No. 62.)

22        Five days later, PAN filed a motion to stay the case based on thirteen petitions for *inter*

23   *partes* review relating to asserted patents that PAN filed with the United States Patent and

24   Trademark Office's Patent Trial and Appeal Board ("PTAB").  (Dkt. No. 63.)  Concurrent with

25   the motion to stay, PAN filed a motion for partial judgment on the pleadings of invalidity of the

26   '780 and '494 Patents under 35 U.S.C. § 101.  (*Id.*)

27        At the Case Management Conference on December 3, 2015, Judge Hamilton indicated she

28   would stay the case pending the PTAB's decisions on whether to institute PAN's IPRs and

1  ordered PAN to withdraw the motion for partial judgment on the pleadings.  (Dkt. No. 65.)  On

2  December 10, 2015, Judge Hamilton entered the Order staying the case and withdrawing the

3  motion for partial judgment on the pleadings.  (Dkt. No. 67.)  On May 23, 2016, the parties filed a

4  Joint Status Report informing Judge Hamilton that the PTAB had granted institution of six IPR

5  petitions on four asserted patents, but denied institution of seven IPR petitions on six asserted

6  patents.  (Dkt. No. 68.)  Finjan requested Judge Hamilton to lift the stay as to the six patents on

7  which the PTAB denied institution of the IPRs, while PAN requested Judge Hamilton to leave the

8  stay in place for all patents through the pendency of the six instituted IPRs on the four asserted

9  patents.  (*Id.*)  On May 26, 2016, Judge Hamilton ordered the stay to remain in place as to all

10  patents.  (Dkt. No. 69.)

11      The IPR Petitions:  The IPR proceedings and the subsequent appeals to the Federal Circuit

12  are complete, as the parties reported in the Joint Status Report on December 28, 2020.  (Dkt. No.

13  68.)  The chart below summarizes the results of the IPR proceedings for the ten originally-

14  asserted patents.

| Asserted Patent | PAN IPR Petition | Claims Challenged | Claims Instituted | Claims Invalidated | Claims Surviving |
|---|---|---|---|---|---|
| '633 | IPR2015-01974 | 1-4, 6-8, 13, 14, 19, 28, 34 | 14, 19 | None[1] | 5-7, 9-10, 14-45 |
| '154 | IPR2015-01979 | 1-8, 10, 11 | 1-8, 10, 11 | None | All |
|  | IPR2016-00151 | 1-12 | 1-8, 10, 11 | None |  |
| '408 | IPR2015-02001 IPR2016-00157 (Consolidated) | 1, 3-7, 9, 12-16, 18-23, 29, 35 | 1, 3-7, 9, 12-16, 18-23, 29, 35 | None | All |
| '494 | IPR2016-00159 | 1-18 | 1-6, 10-15 | 1, 2, 6 | 3-5, 7-18 |
| '780 | IPR2016-00165 | 1-18 | None | None | All |
| '968 | IPR2016-00149 | 1-12, 24, 33-38 | None | None | All |
|  | IPR2016-00150 | 1-38 | None |  |  |
| '822 | IPR2015-01999 | 1, 4-6, 8, 9, 12, 16-20, 22, 24, 27 | None | None | All |
| '731 | IPR2015-02000 | 1-22 | None | None | All |
| '918 | IPR2016-00164 | 1-10, 12-19, 21, 34-36 | None | None | All |
| '926 | IPR2016-00145 | 1-5, 8-12, 15-19, 22-26, 29, 30 | None | None | All |

[1] In a separate IPR filed by Cisco Systems, Inc. (IPR2018-00391), the PTAB found claims 1-4, 8, and 11-13 of the '633 Patent to be unpatentable.

1          <u>Post-Stay</u>:  On joint request from the parties (Dkt. No. 83), Judge Hamilton lifted the stay

2   on January 25, 2021, set a Case Management Conference on March 18, 2021, and ordered the

3   parties to file a Joint Case Management Statement (Dkt. No. 84).  The parties filed a Joint Case

4   Management Statement on March 11, 2021.  (Dkt. No. 104.)  During the Case Management

5   Conference on March 18, 2021, Judge Hamilton, among other things, ordered the parties to file a

6   joint stipulation for case narrowing, have a settlement conference before Magistrate Judge

7   Nathanael Cousins, and set the following dates:  Technology Tutorial on September 29, 2021 and

8   Claim Construction Hearing on either October 13, 2021 or October 14, 2021.  (Dkt. No. 106.)  No

9   dates were set beyond the Claim Construction Hearing, and the parties agreed on all dates prior to

10  the Claim Construction Hearing (Dkt. No. 104).

11         The parties have completed these dates other than the Technology Tutorial and Claim

12  Construction Hearing, which were vacated in view of the Reassignment Order reassigning the

13  case to Judge Donato on August 9, 2021 (Dkt. No. 150).  These include Finjan's Patent Local

14  Rule 3-1 Infringement Contentions (served on April 1, 2021), PAN's Patent Local Rule 3-3

15  Invalidity Contentions (served on May 17, 2021), Finjan's Patent Local Rule 3-8 Damages

16  Contentions (served on July 6, 2021), and PAN's Patent Local Rule 3-9 Responsive Damages

17  Contentions (served on August 5, 2021).  The parties also filed a Stipulated Protective Order,

18  which Judge Hamilton entered on March 31, 2021 (Dkt. No. 110) and a Stipulated ESI Order,

19  which Judge Hamilton entered on April 20, 2021 (Dkt. No. 117).

