1   MICHAEL A. JACOBS (CA SBN 111664)          ROSE S. LEE (CA SBN 294658)
    MJacobs@mofo.com                            RoseLee@mofo.com
2   MATTHEW A. CHIVVIS (CA SBN 251325)          MORRISON & FOERSTER LLP
    MChivvis@mofo.com                           707 Wilshire Boulevard, Suite 6000
3   DIEK O. VAN NORT (CA SBN 273823)            Los Angeles, California 90017-3543
    DVanNort@mofo.com                           Telephone: (213) 892-5200
4   MORRISON & FOERSTER LLP                     Facsimile: (213) 892-5454
    425 Market Street
5   San Francisco, California 94105-2482        KYLE W.K. MOONEY (*Pro Hac Vice*)
    Telephone: (415) 268-7000                   KMooney@mofo.com
6   Facsimile: (415) 268-7522                   ERIC W. LIN (*Pro Hac Vice*)
                                                ELin@mofo.com
7   RUDY Y. KIM (CA SBN 99426)                  MICHAEL J. DESTEFANO (*Pro Hac Vice*)
    RudyKim@mofo.com                            MDeStefano@mofo.com
8   MORRISON & FOERSTER LLP                     MORRISON & FOERSTER LLP
    755 Page Mill Road                          250 West 55th Street
9   Palo Alto, California 94304-1018            New York, New York 10019-9601
    Telephone: (650) 813-5600                   Telephone: (212) 468-8000
10  Facsimile: (650) 494-0792                   Facsimile: (212) 468-7900

11  Attorneys for Defendant
    PALO ALTO NETWORKS, INC.
12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16  FINJAN LLC,                             Case No. 3:14-CV-04908-JD

17                Plaintiff,                **PALO ALTO NETWORKS,
                                            INC.'S MOTION FOR LEAVE TO
18      v.                                  AMEND ITS INVALIDITY
                                            CONTENTIONS**
19  PALO ALTO NETWORKS, INC.,
                                            Date:  February 3, 2022
20                Defendant.                Time: 10:00 a.m.
                                            Courtroom:  11, 19th Floor
21                                          Judge:  Honorable James Donato

22

23

24

25

26

27

28

## <u>**TABLE OF CONTENTS**</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ........................................................................................................... ii

NOTICE OF MOTION AND MOTION ........................................................................................ 1

RELIEF REQUESTED ................................................................................................................... 1

STATEMENT OF ISSUES ............................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

I.      INTRODUCTION ................................................................................................................ 2

II.     FACTUAL BACKGROUND .............................................................................................. 3

III.    LEGAL STANDARD ........................................................................................................... 5

IV.     ARGUMENT ........................................................................................................................ 5

        A.      PAN Acted Diligently in Amending Its Invalidity Contentions ........................... 5

                1.      PAN Diligently Identified and Disclosed SurfinGate, CheckPoint
                        FireWall-1, and Digital Immune .................................................................. 5

                2.      PAN Diligently Amended Its Contentions Relating to Other Prior
                        Art References and Invalidity Grounds......................................................... 7

        B.      Finjan Will Not Be Prejudiced by PAN's Proposed Amendments........................ 8

                1.      Finjan Will Not Be Prejudiced by PAN's Assertion of SurfinGate,
                        Check Point FireWall-1, and Digital Immune ............................................ 8

                2.      Finjan Will Not Be Prejudiced by PAN's Amendments Relating to
                        Other Prior Art References and Invalidity Grounds ................................... 9

V.      CONCLUSION ................................................................................................................... 10

1

## TABLE OF AUTHORITIES

2

**Cases**                                                                 **Page(s)**

3

*Apple Inc. v. Samsung Elecs. Co.*,

4
    No. CV 12-00630 LHK, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012)....................................5

5

*Cellspin Soft, Inc. v. Garmin Int'l Inc.*,
    No. 17-cv-059354-YGR (KAW), 2021 WL 4923380

6
    (N.D. Cal., Aug. 10, 2021)........................................................................................................8, 9

7

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
    No. C 13-159 CW, 2013 WL 5955548 (N.D. Cal. Nov. 6, 2013) ..............................................5

8

9

*Radware, Ltd. v. F5 Networks, Inc.*,
    No. C-13-2024-RMW, 2014 WL 3728482 (N.D. Cal., July 28, 2014) ......................................6

