# Exhibit 1

1  MICHAEL A. JACOBS (BAR NO. 111664)
   Email: MJacobs@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California  94105-2482
   Telephone:      (415) 268-7000
4  Facsimile:      (415) 268-7522

5  RUDY Y. KIM (BAR NO. 199426)
   Email: RKim@mofo.com
6  MORRISON & FOERSTER LLP
   755 Page Mill Road
7  Palo Alto, California 94304-1018
   Telephone:      (650) 813-5600
8  Facsimile:      (650) 494-0792

9  Attorneys for Defendant
   PALO ALTO NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FINJAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> PALO ALTO NETWORKS, INC., <br><br> Defendant. | CASE NO. 3:14-CV-04908-EMC <br><br> **PALO ALTO NETWORKS, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO FINJAN, INC. (NOS. 1-86)** <br><br> Judge:  Honorable Edward M. Chen |

otherwise within your possession, custody, or control, at the time of the service of the answers or thereafter.

3. If you claim that a request is in any way objectionable, specifically identify that aspect of the request that you claim to be objectionable and explain why such aspect is objectionable, and respond to the portion of the request believed to be unobjectionable. By this instruction PAN does not waive its right to seek a full and complete response to any request as to which you interpose any objection.

4. With respect to any information withheld based on a claim of privilege, attorney work product, or otherwise, describe the information withheld, the author/creator, the recipients/intended recipients, the date of creation, and the basis for withholding the information sufficient to permit the Court to evaluate Finjan's basis for withholding it.

5. These requests, definitions, and instructions are propounded for the purpose of discovery and are not to be taken as waiving any objections which may be made at any hearing in this Action to the introduction of any evidence relating to the subject matter of these requests or as an admission of the relevance or materiality of the subject matter of these requests.

6. These requests are continuing in nature. To the extent that your responses to any of these requests may at any time be supplemented, changed, or otherwise affected by information acquired by Finjan subsequent to service of its responses, PAN requests Finjan to promptly serve supplemental responses reflecting such changes in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Prior Art identified by any other entity – including without limitation, any Prior Art or alleged Prior Art disclosed to Finjan in any Invalidity Contentions, invalidity claim charts, or other communication.

**REQUEST FOR PRODUCTION NO. 2:**

All Prior Art identified by, or otherwise known to Finjan.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 4:**

All documents concerning the Related Applications and Patents.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning inventorship of the alleged inventions disclosed and claimed in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning the inventors of the alleged inventions disclosed and claimed in the Asserted Patents, including, without limitation, all personnel and employment history files for all of the inventors, all employment agreements, and all resumes and curriculum vitae.

**REQUEST FOR PRODUCTION NO. 7:**

All communications between any of the named inventors of the Asserted Patents regarding the Asserted Patents, any Related Applications and Patents, this Action, including contemplation of this Action, any reexamination proceedings, or any other legal proceeding relating to the Asserted Patents or Related Applications and Patents.

**REQUEST FOR PRODUCTION NO. 8:**

All documents authored, co-authored, presented, or co-presented, by any of the inventors of the Asserted Patents concerning the subject matter disclosed or claimed in the Asserted Patents, including, but not limited to, any article, book, publication, notebook, note, presentation, or technical writing.

person and all documents that support or refute your proposed construction or interpretation of any such claim, claim limitation, or term.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning any description (written or oral) of any claim of the Asserted Patents, including, without limitation, all "invention disclosures" and other written descriptions authored by any named inventor(s) of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 26:**

All documents concerning the validity, enforceability, infringement, patentability, or scope of any claim of the Asserted Patents or the Related Applications and Patents.

**REQUEST FOR PRODUCTION NO. 27:**

All documents concerning any opinion (including, without limitation, opinions of counsel) or other analysis, regarding infringement, validity, patentability, or enforceability of any of the Asserted Patents or the Related Applications and Patents, including, without limitation, any patents, publications, Prior Art, or prior devices identified through and/or relied upon in any such analysis.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning any patentability, validity, infringement, enforceability, state of the art, or Prior Art search, study, or analysis relating to the subject matter disclosed or claimed in the Asserted Patents or Related Applications and Patents, including, without limitation, documents obtained as a result of such search, study, or analysis.

