# Exhibit 3

MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

April 15, 2021

Writer's Direct Contact
+1 (212) 336.4278
ELin@mofo.com

*By Email*

Jared A. Smith
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130

Re:   *Finjan LLC v. Palo Alto Networks, Inc.*, Case No.14-cv-04908-PJH (N.D. Cal.)

Counsel:

We are writing regarding Finjan's deficient responses to Palo Alto Networks' ("PAN") discovery requests. We are continuing to review Finjan's Patent L.R. 3-2 document production accompanying its infringement contentions served on April 1, 2021, but Finjan has not supplemented its discovery responses and has made just one substantive production since the stay was lifted more than two months ago on January 25, 2021. Notwithstanding Finjan's obligation to timely supplement its responses to all of PAN's discovery requests, we have set forth below specific deficiencies that must be promptly resolved in view of deadlines that fast approach, *e.g.*, PAN's invalidity contentions, claim construction disclosures, and Finjan's damages contentions.

**Request for Production Nos. 1, 2, 26-32, 38-41, 85, 86 and Interrogatory Nos. 1, 2.**
Finjan should promptly supplement its production with and responses to identify all prior art (*e.g.*, patent publications, non-patent literature, prior art instrumentalities, prior art devices, system prior art) to the asserted patents and related patents that have been disclosed to Finjan in any invalidity contentions, claim charts, or other communications in Finjan cases involving the asserted patents and related patents. These other Finjan cases include, but are not limited to, SonicWall (5:17-cv-04467), Rapid7 (1:18-cv-01519), Qualys (4:18-cv-07229), Cisco (5:17-cv-00072), Juniper Networks (3:17-cv-05659), and ESET (3:17-cv-00183).

ny-2089259

MORRISON | FOERSTER

Jared A. Smith
April 15, 2021
Page Two

**Request for Production Nos. 10, 11, 21, 24, 26-32, 38-41, 66-71, 85, 86**.  Finjan should promptly supplement its production with all documents filed, submitted, served, or exchanged in Finjan cases involving the asserted patents and related patents, including but not limited to validity/invalidity contentions, infringement/non-infringement contentions, claim construction disclosures, expert reports, any claim charts or appendices to the foregoing, damages contentions, and fact and expert testimony (*e.g.*, deposition transcripts, trial transcripts, video, declarations, affidavits).  These Finjan cases include but are not limited to SonicWall (5:17-cv-04467), Rapid7 (1:18-cv-01519), Qualys (4:18-cv-07229), Cisco (5:17-cv-00072), Juniper Networks (3:17-cv-05659), and ESET (3:17-cv-00183).

**Request for Production Nos. 14, 42, 75-78 and Interrogatory Nos. 5, 9**.  We are in receipt of Finjan's production of "Comparable License Agreements" in alleged satisfaction of Patent L.R. 3-2(g).  We assume Finjan's production in that regard is complete at this time with respect to "[a]ll agreements that the the party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation."  To the extent it is not (PAN reserves its rights in that regard), Finjan should promptly supplement its production with all documents concerning agreements related to the asserted patents and related patents, including but limited to settlement agreements, license agreements, purchase agreements, assignment agreements, or other agreements entered into in connection with any Finjan case, including but not limited to Check Point (3:18-cv-02621).  Finjan should likewise supplement its response to Interrogatory Nos. 5 and 9 to describe those licenses and identify persons most knowledgeable.

**Request for Production Nos. 3, 4, 14, 26-29, 32, 58-64, 75-78, 82, 86 and Interrogatory Nos. 4, 5**.  Finjan should promptly supplement its production and responses with all documents concerning its sale to affiliates of Fortress Investment Group LLC, completed on July 24, 2020, including but not limited to any valuation, study, investigation, or analysis of the asserted patents and related patents that was conducted in connection with the diligence, sale, or closing.  Finjan should likewise supplement its response to Interrogatory Nos. 4 and 5 to describe those valuations, studies, investigations, or analyses and identify persons most knowledgeable.

**Request for Production No. 5-9, 12, 13**. Finjan should promptly supplement its production with all documents concerning the named inventors of the asserted patents regarding the asserted patents and related patents, including but not limited to communications, agreements, and payment or compensation made (*e.g.*, to Mr. Shlomo Touboul) in connection with Finjan cases and enforcement or licensing of Finjan patents.

\* \* \*

ny-2089259

MORRISON | FOERSTER

Jared A. Smith
April 15, 2021
Page Three

We can be available to meet and confer and look forward to Finjan promptly supplementing its production and responses.

Sincerely,

*/s/ Eric W. Lin*

Eric W. Lin