# Exhibit 4

**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

May 12, 2021

Writer's Direct Contact
+1 (212) 336.4278
ELin@mofo.com

*By Email*

Phillip W. Goter
Fish & Richardson P.C.
60 South Sixth Street
Minneapolis, MN 55402

Re:     *Finjan LLC v. Palo Alto Networks, Inc.*, Case No.14-cv-04908-PJH (N.D. Cal.)

Counsel:

We are writing in response to your April 23 letter. Despite your assurances, Finjan has yet to supplement its document production or its discovery responses to address the specific deficiencies set forth in our April 15 letter. Finjan's failure to timely supplement its production and responses has already been and continues to be significantly prejudicial to Palo Alto Networks' ("PAN") ability to prepare its invalidity contentions as well as its preparation for other case deadlines that are fast approaching, *e.g.*, the parties' claim construction disclosures, Finjan's damages contentions, and PAN's responsive damages contentions.

**Request for Production Nos. 1, 2, 26-32, 38-41, 85, 86 and Interrogatory Nos. 1, 2**. We appreciate your confirmation that Finjan will supplement its production with and responses to identify all prior art that has been disclosed to Finjan in any invalidity contentions, claim charts, or other communications in SonicWall (5:17-cv-04467), Rapid7 (1:18-cv-01519), Qualys (4:18-cv-07229), Cisco (5:17-cv-00072), Juniper Networks (3:17-cv-05659), and ESET (3:17-cv-00183). We also expect this production to include prior art identified in all other Finjan cases, *including Check Point (3:18-cv-02621)* – a Finjan case that was not identified in your letter. Finjan should promptly complete this supplementation.

**Request for Production Nos. 10, 11, 21, 24, 26-32, 38-41, 66-71, 85, 86**. We appreciate your confirmation that Finjan will supplement its production with *all* documents filed,

ny-2108366

MORRISON | FOERSTER

Phillip W. Goter
May 12, 2021
Page Two

submitted, served, or exchanged in SonicWall (5:17-cv-04467), Rapid7 (1:18-cv-01519), Qualys (4:18-cv-07229), Cisco (5:17-cv-00072), Juniper Networks (3:17-cv-05659), and ESET (3:17-cv-00183). These include but are not limited to validity/invalidity contentions, infringement/non-infringement contentions, claim construction disclosures, expert reports, any claim charts or appendices to the foregoing, damages contentions, and fact and expert testimony (*e.g.*, deposition transcripts, trial transcripts, video, declarations, affidavits). Like with the requested prior art supplementation, we also expect this production to include such documents from all other Finjan cases, **including Check Point (3:18-cv-02621)**. Finjan should promptly complete this supplementation.

**Request for Production Nos. 14, 42, 75-78 and Interrogatory Nos. 5, 9**. We appreciate your confirmation that Finjan has completed its production of "Comparable License Agreements" in alleged satisfaction of Patent L.R. 3-2(g). However, Finjan has not yet supplemented its response to Interrogatory Nos. 5 and 9 to describe those licenses and identify persons most knowledgeable. Finjan should promptly complete this supplementation.

**Request for Production Nos. 3, 4, 14, 26-29, 32, 58-64, 75-78, 82, 86 and Interrogatory Nos. 4, 5**. We disagree that documents concerning Finjan's sale to affiliates of Fortress Investment Group LLC ("Fortress") are covered under a blanket designation of "attorney-client privilege, work-product privilege, and the common interest doctrine." As an initial matter, documents and communications exchanged between Finjan and Fortress and relating to valuation of the asserted patents are highly relevant to the issue of a reasonable royalty. *See, e.g.*, *Finjan LLC v. ESET, LLC et al.*, No. 3:17-cv-00183-CAB-BGS, ECF No. 873, at 12-21 (S.D. Cal. Apr. 20, 2021); *Uniloc USA, Inc. v. Apple Inc.*, No. 19-cv-01692-EJD (VKD), 2020 WL 4368207, at *2 (N.D. Cal. July 30, 2020). Finjan has not established any privilege or protection as to those documents or a common interest with Fortress. Even if Finjan did establish any claim of privilege, Finjan clearly waived any privilege or protection when it exchanged these documents with Fortress during negotiations. Finjan and Fortress did not have a common legal interest at that time. To the contrary, the sale of Finjan to Fortress was an arms-length transaction negotiated by two unrelated parties and their counsel.[1]

Accordingly, Finjan should promptly produce these highly relevant and non-privileged documents. Finjan should also produce any valuation documents exchanged with other third party entities when it was looking for transaction partners during the 2018-2020 time frame. If Finjan maintains its claims of privilege and/or common interest for any of these documents, it should provide a privilege log identifying those documents withheld in whole

---

[1] Confirming the lack of privilege or confidentiality is that many of these same documents may have also been shared with a number of other third party entities looking to transact with Finjan during the 2018-2020 time frame.

ny-2108366

MORRISON | FOERSTER

Phillip W. Goter
May 12, 2021
Page Three

or in part based on any claim of alleged privilege. *See ESET*, ECF No. 849, at 12 (S.D. Cal. Jan. 6, 2021) ("The Court further ordered Finjan to provide a privilege log, which Finjan served on ESET on December 30, and revised on December 31."). The privilege log should be sufficiently particularized such that the merits of the claim of privilege or non-disclosure may be assessed. PAN reserves its right with respect to this issue including seeking relief from Judge Hamilton if the parties reach an impasse.



\* \* \*

We can be available to meet and confer and look forward to Finjan promptly supplementing its production and responses.

Sincerely,

Eric W. Lin

ny-2108366