# Exhibit 9



Fish & Richardson P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402

612 335 5070 main
612 288 9696 fax

July 15, 2021

**Phillip W. Goter**
Principal
goter@fr.com
612 337 2535  direct

*VIA EMAIL (dvannort@mofo.com)*

Diek O. Van Nort
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

Re:     *Finjan LLC v. Palo Alto Networks, Inc.*
        Case No. 4:14-cv-04908 (N.D. Cal.)

Counsel:

We are in receipt of PAN's proposed supplemental invalidity contentions[1] and preliminary election of prior art dated July 6, 2021.

First, upon initial review of PAN's preliminary election of asserted prior art, Finjan has determined that PAN has elected two previously non-asserted prior art references: Digital Immune and SurfinGate. *Compare* PAN's Invalidity Contentions and Related Disclosures Pursuant to Patent Local Rules 3-3 and 3-4 *with* PAN's Preliminary Election of Asserted Prior Art.  The parties' stipulation and the Court's Order regarding the Case Narrowing Schedule states that PAN's preliminary election was to select art in its previously asserted invalidity contentions—not identify new art.  ECF 126 at 1 ("Not later than July 6, 2021, PAN shall serve a Preliminary Election of Asserted Prior Art, *which shall assert from prior art previously asserted in its Invalidity Contentions* (Patent L.R. 3-3) no more than 12 prior art references per patent and no more than a total of 30 reference across all Patents-in-Suit.")  PAN now asserts Digital Immune and SurfinGate.  What is PAN's basis for adding this new art at this time?

Second, PAN has not served any invalidity claim charts for Digital Immune or SurfinGate against any asserted patent, and it has not served a claim chart for CheckPoint Firewall-1 against the '731 Patent. Patent Local Rule 3-3(c) requires "a chart identifying specifically where and how in each alleged item of prior art each limitation of the asserted claim is found." During the parties' earlier meet and confer discussions on this topic, PAN agreed via email that uncharted prior art may not be used to assert anticipation or obviousness, but may be used only as background art. *See* PAN's June 13, 2021 email from Van Nort to Smith. To the extent PAN

---

[1] Finjan notes that PAN has not filed a motion to amend its invalidity contentions in accordance with the requirements set forth in Patent Local Rule 3-6.



**Diek O. Van Nort**
July 15, 2021
Page 2

asserts that it may rely on unidentified or undisclosed invalidity theories of past defendants, please provide your basis for such a belief.  The Patent Local Rules do not permit PAN to "rely" on the invalidity contentions of every (or any) previous defendant. Instead, PAN was required to provide ***its contentions*** and invalidity theories.

Third, PAN's invalidity claim charts remain deficient, and fail to provide Finjan with any notice of PAN's invalidity theories. We identified these deficiencies to PAN during the previous meet and confer, and provided the *Slot Speaker* case, which found contentions with even more detail than PAN has provided here were deficient. In your June 13 email, you represented that PAN was considering amending its charts to provide more detail, but PAN did not do so.  We note that case law in this district requires the same level of detail in infringement and invalidity contentions, and that PAN falls far short of the standards it seeks to impose upon Finjan in its motion to strike Finjan's infringement contentions.  We request that PAN immediately supplement its existing claim charts to add annotations, narratives, and other necessary information such that Finjan has adequate notice of PAN's theories as to which portions of each reference teach each element of the claims or confirm that it does not plan to do so.

We look forward to your prompt response.

Sincerely,

*/s/ Phillip W. Goter*

Phillip W. Goter

PWG:trj