# Exhibit 13



Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130

858 678 5070 main
858 678 5099 fax

August 13, 2021

**Jared A. Smith**
Associate
jasmith@fr.com
858 678 4702 direct

Diek O. Van Nort
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
dvannort@mofo.com

*Re: Finjan, Inc. v. Palo Alto Networks, Inc., Case No. 14-cv-04908 (JD) (N.D. Cal.)*

Counsel,

We write in response to your July 30, 2021 letter concerning PAN's proposed supplemental invalidity contentions[1] and preliminary election of prior art dated July 6, 2021. We address each of the issues raised in your letter below.

First, PAN knew or should have known of the existence of SurfinGate and Digital Immune systems long before PAN served its May 17, 2021 invalidity contentions. PAN's proposed supplemental invalidity contentions add SurfinGate as an alleged prior art system against the '731 Patent. Your letter asserts that "PAN could not have expressly identified SurfinGate or Digital Immune in its initial invalidity contentions on May 17, 2021, because Finjan had failed to provide information regarding those references to PAN despite PAN's repeated requests." This is demonstrably false. SurfinGate is identified on the second page of the '731 Patent, in the "Other Publications" section.[2] SurfinGate also appears numerous times in the prosecution history of the '731 Patent, and is even described as "[a]pplicant's own prior art."[3] SurfinGate is further identified in the '633, '408, '926, and '494 Patents and respective prosecution histories. Finally, in IPR2016-01443 against the '494 Patent, the PTAB discussed SurfinGate in its Decision Denying Institution.[4]

---

[1] Finjan notes that PAN still has not filed a motion for leave to amend its invalidity contentions in accordance with the requirements set forth in Patent Local Rule 3-6.
[2] '731 Pat. at p. 2 ("'Products" Article published on the Internet, "Revolutionary Security for A New Computing Paradigm' regarding ***SurfinGate™*** 7 pages.") (emphasis added).
[3] '731 Prosecution History, July 23, 2007 Amendment and Response at 16 ("Moreover, the word "profile"' only appears in Ji with reference to prior art (in particular ***Applicant's own prior art, SurfinGate***, which is described in the parent of the present application, US Serial No. 08/964,388 filed on November 6, 1997 and entitled SYSTEM AND METHOD FOR PROTECTING A COMPUTER AND A NETWORK FROM HOSTILE DOWNLOAD ABLES).") (emphasis added).
[4] *See* IPR2016-01443, Paper 13 (Jan. 23, 2017) at n. 7.





Similarly, Digital Immune is identified under "Other References" in several Finjan patents. For example, U.S. Patent No. 9,219,755, titled "Malicious mobile code runtime monitoring system and methods" that issued December 22, 2015, identifies Digital Immune in the "Other Publications" section.[5] Similar identification of Digital Immune is also found in U.S. Patent Nos. 9,189,621 (issued November 17, 2015) and 9,444,844 (issued September 13, 2016), both sharing the same title as the '755 Patent. In the end, PAN has no excuse for its failure to identify SurfinGate and Digital Immune in its May 17, 2021 invalidity contentions. And, contrary to PAN's assertion, Finjan is prejudiced by this untimely disclosure of new references. Finjan therefore objects to PAN's addition of SurfinGate and Digital Immune as system art in its proposed supplemental invalidity contentions. Likewise, Finjan objects to PAN including these two references in PAN's preliminary election of prior art.

Second, PAN provides no justification, let alone good cause, for adding Check Point Firewall-1 as an alleged prior art system against the '731 Patent in PAN's proposed supplemental invalidity contentions. PAN was aware of Check Point FireWall-1 before the contentions were due because it identified it as system art against the '154 Patent.[6] PAN, however, failed to timely identify Check Point FireWall-1 as system art against the '731 Patent in accordance with Patent L.R. 3-3. *See id*. at 26. Finjan thus objects to PAN's addition of Check Point Firewall-1 as alleged system prior art against the '731 Patent.

Third, PAN provides no legitimate justification for failing to include a claim chart for the Check Point FireWall-1 against the '731 Patent. Your letter asserts that "[f]or the Check Point Firewall-1 references, we are in the process of gathering materials from third party Check Point and if PAN decides that it will continue to rely on this reference, we will provide a detailed claim chart once we receive these materials." This case, however, was filed in November 2014, so PAN had more than six years to prepare its May 17, 2021 invalidity contentions. And PAN did not subpoena Check Point until April 30, 2021, less than three weeks before its invalidity contentions were due, and more than three months after the stay was lifted. Therefore, PAN has only itself to blame for failing to gather Check Point FireWall-1 materials and chart it against the '731 Patent in accordance with Patent L.R. 3-3. Accordingly, Finjan objects to any effort by PAN to add any untimely claim chart for the Check Point FireWall-1 against the '731 Patent or any other untimely charts for any of the asserted patents.

Fourth, PAN does not dispute that it has failed to serve invalidity claim charts for Digital Immune or SurfinGate against any asserted patent. Instead, your letter states that "[r]egarding claim charts for these references, PAN ***identified*** in its Supplemental Infringement Contentions claim charts for the Digital Immune and SurfinGate references." (emphasis added). The Patent Local Rules do not permit PAN to merely incorporate by reference the invalidity contentions of

[5] '755 Pat. at p. 10 ("***Symantec, 'The Digital Immune System***: Enterprise-Grade AntiVirus Automation in the 21st Century,' 2001.") (emphasis added).

[6] *See* PAN's May 17, 2021 Invalidity Contentions and Related Disclosures Pursuant to Patent Local Rules 3-3 and 3-4 at 81.






every (or any) previous defendant. PAN must provide its contentions and invalidity theories including "a chart identifying specifically where and how in each alleged item of prior art each limitation of the asserted claim is found." *See* Patent L.R. 3-3(c).

Fifth, as Finjan has expressly stated many times, PAN's invalidity claim charts remain deficient, and fail to provide Finjan with any notice of PAN's invalidity theories. *See, e.g.*, July 15, 2021 letter from Goter to Van Nort re PAN's deficient invalidity contentions; June 8, 2021 email from Smith to PAN's counsel re same; June 7, 2021 letter from Smith to Van Nort re same; May 28, 2021 letter from Smith to Van Nort re same. To that end, Finjan has requested that PAN supplement its existing claim charts to add annotations, narratives, and other necessary information such that Finjan has adequate notice of PAN's theories as to which portions of each reference teach each element of the claims. PAN has failed to do so. It strains reason that PAN would require so much detail from Finjan's infringement contentions while refusing to provide the same level of detail in its invalidity contentions.

Finjan reserves all rights to seek relief from the Court on each of these issues.

Sincerely,

Jared A. Smith