# Exhibit 14

**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY  10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

August 27, 2021

Writer's Direct Contact
+1 (212) 336-4005
MDeStefano@mofo.com

***By Email*** (goter@fr.com)

Phillip W. Goter
Fish & Richardson P.C.
60 South Sixth Street
Minneapolis, MN 55402

Re:    *Finjan LLC v. Palo Alto Networks, Inc.*, Case No.14-cv-04908-JD (N.D. Cal.)

Dear Phil:

We write to follow up on Finjan's continuing failure to produce documents concerning prior art (*e.g.*, Check Point, SurfinGate), validity/invalidity, and claim construction.  In our August 11 letter, we requested that Finjan produce these documents by no later than today.  (8/11/21 Letter from E. Lin to P. Goter.)

**A.      Prior Art Documents**

In our August 11 letter, PAN requested that Finjan complete its production of prior art documents, including documents specifically identified in our letter.  Those documents included documents concerning Check Point and SurfinGate.  (*See id.* at 1, Appendix A.) Finjan has not responded to our letter or confirmed that it will produce the requested documents, let alone produced any of them.

Finjan's withholding of this critical discovery is preventing PAN from supplementing its invalidity contentions as to CheckPoint and SurfinGate, and other prior art identified in our August 11 letter.  Finjan cannot withhold key documents concerning prior art and, at the same time, contend that PAN has not yet provided full and complete claim charts supporting its invalidity contentions based on this very same prior art.  (*See* 8/13/21 letter from J. Smith to D. Van Nort.)

Please confirm by Wednesday, September 1 that Finjan will produce all of the prior art documents identified on Page 1 and Appendix A of our August 11 letter.  If Finjan intends to produce these documents, then please propose a date certain by which Finjan will complete the production.  If Finjan intends to withhold any of these documents, then please identify each such document and state the legal basis for withholding it.

MORRISON | FOERSTER

Phillip W. Goter
August 27, 2021
Page Two

### B.      Other Finjan Cases

In our August 11 letter, we requested that Finjan produce all documents filed, submitted, served, or exchanged in the Other Finjan Cases, including, without limitation, expert reports, interrogatory responses and contentions (technical, damages, etc.), claim charts, and fact and expert testimony (*e.g.*, deposition transcripts and exhibits, trial transcripts and exhibits, video, declarations and affidavits).  (8/11/21 letter from E. Lin to P. Goter.)  Finjan has ignored our request and has not produced any additional documents.

As with the above mentioned prior art, Finjan's withholding of documents and information from Other Finjan Cases is frustrating PAN's ability to supplement its invalidity contentions.  For example, during his recent deposition, Dr. Orso confirmed that he provided invalidity opinions during depositions on behalf of Finjan in cases against Symantec, Cisco, ESET, Juniper, SonicWall and Qualys.  (August 13, 2021 Orso Dep. Tr. at 27:6 – 31:4.)  But Finjan has not produce any of Dr. Orso's deposition transcripts or other materials from the Other Finjan Cases aside from his deposition transcripts in Qualys and Cisco, and Dr. Orso's Rebuttal Report from Cisco.

Please confirm by Wednesday, September 1 that Finjan will produce all of the expert reports, interrogatory responses and contentions, claim charts, and fact and expert testimony from the Other Finjan Cases, including the documents and information specifically identified in our August 11 letter.  If Finjan intends to produce these documents, then please propose a date certain by which Finjan will complete the production.  If Finjan intends to withhold any of these documents, then please identify each such document and state the legal basis for withholding it.

* * *

We look forward to your response.

Sincerely,

Michael DeStefano