# Exhibit 16

**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY  10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

September 2, 2021

Writer's Direct Contact
+1 (212) 336-4005
MDeStefano@mofo.com

***By Email*** (goter@fr.com)

Phillip W. Goter
Fish & Richardson P.C.
60 South Sixth Street
Minneapolis, MN 55402

Re:     *Finjan LLC v. Palo Alto Networks, Inc.*, Case No.14-cv-04908-JD (N.D. Cal.)

Dear Phil:

      We write to follow up on my August 27, 2021 letter regarding prior art documents and documents from Other Finjan Cases, and in response to your letter of the same day regarding that subject.  Finjan's August 27 production addressed certain gaps in Finjan's production, but the continuing deficiencies in Finjan's production severely prejudice PAN and prevent PAN from completing its Invalidity Contentions.  Please confirm a time before the end of the week that you are available to meet and confer regarding this issue, including the specific discovery deficiencies described below.

      **A.      Prior Art Documents**

      **SurfinGate**.  Finjan, for the first time, states that it will not produce the requested documents regarding Finjan's own SurfinGate product — despite that these documents fall squarely within the scope of PAN's discovery requests[1] and that they are within Finjan's possession, custody, and control.  Instead, Finjan justifies withholding these critical documents concerning its own prior art system based on PAN's alleged untimely disclosure of SurfinGate.  Finjan's refusal to produce these documents is improper.

      Moreover, PAN timely disclosed SurfinGate and any alleged delay in that disclosure was purely of Finjan's own making.  In PAN's Request for Production No. 1, PAN requested "All Prior Art identified by any other entity – including without limitation, any Prior Art or alleged Prior Art disclosed to Finjan in any Invalidity Contentions, invalidity claim charts, or other communication."  (RFP No. 1.)  PAN issued this RFP to Finjan on January 24, 2015, over six years ago.  PAN has requested these documents numerous times, including before

---

[1] *See, e.g.*, RFP Nos. 1, 2, 26-32, 38-41, 85, and 86, and PAN's Interrogatory Nos. 1 and 2.

MORRISON | FOERSTER

Phillip W. Goter
September 2, 2021
Page Two

PAN served its May 17, 2021 Invalidity Contentions.  (*See, e.g.*, 4/15/21 Letter from E. Lin to J. Smith.)  Accordingly, Finjan has known for years that PAN's discovery requests required the production of documents and information concerning Finjan's SurfinGate system.  Finjan, in fact, knew by no later than April 15, 2021 that PAN needed these documents to prepare its invalidity contentions.

Nevertheless, Finajn withheld these SurfinGate documents until June 2, 2021, nearly seven weeks after PAN requested these documents and after PAN was forced to serve its initial invalidity contentions.  PAN diligently reviewed the belatedly produced information and promptly notified Finjan that it was asserting SurfinGate as prior art when it served its supplemental invalidity contentions.  (*See* 6/15/2021 J. Smith Email to D. Van Nort).  While Finjan has provided the specific documents requested in PAN's Appendix A, its refusal to provide any other SurfinGate documents is not justified.

**Check Point**.  Finjan still has not produced the Check Point documents identified in Appendix A of our August 11 letter ("Check Point Documents").  Simply because the Check Point Documents are "confidential" does not alone preclude Finjan or its counsel from retaining and disclosing them to PAN.[2]  In order for us to consider the most appropriate next steps, and to minimize the burden on third parties, please provide the following information. First, please confirm that Finjan (including Fish & Richardson) does not have, and has not since January 24, 2015 had, any of the Check Point Documents in its possession, custody, or control.  Second, please confirm whether Finjan (including Fish & Richardson) has ever asked Finjan's former counsel at Kramer Levin whether they had any of the Check Point Documents in their possession, custody, or control.  Third, please describe all steps that Finjan has taken to preserve the Check Point Documents and other prior art documents relevant to this action that were in the possession, custody or control of Kramer Levin since the outset of this case, including both confidential and non-confidential documents.

B.    **Documents from Other Finjan Cases**

In our August 27 letter, we reiterated our request that Finjan produce all documents filed, submitted, served, or exchanged in the Other Finjan Cases, including without limitation, expert reports, interrogatory responses and contentions (technical, damages, etc.), claim charts, and fact and expert discovery (*e.g.*, deposition transcripts and exhibits, deposition and testimony videos, declarations, and affidavits).  That same day, Finjan produced deposition transcripts from Philip Hartstein and Shlomo Touboul, as well as certain trial, claim construction and invalidity related documents.  But Finjan has not yet produced other documents which we have requested from the Other Finjan Cases, including video depositions, several expert witness materials from Eric Cole, Nenad Medvidovic, DeForest

---

[2] *See*, Stipulated Protective Order as Modified by the Court, Dkt. No. 110 (March 31, 2021), at Section 11.

MORRISON | FOERSTER

Phillip W. Goter
September 2, 2021
Page Three


McDuff and Robert Maness, and inventor witness materials for David Kroll, aside from his trial testimony in *Blue Coat*.  We have also yet to receive any of Finjan's previous damages contentions.  Please promptly complete your production of all documents filed, submitted, served, or exchanged in the Other Finjan Cases and confirm in writing that Finjan has completed the production of those documents.

On August 27, we also specifically requested that Finjan produce documents pertaining to Finjan's expert witness, Dr. Orso.  Dr. Orso stated in his deposition that he represented Finjan on the issue of invalidity in cases against Symantec, Cisco, ESET, Juniper, SonicWall and Qualys.  (August 13, 2021 Orso Dep. Tr. at 27:6 – 31:4.)  Finjan still has not produced any materials from Dr. Orso from these six cases, including any deposition transcripts, declarations or expert reports.  To date, the only materials which Finjan has produced from Dr. Orso are his deposition transcripts in Qualys and Cisco, and his Rebuttal Report from Cisco.

\* \* \*

We look forward to your response.


Sincerely,

Michael DeStefano