# Exhibit 17



Fish & Richardson P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402

612 335 5070 main
612 288 9696 fax

**Phillip W. Goter**
Principal
goter@fr.com
612 337 2535  direct

September 15, 2021

**VIA EMAIL (MDestefano@mofo.com)**

Michael J. DeStefano
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019-9601

Re:   *Finjan LLC v. Palo Alto Networks, Inc.*
      Case No. 3:14-cv-04908-JD (N.D. Cal.)

Dear Mike:

I write in response to your September 2 letter and subsequent email.

**PAN's Identification of SurfinGate Is Untimely**

PAN is incorrect that Finjan has not previously informed PAN of the untimely disclosure of SurfinGate as prior art.  Finjan told PAN this in a July 15 letter from me to Mr. Van Nort and again in an August 13 letter from Mr. Smith to Mr. Van Nort.  You are also incorrect that Finjan had not produced SurfinGate documents to PAN.  Had PAN been diligent in its review of the documents produced by Finjan, PAN would have discovered that Finjan produced the very SurfinGate documents on which PAN relies for its untimely contentions[1] over six years ago on May 12, 2015.

> "Gateway Level Corporate Security for the New World of JavaTM and Downloadables," [FINJAN-PAN 119387; FINJAN-PAN 411818] **FIRST PRODUCED 5/12/2015**

---

[1] PAN's July 6, 2021 proposed supplemental invalidity contentions (at 10-11), where PAN (untimely) identified SurfinGate as alleged prior art for the first time, states that "[t]he features, operations, and functionality of the SurfinGate System are described throughout documentation provided to PAN by Finjan at FINJAN-PAN 383079-383126, FINJAN-PAN 400862-FINJAN-PAN 400963."  FINJAN-PAN 383079-383126 is an invalidity contention claim chart from *Finjan v. Check Point* that relies on "Gateway Level Corporate Security for the New World of JavaTM and Downloadables."  FINJAN-PAN 400862-FINJAN-PAN 400963 is an invalidity contention claim chart from *Finjan v. Juniper* that relies on both "Gateway Level Corporate Security for the New World of JavaTM and Downloadables," and "SurfinGate 'Reinvents' Internet Security First to Protect Against Downloadables at the Gateway Level."



**Michael J.** DeStefano
September 15, 2021
Page 2

      "SurfinGate 'Reinvents' Internet Security First to Protect Against Downloadables at the Gateway Level," [FINJAN-PAN 094481] **FIRST PRODUCED 5/12/2015**

PAN's complaints that Finjan withheld documents or otherwise affected PAN's preparation of its invalidity contentions is without merit.

### **PAN's Identification of Check Point FireWall-1 Is Untimely**

As I stated in my previous letter, neither Finjan itself nor Fish & Richardson have ever had any confidential documents from Check Point in their possession, custody, or control. Moreover, PAN served a subpoena on Check Point April 30, 2021 seeking the very Check Point documents identified in Appendix A to Mr. Lin's August 11 letter to me. PAN must obtain Check Point's confidential documents from Check Point instead of from Finjan. Indeed, no other option is available, because Finjan simply does not, and never did, have these documents. Finjan has no obligation to collect these documents from third parties in order to produce them to PAN. Further, PAN's identification of the Check Point FireWall-1 as prior art was untimely, as described in the July 15 and August 13 letters identified above.

### **Documents from Other Finjan Cases**

We have located a few additional documents in response to specific requests in your most recent letter. We are in the process of determining whether they contain third-party confidential information, and will produce them pending that determination. Any documents containing third party confidential information from other litigations are protected under the protective orders entered in those litigations. Neither PAN nor Morrison & Foerster are covered under those protective orders, and we cannot produce any such documents in this case as a result. Moreover, it is unclear why PAN believes that, among other things, infringement reports and damages reports from other cases, that contain other parties' highly confidential information and focus on other parties' product offerings, are relevant here. If PAN has support for their relevance, please provide it.

We are available to meet and confer to hear from PAN on these issues.

Sincerely,

*/s/ Phillip W. Goter*

Phillip W. Goter

PWG:trj