Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan Morrison (*Pro Hac Vice*) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607
Additional counsel listed on signature page

*Attorneys for Plaintiff*
FINJAN LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>       Defendant. | Case No. 4:14-cv-04908- JD<br><br>**FINJAN LLC'S OPPOSITION TO PALO ALTO NETWORKS, INC.'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS**<br><br>Hon. James Donato<br>Courtroom 11, 19th Floor |

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ...................................................................................................................1

II.  STATEMENT OF THE ISSUES ...........................................................................................2

III.  FACTUAL BACKGROUND ..................................................................................................2

    A.  The Parties Negotiated and the Court Ordered a Stipulated Case Narrowing Schedule ........................................................................................................................2

    B.  PAN's Patent L.R. 3-3 Invalidity Contentions Served May 17, 2021 Are Deficient, and PAN Agreed to Provide a Supplement to Address Some of the Deficiencies Identified by Finjan ...................................................................................3

    C.  PAN's Preliminary Election of Asserted Prior Art Served July 6, 2021, Impermissibly Added SurfinGate and Digital Immune .............................................6

    D.  Finjan Disclosed SurfinGate and Digital Immune to PAN as Alleged Prior Art as Far Back as 2015 ...................................................................................................6

    E.  PAN's Proposed Amended Invalidity Contentions Served July 6, 2021 ...................9

    F.  PAN's Proposed Amended Invalidity Contentions Served October 6, 2021 .............9

    G.  Finjan's Proposed Compromise ................................................................................10

IV.  ARGUMENT ..........................................................................................................................11

    A.  Good Cause Does Not Exist for PAN to Amend Its Invalidity Contentions to Include Untimely Prior Art References .....................................................................11

    B.  Finjan Will Suffer Undue Prejudice if PAN is Permitted to Amend Its Invalidity Contentions to Include Untimely Prior Art References ..........................13

V.  CONCLUSION ......................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Electronics Co. Ltd.*,
   No. 12-CV-0630-LHK (PSG), 2013 WL 3246094 (N.D. Cal. June 26, 2013)........................ 11

*Illumina Inc. v. BGI Genomics Co.*,
   No. 20-CV-01465-WHO, 2021 WL 2400941 (N.D. Cal. June 11, 2021) ............................... 11

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
   No. 14-cv-01745-VC (KAW), 2015 WL 5440674 (N.D. Cal. Sept. 15, 2015)....................... 11

**Statutes**

35 U.S.C. § 315(e)(2)................................................................................................................... 5

I.      INTRODUCTION

PAN cannot show good cause for leave to amend its invalidity contentions to assert new prior art—SurfinGate against the '731 Patent and Digital Immune against the '154 Patent. PAN had actual notice of these prior art references before the deadline for its invalidity contentions, but PAN did not include them. To allow PAN to add them now would be contrary to the Patent Local Rules.

PAN had actual prior knowledge of SurfinGate and Digital Immune because Finjan produced—in this case, prior to the stay in 2015—invalidity contentions from several other cases that identified SurfinGate and Digital Immune as prior art references against Finjan's asserted patents, including claim charts showing how Digital Immune allegedly teaches claims of patents asserted here. Concurrently, Finjan also produced publications related to those systems that PAN now wants to rely upon to show invalidity. Despite having had this information for more than five years, PAN failed to identify SurfinGate or Digital Immune in its invalidity contentions.

Even if PAN could show good cause—and it cannot—PAN's attempt to *add* new prior art references now also violates the case narrowing stipulation. Last year, the parties negotiated and agreed to a case narrowing stipulation that included a schedule under which Finjan would reduce the number of asserted claims and PAN would narrow the scope of the asserted prior art. Finjan has abided by the agreement, narrowing the claims it is asserting. PAN's present attempt to add SurfinGate and Digital Immune as prior art would violate the narrowing stipulation, and Finjan would be unduly prejudiced because Finjan would lose the valuable consideration it obtained in agreeing to the stipulated case narrowing schedule.

For these reasons, Finjan respectfully requests the Court to deny PAN's motion for leave to the extent it seeks to add SurfinGate against the '731 Patent and Digital Immune against the '154 Patent.

