| | |
|---|---|
| MICHAEL A. JACOBS (CA SBN 111664) <br> MJacobs@mofo.com <br> MATTHEW A. CHIVVIS (CA SBN 251325) <br> MChivvis@mofo.com <br> DIEK O. VAN NORT (CA SBN 273823) <br> DVanNort@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, California 94105-2482 <br> Telephone: (415) 268-7000 <br> Facsimile: (415) 268-7522 <br><br> RUDY Y. KIM (CA SBN 99426) <br> RudyKim@mofo.com <br> MORRISON & FOERSTER LLP <br> 755 Page Mill Road <br> Palo Alto, California 94304-1018 <br> Telephone: (650) 813-5600 <br> Facsimile: (650) 494-0792 | ROSE S. LEE (CA SBN 294658) <br> RoseLee@mofo.com <br> MORRISON & FOERSTER LLP <br> 707 Wilshire Boulevard, Suite 6000 <br> Los Angeles, California 90017-3543 <br> Telephone: (213) 892-5200 <br> Facsimile: (213) 892-5454 <br><br> KYLE W.K. MOONEY (*Pro Hac Vice*) <br> KMooney@mofo.com <br> ERIC W. LIN (*Pro Hac Vice*) <br> ELin@mofo.com <br> MICHAEL J. DESTEFANO (*Pro Hac Vice*) <br> MDeStefano@mofo.com <br> MORRISON & FOERSTER LLP <br> 250 West 55th Street <br> New York, New York 10019-9601 <br> Telephone: (212) 468-8000 <br> Facsimile: (212) 468-7900 |

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC, <br><br> Plaintiff, <br><br> v. <br><br> PALO ALTO NETWORKS, INC., <br><br> Defendant. | Case No.   3:14-CV-04908-JD <br><br> **PALO ALTO NETWORKS, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS** <br><br> Date:  February 3, 2022 <br> Time: 10:00 a.m. <br> Courtroom: 11, 19th Floor <br> Judge: Honorable James Donato |

## I. INTRODUCTION

Finjan's opposition is a continuation of a pattern of dilatory tactics designed to unnecessarily burden PAN (and the Court) and to avoid resolution of this case on the merits. Finjan's opposition confirms that it never had any basis to oppose PAN's motion to amend its contentions to add Check Point FireWall-1. Finjan initially indicated that it would oppose PAN's addition of Check Point FireWall-1, but now reverses course and concedes that it has no legal or factual basis to oppose that amendment.

Finjan also does not identify any prejudice that it would suffer if PAN were allowed to add SurfinGate and Digital Immune. Finjan cannot credibly contend that it would be prejudiced because Finjan itself is ordered to amend its own infringement contentions *several months after* PAN served its amended invalidity contentions — and after disregarding a Court order requiring that Finjan promptly amend its contentions. In fact, Finjan would not be prejudiced by PAN's assertion of SurfinGate and Digital Immune — references that Finjan concedes it has known about and litigated for several years in the Related Finjan Cases. Finjan should not now be rewarded for improperly withholding critical documents reflecting its past litigation of those references in discovery.

PAN's motion, now largely unopposed, should be granted in its entirety.

## II. ARGUMENT

### A. Finjan Concedes That PAN's Amendments Regarding Check Point FireWall-1 and Clarifying Its Initial Contentions Should Be Allowed

After forcing PAN to brief the addition of Check Point FireWall-1 to its invalidity contentions, Finjan suddenly states that it "does not oppose" PAN's July 6 and October 6 Contentions insofar as they concern Check Point FireWall-1. (Opp'n (Dkt. No. 179) at 6, n. 3.) Finjan also does not articulate any opposition to PAN's amendments in its July 6 and October 6 Contentions clarifying details regarding its initial contentions. Finjan requests only that the Court deny PAN's motion concerning SurfinGate and Digital Immune. (Opp'n at 15.) Therefore, and for all of the reasons in PAN's opening brief ("Mot.," Dkt. No. 175), the Court should grant PAN leave to amend its invalidity contentions to include its July 6 and October 6 invalidity contentions

PAN'S REPLY TO FINJAN'S OPPOSITION TO PAN'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
CASE NO. 3:14-CV-04908-JD
ny-2321619

1

reflecting amendments concerning Check Point FireWall-1 and clarifying details regarding its initial contentions.

