Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan E. Morrison (*Pro Hac Vice*) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

*Additional counsel listed on signature page*

**Attorneys for Plaintiff**
FINJAN LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| FINJAN LLC<br><br>Plaintiff,<br><br>v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>Defendant. | Case No. 3:14-cv-04908-JD<br><br>**FINJAN LLC'S OPPOSED MOTION FOR A SCHEDULING ORDER**<br><br>Date:  August 25, 2022<br>Time:  10:00am<br>Courtroom 11, 19th Floor<br>Hon. James Donato |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND COUNSEL OF RECORD

PLEASE TAKE NOTICE that on August 25, 2022, at 10:00 a.m., or as soon thereafter as the matter bay be heard in the United States District Court for the Northern District of California, San Francisco Division, Courtroom 11 before the Honorable James Donato, Plaintiff Finjan LLC ("Plaintiff" or "Finjan") will and hereby does submit its motion to move the Court to issue a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**RELIEF REQUESTED**

Pursuant to Fed. R. Civ. P. 16(b), Finjan seeks an scheduling order from the Court that is consistent with Finjan's proposed scheduling order included herein as Exhibit 1, subject to the convenience of the Court.

**STATEMENT OF ISSUES**

1.   Whether the Court should issue a scheduling order pursuant to Fed. R. Civ. P. 16(b) because there is currently no schedule in place for this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff Finjan LLC ("Finjan") respectfully requests that the Court issue a scheduling order pursuant to Fed. R. Civ. P. 16(b).  This matter has been pending for nearly 8 years.  Currently there is no schedule in place for this case.  No case management conference has occurred since this case was reassigned from Judge Hamilton; the deadlines previously set by Judge Hamilton have been vacated; and the *Markman* hearing that was scheduled by Judge Hamilton has been taken off calendar.

For the sake of efficient case management and fairness to plaintiff, Finjan—and to provide the parties with guidance regarding the sequence and scheduling of claim construction, fact and expert discovery, and trial preparation—Finjan respectfully submits a proposed case schedule that seeks a trial date in or around December 2023, subject to the convenience of the Court, which

would be nearly three years after the stay was lifted.  The revised case schedule also includes a proposed *Markman* hearing in October 2022.

## II.     BACKGROUND

Finjan filed this case nearly eight years ago, on November 4, 2014, asserting 10 patents against PAN.  *See* Dkt. No. 1.  In response, PAN filed 13 *inter partes* review petitions, and on December 10, 2015, the Court stayed the litigation pending resolution of the IPRs.  *See* Dkt. No. 67; *see also* Dkt. No. 69 (ordering that the stay remain in effect beyond institution until all final written decisions and appeals had been issued).  The IPRs and appeals on all of the asserted patents were concluded by December 16, 2020, with all but 3 claims across all 10 asserted patents surviving.  This Court lifted the stay on January 25, 2021.  *See* Dkt. No. 84.

On March 31, 2021, Finjan narrowed the case to seven patents through an Amended Complaint, asserting the following patents:  U.S. Patent Nos. 8,141,154 (the "'154 Patent"), 7,647,633 (the "'633 Patent"), 8,225,408 (the "'408 Patent"), 7,418,731 (the "'731 Patent"), 6,804,780 (the "'780 Patent"), 7,613,926 (the "'926 Patent"), and 8,677,494 (the "'494 Patent") (collectively, the "Asserted Patents").  *See* Dkt. No. 112.[1]

Judge Hamilton entered the last schedule in this case on June 9, 2021.  *See* Dkt. No. 126.  That schedule depended on a claim construction hearing date previously set on October 13 or October 14, 2021, and set deadlines directed to narrowing the case.  *See* Dkt. No. 106 (setting date for *Markman* hearing), Dkt. No. 126 (setting deadlines for case narrowing).  The case was subsequently reassigned to this Court on August 9, 2021.  After the transfer, this Court subsequently vacated the claim construction hearing and all other matters scheduled to be heard.  *See* Dkt. No. 150.

---

[1] The asserted claims of the '780 Patent have been held invalid as indefinite in a different district court case.  *See Finjan, Inc. v. ESET, LLC*, No. 3:17-cv-0183-CAB-BGS, Dkt. No. 869 (S.D. Cal. Mar. 29, 2021).  Finjan appealed that decision, and the Federal Circuit heard argument on the appeal on May 3, 2022.  *See Finjan LLC v. ESET, LLC*, No. 2021-2093, Dkt No. 43 (Fed. Cir. Mar. 21, 2022) (scheduling oral argument); *id.*, Dkt. No. 51 (Fed. Cir. May 3, 2022) (submitting materials after oral argument).

