MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

KYLE W.K. MOONEY (*Pro Hac Vice*)
KMooney@mofo.com
ERIC W. LIN (*Pro Hac Vice*)
ELin@mofo.com
MICHAEL J. DESTEFANO (*Pro Hac Vice*)
MDeStefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>　　　　　　　Defendant. | Case No.   3:14-CV-04908-JD<br><br>**DEFENDANT PALO ALTO NETWORKS, INC.'S OPPOSITION TO PLAINTIFF FINJAN LLC'S MOTION FOR A SCHEDULING ORDER**<br><br>Date:　August 25, 2022<br>Time:　10:00 a.m.<br>Courtroom 11, 19th Floor<br>Judge:  Honorable James Donato |

1    PAN sees no need for burdening the Court with Finjan's motion and expects the Court
2    will set a schedule in due course.  Finjan is litigating these and related patents in seven other
3    cases, including in this district court, other district courts, and the Federal Circuit.  All of that
4    litigation can proceed and may narrow issues in this case by eliminating patents or issuing claim
5    construction or other substantive decisions.

6    For example, Finjan's proposed schedule does not account for the upcoming Federal
7    Circuit decision in *Finjan v. ESET*.  The Federal Circuit's *ESET* decision likely has direct bearing
8    on this case.  A schedule that does not account for *ESET* (and other stayed and pending cases)
9    thus unnecessarily wastes the Court's and the parties' resources.  PAN is not against entering a
10   case schedule, but PAN opposes Finjan's proposal of entering a case schedule without the benefit
11   of the Federal Circuit's *ESET* decision that should issue in the coming weeks (oral argument
12   occurred May 3, 2022).  That appeal affects three of the seven patents that Finjan asserted in its
13   Amended Complaint (Dkt. No. 112) (although, as part of the Court-ordered case narrowing (Dkt.
14   No. 126), Finjan did not elect claims from these three patents on June 21, 2021).

15   Entering a case schedule after the appeal decision would prevent needing another case
16   schedule and help streamline the issues in this case, such as dismissing the three *ESET* patents
17   with prejudice without any conditions.  Finjan concedes that a case schedule entered now "may
18   be adjusted later on" and that the *ESET* decision "may resolve issues that impact this case."
19   (Motion (Dkt. No. 191) at 4.)  It would additionally allow the parties and the Court to consider
20   whether the schedule of this case should be adjusted in view of the many other Finjan cases that
21   are currently pending and stayed (some pending the *ESET* appeal).  (*See* Joint Case Management
22   Statement (Dkt. No. 176), App'x. B.)  Given that the *ESET* decision is fast approaching, it makes
23   no sense to rush to a case schedule, only to revise it in the near future.

24   Finjan provides no explanation for why a case schedule cannot wait until the *ESET*
25   decision.  Discovery remains open, and Finjan can move forward with this case absent a case
26   schedule.  Finjan recognizes this as it recently resumed the email discovery process by serving its
27   first email discovery request three days after its motion for a scheduling order — identifying three
28   PAN email custodians and search terms.  Finjan also served its supplemental damages

contentions on the same day.  PAN will continue to diligently litigate this case and cooperate with Finjan on discovery.  Nothing prevents Finjan from advancing this case while the parties await the soon-to-be issued *ESET* decision.

Finjan's request that the Court enter Finjan's unilaterally proposed case schedule now not only unnecessarily wastes the Court's and the parties' resources but also ignores the basic principle that a case schedule requires both parties' input.  Fed. R. Civ. P. Rule 26(f)(2) (the parties must "attempt[] in good faith to agree on the proposed discovery plan").  The Court should issue a scheduling order with the benefit of both parties' input on the proposed schedule *after* the Federal Circuit's forthcoming *ESET* decision.

Dated:  August 1, 2022                                  MORRISON & FOERSTER LLP

                                                        By:    */s/ Diek O. Van Nort*
                                                               Diek O. Van Nort

                                                        Attorneys for Defendant
                                                        PALO ALTO NETWORKS, INC.