Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tyler R. Train (CA SBN 318998) / train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan E. Morrison (*Pro Hac Vice*) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607
Additional counsel listed on signature page

Attorneys for Plaintiff,
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>　　　　　Defendant. | Case No. 3:14-cv-04908-JD<br><br>**FINJAN LLC'S OPPOSED MOTION TO SEVER AND STAY THE 6,804,780, 8,677,494, and 7,613,926 PATENTS**<br>Date: February 23, 2023<br>Time: 10:00 A.M.<br>Courtroom 11, 19th Floor<br>Hon. James Donato |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 23, 2023, at 10:00 a.m., or as soon thereafter as the matter bay be heard in the United States District Court for the Northern District of California, San Francisco Division, Courtroom 11 before the Honorable James Donato, Plaintiff Finjan LLC ("Plaintiff" or "Finjan") will and hereby does submit its motion to sever and stay U.S. Patent Nos. 6,804,780; 7,613,926; and 8,677,494.

**RELIEF REQUESTED**

Plaintiff Finjan LLC ("Finjan") requests that the Court sever and stay U.S. Patent Nos. 6,804,780 ("the '780 Patent"), 7,613,926 ("the '926 Patent"), and 8,677,494 ("the '494 Patent) for adjudication following resolution of the remaining patents-in-suit.

**STATEMENT OF THE ISSUES**

In Finjan's case against ESET, LLC, pending in the United States District Court for the Southern District of California, on March 29, 2021, Judge Bencivengo found the asserted claims of the '780 Patent and four other patents invalid based on the court's decision that the term "Downloadable" as construed by the court is indefinite, and entered judgment on that order on May 20, 2021. *Finjan, Inc. v. ESET,* LLC, No. 3:17-cv-0183-CAB-BGS, Dkt. No. 869, 875 (S.D. Cal. Mar 29, 2021, May 20, 2021). The same "Downloadable" term appears in each claim of the '780, '926, and '494 Patents at issue in this case (collectively, "the ESET Patents"). Based on the decision in the Southern District of California, Finjan was estopped from pursuing its infringement claims for the '780, '926, and '494 Patents. As a result, Finjan continued to litigate the remaining patents-in-suit in accordance with the Court's August 23, 2022 scheduling order while the ESET Patents remained invalid. (Dkt. No. 194.)

On November 1, 2022, the United States Court of Appeals for the Federal Circuit reversed Judge Bencivengo's claim construction for the term "Downloadable" and found that the term as properly construed is not indefinite. *Finjan LLC v. ESET, LLC*, 2021-2093, Dkt. No. 52 at *2 (Nov. 1, 2022). The Federal Circuit mandate issued on January 3, 2023. *Id.* at Dkt. No. 57 (Jan. 3, 2023). Since Finjan is no longer estopped from asserting the ESET patents, but cannot do so

without disrupting this Court's scheduling order, Finjan requests that the Court sever and stay the '780, '926, and '494 Patents at this time.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      INTRODUCTION

Finjan requests the Court sever and stay U.S. Patent Nos. 6,804,780 ("the '780 Patent"), 7,613,926 ("the '926 Patent"), and 8,677,494 ("the '494 Patent) (collectively, "the ESET Patents") for adjudication following resolution of the remaining patents-in-suit.  As a result of an order in the Southern District of California finding the term "Downloadable" to be indefinite, Finjan was estopped from pursuing claims of infringement for the '780, '926, and '494 Patents from the date of the Court's order finding those patents invalid.  The United States Court of Appeals for the Federal Circuit overturned that finding earlier this month, and the ESET Patents are now, once again, valid and enforceable.  As this case has progressed since the March 2021 order invalidating claims in the ESET Patents, Finjan requests severance of those patents in order to allow the parties to continue litigating the remaining patents-in-suit in accordance with this Court's August 23, 2022 Scheduling Order.

