# EXHIBIT 1

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

May 25, 2021

Writer's Direct Contact
+1 (415) 268.6971
DVanNort@mofo.com

By email denning@fr.com

Roger Denning
Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130

Re:   Issue Preclusion for the '780, '494, and '926 Patents in *Finjan LLC v. Palo Alto Networks, Inc.*, Case No.14-cv-04908-PJH (N.D. Cal.)

Dear Roger:

I write to request that Finjan immediately dismiss its claims with respect to the '780, '494, and '926 patents in light of Judge Bencivengo's May 20 judgment in *ESET* (Dkt No. 875), which she entered based on her summary judgment order (Dkt. No. 869) and after denying Finjan's motion for reconsideration (Dkt No. 874). *Finjan LLC v. ESET, LLC et al.*, No. 3:17-cv-0183-CAB-BGS (S.D. Cal.). Collateral estoppel bars Finjan from continuing to assert these patents, which account for 49 of the 70 asserted claims in this case.

Judge Bencivengo's summary judgment order invalidated the '780 patent, along with four other Finjan patents not asserted in this case. *ESET*, 2021 U.S. Dist. LEXIS 54855, at *14-15 (S.D. Cal. Mar. 23, 2021). Her order is based on a finding that the claim term "Downloadable" is indefinite in light of the inclusion of the term "small" in the same express definition in each of the five invalidated patents. *Id.* at 4-5. This order and subsequent entry of judgment is a "final judgment" for purposes of issue preclusion or collateral estoppel. *Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.,* Nos. C04-02123 MJJ, C04-03327 MJJ, C04-03732 MJJ, C05-03117 MJJ, 2007 U.S. Dist. LEXIS 34466, at *37 (N.D. Cal. Apr. 27, 2007) ("Under Ninth Circuit law, to be 'final' for collateral estoppel purposes, a decision need not possess 'finality' in the sense of 28 U.S.C. § 1291. Instead, a final judgment for purposes of collateral estoppel is any prior adjudication of an issue in another action that is determined to be 'sufficiently firm' to be accorded preclusive effect." (internal citations omitted)). Thus, the '780 patent currently stands invalid, and Finjan is barred from arguing otherwise.

Issue preclusion also prohibits Finjan from arguing that the '494 and '926 patents are valid. The asserted claims of these patents include the same "Downloadable" term and have the

sf-4493343

MORRISON | FOERSTER

Roger Denning
May 25, 2021
Page Two

same express definition using the term "small" that resulted in the '780 patent being indefinite. Thus, these patents include the identical issue that Finjan had a full and fair opportunity to litigate in *ESET*. They are thus invalid as indefinite for the same reasons as Judge Bencivengo ruled in her order. O*hio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ("Our precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the issues that were litigated that determines whether collateral estoppel should apply."); *SAP Am., Inc. v. Arunachalam*, No. 13-cv-01248-PJH, 2019 WL 1455323, at *5 (N.D. Cal. Apr. 2, 2019) (Hamilton, J.), *aff'd* 801 F. App'x. 750 (Fed. Cir. 2020) (applying collateral estoppel to claims not addressed in prior proceedings for "rely[ing] on at least one of the claim terms found indefinite, not enabled, or failing written description").

Please let us know immediately if Finjan will not dismiss the '780, '494, and '926 patents so that Palo Alto Networks can raise the issue with the Court if necessary. As Finjan is well aware, attempting to re-litigate issues that it previously litigated and lost supports an exceptional case finding and an award of attorney's fees. *See, e.g.*, *Finjan, Inc. v. Juniper Network*, No. C 17-05659 WHA, 2021 U.S. Dist. LEXIS 5051, at *6-8 (N.D. Cal. Jan. 9, 2021).

Sincerely,

Diek O. Van Nort

sf-4493343