20         The parties completed all claim construction discovery on August 16, 2021, including

21  claim construction disclosures pursuant to Patent Local Rules 4-1, 4-2, 4-3, and 4-4.  The parties

22  have also completed claim construction briefing, including Finjan's opening claim construction

23  brief filed on August 30, 2021 (Dkt. No. 158), PAN's responsive claim construction brief filed on

24  September 13, 2021 (Dkt. No. 159), and Finjan's reply claim construction brief filed on

25  September 20, 2021 (Dkt. No. 163).  In accordance with paragraph 6 of the Court's Standing

26  Order for Claim Construction in Patent Cases, the parties filed a final amended joint claim

27  construction and pre-hearing statement on September 20, 2021.  (Dkt. No. 164.)

28         **3.**      **Legal Issues**

The principal disputed legal issues are:

- The proper construction of any disputed claim terms;

- Whether PAN infringes any or all of the Patents-in-Suit, either directly (35 U.S.C. § 271(a)) or indirectly (35 U.S.C. § 271(b));

- Whether the Patents-in-Suit are invalid (35 U.S.C. §§ 101, 102, 103, 112);

- Whether the '494 and '154 Patents are unenforceable;

- Whether Finjan's claims are barred by any defense raised by PAN;

- Whether Finjan is entitled to damages as a result of the alleged infringement of any or all of the Patents-in-Suit, and if so, the amount (35 U.S.C. § 284);

- Whether Finjan is entitled to injunctive relief to prevent irreparable harm as a result of the alleged continuing infringement of any or all of the Patents-in-Suit (35 U.S.C. § 283);

- Whether PAN's alleged infringement has been willful; and

- Whether this case is exceptional (35 U.S.C. § 285).

### 4.     Motions

#### (a)     Pending Motions

<u>PAN's Motion to Strike/Confirm re Finjan's Infringement Contentions</u>:  On September 16, 2021, PAN filed a motion to confirm Finjan has no operative infringement contentions for the '633, '408, and '731 Patents and strike Finjan's amended infringement contentions for the '154 Patent ("Motion").  (Dkt. No. 161.)  PAN concurrently filed an administrative motion to file under seal portions of supporting materials to its Motion.  (Dkt. No. 160.)  On September 30, 2021, Finjan filed its opposition (Dkt. No. 165) and an administrative motion to file under seal portions of its opposition and one exhibit (Dkt. No. 166.)  PAN filed a declaration in support of Finjan's sealing motion on October 4, 2021.  (Dkt. No. 168.)  PAN filed its reply in support of the Motion on October 7, 2021.  (Dkt. No. 170.)  PAN has noticed the hearing for the Motion on October 21, 2021 at 10:00 am.

The Motion is preceded by PAN's motion to strike Finjan's initial infringement contentions for the Patents-in-Suit, filed on June 15, 2021.  (Dkt. No. 128.)  After full briefing (Dkt. No. 132 (Finjan's opposition), Dkt. No. 139 (PAN's reply)), Judge Hamilton issued an

1    order granting-in-part and otherwise denying PAN's motion to strike. (Dkt. No. 146.)  Judge

2    Hamilton ordered Finjan to "serve amended infringement contentions in accordance with this

3    order" within 30 days (August 19, 2021).  (*Id.* at 4.)  The parties disagree on the scope of the

4    portion of the order granting the motion in-part, and that disagreement is reflected in the parties'

5    briefing.  (*See* Dkt. Nos. 160, 165, 170.)  On the same day that the Court issued its Order on

6    PAN's motion to strike (Dkt. No. 146), it also terminated Finjan's then-pending motion to amend

7    its infringement contentions (Dkt. No. 147).

8                         (b)      Anticipated Motions

9           Discovery Dispute on Documents Concerning Valuations of the Patents-in-Suit:  PAN

10   intends to seek relief from the Court on certain documents that Finjan is withholding based on

11   privilege.  The documents PAN believes Finjan is withholding include documents exchanged

12   with Fortress Investment Group and other third parties concerning valuations of the Patents-in-

13   Suit (whether indirect or direct).  Despite communications between the parties on this issue, the

14   parties remain at an impasse.

15          The '780 Patent, the '926 Patent, and the '494 Patent (collectively, "the ESET Patents"):

16   The parties have filed two joint stipulations and proposed orders to dismiss the ESET Patents

17   from the case (Dkt. Nos. 130, 156) in view of Judge Bencivengo's judgment of invalidity of the

18   '780 Patent and four other Finjan patents based on a finding of indefiniteness (*Finjan, Inc. v.*

19   *ESET, LLC*, No. 3:17-cv-0183-CAB-BGS, Dkt. No. 869 (S.D. Cal. Mar. 29, 2021)).  Although

20   both stipulations were denied (Dkt. Nos. 131, 157), the parties continue to work together to

21   appropriately dismiss the ESET Patents from the case in accord with the agreed conditions in the

22   stipulation and the Court's Order and expect to present a further plan at the CMC.

23          Other:  Finjan and PAN each anticipate moving for summary judgment and may file other

24   dispositive and non-dispositive motions as appropriate as the case progresses.  The parties

25   understand that the Local Rules of this Court, and applicable paragraphs of the Court's Standing

26   Order for Civil Cases, Discovery in Civil Cases, and Civil Jury Trials apply to motions filed in

27   this case.

28

**5.      Amendment of Pleadings, Addition of Parties, Etc.**

The deadline to amend pleadings without leave of the Court passed on April 1, 2021.  On that day, Finjan filed an Amended Complaint (Dkt. No. 112) as discussed above.