10

*Sunpower Corp. Sys. v. Sunlink Corp.*,

11
    No. C-08-2807 SBA (EMC), 2009 WL 1657987 (N.D. Cal. June 12, 2009)............................5

12

*THX Ltd. v. Apple, Inc.*,
    No. 13-cv-01161-HSG, 2016 WL 1718137 (N.D. Cal., Apr. 29, 2016).........................6, 7, 8, 9

13

**Statutes**

14

15
35 U.S.C. § 101 ...................................................................................................................................9

16
35 U.S.C. § 102 ...................................................................................................................................9

17
35 U.S.C. § 103 ...................................................................................................................................9

18
35 U.S.C. § 112 ...................................................................................................................................9

19

**Other Authorities**

20
Patent L.R. 3-3 ..............................................................................................................................1, 3

21
Patent L.R. 3-4 ...................................................................................................................................3

22
Patent L.R. 3-6 ..............................................................................................................................1, 5

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 3, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, San Francisco Division, in Courtroom 11 before the Honorable James Donato, Defendant Palo Alto Networks, Inc. ("PAN") will and hereby does submit its motion to move the Court for an Order granting leave for PAN to amend its May 17, 2021 Invalidity Contentions for U.S. Patent No. 7,647,633 (the "'633 Patent"), U.S. Patent No. 8,225,408 (the "'408 Patent"), U.S. Patent No. 7,418,731 (the "'731 Patent"), and U.S. Patent No. 8,141,154 (the "'154 Patent") (collectively, the "Asserted Patents") to include supplemental contentions served on Finjan, LLC ("Finjan") on July 6, 2021 and October 6, 2021.

## RELIEF REQUESTED

Pursuant to Patent Local Rules 3-3 and 3-6, PAN seeks an Order from the Court granting leave for PAN to amend its invalidity contentions for the Asserted Patents to include supplemental invalidity contentions served on Finjan on July 6, 2021 and October 6, 2021.

## STATEMENT OF ISSUES

1.      Whether there is good cause for PAN to amend its invalidity contentions to include (1) The SurfinGate System ("SurfinGate"), (2) The Check Point FireWall-1 System ("Check Point FireWall-1"), and (3) The IBM/Symantec Digital Immune System ("Digital Immune"), as set forth in its supplemental contentions served on Finjan.

2.      Whether there is good cause for PAN to amend its invalidity contentions to address other prior art and invalidity arguments, as set forth in PAN's supplemental contentions served on Finjan.

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     INTRODUCTION**

3

PAN seeks leave to amend its invalidity contentions to rely on prior art known to Finjan

4

and that was at issue in Finjan's previous litigations involving the Asserted Patents ("the Related

5

Finjan Cases").[1]  PAN's proposed amended contentions include (1) amended contentions that

6

expand an already-disclosed prior art reference (Check Point FireWall-1) to a second asserted

7

patent, add two prior art references also previously known to Finjan (SurfinGate and Digital

8

Immune), and include certain additional details clarifying PAN's initial contentions ("July 6

9

Contentions"); and (2) amended contentions comprising claim charts corresponding to PAN's

10

July 6 Contentions ("October 6 Contentions").  These amendments are based on information PAN

11

acquired after the deadline for service of its initial invalidity contentions.  Finjan opposes PAN's

12

motion in its entirety, despite that PAN's amendments include, in part, additional details that

13

Finjan requested PAN include.  Finjan did not inform PAN why it opposes the very amendments

14

it requested.

15

Good cause exists for PAN's amended contentions.  Before serving its initial invalidity

16

contentions, PAN served discovery on Finjan seeking prior art and other information related to

17

invalidity that had been disclosed or exchanged in the Related Finjan Cases.  But Finjan

18

improperly withheld this prior art and other invalidity-related information until after PAN served

19

its initial contentions.  Finjan then pushed PAN for clarifying details regarding PAN's initial

20

contentions—which PAN agreed to provide—but continued to withhold the prior art and other

21

invalidity-related information.  Finjan ultimately produced some information—including claim

22

charts from the Related Finjan Cases for SurfinGate and Digital Immune—and the parties agreed

23

that PAN would serve supplemental invalidity contentions by July 6, 2021.  PAN abided by the

24

parties' agreement.  On July 6, 2021, PAN served supplemental contentions that added