**REQUEST FOR PRODUCTION NO. 29:**

All documents or communications in which any person asserts that any Asserted Claim is invalid or unenforceable, including, without limitation, any Invalidity Contentions under Patent Local Rule 3-3 prepared by any party to any legal proceeding relating to the Asserted Patents or

Related Applications and Patents, and any other related documents, their subject matter, and any response to any such assertion.

**REQUEST FOR PRODUCTION NO. 30:**

All documents concerning patents, publications, products, documents, or events which have been or are asserted by any third party to be Prior Art to any of the Asserted Patents or any Related Applications and Patents, including, without limitation, internal documents that describe or analyze such Prior Art.

**REQUEST FOR PRODUCTION NO. 31:**

All documents concerning patents, publications, products, documents, or events which have been or are asserted by Finjan or any inventor of an Asserted Patent or Related Applications and Patents to be Prior Art to any of the Asserted Patents or any Related Applications and Patents, including, without limitation, internal documents that describe or analyze such Prior Art.

**REQUEST FOR PRODUCTION NO. 32:**

All documents that have ever been cited or otherwise referred to by any person as relevant to the scope, validity, or enforceability of any of the claims of any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 33:**

All documents concerning any mode known or contemplated by the inventors of the Asserted Patents for practicing any alleged invention disclosed or claimed in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 34:**

All documents or communications in which any person asserts that any specification or claim in any Asserted Patent is defective and/or fails to comply with 35 U.S.C. § 112 and any other documents relating to such communication, the subject matter of the communication, and any response to any such assertion.

**REQUEST FOR PRODUCTION NO. 35:**

All documents prepared by any third-party concerning any search for Prior Art or analysis of Prior Art for the subject matter disclosed and claimed in each of the claims of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 36:**

All documents prepared by Finjan or any inventor of an Asserted Patent or Related Applications and Patents concerning any search for Prior Art or analysis of Prior Art for the subject matter disclosed and claimed in each of the claims of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 37:**

All documents concerning differences or similarities between the scope of any claim of the Asserted Patents and Prior Art, potential Prior Art, or alleged Prior Art to the Asserted Patents, including, without limitation, documents relating to any comparison, analysis, testing, or data with regard to any Prior Art and any invention claimed in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 38:**

All documents showing the state of the art relative to the subject matter shown, described, and/or claimed in the Asserted Patents on or before the respective filing dates of the applications leading to issuance of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 39:**

All documents and things concerning the first United States and foreign sale of any product embodying, practicing, or manufactured in accordance with the alleged inventions claimed in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and things concerning the first United States and foreign offer for sale of any product embodying, practicing, or manufactured in accordance with the alleged inventions claimed in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and things concerning the first United States and foreign use of any product embodying, practicing, or manufactured in accordance with the alleged inventions claimed in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 42:**

All documents concerning any secondary considerations (also known as objective indicia) relating to the alleged nonobviousness of the claimed subject matter in each Asserted Patent, including without limitation: any long-felt but unfulfilled need, unexpected results, failure of others, commercial success, acquiescence, license granted to the Asserted Patents, professional approval, lack of contemporaneous invention, prior skepticism, copying or laudatory statements by others, and the nexus between each alleged indicia of nonobviousness and each Asserted Claim to which that indicia allegedly applies.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and things relating to whether the relevant industry or industries allegedly recognized the significance of the inventions disclosed or claimed in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning any PAN Accused Product.

**REQUEST FOR PRODUCTION NO. 85:**

All documents produced by you to any third party, or produced to you by any third party, related to this Action, including without limitation in response to a subpoena or any other request.

**REQUEST FOR PRODUCTION NO. 86:**

To the extent not called for or produced in response to any other document request, all documents related in any way to any claims or defenses in this Action.

Dated: January 23, 2015  MORRISON & FOERSTER LLP

By: */s/ Rudy Y. Kim*
       Rudy Y. Kim

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

I hereby certify that a copy of **PALO ALTO NETWORKS, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO FINJAN, INC. (NOS. 1-86)** was served on January 23, 2015, as indicated, on the following:

By electronic mail on January 23, 2015:

> Paul Andre (State Bar No. 196585)
> pandre@kramerlevin.com
> Lisa Kobialka (State Bar No. 191404)
> lkobialka@kramerlevin.com
> James Hannah (State Bar No. 237978)
> jhannah@kramerlevin.com
>
> *Attorneys for Plaintiff*
> FINJAN, INC.

I certify under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  January 23, 2015

_____
Efrain Staino

sf- 3497246