To avoid unnecessary motion practice, Finjan proposed a compromise where Finjan would agree not to oppose PAN's motion for leave to amend its invalidity contentions if PAN agreed not to oppose Finjan's motion for leave to amend its infringement contentions. Finjan offered the

1       FINJAN'S OPPOSITION TO PAN'S MOTION
        FOR LEAVE TO AMEND
        Case No. 4:14-cv-04908-JD

compromise even though Finjan's amendments to its infringement contentions were made to include citations to source code and documentation that PAN produced late, after Finjan's initial infringement contentions were due, unlike PAN's proposed amendments, which relate to prior art PAN has had in its possession for years. The compromise would have mooted the portion of PAN's September 16 motion (Dkt. No. 161) asking the Court to find Finjan has no operative infringement contentions for the '633, '731, and '408 Patents. PAN rejected Finjan's compromise.

## II.     STATEMENT OF THE ISSUES

1. Whether good cause exists for PAN to amend its invalidity contentions to assert the previously non-asserted Finjan SurfinGate system ("SurfinGate") against the '731 Patent and the previously non-asserted IBM/Symantec Digital Immune system ("Digital Immune") against the '154 Patent, as set forth in PAN's July 6, 2021 and October 6, 2021 proposed supplemental contentions.

2. Whether PAN violated the Stipulation & Order Re: Case Narrowing Schedule as Modified by the Court (Dkt. No. 126) by including the previously non-asserted SurfinGate and Digital Immune art in its Preliminary Election of Asserted Prior Art?

## III.    FACTUAL BACKGROUND

**A.     The Parties Negotiated and the Court Ordered a Stipulated Case Narrowing Schedule**

During the Case Management Conference held on March 18, 2021, the Court ordered the parties to reach agreement on a case narrowing schedule to reduce the overall number of asserted claims and prior art. The parties negotiated the case narrowing schedule and related stipulation language, with each side making concessions. *See, e.g.*, Exh. A (Mar. 22, 2021 to May 28, 2021 email between Smith and Van Nort re narrowing of issues). For example, Finjan's infringement contentions asserted 70 unique claims across all Patents-in-Suit. Exh. B (Finjan's Initial Disclosure of Asserted Claims and Infringement Contentions) at pp. 1-2. Finjan agreed, however, to serve a preliminary election of asserted claims by June 21, 2021 of "no more than a total of ***21 claims*** across all Patents-in-Suit" selected from those "claims ***previously asserted*** in its

Infringement Contentions (Patent L.R. 3-1)." Dkt. No. 126 at p. 1.[1]  Finjan did so.  Exh. C (2021-06-21 Finjan's Preliminary Election of Asserted Claims) at p. 1.  Similarly, PAN's invalidity contentions asserted 100 unique prior art references across all Patents-in-Suit.  *See generally* Dkt. No. 175-7 (PAN's May 17, 2021 Invalidity Contentions).  PAN agreed to serve a preliminary election of asserted prior art by July 6, 2021 of "no more than a total of **30 references** across all Patents-in-Suit" selected from "prior art ***previously asserted*** in its Invalidity Contentions (Patent L.R. 3-3)."  Dkt. No. 126 at p. 1.

### B. PAN's Patent L.R. 3-3 Invalidity Contentions Served May 17, 2021 Are Deficient, and PAN Agreed to Provide a Supplement to Address Some of the Deficiencies Identified by Finjan

PAN served its Patent L.R. 3-3 invalidity contentions on May 17, 2021.  Dkt. No. 175-7 (PAN's May 17, 2021 Invalidity Contentions).  PAN's contentions identified 100 unique references across the Patents-in-Suit, and provided claim charts for some.  *See generally id*.  Finjan, however, quickly notified PAN that its contentions were (and continue to be) deficient in at least the following ways.  *See* Exh. D (May 28, 2021 Ltr fr Smith to Van Nort re invalidity contention deficiencies); Exh. E (Jun. 7, 2021 Ltr fr Smith to Van Nort re invalidity contention deficiencies); Exh. F (Email between Smith and Van Nort from May 28, 2021 to June 15, 2021).