### B. Finjan's Argument That PAN's Amendments Regarding SurfinGate and Digital Immune Should Be Denied Is Baseless

Finjan opposes PAN's motion insofar as PAN seeks to add SurfinGate and Digital Immune. Given that Finjan itself must amend its infringement contentions months later and after failing to comply with a Court order, Finjan's opposition to the addition of SurfinGate and Digital Immune strains credulity. As demonstrated below, Finjan fails to refute PAN's showing that there is good cause to add those references.

#### 1. Finjan fails to identify any prejudice

Finjan does not identify any prejudice that it would suffer if PAN were allowed to assert SurfinGate and Digital Immune as prior art. Finjan's sole response is that PAN's assertion of these references allegedly "violate[s]" the Stipulation & Order Re: Case Narrowing, entered June 9, 2021 ("June 9 Order," Dkt. No. 126)). (Opp'n at 1-3, 6, 13.) Finjan's argument is unavailing.

PAN did not violate the June 9 Order. The June 9 Order provides:

> Not later than July 6, 2021, PAN shall serve a Preliminary Election of Asserted Prior Art, which shall assert from prior art previously asserted in its Invalidity Contentions (Patent L.R. 3-3) no more than 12 prior art references per patent and no more than a total of 30 references across all Patents-in-Suit.

(June 9 Order at 1.) On July 6, 2021, PAN served its amended July 6 Contentions that included SurfinGate and Digital Immune among no more than 12 prior art references per patent and no more than 30 total prior art references. (DeStefano Decl. Ex. 8 (Dkt. No. 175-9).) Later that day, PAN served its Preliminary Election of Asserted Prior Art that, again, identified SurfinGate and Digital Immune among a total of no more than 12 prior art references per patent and no more than 30 total prior art references. (*See* Goter Decl. Ex. I (Dkt No. 179-11).) Accordingly, PAN complied with the June 9 Order. Finjan did not bring any alleged "violation" of the June 9 Order to the Court's attention at that time, did not seek to strike SurfinGate or Digital Immune from PAN's Preliminary Election of Asserted Prior Art, and did not raise the June 9 Order during the

parties' meet and confer in connection with this motion.

Moreover, Finjan's argument that allowing PAN to assert SurfinGate and Digital Immune as prior art will deny Finjan "the benefit of its bargain" under the June 9 Order (Opp'n at 13) is unavailing. The benefit that Finjan bargained for was limiting PAN to no more than 12 prior art references per patent and no more than 30 total prior art references from July 6, 2021 onward — and it has received that benefit. Finjan did not bargain for PAN to forego (within the numerical limits of the June 9 Order) all right to amend its invalidity contentions consistent with the Patent Local Rules, the Scheduling Order, and the governing case law. Finjan certainly did not bargain for the right to block PAN from adding important prior art references described in belatedly-produced documents that Finjan improperly withheld.

Finjan does not ultimately identify any actual prejudice, let alone any undue prejudice, that would justify denying PAN's motion to add SurfinGate and Digital Immune. Nor could it. Finjan concedes that it has known about these references for years and litigated whether or not they invalidate Finjan's patents in several related litigations. The lack of prejudice, by itself, justifies granting PAN's motion to amend to add SurfinGate and Digital Immune. *See, e.g.*, *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6, 2013) ("even if the movant was arguably not diligent, the court retains discretion to grant leave to amend"); *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *6 (N.D. Cal. Nov. 15, 2012) (granting leave to amend infringement contentions despite no showing of diligence because of lack of prejudice to defendants).