A case management conference was set for October 21, 2021, and pursuant to this Court's request (*see* Dkt. No. 151), on October 14, 2021, the parties filed a joint case management statement, including proposed schedules.  *See* Dkt. No. 171, Appx. A.  On October 18, 2021, the Court rescheduled the case management conference for January 20, 2022 (Dkt. No. 172).  On January 13, 2022, after conferring further, the parties filed a second joint case management statement, this time agreeing on a joint proposed schedule.  The joint proposed schedule included a proposed *Markman* hearing on March 3, 2022—a date that has now passed and is obsolete—and a proposed trial date of May 22, 2023.  *See* Dkt. No. 176, Appx. A.  On January 14, 2022, the case management conference was cancelled and no proposed case schedule has been entered to date.  Dkt. No. 181.

### III.   ARGUMENT

This case is ripe for a schedule.  After the Court lifted the stay in January 2021 and entered the original schedule in June 2021, the parties diligently litigated this case, including exchanging initial contentions (infringement, damages, and invalidity), narrowing the scope of the asserted claims and prior art, identifying claim terms for construction, filing opening and responsive claim construction briefs, and conducting document and interrogatory discovery.  But then the Court vacated the date for the *Markman* hearing and all other matters to be heard and then postponed and subsequently cancelled the case management conference.  The parties submitted a joint proposed schedule in January 2022, in connection with the case management conference that was later taken off calendar, but the joint proposed schedule was never entered, and several of the dates have since passed, including the proposed *Markman* hearing in March 2022.

Without a case schedule, it has been difficult for the parties to move forward.  No depositions have been taken, the parties have not finalized custodians or search terms for email discovery, the parties have not served their second election of asserted claims and prior art, and naturally, expert discovery has not begun.

Finjan respectfully suggests that the attached proposed scheduling order would restart the case by providing the parties with necessary guidance on the sequencing and scheduling of claim

construction, fact discovery, expert discovery, motion practice, and trial preparation. Without a schedule and an impending trial date, the case will likely continue to linger. But setting a schedule and holding the parties to it will progress the case towards resolution, including potentially motivating the parties to consider settlement options. The attached schedule preserves and in some cases slightly extends the time intervals between events in the original case schedule and the parties' prior joint proposed case schedule. For example, the prior joint proposed schedule included a trial date in May 2023, 16 months after the parties proposed the schedule, while the attached proposed schedule pushes that trial date out to December 2023, which is 17 months from now. The revised proposed case schedule also includes a *Markman* hearing in October 2022, which would allow the parties to consider the *Markman* rulings in expert reports and further narrowing of the case. And the proposed trial date in December 2023 would be over 9 years after this case was filed, and nearly three years after the stay was lifted pending IPR.

Prior to filing this opposed motion, Finjan requested that PAN agree to file a joint motion requesting a scheduling order in line with the attached schedule. After meeting and conferring regarding this issue on June 23, 2022, PAN refused, stating two reasons: (1) PAN believes that a joint stipulation, not a joint motion, is the appropriate vehicle to request a scheduling order; and (2) a new scheduling order should not be submitted until other cases involving the asserted patents are resolved, specifically the *Finjan v. ESET* appeal (PAN estimate a decision will be issued by August). Regarding the former, Finjan restyled the motion as a joint stipulation and asked PAN to join it, but on July 15, 2022, PAN refused. Regarding the latter, Finjan disagrees. This case has already been stayed for 7 of its 9 pending years. Having a case schedule with a *Markman* hearing date and trial date would allow the parties to prepare for a timely resolution of this case. To the extent that any other cases related to the asserted patents may resolve issues that impact this case, the parties can address that when and if such an event occurs. A scheduling order, even one that may be adjusted later on, would add clarity and speed the parties towards the resolution of this case.

## IV. CONCLUSION

For the reasons stated above, Finjan respectfully requests the Court enter the revised proposed case schedule attached as Exhibit 1.

Dated: July 18, 2022

Respectfully submitted,

/s/ Roger A. Denning
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (*Pro Hac Vice*)
kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor, P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

**Attorneys for Plaintiff FINJAN LLC**