II.     BACKGROUND

   A.      This Case Has Been Pending Since 2014

Finjan's predecessor, Finjan Inc., filed its complaint against Palo Alto Networks, Inc. ("PAN") on November 4, 2014 asserting infringement of the '780, '926, and '494 Patents as well as seven other patents.  (Dkt. No. 1).  Finjan dismissed three of the patents on March 31, 2021.  (Dkt. No. 111.)  The current patents in suit are the '780, '926, and '494 Patents in addition to U.S. Patent Nos. 7,418,731 ("the '731 Patent"), 7,647,633 ("the '633 Patent"), 8,141,154 ("the '154 Patent"), and 8,225,408 ("the '408 Patent").

During the course of this litigation, PAN filed *Inter Partes* Reviews ("IPR") challenging all ten patents-in-suit.  (Dkt. No. 63.)  PAN requested the Court stay the litigation in its entirety based on the filing of the IPR petitions.  (*Id.* at 1.)  Following a case management conference with Judge Hamilton, the parties stipulated to the stay, and the Court stayed the case on December 9, 2015.  (Dkt. Nos. 67, 69.)  On December 16, 2020, the United States Court of Appeals for the

Federal Circuit issued the final decision related to PAN's instituted IPRs. (Dkt. No. 79 at p. 1.) For each of the challenged patents, either all or a subset of the claims survived IPR. (*Id.*) Judge Hamilton lifted the stay on January 25, 2021. (Dkt. No. 84). Following the lifting of the stay, Finjan served its first round of infringement contentions for the '780, '731, '926, '633, '154, '408, and '494 Patents on April 1, 2021.

### B. The U.S. District Court for the Southern District of California Found the Term "Downloadable" To Be Indefinite

On March 29, 2021, in Finjan's case against ESET, LLC, pending in the U.S. District Court for the Southern District of California, Judge Bencivengo found the asserted claims of the '780 Patent and four other Finjan patents to be invalid on the grounds that the term "Downloadable," as used in those claims and construed by that court, is indefinite. *Finjan, Inc. v. ESET, LLC*, No. 3:17-cv-0183-CAB-BGS, Dkt. No. 869 (S.D. Cal. Mar. 29, 2021). The Court entered a judgment of invalidity on those patents on May 20, 2021. *Id.* at Dkt. No. 875 (May 20, 2021). Finjan appealed that ruling to the U.S. Court of Appeals for the Federal Circuit. *Id.* at Dkt. No. 878 (June 17, 2021).

### C. The Federal Circuit Revived Claims Containing the Term "Downloadable"

Finjan's appeal was successful. On November 1, 2022, the Federal Circuit reversed the judgment of invalidity and Judge Bencivengo's claim construction for the "Downloadable" term. *Finjan LLC v. ESET, LLC*, 2021-2093, Dkt. No. 52 at *2 (Nov. 1, 2022). Following that decision, the Federal Circuit denied ESET's Motion for Reconsideration, and the mandate issued on January 3, 2023. *Id.* at Dkt. No. 57 (Jan. 3, 2023). As of January 3, 2023, the patents containing the "Downloadable" term are again presumptively valid.

## III. ARGUMENT

### A. Finjan Was Estopped From Litigating the '780, '926, and '494 Patents

The '494 and '926 Patents are members of the same patent family as the '780 Patent, and the asserted claims include the same "Downloadable" term. *See, e.g.*, Dkt. No. 1 at Exhs. 10, 6. Days after Judge Bencivengo's judgment invalidating the '780 Patent, PAN requested that Finjan "immediately dismiss its claims with respect to the '780, '494, and '926 patents." Declaration of K. Nicole Williams ("Williams Decl.), Exh. 1 (2021-05-25 Letter from Van Nort to Denning) at p.