**6.      Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI"), the Northern District of California's Model ESI Order, and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation.  Additionally, the parties have met and conferred at their Rule 26(f) conference and since that time regarding evidence preservation.  Each party has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action.

**7.      Disclosures**

The parties exchanged initial disclosures pursuant to Rule 26(a) on February 12, 2015.  Given the time that passed due to the stay, the parties exchanged amended initial disclosures on April 30, 2021.

**8.      Discovery**

Pre-Stay:  The parties met and conferred pursuant to Rule 26(f) on January 23, 2015.  On the same day, each party served its first sets of requests for production and interrogatories on the other party.  Prior to the stay, Finjan served additional requests for production and interrogatories on PAN.  The parties produced documents and provided interrogatory responses.  In addition, PAN made its source code available to Finjan, and Finjan conducted source code review.  Finjan also served a Rule 30(b)(6) notice on PAN related to its source code, and Finjan took one deposition of a PAN employee pursuant to certain topics of that notice.  PAN served subpoenas on third parties and some of those third parties produced documents in response.

Post-Stay:  The parties agreed to discovery provisions set forth in Section 8 of the Joint Case Management Statement filed on March 11, 2021 (Dkt. No. 104).  Each party has served additional requests for production and interrogatories on the other party.  The parties have made additional document productions in response to discovery requests and in accordance with the

1  Patent Local Rules 3-2 and 3-4.  The parties have also responded to interrogatories and served

2  supplemental interrogatory responses.  PAN made additional source code available to Finjan, and

3  Finjan conducted source code review.  PAN served subpoenas on additional third parties, and

4  some of those third parties have produced documents in response.  As PAN stated in its motion to

5  strike described in Section 4, "PAN has produced all requested versions of its source code and all

6  core technical documents." (Dkt. No. 161-1.)

7  The parties are communicating regarding the sufficiency of certain discovery responses.

8  For instance, the parties have been corresponding regarding the sufficiency of PAN's invalidity

9  contentions (served on May 17, 2021), which PAN supplemented on July 6, 2021 and October 6,

10  2021.  PAN intends to move for leave on these supplemental contentions.  The parties have also

11  been corresponding regarding the sufficiency of Finjan's production of documents requested by

12  PAN from previous litigations.  The parties have further been corresponding regarding the

13  sufficiency of Finjan's damages contentions.  If the parties reach an impasse on any of these

14  issues, the parties will appropriately comply with the Local Rules and the Court's Standing Order

15  for Discovery in Civil Cases.

16  Pursuant to Rule 26(f), paragraph 8 of the Standing Order for All Judges of the Northern

17  District of California – Contents of Joint Case Management Statement, and the Court's Standing

18  Order for Discovery in Civil Cases, the parties propose the following discovery plan:

19  (a)  Changes to the timing, form, or requirement for disclosures under Rule
20  26(a), including a statement of when initial disclosures were made or will
be made.

21  As noted above, the parties exchanged Rule 26(a) initial disclosures on February 12, 2015

22  and amended initial disclosures on April 30, 2021.  The parties' respective proposals regarding

23  the timing for expert disclosures under Rule 26(a)(2) and pretrial disclosures under Rule 26(a)(3)

24  are set forth in the proposed schedule at Section 17 (Appendix A) below.

25  (b)  Subjects on which discovery may be needed, when discovery should be
26  completed, and whether discovery should be conducted in phases or be
limited to or focused on particular issues.

27

28

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below. The parties' respective proposals regarding when discovery should be completed are set forth in the proposed schedule in Section 17 (Appendix A) below.

(c)     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

The parties filed a Stipulated ESI Order, which Judge Hamilton entered on April 14, 2021. (Dkt. No. 117.)

(d)     Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.

The parties agree that neither party will produce nor list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after the filing date of this litigation.  The parties understand that the detail required for privilege logs is set forth in paragraph 7 of the Court's Standing Order for Discovery in Civil Cases.  The parties agree to exchange privilege logs on the date set forth in the proposed schedule at Section 17 (Appendix A) below.  Subject to the foregoing, the parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502, Stipulated Protective Order (Dkt. No. 110), and paragraph 7 of the Court's Standing Order for Discovery in Civil Cases.

(e)     Changes that should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

To the extent not limited below, and unless otherwise agreed to by the parties, the parties agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's Standing Order for Discovery in Civil Cases, and the Stipulated ESI Order (Dkt. No. 117).  If a party requests discovery that exceeds any of the limitations set forth below, the parties agree to meet and confer in a good faith to attempt to

1   resolve the issue without intervention of the Court.  If the parties are unable to reach agreement, a

2   party may seek leave from the Court for the additional discovery.

3                              (i)        Requests for Production of Documents and Things

4           The parties agree that there shall be no limit on the number of requests for production of

5   documents and things that each side may serve.

6                              (ii)       Interrogatories

7           The parties agree that each side may serve up to 25 interrogatories.

8                              (iii)      Request for Admissions

9           The parties agree that each side may serve up to 45 requests for admission.  Requests for

10  admission related to the authentication of documents are exempt from this limitation and shall be

11  unlimited in number.

12                             (iv)       Depositions

13          *Fact Depositions:*

14          The parties agree that each side is limited to 84 hours of deposition time for fact

15  depositions, including individual and Rule 30(b)(6) depositions of the other party as well as third

16  party depositions.  Expert depositions will not count towards these limits.