25

26

[1] The Related Finjan Cases include *Finjan v. SonicWall* (N.D. Cal. No. 5:17-cv-04467), *Finjan v. Rapid7* (D. Del. No. 1:18-cv-01519), *Finjan v. Qualys* (N.D. Cal. No. 4:18-cv-07229),

27

*Finjan v. Cisco* (N.D. Cal. No. 5:17-cv-00072), *Finjan v. Juniper* (N.D. Cal. No. 3:17-cv-05659), *Finjan v. ESET* (S.D. Cal. No. 3:17-cv-00183), and *Finjan v. Check Point* (N.D. Cal. No. 3:18-

28

cv-02621).

contentions based on the belatedly-disclosed SurfinGate and Digital Immune, expanded its reliance on Check Point FireWall-1 to another asserted patent, and added certain additional detail to its contentions.  PAN continued to diligently seek discovery related to SurfinGate, Check Point FireWall-1, and Digital Immune.  On October 6, 2021, PAN served limitation-by-limitation claim charts for these prior art references and updated its original contentions.

Critically, Finjan would not suffer any prejudice whatsoever if PAN were permitted to amend its contentions.  Finjan has known about SurfinGate, Check Point FireWall-1, and Digital Immune since long before it filed this action.  These references were each identified as invalidating prior art in the Related Finjan Cases, SurfinGate is Finjan's own product, and PAN disclosed Check Point FireWall-1 in its original contentions.  Moreover, the Court has not yet set any dates for a *Markman* hearing, the close of fact or expert discovery, or trial.  The complete lack of prejudice here is by itself dispositive and warrants granting PAN's motion.

Accordingly, PAN's motion for leave to amend its invalidity contentions should be granted.

## II.    FACTUAL BACKGROUND

The stay of this case was lifted on January 25, 2021.  (Dkt. No. 84.)  In accordance with the procedural schedule, PAN's initial invalidity contentions were due on May 17, 2021.  (*See* Pat. L.R. 3-3, 3-4.)  Long before that deadline, PAN served discovery seeking documents and information concerning prior art and invalidity contentions related to the Asserted Patents from the Related Finjan Cases, including prior art, invalidity contentions, claim charts, expert reports, and deposition and trial transcripts.  (*See, e.g.*, Exs. 1, 2.)[2]  But Finjan failed to produce this discovery, despite PAN's repeated demands that it be produced.  (Exs. 3, 4.)  Finjan acknowledged the deficiencies in its production and promised to produce the withheld materials (Ex. 5) but failed to do so in advance of PAN's May 17, 2021 deadline.  Accordingly, PAN was forced to serve its initial invalidity contentions that day without the benefit of any of this critical

---

[2] References to "Ex. __" are to exhibits to the Declaration of Michael DeStefano, dated December 30, 2021, filed herewith.

1   information from the Related Finjan Cases.  (*See* Ex. 6.)

2          While Finjan continued to withhold prior art and invalidity-related information from the

3   Related Finjan Cases, the parties met and conferred regarding alleged issues related to PAN's

4   invalidity contentions.  On June 8, the parties agreed that PAN would (1) provide a list of

5   obviousness combinations, including primary and secondary references for each combination,

6   (2) identify which references PAN believes are subject to *inter partes* review ("IPR") estoppel if

7   asserted alone or not in combination with a reference not subject to IPR estoppel, and (3) provide

8   additional descriptions for PAN's § 112 defenses.  (Ex. 7 at 1.)  The parties agreed that PAN

9   would supplement its contentions to provide this information on July 6, 2021, in parallel with its

10  preliminary election of prior art references.  (*Id.*)  PAN abided by the parties' agreement.  On

11  July 6, 2021, PAN provided a list of all obviousness combinations that it intended to rely on.

12  (Ex. 8.)  PAN's list included SurfinGate (a Finjan product), Check Point FireWall-1, and Digital

13  Immune.  (*Id.* at 10-11, 22-24.)  Finjan had been aware of these product references for years

14  because all of them had been asserted against the Asserted Patents in the Related Finjan Cases.

15         Finjan subsequently requested that PAN serve supplemental claim charts providing more

16  detail about the obviousness combinations that PAN disclosed in Appendix A to PAN's July 6

17  Contentions.  (Ex. 9 at 1-2.)  PAN worked to diligently serve these supplemental claim charts as

18  soon as possible but was thwarted by Finjan's continued obfuscation and delay.   (Exs. 10, 11.)