First, PAN's contentions fail to identify specific obviousness combinations as required by Patent L.R. 3-3(b).  PAN does not identify a list of relevant combinations.  Instead, PAN asserts that all prior art from its "Table 1" charted references for each patent could be combined with any of the other Table 1 references, or could be combined with any combination of the "Table 2" uncharted references.  *See, e.g.*, Dkt. No. 175-7 (PAN's May 17, 2021 Invalidity Contentions) at pp. 27-28 ("In addition, each of the references in Table 1 above and Table 2 below, either alone, in view of the knowledge of a POSITA, and/or in combination with one or more references in Table 1 or Table 2, renders obvious the Asserted Claims of the '731 Patent."); *id*. at pp. 66-68 ('633 Patent); *id*. at 82-84 ('154 Patent); *id*. at 97-98 ('408 Patent).  PAN's claim charts also fail to provide any clarification as to which references PAN contends could be combined with each

---

[1] All emphasis added unless stated otherwise.

primary reference to teach a missing limitation. For example, in the "Grounds" section of each chart, PAN states some permutation of the following: "Claim 14 of the '633 Patent is rendered obvious by Abadi alone or in combination with other references, such as AppletTrap, Arnold, Bond, Bull, Erlingsson, Golan, Hanson, Hashii, Herbert, Ji '348, Lynne, Malkhi, Pandey, Rubin, Shin, Sirer, Tso, VirusWall, and the Janus System." *See* Exh. G (PAN's May 17, 2021 Invalidity Contentions, Ex. D-1) at p. 1. PAN then never cites to those references or respective charts within any specific limitation, leaving Finjan to guess whether PAN contends that those references would have been combined with the lead reference to teach every limitation, some subset, or none of them. *See generally id.* at pp. 2-7.

Second, PAN's contentions fail to adequately set forth its § 112 theories. PAN's § 112 contentions amount to nothing more than merely listing claim terms and asserting, without any explanation, that the terms render the respective asserted claims invalid for indefiniteness, lack of written description, and/or lack of enablement. For example, PAN states that "Finjan is attempting to construe the '633 Patent in an idiosyncratic manner," but provides no explanation for this assertion. *See*, Dkt. No. 175-7 (PAN's May 17, 2021 Invalidity Contentions) at p. 77. As another example, PAN states that Finjan's apparent construction of the phrases "to ensure that duplicate files are not scanned" and "without the need to perform said scanning" for the '731 Patent lack written description support and enablement, but PAN fails to identify its purported understanding of the alleged apparent constructions. *See id*. at p. 39.

Third, PAN's contentions fail to identify specifically what in the alleged prior art that PAN contends satisfies each claim element. PAN's claim charts include block quotes, figures, and pictures from the alleged prior art references, but fail to provide any annotations or narratives that would provide Finjan adequate notice of PAN's theories as to which portions of each reference teach each element of the claims. *See, e.g.*, Exh. G (PAN's May 17, 2021 Invalidity Contentions, Ex. D-1) at pp. 2-7 (providing only quotes from the Abadi reference with no explanation, annotation, or narrative of how the quotes teach each claim element).

In addition, PAN's assertion of patents and printed publications against the '633, '154, and '408 Patents in its invalidity contentions is improper.  PAN was the petitioner in IPR2015-01974 against the '633 Patent, in IPR2015-01979 and IPR2016-00151 against the '154 Patent, and in IPR2015-02001 and IPR2016-00157 against the '408 Patent.  Each resulted in a final written decision.[2]  PAN is therefore estopped under 35 U.S.C. § 315(e)(2) from asserting invalidity on any §§ 102 or 103 grounds based on patents or printed publications against the '633, '154, and '408 Patents that it "raised or reasonably could have raised" in each of the respective IPRs.  Finjan identified 35 patents or printed publications asserted against the '633, '154, or '408 Patents, and Finjan demanded that PAN remove the references from its contentions.  Exh. H (May 25, 2021 Ltr fr Smith to Van Nort re estoppel under § 315(e)(2)) at pp. 1-3 ("Finjan should not have to defend against statutorily impermissible patents and printed publications, and it reserves the right to seek attorney's fees if PAN does not drop these references voluntarily).

After significant back and forth between the parties regarding PAN's deficient invalidity contentions, PAN agreed to provide the following proposed amendments to its contentions on July 6, 2021 in conjunction with its preliminary election of asserted prior art (discussed *infra*):

- "provide its list of obviousness combinations, including primary and secondary references for each combination;"
- "identify references subject to IPR estoppel if asserted alone or not in combination with a reference not subject to IPR estoppel (e.g., a prior art system);"
- "[w]ith respect to the Section 112 defenses, PAN agrees to provide additional description of those positions;" and
- "describe the limitations and/or legal basis for the priority dates in the invalidity contentions."

Exh. A (Email between Smith and Van Nort from May 28, 2021 to June 15, 2021) at p. 2.  Finjan welcomed these forthcoming proposed amendments, but the parties never discussed and Finjan never agreed to allow PAN to add new prior art references.