### 2.  Finjan fails to refute PAN's showing of diligence

Finjan fails to refute PAN's showing of diligence with respect to SurfinGate and Digital Immune. Finjan concedes the following:

- Long before the initial May 17, 2021 contention deadline, PAN served discovery seeking documents concerning prior art relating to the Asserted Patents from the Related Finjan Cases, including prior art, invalidity contentions, claim charts, expert reports, and deposition and trial transcripts (Mot. at 3);

- On several occasions leading up to the May 17, 2021 deadline, PAN diligently

PAN'S REPLY TO FINJAN'S OPPOSITION TO PAN'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
CASE NO. 3:14-CV-04908-JD
ny-2321619

3

      requested that Finjan complete its production of these documents  (*Id.* at 6);

- As of May 17, 2021, Finjan had not completed its production of these documents.  (*Id.* at 3);

- On June 2, 2021, Finjan suddenly produced claim charts from the Related Finjan Cases that mapped SurfinGate and Digital Immune to the Asserted Patents.  (*Id.* at 6);

- PAN served amended contentions concerning SurfinGate and Digital Immune on July 6, 2021.  (*Id.* at 6-7).

Finjan's argument that these uncontested facts fail to demonstrate diligence rings hollow.  For example, Finjan's mere production of some documents identifying these references (Opp'n at 11) does not foreclose a finding of diligence, particularly where Finjan continued to improperly withhold critical claim charts.[1]  *See, e.g.*, *THX Ltd. v. Apple, Inc.*, No. 13-cv-01161-HSG, 2016 WL 1718137, at *1-3 (N.D. Cal., Apr. 29, 2016) (granting leave to amend invalidity contentions where Defendant had prior notice of over 60 products as potential prior art, but could not easily identify any particular reference until additional information was produced.)

Moreover, Finjan's contention that the years-long stay of this case forecloses a finding of diligence is wrong as a matter of law.  *See THX*, 2016 WL 1718137, at *2 (finding delay of action during a stay caused by *inter partes* review proceedings to not cut against diligence).  Finjan also has it backwards.  If the stay is to be considered, then Finjan had several years during which to collect and produce all of the critical documents sought by PAN, including all of the documents concerning the prior art from the Related Finjan Cases.  It did not.  Instead, Finjan continued to withhold those critical documents when the stay was lifted and did not produce them until five months later — after PAN's initial contentions were due.[2]  PAN swiftly amended its contentions as soon as these

---

[1] The claim charts that Finjan cites to regarding Digital Immune (Opp'n at 12) did not concern the '154 Patent.

[2] Finjan's repeated references to its proposed "compromise" (Opp'n at 1-2, 10-11) are a red herring.  Finjan and PAN were not similarly situated.  Finjan, as the Court has now found

PAN'S REPLY TO FINJAN'S OPPOSITION TO PAN'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
CASE NO. 3:14-CV-04908-JD
ny-2321619

4

documents were produced.  (*See* Mot. at 6-7.)

### III.   CONCLUSION

For the foregoing reasons, PAN respectfully reiterates its request that the Court grant it leave to amend its invalidity contentions.[3]

Dated:  January 20, 2022                                         MORRISON & FOERSTER LLP


By:    *Diek O. Van Nort*
           Diek O. Van Nort

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

---

(Dkt. No. 172), failed to comply with a Court order regarding the sufficiency of its infringement contentions and PAN's motion to enforce that court order was pending.

[3] PAN reserves the right to further amend its Invalidity Contentions to respond to any additional details Finjan provides in its Infringement Contentions in response to the Court's January 13, 2022 Order.  (Dkt. No. 177.)

PAN'S REPLY TO FINJAN'S OPPOSITION TO PAN'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS
CASE NO. 3:14-CV-04908-JD
ny-2321619

5