1. PAN argued that "[c]ollateral estoppel bars Finjan from continuing to assert these patents" because "they are [] invalid as indefinite for the same reasons as Judge Bencivengo ruled in her order." *Id.* at pp. 1-2 (*citing Ohio Willow Wood Co. v. Alps S.,* LLC, 735 F.3d 1333, 1342 (Fed. Cir. 2013) and *SAP Am., Inc. v.* Aunachalam, No. 13-cv-01248-PJH, 2019 WL 1455323, at *5 (N.D. Cal. Apr. 2, 2019) (Hamilton, J.)). The parties submitted a stipulation to dismiss the '780, '494, and '926 Patents, as well as the corresponding counter-claims. (Dkt. No. 156.) The parties agreed that "[t]he dismissal shall be without prejudice to Finjan's reassertion of these three patents against PAN by filing a new infringement action if and only if the judgment of invalidity of the '780 Patent is reversed or vacated on appeal." (*Id.* at p. 1.) The Court denied the parties' motion stating that it "will enter dismissal of [the counts related to the '780, '494, and '926 Patents] and related counterclaims only when dismissal is not conditional on subsequent appeals." (Dkt. No. 157.)

In the Northern District of California, Judge Freeman found that Finjan was estopped from litigating the '780 and '494 Patents in Finjan's co-pending case against SonicWall. *Finjan LLC v. SonicWall, Inc.*, No. 5:17-cv-04467-BLF, Dkt. No. 481 at p. 7 (N.D. Cal. Jul. 22, 2021). With regard to the '494 Patent, which was not at issue in the ESET case, Judge Freeman stated, "the ESET Court spoke directly to the question before the Court now: whether the '494 Patent is invalid arising from the indefiniteness of the term 'Downloadable.'" *Id.* at p. 6. The Court therefore entered judgment that the '780 and '494 Patents were invalid. *Id.* at p. 7. Judge Freeman's Order did not address the validity of the '926 Patent because the court had previously found that SonicWall did not infringe the asserted claims of the '926 Patent. However, Judge Freeman's reasoning for finding collateral estoppel for the '494 Patent applies equally to the '926 Patent as well.

B. **Severance and Stay of the ESET Patents Will Allow the Parties To Continue Litigation Without Disruption of the Court's Schedule**

Severance of the '780, '494, and '926 Patents will preserve judicial resources by ensuring the parties follow the schedule this Court entered on August 23, 2022. (Dkt. No. 194.) Since Judge Bencivengo invalidated the '780 Patent in 2020 and Judge Freeman invalidated the '494 Patent based on the same reasoning in 2021, the parties in this case have continued to litigate the

remaining patents-in-suit that do not contain the "Downloadable" term. As stated above, Finjan previously served its first round of infringement contentions for the '780, '731, '926, '633, '154, '408, and '494 Patents on April 1, 2021, prior to Judge Bencivengo's entry of a judgment of invalidity for the '780 Patent on May 20, 2021. In accordance with the Court's June 9, 2021 Order on Case Narrowing, Finjan made its preliminary election of asserted claims on June 21, 2021, identifying claims from the patents-in-suit other than the ESET Patents (*i.e.*, the '731, '633, '408, and '154 Patents). (*See, e.g.*, Dkt. No. 126.) PAN's preliminary election of asserted prior art likewise did not address the ESET Patents. The parties served claim construction briefs and their joint pre-hearing statement in August and September, 2021, identifying only claims from the non-ESET Patents. (Dkt. Nos. 158, 159, 163, 164.) The claim construction hearing is set for April 11, 2023. (Dkt No. 194). Fact discovery closed on December 23, 2023. (*Id.*)

The parties were estopped from litigating infringement or invalidity of the ESET Patents while they remained invalid. In order to bring the '780, '926, and '494 Patents back on track, Finjan and PAN will need to re-file claim construction briefs addressing any disputed terms in those patents, and will need to re-open fact discovery to address these patents. Severing and staying the ESET Patents will avoid undoing all of the progress the parties have made on the other four patents in this case and maintain the current schedule as set by this Court.

## IV.   CONCLUSION

In order to preserve judicial resources, and in fairness to the parties, Finjan respectfully requests the court sever and stay the '780, '494, and '926 Patents for adjudication at a later date.

Dated: January 17, 2023                     Respectfully Submitted,

*/s/ Juanita R. Brooks*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tyler R. Train (CA SBN 318998)

train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

John M. Farrell (CA SBN 99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070 / Fax: (650) 839-5071

Aamir Kazi (*Pro Hac Vice*)
kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Attorneys for Plaintiff FINJAN LLC