17          The parties agree that individual depositions are limited to 7 hours of deposition time.

18  While the 7 hour per witness limit does not apply to Rule 30(b)(6) witnesses, each deposition day

19  will be limited to 7 hours.  Individual depositions requiring an interpreter are limited to 14 hours

20  of deposition time and will be conducted on two consecutive days.  Individual and Rule 30(b)(6)

21  depositions requiring an interpreter count as half time against the deposition limit.

22          *Expert Depositions:*

23          The parties agree that an expert witness may be deposed for up to 7 hours for each

24  primary issue (*e.g.*, infringement, invalidity, damages) on which that expert has provided an

25  opinion.  Thus, if an expert provides an opinion regarding infringement as well as an opinion

26  regarding invalidity, then that expert may be deposed for up to 7 hours regarding infringement

27  and for up to 7 hours regarding invalidity, for a maximum total of 14 hours of deposition time.

28  The parties also agree to meet and confer in good faith in the period leading up to expert

depositions regarding whether adjustments to the default rule should be made in light of the issues that remain in the case and the number of Patents-in-Suit that the expert addresses.

Subject to the foregoing, the parties understand that paragraphs 8-16 of the Court's Standing Order for Discovery in Civil Cases apply to depositions in this case.

(f)     Protective Order

The parties filed a Stipulated Protective Order, which Judge Hamilton entered on March 31, 2021.  (Dkt. No. 110.)  The parties have also entered into a COVID-19 Source Code Review Protocol.

(g)     Discovery from Experts

The parties agree that the Federal Rules of Civil Procedure (*e.g.*, Rule 26(b)(4)), the Local Rules of this Court, and paragraph 17 of the Court's Standing Order for Discovery in Civil Cases govern discovery from experts in this case.

(h)     Service

The parties agree that service via email is acceptable pursuant to Rule 5(b)(2)(E). Documents served on a party shall be emailed to all attorneys of record for that party.[2]  The parties further agree to the following:

- Discovery Requests:  Service by email shall be deemed effective if served by 5 pm Pacific Time and if not, shall be deemed effective on the following day.
- Discovery Responses:  Service by email shall be effective on the calendar date served.  (For the sake of clarity, discovery responses may be served up to midnight Pacific Time on the last day on which the responses are due.)

**9.     Class Actions**

Not Applicable.

---

[2] Service upon Finjan via email shall be effective only with Finjan-PAN_Fish-Service@fr.com. Service upon PAN via email shall be effective only with MoFo-PAN-Finjan@mofo.com.

1

### 10.   Related Pending Cases

2   Information concerning other pending litigations and proceedings before the United States

3   Patent and Trademark Office involving the Patents-in-Suit is provided at Appendix B.

4

### 11.   Relief

5   Finjan seeks entry of judgment finding that PAN has infringed and/or continues to

6   infringe the Patents-in-Suit, both directly and indirectly, and that PAN's infringement has been

7   willful.  Finjan also seeks injunctive relief, including an injunction against PAN from infringing

8   the Patents-in-Suit.  Finjan also seeks monetary damages, including damages based on a

9   calculation of lost profits or an amount no less than a reasonable royalty, and Finjan anticipates it

10   will seek no less than $100 million based on the publicly available information, up from $60

11   million reported in the last Joint Case Management Statement due to the damages continuing to

12   accrue during the stay.  Finjan further seeks a judgment that this case is exceptional and an award

13   of Finjan's costs and reasonable attorneys' fees.  Finjan also seeks an accounting of all sales and

14   revenues, together with pre-judgment and post-judgment interest.  Finjan seeks any other relief

15   available under applicable law.

16   PAN seeks a declaration that PAN does not infringe the Patents-in-Suit.  PAN further

17   seeks a declaration that the Patents-in-Suit are invalid and that the '494 and '154 Patents are

18   unenforceable due to inequitable conduct and unclean hands.  PAN also seeks judgment that

19   Finjan filed this action without a good faith basis, and is thus liable for attorneys' fees, expenses,

20   and costs incurred by PAN in connection with this action.

21

### 12.   Settlement and ADR

22   Pursuant to ADR L.R. 3-5, the parties reviewed the Court's ADR handbook, discussed the

23   available ADR procedures and considered whether this case would benefit from an ADR

24   procedure.  The parties chose mediation as the ADR process for this case pursuant to ADR L.R.

25   6. (Dkt. No. 35.)  Prior to the stay, a mediation session took place on September 15, 2015 with

26   mediator Vicki Veenker.  After the stay and at the Case Management Conference on March 18,

27   2021, Judge Hamilton referred the case to a settlement conference before Magistrate Judge

28   Cousins.  (Dkt. No. 106.)  The parties have since submitted confidential Settlement Conference

1    Statements to Magistrate Judge Cousins on August 3, 2021, and appeared via Zoom at a

2    Settlement Conference on August 10, 2021.  (Dkt. No. 152.)  Magistrate Judge Cousins ordered

3    the parties provide the Court with a confidential update on November 2, 2021, with the settlement

4    conference to continue November 9, 2021, at 9:30 am, by Zoom.  (*Id.*)

5        **13.    Consent to Magistrate Judge**

6        The parties do not consent to have a magistrate judge conduct all further proceedings

7    including trial and entry of judgment.

8        **14.    Other References**

9        The parties do not believe that this case is suitable for reference to binding arbitration, a

10   special master, or the Judicial Panel on Multidistrict Litigation.