19  For example, PAN specifically identified the materials it needed in order to complete the

20  supplemental claim charts.  (Ex. 12 at Appx. A (citing specific documents related to SurfinGate

21  and Check Point FireWall-1).)  PAN also identified additional materials relevant to invalidity that

22  Finjan had thus far failed to produce, including expert reports, deposition transcripts of fact and

23  expert witnesses, and trial transcripts of fact and expert witnesses.  (*Id*. at 1-2.)  But Finjan did not

24  provide the necessary information. (*See* Ex. 13.)

25         PAN was therefore stalled for weeks while it tried to finalize and serve supplemental

26  claim charts.  For example, although Finjan produced Check Point FireWall-1-related claim

27  charts from the Related Finjan Cases, it continued improperly to withhold the cited documents

28  and source code.  (Ex. 14; Ex. 15 at 1.)  On September 2, PAN wrote to Finjan (1) stating that

1   Finjan's refusal to produce information about its own product (SurfinGate) was improper,

2   (2) requesting more information about Finjan's refusal to produce confidential information

3   (including documents related to Check Point FireWall-1), and (3) pointing out that Finjan still had

4   not provided many documents from the Related Finjan Cases.  (Ex. 16.)  Finjan responded that it

5   would not provide any of this information and the parties were unable to resolve this dispute.

6   (Ex. 17.)  PAN determined that it could wait no longer and that it would serve amended claim

7   charts based on the limited information that Finjan had produced.  On October 6, 2021, PAN

8   served supplemental limitation-by-limitation claim charts corresponding to its July 6 Contentions.

9   (*See* Exs. 10, 11.)  PAN still does not have all the materials necessary to prepare complete claim

10  charts for SurfinGate and Check Point FireWall-1.  Finjan continues to refuse to produce any

11  additional documents related to SurfinGate.

12  ## III.   LEGAL STANDARD

13          Patent Local Rule 3-6 permits a party to amend its contentions upon a "timely showing of

14  good cause."  A showing of diligence is sufficient to establish good cause in the absence of undue

15  prejudice.  *See Sunpower Corp. Sys. v. Sunlink Corp.*, No. C-08-2807 SBA (EMC), 2009 WL

16  1657987, at *1-2 (N.D. Cal. June 12, 2009).  Courts have also found good cause to amend where

17  there is a lack of prejudice regardless of diligence.  *See Linex Techs., Inc. v. Hewlett-Packard Co.*,

18  No. C 13-159 CW, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6, 2013); *see also Apple Inc. v.*

19  *Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *6 (N.D. Cal. Nov. 15, 2012)

20  (granting leave to amend infringement contentions despite no showing of diligence because of

21  lack of prejudice to defendants).  As demonstrated below, PAN easily satisfies this standard

22  because it acted diligently and its proposed amendments would not prejudice Finjan in any way

23  whatsoever.

24  ## IV.   ARGUMENT

25          ### A.   PAN Acted Diligently in Amending Its Invalidity Contentions

26                  #### 1.   PAN Diligently Identified and Disclosed SurfinGate, CheckPoint
                             FireWall-1, and Digital Immune

27          Good cause exists for PAN to amend its invalidity contentions to include SurfinGate,

28

Check Point FireWall-1, and Digital Immune.  PAN diligently requested materials from the Related Finjan Cases on several occasions leading up to the deadline for its original invalidity contentions.  (*See, e.g.*, Exs. 3, 4.)  Finjan acknowledged that it had a duty to provide these materials (Ex. 5), but failed to provide any of them until June 2, 2021.  PAN then promptly supplemented its contentions by July 6, 2021, a deadline that the parties had agreed to for supplemental contentions.

PAN was diligent in its disclosure of Check Point FireWall-1 against the '731 Patent.  PAN requested Check Point documents numerous times before serving its original contentions.  (*See, e.g.*, Ex. 4 at 1 ("We also expect this production to include prior art identified in all other Finjan cases, ***including Check Point (3:18-cv-02621)*** – a Finjan case that was not identified in your letter.") (emphasis in original).)  On June 2, 2021, Finjan served for the first time a claim chart from a Related Finjan Case that contained source code mappings from Check Point FireWall-1.  These source code mappings provided sufficient information for PAN to have a basis to assert Check Point FireWall-1 against the '731 Patent.  *See Radware, Ltd. v. F5 Networks, Inc.*, No. C-13-2024-RMW, 2014 WL 3728482, at *2-3 (N.D. Cal., July 28, 2014) (finding good cause to amend where relevant source code was discovered, identified and received after infringement contentions were already served).  PAN's diligence in seeking these materials supports good cause.