---

[2] IPR2015-01974, Paper 49; IPR2015-01979, Paper 62; IPR2016-00151, Paper 51; IPR2015-02001, Paper 41; IPR2016-00157, Paper 24.

### C. PAN's Preliminary Election of Asserted Prior Art Served July 6, 2021, Impermissibly Added SurfinGate and Digital Immune

PAN served its preliminary election of asserted prior art on July 6, 2021, narrowing its asserted prior art to 30 references across the '731, '633, '154, and '408 Patents. *See* Exh. I (PAN's Preliminary Election of Asserted Prior Art). However, PAN included two previously non-asserted prior art references: i) ***SurfinGate*** and ii) ***Digital Immune***. *See id*. at pp. 1-3   Finjan notified PAN immediately that its election of these two references violated the Court ordered stipulated case narrowing schedule requiring PAN to elect references from "prior art ***previously asserted*** in its Invalidity Contentions." Dkt. No. 175-10 (Jul. 15, 2021 Ltr fr Goter to Van Nort re invalidity contentions and election of asserted prior art) at p. 2 ("Finjan has determined that PAN has elected two previously non-asserted prior art references: Digital Immune and SurfinGate."); Dkt. No. 175-14 (Aug. 13, 2021 Ltr fr. Smith to Van Nort re invalidity contentions and election of asserted prior art) at p. 3 ("Finjan objects to PAN including these two references in PAN's preliminary election of prior art."). PAN's preliminary election also, for the first time, asserted Check Point's FireWall-1 against the '731 Patent. *See* Exh. I (PAN's Preliminary Election of Asserted Prior Art) at p. 1.[3]

PAN never sought leave from the Court (until now) to include any ***previously non-asserted*** references in its preliminary election of assert prior art—it did so unilaterally in violation of the Patent Local Rules, the parties stipulation, and this Court's order regarding the same.

### D. Finjan Disclosed SurfinGate and Digital Immune to PAN as Alleged Prior Art as Far Back as 2015

Prior to the stay, Finjan disclosed Finjan's SurfinGate system and IBM/Symantec's Digital Immune system as previously asserted prior art. Specifically, Finjan produced invalidity contentions from several previous Finjan cases including contentions from the *Blue Coat*, *Symantec*, *Websense*, and *Proofpoint* cases, and Finjan produced many of the references cited therein that PAN now relies on in its untimely claim charts for SurfinGate and Digital Immune.

---

[3] In light of the representations in PANs motion that the Check Point art was discovered through discovery after PAN's deadline for serving invalidity contentions, Finjan does not oppose an amendment to add the Check Point art.

*See* Exh. J (Blue Coat's Invalidity Contentions, FINJAN-PAN 004311 – 004388) at pp. 1-2, 5, 24, 52-57 (identifying SurfinGate as "Prior Art Technology" in Table 4 that "either anticipate[s] or render[s] obvious each asserted claim of each asserted patent" including claims 1, 4, 5, 7, 11-14, 17, 18, 20, and 22 of the '731 Patent); Exh. K (Symantec's Invalidity Contentions, FINJAN-PAN 025444 – 025517) at pp. 52-54 (identifying SurfinGate as a "System[]" that "anticipate[s] or render[s] obvious, either alone or in combination, the asserted claims of the '154 Patent"); Exh. L (Websense's Invalidity Contentions, FINJAN-PAN 085767 – 085865) at pp. 10-28 (identifying Digital Immune as teaching various limitations of the '822 and '633 Patents); Exh. M (Proofpoint's Invalidity Contentions, FINJAN-PAN 011086 – 011254) at pp. 28-38, 59-69 (identifying Digital Immune as teaching various limitations of the '822 and '633 Patents).

For example, on April, 16, 2015, Finjan produced in this case Blue Coat's invalidity contentions that identify Finjan's SurfinGate as alleged system prior art for the '731 Patent. *See* Exh. J (Blue Coat's Invalidity Contentions, FINJAN-PAN 004311 – 004388) at pp. 1-2, 5, 24, 52-57. Also in 2015, Finjan produced the printed publications related to SurfinGate that PAN now relies on in its claim chart at Exhibit G-10 to allegedly show invalidity of the '731 Patent based on SurfinGate as the primary reference. Specifically, before the stay, Finjan produced what PAN calls the "SurfinGate Fax," "Products Web Marketing" and "SurfinGate Gateway Level Press Release." *Compare* Exh. N (SurfinGate Fax, FINJAN-PAN 094481 – 094483); Exh. O (Products Web Marketing, FINJAN-PAN 321252 – 321261); Exh. P (SurfinGate Gateway Level Press Release, FINJAN-PAN 094484 – FINJAN-PAN 094486) *with e.g.*, Exh. Q (PAN's Suppl. Invalidity Contentions Charts, Exhibit G-10) at pp. 4-15.