11       **15.    Narrowing of Issues**

12       In accordance with Judge Hamilton's instructions at the Case Management Conference

13   held on March 18, 2021, the parties filed a stipulated case narrowing schedule, which Judge

14   Hamilton entered on June 9, 2021.  (Dkt. No. 126.)  In accordance with the schedule, Finjan

15   served a Preliminary Election of Asserted Claims on June 21, 2021, and PAN served a

16   Preliminary Election of Asserted Prior Art on July 6, 2021.  The remaining elections and details

17   are set forth in the ordered case narrowing schedule.  (Dkt. No. 126)  A claim construction

18   hearing and order will allow the parties to further narrow the case as the remaining elections

19   depend upon the timing of the claim construction order.  The schedule, as entered, is reproduced

20   below.  (*Id.*)

| **Election** | **Timing** | **Max Claims/ References Per Patent** | **Total Claims/ References** |
|---|---|---|---|
| Preliminary Election of Asserted Claims | Not later than 35 days after PAN's invalidity contentions, *i.e.*, June 21, 2021 | 10 | 21 |
| Preliminary Election of Asserted Prior Art | Not later than 15 days after Preliminary Election of Asserted Claims, *i.e.*, July 6, 2021 | 12 | 30 |
| Second Election of Asserted Claims | Not later than 21 days after Claim Construction Order | 6 | 14 |
| Second Election of Asserted Prior Art | Not later than 14 days after Second Election of Asserted Claims | 7 | 20 |

| Third Election of Asserted Claims and Asserted Prior Art | Parties to meet and confer and submit competing proposal if necessary no less than 45 days before opening expert reports | TBD | TBD |

The parties have also made the required exchanges and filings under the Patent Local Rules, as follows.

| Disclosure | Date |
| --- | --- |
| Patent L.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions | April 1, 2021 |
| Patent L.R. 3-2 Document Production Accompanying Disclosure | April 1, 2021 |
| Patent L.R. 3-3 Invalidity Contentions | May 17, 2021 |
| Patent L.R. 3-4 Document Production Accompanying Invalidity Contentions | May 17, 2021 |
| Patent L.R. 3-8 Damages Contentions | July 6, 2021 |
| Patent L.R. 3-9 Responsive Damages Contentions | August 5, 2021 |
| Patent L.R. 4-1 Exchange of Proposed Terms for Construction | June 1, 2021 |
| Patent L.R. 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence | June 22, 2021 |
| Patent L.R. 4-3 Joint Claim Construction and Prehearing Statement and Expert Reports | Initial Statement: July 16, 2021 (Dkt. No. 142) Final Amended Statement: September 20, 2021 (Dkt. No. 164) Exchange of Expert Reports: July 30, 2021 |
| Patent L.R. 4-4 Depositions | Dr. Orso (for Finjan): August 13, 2021 Dr. Rubin (for PAN): August 16, 2021 |
| Patent L.R. 4-5 Claim Construction Briefs | Opening (Dkt. No. 158): August 30, 2021 Response (Dkt. No. 159): September 13, 2021 Reply (Dkt. No. 163): September 20, 2021 |

**16.     Expedited Schedule**

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.     Scheduling**

The parties' respective scheduling proposals are set forth in the chart attached hereto as Appendix A.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**18.    Trial**

The parties have requested trial by jury.  Finjan expects that the trial will require approximately seven to ten court days.  PAN believes it is premature to estimate the time for trial, as the parties do not yet know how many patents and patent claims will be asserted at trial.  If Finjan maintains all of the Patents-in-Suit in this case, PAN estimates the trial will take no less than three weeks.

**19.    Disclosure of Non-party Interested Entities or Persons.**

The parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-15.  (Dkt. No. 3 (Finjan's certification); Dkt. No. 25 (PAN's certification).)

Finjan was recently converted from a corporation to a limited liability company, and in conjunction, changed its name from Finjan, Inc. to Finjan LLC.  Finjan has filed an unopposed motion to amend the caption to reflect that name change.  (Dkt. No. 101.)  The Court granted Finjan's motion.  (Dkt. No. 103.)  The company of which Finjan is a wholly owned subsidiary also recently went through a similar conversion and changed its name from Finjan Holdings, Inc. to Finjan Holdings LLC.  Finjan has filed an updated Certification of Interested Parties or Persons to reflect that name change, as well.  (Dkt. No. 102.)  Finjan confirms that Finjan LLC is wholly-owned by Finjan Holdings LLC, and no publicly held corporation owns 10% or more of Finjan LLC's stock.

PAN confirms that no other entities have a financial interest in the subject matter in controversy or PAN, or a non-financial interest in that subject matter or PAN that could be substantially affected by the outcome of this proceeding.

**20.    Professional Conduct**

The attorneys of record confirm that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters**

Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the following additional matters:

1

**(1)    Proposed modification of the obligations or deadlines set forth in the Patent Local Rules**

2

3

The parties do not propose any modifications to the obligations or deadlines set forth in

4

the Patent Local Rules at this time.

5

**(2)    The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court**

6

7

As discussed above, the parties completed all claim construction discovery on August 16,

8

2021, including claim construction disclosures pursuant to Patent Local Rules 4-1, 4-2, 4-3, and

9

4-4.  Each party served a claim construction expert report pursuant to Patent Local Rule 4-3 on

10

July 30, 2021.  Depositions of the parties' claim construction experts occurred, respectively, on

11

August 13, 2021 (Finjan's expert) and August 16, 2021 (PAN's expert).