PAN likewise diligently served its amended contentions related to SurfinGate and Digital Immune.  As with Check Point FireWall-1, PAN had requested documents from the Related Finjan Cases.  (Ex. 4 at 1-2.)  When Finjan provided a subset of materials from the Related Finjan Cases on June 2, 2021, those materials included claim charts mapping SurfinGate and Digital Immune to the Asserted Patents.  These newly discovered claim charts, which had been improperly withheld by Finjan, constitute new evidence and by themselves constitute good cause for PAN to amend its invalidity contentions.  *See THX Ltd. v. Apple, Inc.*, No. 13-cv-01161-HSG, 2016 WL 1718137, at *1-3 (N.D. Cal., Apr. 29, 2016) (granting leave to amend five months after receiving documents corroborating prior art previously identified as possible prior art by the moving party).  PAN asserted these references on July 6, 2021, the agreed-upon date by the

1   parties for service of PAN's supplemental invalidity contentions.

2          PAN's diligence continued after July 6, 2021.  For example, to provide complete claim

3   charts for Check Point FireWall-1, PAN requested that Finjan produce the underlying source code

4   contained in the newly discovered Check Point FireWall-1 claim chart.  (Ex. 12 at 1.)  When

5   Finjan confirmed that it did not have the underlying source code in its possession, custody or

6   control on August 27, 2021 (Ex. 15 at 4), PAN prepared claim charts with the excerpts it had on

7   hand.  PAN also diligently requested documents related to SurfinGate.  (Ex. 16.)  During the

8   course of those requests, Finjan refused to produce any additional documents related to

9   SurfinGate.  (*See, e.g.*, Ex. 15 at 1; Ex. 17 at 1.)  In light of that refusal, PAN served its claim

10  charts with the subset of materials Finjan has chosen to provide.  PAN served all of its claim

11  charts simultaneously, and is moving to amend after serving all amended contentions, for

12  purposes of judicial economy.  *THX*, 2016 WL 1718137, at *2 (filing of serial motions to amend

13  early in the case would "elevat[e] form over substance and inefficiently use[] the resources of the

14  Court and the parties.").

15              **2.      PAN Diligently Amended Its Contentions Relating to Other Prior Art
                          References and Invalidity Grounds**

16

17         PAN acted with diligence regarding amendments to its invalidity contentions concerning

18  other prior art and invalidity arguments (collectively, "Other Sections").  Finjan requested that

19  PAN supplement its invalidity contentions on July 6, and PAN agreed to do so.  (Ex. 7 at 1.)

20  Finjan therefore requested PAN's amendments to include the Other Sections.

21         PAN has also exhibited good cause to amend its invalidity contentions to include the

22  claim charts it served on Finjan on October 6, 2021 related to the Other Sections.  Finjan

23  requested that PAN provide claim charts including all of PAN's asserted obviousness

24  combinations.  (*Id.*)  PAN indicated that it would serve amended claim charts once it received the

25  underlying documents necessary to create those claim charts.  (Ex. 12 at 1 ("Finjan's continuing

26  failure to timely supplement its production of these materials has prejudiced Palo Alto Networks'

27  []ability to complete its invalidity contentions.").)  The obviousness combinations themselves

28  were served on Finjan on July 6, 2021, as requested by Finjan.  (*See* Ex. 6.)  Good cause exists to

1    amend, because PAN diligently requested documents that were necessary to accommodate

2    Finjan's request for more detailed claim charts.  Any delay was caused by Finjan.  Soon after

3    Finjan confirmed it would give no more documents to PAN, PAN served its October 6

4    Contentions.

5            **B.      Finjan Will Not Be Prejudiced by PAN's Proposed Amendments**