As another example, on April 16, 2015, Finjan produced Websense's invalidity contentions that identify IBM/Symantec's Digital Immune as alleged system prior art for the '822 and '633 Patents. *See* Exh. L (Websense's Invalidity Contentions, FINJAN-PAN 085767 – 85865) at pp. 10-28. Finjan also produced (on April 16, 2015) Websense's claim charts showing how Digital Immune allegedly teaches the asserted claims of the '822 and '633 Patents. *See generally* Exh. R (Digital Immune Claim Chart for '822 Patent, FINJAN-PAN 087305 – 087352);

Exh. S (Digital Immune Claim Chart for '633 Patent, FINJAN-PAN 089347 – 089405). Finjan further produced many of the printed publications related to Digital Immune that PAN now relies on in its claim chart at Exhibit F-10 to allegedly show invalidity of the '154 Patent based on Digital Immune as the primary reference. For example, on August 25, 2015, Finjan produced the Symantec Technical Brief titled "The Digital Immune System, Enterprise-Grade Anti-Virus Automation in the 21st century" (referred to by PAN as "Symantec" in its Exhibit F-10). *Compare* Exh. T (Symantec Technical Brief, FINJAN-PAN 176488 – 176503) *with e.g.*, Exh. U (PAN's Suppl. Invalidity Contentions Charts, Exhibit F-10) at pp. 6-9).

In addition, SurfinGate is identified on the second page of the '731 Patent, in the "Other Publications" section. '731 Patent at p. 2 ("'Products' Article published on the Internet, 'Revolutionary Security for A New Computing Paradigm' regarding **SurfinGate**™ 7 pages."). SurfinGate also appears numerous times in the prosecution history of the '731 Patent, and is even described as "[a]pplicant's own prior art." *See, e.g.*, Exh. V ('731 Prosecution History, July 23, 2007 Amendment and Response, FINJAN-PAN 000859 - 000875) at p. 16 ("Moreover, the word "profile" only appears in Ji with reference to prior art (in particular ***Applicant's own prior art, SurfinGate***, which is described in the parent of the present application, US Serial No. 08/964,388 filed on November 6, 1997 . . . .)."). SurfinGate is further identified by name in the '633, '408, '926, and '494 Patents (each currently or previously asserted in this case) and respective prosecution histories. Finally, in IPR proceedings against the '494 Patent, the PTAB discussed SurfinGate in its Decision Denying Institution. *See, e.g.*, Exh. W (IPR2016-01443, Paper 13 (Jan. 23, 2017)) at n. 7 ("Mr. Touboul declaring that his sole invention embodied in Finjan's SurfinGate product contained a fully function implementation of the technology described and claimed in the application for the '494 patent[.]").

Likewise, Digital Immune is identified under "Other References" in several Finjan issued patents. For example, U.S. Patent No. 9,219,755, titled "Malicious mobile code runtime monitoring system and methods" that issued December 22, 2015, identifies Digital Immune in the "Other Publications" section. Exh. X ('755 Patent) at p. 10 ("Symantec, 'The ***Digital Immune***

System: Enterprise-Grade AntiVirus Automation in the 21st Century,' 2001.") Similar identification of Digital Immune is also found in U.S. Patent Nos. 9,189,621 (issued November 17, 2015) and 9,444,844 (issued September 13, 2016), both sharing the same title as the '755 Patent.

### E. PAN's Proposed Amended Invalidity Contentions Served July 6, 2021

On July 6, 2021, PAN served its proposed amended contentions. It includes PAN's list of specific obviousness combinations, additional description regarding PAN's § 112 theories, PAN's contentions of which asserted prior art references are subject to IPR estoppel, and additional description regarding PAN's priority date theories—much of which, however, still does not provide Finjan with adequate notice of PAN's invalidity contentions. *See generally* Dkt. No. 175-9 (PAN's Jul. 6, 2021 Proposed Amended Invalidity Contentions); Exh. Y (App. A to PAN's Jul. 6, 2021 Proposed Amended Invalidity Contentions). Furthermore, PAN injected the SurfinGate and Digital Immune references into dozens of PAN's newly defined obviousness combinations. Specifically, PAN included Digital Immune as either a primary or secondary reference for **9 out of 9** of its alleged prior art combinations for the '154 Patent. Exh. Y (App. A to PAN's Jul. 6, 2021 Proposed Amended Invalidity Contentions) at p. 4. And PAN included SurfinGate as either a primary or secondary reference for **26 out of 54** of its alleged prior art combinations for the '731 Patent. *Id.* at pp. 5-12.