12

The parties have also completed claim construction briefing, including Finjan's opening

13

claim construction brief filed on August 30, 2021 (Dkt. No. 158), PAN's responsive claim

14

construction brief filed on September 13, 2021 (Dkt. No. 159), and Finjan's reply claim

15

construction brief filed on September 20, 2021 (Dkt. No. 163).  In accordance with the Court's

16

Standing Order for Claim Construction in Patent Cases, the parties filed a final amended joint

17

claim construction and pre-hearing statement on September 20, 2021.  (Dkt. No. 164.)  PAN

18

notes that in addition to the disputed terms that are identified in the joint claim construction and

19

pre-hearing statement, the parties presently dispute the meaning of at least 10 other terms that

20

may require resolution by the Court.  *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521

21

F.3d 1351, 1360 (Fed. Cir. 2008).  Pursuant to the Court's Order (Dkt. No. 141), the parties

22

identified only "ten claim terms in the joint claim construction statement."  (Dkt. No. 141 at 2.)

23

Finjan notes that PAN already moved to construe more than 10 terms (Dkt. No. 135), Finjan

24

opposed (Dkt. No. 136), and Judge Hamilton denied PAN's motion (Dkt. No. 141).

25

**(3)    The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing**

26

27

In accordance with paragraph 14 of the Court's Standing Order for Claim Construction in

28

Patent Cases, the parties understand that "[t]he claim construction hearing generally will be scheduled for no longer than 3 hours on a Thursday afternoon" and the parties will request a telephone conference with the Court as soon as it is apparent that "a special setting is necessary." At this time, the parties anticipate that they will not require more than three (3) hours for the entire hearing.  The parties agree that each side will be allocated half of the total time permitted for the hearing.  The parties agree that the presentation of argument at the hearing should be in the manner and order that the Court prefers to address the issues, particularly given the nature of the Patents-in-Suit, the technology involved and the number and nature of claim terms that remain in dispute at the time of the hearing.  PAN proposes proceeding patent-by-patent, with Finjan proceeding first and PAN second, with rebuttal by Finjan and sur-rebuttal by PAN.  Finjan proposes grouping the terms in a logical manner, and doing so once the parties have identified the terms for construction.  The parties do not believe that live expert testimony is required at the claim construction hearing, but reserve the right to present live expert testimony at the claim construction hearing.

**(4)     How the parties intend to educate the court on the technology at issue**

In accordance with paragraph 7 of the Court's Standing Order for Claim Construction in Patent Cases, the parties understand that "[t]he Court may schedule a tutorial to occur one to two weeks prior to the claim construction hearing" and that "[n]o argument is permitted."  The parties also understand that "Court has a strong preference for individuals other than counsel to make the presentations" such as "[i]nventors, company personnel and individuals who work directly with the technology."  The parties have each proposed a date for the tutorial in Appendix A.  The parties will comply with paragraphs 7 and 8 if a tutorial is scheduled, including filing a written technology synopsis at least 7 court days before the tutorial.

DATED: October 14, 2021

*/s/ Roger A. Denning*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
K. Nicole Williams (CA SBN 291900)

nwilliams@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038)
terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (*Pro Hac Vice*)
kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st floor
Atlanta, GA  30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Phillip W. Goter (*Pro Hac Vice*)
goter@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza, 60 South Sixth Street
Minneapolis, MN  55402
Telephone: (612) 335-5070 / Fax: (612) 288-9696

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Tracea Rice (*Pro Hac Vice*)
trice@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave. Ste. 1000
Washington, DC 20024
Telephone: (202) 783-5070 / Fax: (202) 783-2331

Attorneys for Plaintiff
FINJAN LLC

DATED: October 14, 2021          */s/ Diek O. Van Nort*
Michael A. Jacobs (CA SBN 111664)
MJacobs@mofo.com
Matthew A. Chivvis (CA SBN 251325)
MChivvis@mofo.com
Diek O. Van Nort (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482

Telephone: (415) 268-7000/Fax: (415) 268-7522

Rudy Y. Kim (CA SBN 99426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: (650) 813-5600/Fax: (650) 494-0792

Rose S. Lee (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200/Fax: (213) 892-5454

Kyle W.K. Mooney (*Pro Hac Vice*)
KMooney@mofo.com
Eric W. Lin (*Pro Hac Vice*)
ELin@mofo.com
Michael J. DeStefano (*Pro Hac Vice*)
MDeStefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000/Fax: (212) 468-7900

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

1

## **ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)**

2         In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

3   document has been obtained from any other signatory to this document.

4

5                                          */s/ Roger A. Denning*
                                          Roger A. Denning

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPENDIX A**

**Proposed Case Schedule**

| Event | Applicable Rule or Order | Agreed Date | Finjan's Proposed Date | PAN's Proposed Date |
|-------|--------------------------|-------------|------------------------|---------------------|
| Written Technology Synopsis | Judge Donato's Standing Order for Claim Construction, ¶ 8<br><br>At least 7 court days before the Tutorial | | Monday, November 1, 2021 | Tuesday, November 30, 2021 |
| Claim Construction Tutorial | Judge Donato's Standing Order for Claim Construction, ¶ 7<br><br>1-2 weeks prior to the Claim Construction Hearing | | Thursday, November 11, 2021<br><br>(subject to the convenience of the Court's calendar) | Thursday, December 9, 2021 (subject to the convenience of the Court's calendar) |
| Claim Construction Hearing | Patent L.R. 4-6; Judge Donato's Standing Order for Claim Construction, ¶ 14<br><br>Schedule for no longer than 3 hours on a Thursday afternoon | | Thursday, November 18, 2021<br><br>(subject to the convenience of the Court's calendar) | Thursday, December 16, 2021 (subject to the convenience of the Court's calendar) |
| Subsequent Case Management Conference | Judge Donato's Standing Order for Claim Construction, ¶ 15 | Set upon issuance of the claim construction order (subject to the convenience of the Court's calendar) | | |
| Second Election of Asserted Claims | Stipulated Case Narrowing Schedule as entered by Judge Hamilton (Dkt. | Not later than 21 days after issuance of the claim construction | | |