6                    **1.      Finjan Will Not Be Prejudiced by PAN's Assertion of SurfinGate,**
                           **Check Point FireWall-1, and Digital Immune**
7
             Finjan will not be prejudiced by any of PAN's amendments.  PAN repeatedly told Finjan
8
     that PAN intended to rely on material from the Related Finjan Cases, which included Check Point
9
     Firewall-1, SurfinGate, and Digital Immune.  (*See, e.g.*, Ex. 3 at 1, Ex. 4.)  PAN also reserved its
10
     right to amend based on forthcoming materials from the Related Finjan Cases in its May 17, 2021
11
     contentions.  (*See, e.g.*, Ex. 6 at 5 ("To date, Finjan has not produced all relevant discovery
12
     requested by PAN regarding, among other things, prior art systems and products; therefore, PAN
13
     reserves the right to raise any such or further deficiencies with Finjan and/or the Court as needed
14
     and further reserves the right to amend, modify, and/or supplement its Contentions.").)  As such,
15
     Finjan cannot now claim to be prejudiced.  *See THX*, 2016 WL 1718137, at *1-3 (granting leave
16
     to amend where notice of intent to amend based on new prior art was conveyed to non-moving
17
     party); *Cellspin Soft, Inc. v. Garmin Int'l Inc.*, No. 17-cv-059354-YGR (KAW), 2021 WL
18
     4923380, at *2 (N.D. Cal., Aug. 10, 2021) (finding that even if diligence was lacking, prior notice
19
     of new, relevant prior art did not prejudice plaintiff).
20
             In addition, each of the relevant prior art references has been previously asserted against
21
     Finjan in the Related Finjan Cases in connection with the very same Asserted Patents.  This
22
     additional prior notice further cuts against any possible prejudice to Finjan.  *Cellspin*, 2021 WL
23
     4923380, at *2.  Similarly, each of PAN's contentions against Check Point FireWall-1,
24
     SurfinGate and Digital Immune are based on prior allegations of invalidity levied on Finjan in
25
     claim charts produced by Finjan.  Finjan knew about each of these allegations prior to May 17,
26
     2021, and cannot be prejudiced by having them alleged by PAN in another case.  For SurfinGate
27
     in particular, there is no prejudice to Finjan.  SurfinGate is a Finjan product that embodies
28

Finjan's patents.  Finjan cannot claim surprise by having its own product again asserted against it here.

Finally, despite being filed long ago, this case remains in the very early stages.  The Court has yet to set a deadline for the close of discovery, and there is plenty of time for Finjan to conduct whatever fact and expert discovery it deems warranted in connection with Check Point FireWall-1, SurfinGate, and Digital Immune.  *THX*, 2016 WL 1718137, at *3 (stating lack of prejudice is "especially evident" where the Court has not yet set a discovery deadline, and where the amendments did not alter any claim construction theories).

Accordingly, even had PAN not exercised the diligence that it did, good cause to amend exists because the amendments do not prejudice Finjan.  *Cellspin*, 2021 WL 4923380, at *2 ("[T]he Court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party" (internal quotations and citations omitted)).

## 2. Finjan Will Not Be Prejudiced by PAN's Amendments Relating to Other Prior Art References and Invalidity Grounds

Finjan also was not prejudiced by the Other Sections of PAN's July 6 and October 6 Contentions.  All invalidity grounds which PAN included in the Other Sections were timely disclosed to Finjan on May 17, 2021, including all §§ 101, 102, 103, and 112 grounds.  The only information which PAN added was additional detail about its arguments on July 6, and further additional detail in its claim charts on October 6.  Finjan cannot claim it is prejudiced by these additional details because every detail was included at Finjan's request.  Moreover, the vast majority of the prior art references included in PAN's Other Sections were asserted years ago against Finjan in the Related Finjan Cases.

Finally, Finjan cannot claim it is prejudiced because there is sufficient time for Finjan to seek discovery regarding PAN's Other Sections.  A schedule for dates beyond claim construction briefing have not yet been set, and no discovery deadlines have been ordered.  Accordingly, Finjan will have a plethora of opportunities to seek discovery from PAN, depose PAN's witnesses, and examine PAN's Amended Contentions.

1

**V.    CONCLUSION**

2        For the foregoing reasons, PAN respectfully requests that the Court grant it leave to

3   amend its invalidity contentions.

4

5

6   Dated: December 30, 2021                      MORRISON & FOERSTER LLP

7

8                                          By:    _/s/ Diek O. Van Nort_
                                                 Diek O. Van Nort
9
                                                 Attorneys for Defendant
10                                               PALO ALTO NETWORKS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28