### F. PAN's Proposed Amended Invalidity Contentions Served October 6, 2021

On October 6, 2021, PAN served an updated set of claim charts for the '633, '154, '731, and '408 Patents. PAN dropped several previously served charts in line with its preliminary election of asserted prior art. PAN also added four new claim charts, including two charts asserted against the '154 Patent with Digital Immune and Davenport as the primary references, and two charts asserted against the '731 Patent with SurfinGate and FireWall-1 as the primary references. PAN also added citations to secondary references to the updated set of charts.

### G. Finjan's Proposed Compromise

PAN notified Finjan on October 14, 2021, that it intended to move for leave to amend its invalidity contentions to include its "Supplemental Invalidity Contentions, which consist of its July 6, 2021 cover pleading and attached Appendix A, and associated claims charts served on October 6, 2021." Exh. Z (Email between Smith and Destefano from Oct. 14, 2021 to Dec. 9, 2021) at p. 5. To avoid unnecessary motion practice, on October 29, Finjan offered PAN the following compromise, including Finjan joining PAN's motion in exchange for PAN joining a similar motion from Finjan for leave to amend its infringement contentions:

> To reduce the burden on the Court, however, Finjan will agree to join PAN's intended motion for leave to amend its invalidity contentions to include both PAN's July 6, 2021 and October 6, 2021 supplements thereto (including the additions of Surfingate, CheckPoint FireWall-1, and Digital Immune), if PAN agrees to join a similar motion for leave to amend Finjan's infringement contentions to include Finjan's July 16, 2021 supplements for the '633, '731, and '408 Patents. This would moot the portion of PAN's September 16, 2021 motion (D161) asking the Court to find that Finjan has no operative infringement contentions for those three patents.

*Id*. at p. 4.

Unlike PAN's proposed additions of SurfinGate and Digital Immune references discussed above—which PAN knew of before serving its invalidity contentions—Finjan's proposed amendments to its infringement contentions were to add citations to source code and technical documentation that PAN produced late, ***after*** Finjan's infringement contentions were due. Exh. AA (Jan. 4, 2022 Email fr Smith to PAN's Counsel re Finjan's Mot. for Leave to Amend Infringement Contentions) at p. 1. Nevertheless, Finjan offered the compromise as a way to avoid having to burden the Court with motion practice.

PAN rejected Finjan's proposed compromise, stating that it was "not inclined to join Finjan on a motion for leave to amend its infringement contentions while [PAN's] motion to strike is outstanding." Exh. Z (Email between Smith and Destefano from Oct. 14, 2021 to Dec. 9, 2021) at p. 3. During a November 11, 2021 meet and confer, Finjan offered a second compromise where rather than each party joining the other's motion, each party would simply not oppose the other's

motion on timeliness (or diligence) grounds. *Id*. at p. 1. PAN, however, without explanation, rejected this compromise as well. *Id*.

IV. **ARGUMENT**

    A. **Good Cause Does Not Exist for PAN to Amend Its Invalidity Contentions to Include Untimely Prior Art References**

PAN does not have good cause to amend its invalidity contentions to assert SurfinGate against the '731 Patent and Digital Immune against the '154 Patent. Patent L.R. 3-6 permits amendment of invalidity contentions "only by order of the Court" and only upon a "timely showing of good cause." *Illumina Inc. v. BGI Genomics Co.*, No. 20-CV-01465-WHO, 2021 WL 2400941, at *3 (N.D. Cal. June 11, 2021); Pat. L.R. 3-6. The rule lists several examples of "circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause," including "[r]ecent discovery of material, prior art despite earlier diligent search." *Id*. In determining whether a party has established good cause, courts ask whether the party has shown that it has acted with diligence. *Apple Inc. v. Samsung Electronics Co. Ltd.*, No. 12-CV-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) ("If the court finds that the moving party has acted with diligence, it then must determine whether the non-moving party would suffer prejudice if the motion to amend were granted."). Diligence consists of two steps: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-cv-01745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015) (internal citation omitted).