| Event | Applicable Rule or Order | Agreed Date | Finjan's Proposed Date | PAN's Proposed Date |
|---|---|---|---|---|
| | No. 126) | order | | |
| Patent L.R. 3-7 Disclosures | Patent L.R. 3-7 | Not later than 30 days after issuance of the claim construction order | | |
| Second Election of Asserted Prior Art | Stipulated Case Narrowing Schedule as entered by Judge Hamilton (Dkt. No. 126) | Not later than 14 days after the Second Election of Asserted Claims | | |
| Exchange of Privilege Logs | Judge Donato's Standing Order for Discovery in Civil Cases, ¶ 7 | | Friday, January 28, 2022 | Wednesday, March 16, 2022 |
| Close of Fact Discovery[3] | | | Friday, February 25, 2022 | Friday, April 15, 2022 |
| Last Day to Meet and Confer and Submit Competing Proposals for a Third Election of Asserted Claims and Prior Art If Necessary | Stipulated Case Narrowing Schedule as entered by Judge Hamilton (Dkt. No. 126)<br><br>No less than 45 days before opening expert reports | | Monday, January 24, 2022 | Tuesday, April 19, 2022 |
| Opening Expert Reports | | | Friday, March 11, 2022 | Friday, June 3, 2022 |
| Rebuttal Expert Reports | | | Friday, March 25, 2022 | Friday, July 22, 2022 |
| Close of Expert | | | Friday, April | Monday, |

---

[3] The "Standing Order for All Judges of the Northern District of California—Contents of Joint Case Management Statement," paragraph 17, requires the parties to provide "[p]roposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial." Accordingly, the parties have proposed competing dates through trial, but the parties understand that dates for the hearing on dispositive motions, the final pretrial conference and the trial are all subject to the Court's availability and convenience, and that the Patent Local Rules do not provide for dates beyond the claim construction hearing.

| Event | Applicable Rule or Order | Agreed Date | Finjan's Proposed Date | PAN's Proposed Date |
|---|---|---|---|---|
| Discovery | | | 8, 2022 | August 29, 2022 |
| Opening Summary Judgment/*Daubert* Briefs | | | Friday, April 22, 2022 | Monday, October 10, 2022 |
| Responsive Summary Judgment/*Daubert* Briefs | | | Friday, May 6, 2022 | Monday, October 31, 2022 |
| Reply summary judgement/*Daubert* briefs | | | Friday, May 13, 2022 | Monday, November 14, 2022 |
| Summary judgment/*Daubert* Hearing | Judge Donato's Standing Order for Civil Cases, ¶ 4<br><br>Notice non-discovery motions for any Thursday (excepting holidays) at 10:00 am | | Thursday, June 2, 2022<br><br>(subject to the convenience of the Court's calendar) | Thursday, December 15, 2022<br><br>(subject to the convenience of the Court's calendar) |
| Final Pretrial Conference | Judge Donato's Standing Order for Civil Jury Trials, ¶ 1<br><br>19 days before start of trial on Thursdays at 1:30 pm | | Thursday, September 1, 2022<br><br>(subject to the convenience of the Court's calendar) | Thursday, March 16, 2023 (subject to the convenience of the Court's calendar) |
| Trial | Judge Donato's Standing Order for Civil Cases, ¶ 4<br><br>No more than 18 months between the CMC and Trial | | Monday, October 3, 2022<br><br>(subject to the convenience of the Court's calendar) | Monday, April 3, 2023 (subject to the convenience of the Court's calendar) |

1

## APPENDIX B

2

## Other Pending Proceedings Involving The Patents-in-Suit

3

On July 1, 2016, Finjan filed a lawsuit against ESET, LLC et al. in this district, and on

4

January 27, 2017, the case was transferred to the United States District Court for the Southern

5

District of California (Case No. 3-17-cv-00183), alleging that ESET infringes one of the ten

6

patents asserted against PAN in the instant lawsuit—specifically the '780 Patent—along with five

7

other patents, though the parties here have moved to dismiss the '780 Patent from the case, per the

8

agreed stipulation referenced above.  This case was pending before the Honorable Cathy Ann

9

Bencivengo.  The ESET court issued a summary judgment order finding the '780 Patent and four

10

other Finjan patents invalid under 35 U.S.C. § 112 for indefiniteness ("ESET Order").  Finjan

11

appealed the ESET Order, and its predicate claim construction order, to the Federal Circuit.  The

12

parties are in the midst of the appellate briefing.

13

On August 4, 2017, Finjan filed a lawsuit against SonicWall, Inc. in this district (Case No.