PAN failed to act with diligence to identify SurfinGate and Digital Immune as alleged prior art against the asserted patents. Contrary to PAN's assertion, Finjan did not "belatedly-disclose[] SurfinGate and Digital Immune." *See* Mot. at p. 3. Instead, in 2015, Finjan produced invalidity contentions from several prior cases—including *Blue Coat*, *Symantec*, *Websense*, and *Proofpoint*—that identified SurfinGate and Digital Immune by name as allegedly invalidating prior art for patents asserted in this case. *See* Exh. J (Blue Coat's Invalidity Contentions, FINJAN-PAN 004311 – 004388) at pp. 1-2, 5, 24, 52-57 (identifying SurfinGate as "Prior Art

1  Technology" in Table 4 that "either anticipate[s] or render[s] obvious each asserted claim of each
2  asserted patent" including claims 1, 4, 5, 7, 11-14, 17, 18, 20, and 22 of the '731 Patent); Exh. K
3  (Symantec's Invalidity Contentions, FINJAN-PAN 025444 – 025517) at pp. 52-54 (identifying
4  SurfinGate as a "System[]" that "anticipate[s] or render[s] obvious, either alone or in combination,
5  the asserted claims of the '154 Patent"); Exh. L (Websense's Invalidity Contentions, FINJAN-
6  PAN 085767 – 085865) at pp. 10-28 (identifying Digital Immune as teaching various limitations
7  of the '822 and '633 Patents); Exh. M (Proofpoint's Invalidity Contentions, FINJAN-PAN 011086
8  – 011254) at pp. 28-38, 59-69 (identifying Digital Immune as teaching various limitations of the
9  '822 and '633 Patents).

10  Finjan even produced (in 2015) claim charts from prior invalidity contentions showing
11  how Digital Immune allegedly teaches the asserted claims of patents asserted in this case.  Exh. R
12  (Digital Immune Claim Chart for '822 Patent, FINJAN-PAN 087305 – 087352); Exh. S (Digital
13  Immune Claim Chart for '633 Patent, FINJAN-PAN 089347 – 089405).

14  Around the same time, Finjan also produced printed publications related to SurfinGate and
15  Digital Immune that PAN's proposed amended charts now rely on to purportedly show invalidity
16  of the '731 and '154 Patents, respectively.  *See, e.g.*, *compare* Exh. N (SurfinGate Fax, FINJAN-
17  PAN 094481 – 094483); Exh. O (Products Web Marketing, FINJAN-PAN 321252 – 321261);
18  Exh. P (SurfinGate Gateway Level Press Release, FINJAN-PAN 094484 – 094486) *with e.g.*, Exh.
19  Q (PAN's Suppl Invalidity Contentions Charts, Exhibit G-10) at pp. 4-15; *compare* Exh. T
20  (Symantec Technical Brief, FINJAN-PAN 176488 – 176503) *with e.g.*, Exh. U (PAN's Suppl
21  Invalidity Contentions Charts, Exhibit F-10) at pp. 6-9).

22  This means PAN had this information in its possession for more than *five years* before it
23  served its Patent L.R. 3-4 invalidity contentions.  So, by any measure, PAN's failure to include
24  SurfinGate and Digital Immune in its invalidity contentions on May 17, 2021 demonstrates a lack
25  of diligence by PAN.  PAN therefore does not have good cause to amend its invalidity contentions
26  to assert SurfinGate against the '731 Patent and Digital Immune against the '154 Patent.

27
28

### B. Finjan Will Suffer Undue Prejudice if PAN is Permitted to Amend Its Invalidity Contentions to Include Untimely Prior Art References

Finjan will be prejudiced if the Court allows PAN to amend its contentions to assert SurfinGate against the '731 Patent and Digital Immune against the '154 Patent. PAN argues that each of the references have been previously asserted against the same asserted patents in prior cases, so Finjan "cannot be prejudiced by having them alleged by PAN" in this case. *See* Mot. at p. 8. PAN is wrong. By that flawed logic, PAN would be able to amend its contentions at will to add as many new references as it wanted as long as the references had been asserted as prior art against Finjan's patents in a prior case.