14

5-17-cv-04467), alleging that SonicWall infringes eight of the ten patents asserted against PAN in

15

the instant lawsuit—specifically the '780 Patent, the '968 Patent, the '822 Patent, the '926 Patent,

16

the '633 Patent, the '154 Patent, the '408 Patent, and the '494 Patent—along with two additional

17

patents, though Finjan has subsequently withdrawn the '822 Patent and the '633 Patent from the

18

SonicWall case.  However, in the PAN litigation, the Court dismissed the '822 Patent, and the

19

parties have moved to dismiss the '780 Patent, the '494 Patent, and the '926 Patent, per the agreed

20

stipulation referenced above.  The Honorable Beth Labson Freeman in the San Jose Division

21

entered final judgment on September 8, 2021.  Finjan filed its notice of appeal on October 8, 2021.

22

On September 29, 2017, Finjan filed a lawsuit against Juniper Networks, Inc. in this

23

district (Case No. 3-17-cv-05659), alleging that Juniper infringes seven of the ten patents asserted

24

against PAN in the instant lawsuit—specifically the '780 Patent, the '731 Patent, the '926 Patent,

25

the '633 Patent, the '154 Patent, the '408 Patent, and the '494 Patent—and two additional patents.

26

Following a determination that Juniper did not infringe the '780, '154 and '494 Patents, claims

27

under the other patents were dismissed with prejudice.  The non-infringement determination was

28

confirmed on appeal.  Post-judgment proceedings occurred before the Hon. William Alsup in the

San Francisco Division.  These issues are currently up on appeal to the Federal Circuit, and the parties are in the midst of the appellate briefing.  PAN notes that the issue on appeal (Dkt. No. 673) is Judge Alsup's order (Dkt. No. 669) that Finjan pay approximately $5.9 million in attorney's fees and costs to Juniper based on the determination that Finjan's assertions of the '494 and '780 Patents was exceptional (Dkt. No. 648).  Finjan notes that the only issue on appeal is the award of attorney's fees.  Finjan further notes that none of the procedural issues or litigation strategies that led to Judge Alsup's determination are present here, (see Dkt. No. 648), and that it has retained different counsel in this case.

On October 1, 2018, Finjan filed a lawsuit against Rapid7, Inc. et al. in the United States District Court for the District of Delaware (Case No. 1-18-cv-01519), alleging that Rapid7 infringes four of the ten patents asserted against PAN in the instant lawsuit—specifically the '918 Patent, the '154 Patent, the '408 Patent, and the '494 Patent—and three additional patents. Moreover, in the PAN litigation, the Court dismissed the '918 Patent, and the parties have moved to dismiss the '494 Patent, per the agreed stipulation referenced above.  This case is pending before the Honorable Christopher J. Burke.  The parties were set to begin trial but stipulated to a stay of the litigation pending the completion of the appellate review in the ESET action.  The court entered the stay order on July 2, 2021.

On October 26, 2018, Finjan filed a lawsuit against Fortinet, Inc. in this district (Case No. 3-18-cv-06555), alleging that Fortinet infringes six of the ten patents asserted against PAN in the instant lawsuit—specifically the '968 Patent, the '822 Patent, the '731 Patent, the '633 Patent, the '408 Patent, and the '494 Patent—and three additional patents.  However, in the PAN litigation, the Court dismissed the '822 Patent and the '968 Patent, and the parties have moved to dismiss the '780 Patent, the '494 Patent, and the '926 Patent, per the agreed stipulation referenced above. This case is pending before Your Honor in the San Francisco division and is currently stayed. PAN notes that the Court stayed the case due to overlapping issues in Finjan's other cases, *e.g.*, "case management issues with respect to the multiple cases in this district in which the same Finjan patents and claims are asserted."  (Dkt. Nos. 32, 38, 43.)  Finjan notes that this case, as discussed in Section 2 (Facts) and Section 8 (Discovery), is much further along procedurally than

the *Fortinet* case.  For example, *Fortinet* was stayed before any appreciable discovery was completed.  In contrast, the parties in this case have served infringement, invalidity, and damages contentions, and fully briefed claim construction.  Furthermore, this case was previously stayed more than five years for PAN to litigate its 13 IPRs against the Asserted Patents—prevailing on just three of 198 challenged claims.

On November 29, 2018, Finjan filed a lawsuit against Qualys, Inc. in this district (Case No. 4-18-cv-07229), alleging that Qualys infringes five of the ten patents asserted against PAN in the instant lawsuit—specifically the '968 Patent, the '731 Patent, the '154 Patent, the '408 Patent, the '494 Patent—and two additional patents, though Finjan has subsequently withdrawn the '968 Patent and the '154 Patent.  However, in the PAN litigation, the Court dismissed the '968 Patent, and the parties have moved to dismiss the '494 Patent, per the agreed stipulation referenced above.  This case is pending before the Honorable Yvonne Gonzalez Rogers in the Oakland division.  The parties had completed expert discovery and summary judgment briefing, but stipulated to a stay of the litigation pending the completion of the appellate review in the ESET action.  The court entered the stay order on June 17, 2021.

On March 6, 2020, Finjan filed a lawsuit against Trustwave Holdings, Inc. et al. in the United States District Court for the District of Delaware (Case No. 1-20-cv-00371), alleging that Trustwave infringes one of the ten patents asserted against PAN in the instant lawsuit, specifically the '154 Patent.  This case is pending before the Honorable Leonard P. Stark in the Wilmington division.  Judge Stark entered a scheduling order, with trial set for June 12, 2023.

1

## **CASE MANAGEMENT ORDER**

2          The above Joint Case Management Statement AND PROPOSED ORDER is approved as

3    the Case Management Order for this case and the parties shall comply with its provisions.

4          **IT IS SO ORDERED.**

5

6    Dated: _____

7                                                    _____
                                                     United States District Court Judge
8                                                    Honorable James Donato

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28