Further, after weeks of negotiation and concessions on both sides, the parties stipulated to a case-narrowing schedule. *See* Exh. A (Mar. 22, 2021 to May 28, 2021 email between Smith and Van Nort re narrowing of issues); Dkt. No. 126. Finjan agreed to serve a preliminary election of asserted claims of "no more than a total of 21 claims across all Patents-in-Suit" selected from those "claims *previously asserted* in its Infringement Contentions (Patent L.R. 3-1)." Dkt. No. 126 at p. 1. PAN agreed to serve a preliminary election of asserted prior art of "no more than a total of 30 references across all Patents-in-Suit" selected from "prior art *previously asserted* in its Invalidity Contentions (Patent L.R. 3-3)." *Id*. And the Court approved the stipulation by order on June 9, 2021. *Id*. at p. 4.

Without leave from the Court, however, PAN violated the parties' stipulation by including two *previously non-asserted* references in its preliminary election: SurfinGate and Digital Immune. Exh. I (PAN's Preliminary Election of Asserted Prior Art) at pp. 1-3. If the Court permits PAN's impermissible election to stand, and allows PAN to amend its invalidity contentions to assert SurfinGate against the '731 Patent and Digital Immune against the '154 Patent, then Finjan will be prejudiced through the loss of the benefit of its bargain. Namely, Finjan will lose the valuable consideration (that it negotiated in good faith) of certainty that PAN will streamline its invalidity case to no more than 30 references selected from "prior art previously asserted in its [May 17, 2021] Invalidity contentions."

1  PAN further argues that Finjan would not be prejudiced because the Court has yet to set a
2  deadline for the close of discovery.  *See* Mot. at p. 9.  But this ignores that the Court ordered
3  specific case narrowing deadlines.  *See* Dkt. No. 126.  Even if PAN could show good cause to
4  amend its contentions to assert SurfinGate against the '731 Patent and Digital Immune against the
5  '154 Patent (it cannot), the Court should not allow PAN to deviate from the case narrowing
6  stipulation without leave from the Court.  Surely, PAN would have objected if Finjan had included
7  previously non-asserted claims in its preliminary election of asserted claims, and will object if
8  Finjan includes previously non-asserted claims or previously dropped claims in its second election
9  of asserted claims.

10  PAN misrepresents Finjan's understanding of the purpose behind PAN's July 6, 2021
11 proposed supplemental invalidity contentions.  PAN states that it asserted SurfinGate and Digital
12 Immune on July 6 because that was "the agreed-upon date by the parties for service of PAN's
13 supplemental invalidity contentions."  Mot. at pp. 6-7.  The parties, however, never discussed and
14 Finjan never agreed to allow PAN to add new prior art references such as SurfinGate and Digital
15 Immune.

16  Instead, as outlined above in Section III.B, PAN's May 17, 2021 invalidity contentions are
17 deficient in many ways.  So the parties agreed that to address some of the deficiencies, PAN
18 would provide a proposed supplement on July 6 that i) provides PAN's list of obviousness
19 combinations, ii) identifies references that PAN believes are subject to IPR estoppel, iii) provides
20 additional detail regarding PAN's § 112 theories, and iv) provides additional detail regarding
21 PAN's priority date theories.  Exh. F (Email between Smith and Van Nort from May 28, 2021 to
22 June 15, 2021) at pp. 1-2.  Finjan certainly never invited PAN to amend its contentions to add two
23 wholly new references.

24  At bottom, PAN cannot show good cause to amend its invalidity contentions to assert
25 SurfinGate against the '731 Patent and Digital Immune against the '154 Patent, and Finjan would
26 be unduly prejudiced if the Court permitted such amendments.  The Court should therefore deny
27 PAN's motion to the extent it seeks to add these untimely references.

28

## V. CONCLUSION

For all of the above reasons, Finjan respectfully requests that the Court deny PAN's motion for leave to amend its invalidity contentions to the extent PAN's proposed amendments include untimely prior art references including SurfinGate asserted against the '731 Patent and Digital Immune asserted against the '154 Patent.

Dated: January 13, 2022

Respectfully submitted,

*/s/ Roger A. Denning*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (*Pro Hac Vice*)
kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Phillip W. Goter (*Pro Hac Vice*)
goter@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza, 60 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 335-5070 / Fax: (612) 288-9696

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor, P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Tracea Rice (*Pro Hac Vice*)
trice@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave. Ste. 1000
Washington, DC 20024
Telephone: (202) 783-5070 / Fax: (202) 783-2331

**Attorneys for Plaintiff FINJAN LLC**