MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
MATTHEW I. KREEGER (CA SBN 153793)
MKreeger@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

KYLE W.K. MOONEY (*Pro Hac Vice*)
KMooney@mofo.com
ERIC W. LIN (*Pro Hac Vice*)
ELin@mofo.com
MICHAEL J. DESTEFANO (*Pro Hac Vice*)
MDeStefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC.<br><br>Plaintiff,<br><br>v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>Defendant. | Case No.   3:14-CV-04908-JD<br><br>**DEFENDANT PALO ALTO NETWORKS, INC.'S OPPOSITION TO PLAINTIFF FINJAN LLC'S MOTION TO SEVER AND STAY THE 6,804,780, 8,677,494, AND 7,613,926 PATENTS**<br><br>Date: February 23, 2023<br>Time: 10:00 am<br>Courtroom 11, 19th Floor<br>Judge:  Honorable James Donato |

1  **I.   INTRODUCTION**

2      The Court should deny Plaintiff Finjan LLC's ("Finjan") motion to sever and indefinitely

3  stay its claims for infringement of U.S. Patent Nos. 6,804,780 (the "'780 Patent"), 7,613,926 (the

4  "'926 Patent"), and 8,677,494 (the "'494 Patent") (collectively, the "*ESET* Patents").

5      It has been nearly one-and-a-half years since the Court twice denied stipulations to

6  conditionally dismiss the *ESET* Patents.  From then till now, Finjan has done nothing to litigate

7  claims for infringement of the *ESET* Patents.  Finjan did not elect to assert any claims from the

8  *ESET* Patents under the case narrowing schedule, did not seek to modify the case narrowing

9  schedule to include any claims from the *ESET* Patents, did not serve amended infringement

10  contentions for any claims from the *ESET* Patents, did not serve damages contentions for any

11  claims from the *ESET* Patents, and did not provide any claim construction discovery concerning

12  any claims from the *ESET* Patents.  Finjan did not even timely alert the Court of the Federal

13  Circuit's November 1, 2022 decision to reverse and vacate the indefiniteness decision related to

14  the *ESET* Patents despite that fact discovery in this case was set to close on December 23, 2022.

15      Instead, Finjan elected to prosecute only claims from the non-*ESET* Patents,[1] served

16  amended infringement contentions only for the non-*ESET* Patents, and has exclusively prosecuted

17  its claims for the non-*ESET* Patents over the past 19 months.  The parties also completed claim

18  construction discovery and briefing, served damages and responsive damages contentions, and

19  served invalidity contentions concerning only the non-*ESET* Patents.  The parties also recently

20  exchanged opening expert reports concerning only the non-*ESET* Patents.

21      Finjan's eleventh-hour request that the *ESET* Patent claims should be severed and stayed

22  to afford Finjan two bites at the apple should be rejected.  Finjan could have, but did not, propose

23  an unconditional dismissal of those claims.  Finjan could have, but did not, attempt to seek to

24  modify the case narrowing schedule to include any claims from the *ESET* Patents.  Finjan has not

25  shown any good cause or diligence for setting aside the case narrowing schedule.  And Finjan

26  should not be able to stay silent while the parties and the Court devote resources to the non-*ESET*

27
28  ---
[1] The non-*ESET* Patents are U.S. Patent Nos. 7,418,731 (the "'731 Patent"), 7,647,633 (the "'633 Patent"), 8,141,154 (the "'154 Patent"), and 8,225,408 (the "'408 Patent").

Patent claims and then force PAN and the Court—at Finjan's election—to go through a duplicative "round two" of this case.  Given its silence and inaction, Finjan has forfeited asserting any claims from the *ESET* Patents—just like it forfeited asserting the other claims that it chose to not prosecute in its elections of asserted claims.  Finjan's motion should be denied.

## II.     BACKGROUND

### A.     Finjan Delayed in Dealing with the *ESET* Patents

On March 29, 2021, Judge Bencivengo in the U.S. District Court for the Southern District of California found one of the three *ESET* Patents, the '780 Patent, invalid in Finjan's case against ESET, LLC.  *Finjan, Inc. v. ESET, LLC*, No. 3:17-cv-0183-CAB-BGS, 2021 WL 1241143, *5 (S. D. Cal. Mar. 29, 2021).

Because the claims of the other *ESET* Patents include the same term found indefinite by Judge Bencivengo, Finjan and PAN filed a joint stipulation to dismiss Finjan's infringement claims and PAN's counterclaims for the *ESET* Patents on June 21, 2021.  (Dkt. No. 130.)  The Stipulation of Dismissal was conditional on the outcome of the subsequent appeal: "The dismissal shall be without prejudice to Finjan's reassertion of these three patents against PAN by filing a new infringement action if and only if the judgment of invalidity of the '780 Patent is reversed or vacated on appeal." (*Id.*)  On June 23, 2021, Judge Hamilton denied the parties' joint stipulation and requested that they file a revised stipulation that, *inter alia*, "makes clear that Finjan would need to file a new action if the '780 invalidity judgment is reversed or vacated on appeal."  (Dkt. No. 131 at 2.)

On August 23, 2021, the parties filed a second joint stipulation regarding dismissal of the *ESET* Patent claims.  (Dkt. No. 156.)  On August 26, 2021, this Court denied the parties' second joint stipulation and made clear that it "will enter dismissal of [the *ESET* Patent claims] and related counterclaims only when dismissal is not conditional on subsequent appeals."  (Dkt. No. 157.)

The parties continued to move forward with discovery concerning Finjan's claims from the non-*ESET* Patents.  In October 2021 and January 2022, the parties filed Joint Case Management Statements updating the Court regarding discovery and stating: "the parties continue

1    to work together to appropriately dismiss the ESET Patents from the case in accord with the

2    agreed conditions in the stipulation and the Court's Order and expect to present a further plan at

3    the CMC." (Dkt. No. 171 at 2; Dkt. No. 176 at 2.)  But Finjan did not make any specific proposal

4    regarding the *ESET* Patents.

5           On July 18, 2022, Finjan filed an opposed motion for scheduling order.  (Dkt. No. 191.)

6    Critically, Finjan's proposed schedule did not include a plan for the *ESET* Patents despite PAN

7    raising the concern of the impact of the Federal Circuit's forthcoming decision.  (Dkt. No. 192 at

8    1.)  Instead, Finjan stated that "this Court is fully capable of dealing with whatever outcome,

9    efficiently and effectively, whenever [the *ESET* appellate decision] should occur."  (Dkt. No. 193

10   at 1.)  Based on Finjan's motion, this Court issued a scheduling order on August 23, 2022 and set

11   a fact discovery cut-off date of December 23, 2022.  (Dkt. No. 194.)

12          On November 1, 2022, the Federal Circuit reversed and vacated Judge Bencivengo's

13   indefiniteness decision.  *Finjan LLC v. ESET, LLC*, 51 F.4th 1377, 1384 (Fed. Cir. 2022).  But

14   Finjan did not promptly alert the Court.  Instead, Finjan proceeded with fact discovery without

15   any action regarding the *ESET* Patents and allowed fact discovery to close on December 23, 2022.

16          **B.     Finjan Did Not Elect Any Claims from the *ESET* Patents**

17          On June 9, 2021, Judge Hamilton issued a Case Narrowing Schedule Order, adopting

18   Finjan and PAN's jointly stipulated case narrowing schedule.  (Dkt. No. 126.)  The case

19   narrowing schedule requires, among other things, that Finjan serve a preliminary election of

20   asserted claims, including "no more than a total of 21 claims across all Patents-in-Suit" by June

21   21, 2021.  (Dkt. No. 126 at 1.)  Judge Hamilton's Case Narrowing Schedule Order provides that

22   "[u]pon a showing of diligence, and with due consideration for prejudice, a party may seek to

23   modify the above limits on asserted claims and prior art references for good cause shown."  (*Id*. at

24   2.)  This Order cites to *In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303,

25   1312–13 (Fed. Cir. 2011) in requiring that "[a]ny request to increase these limits must specifically

26   show why the inclusion of additional asserted claims or prior art references is warranted."  (*Id.*)

27   The Order further provides that "[a] failure to seek such a modification will constitute

28   acquiescence to the above limits on asserted claims and prior art references."  (*Id.*)

1    On June 21, 2021, Finjan served its preliminary election of asserted claims, electing 21

2    claims from the non-*ESET* Patents but not any claims from the *ESET* Patents.  (Decl. of Eric W.

3    Lin, filed herewith ("Lin Decl."), Ex. 1.)  Finjan provided in a footnote that "[t]he parties have

4    agreed in principle to dismiss [the *ESET* Patents]," but if they are not ultimately dismissed from

5    the case, Finjan "reserves the right to elect asserted claims for [the ESET Patents] in addition to

6    the 21 claims elected therein."  (*Id.*)  In fact, just two days later, Judge Hamilton *denied* a request

7    to dismiss the *ESET* Patents (Dkt. No. 131), and two months later this Court *again* denied a

8    request to dismiss the *ESET* Patents (Dkt. No. 157)).  But Finjan did nothing to try to modify the

9    Case Narrowing Schedule Order to elect or prosecute any claims from the *ESET* Patents in this

10   case.

11   On January 11, 2023, this Court issued an updated Case Narrowing Schedule Order,

12   requiring that Finjan elect "14 claims in total for all patents-in-suit" in its second election of

13   asserted claims by January 17, 2023.  (Dkt. No. 217.)  Finjan served its second election of

14   asserted claims on January 17, 2023.  (Lin. Decl., Ex. 2.)  Finjan elected 14 claims from the

15   subset of claims previously elected from the non-*ESET* Patents.  (*Id.*)  It did not elect any claims

16   from the *ESET* Patents and did not mention the *ESET* Patents in its second election.  (*Id.*)

17   **C.    The Parties Have Made Significant Progress in This Case**

18   This case began in 2014, when Finjan's predecessor, Finjan Inc., filed its complaint

19   against PAN.  (Dkt. No. 1.)  The case was stayed from 2015 to 2021 pending PAN's petitions for

20   IPR of the asserted patents.  (Dkt. Nos. 67, 69, 84.)  The *ESET* Patents each expired in 2017 and

21   two of the four non-*ESET* Patents expired in 2019.  Since the stay was lifted in January 2021, the

22   parties have made significant progress, including completing all claim construction discovery and

23   briefing; completing document productions; serving infringement, invalidity, and damages

24   contentions; and completing fact discovery.  (*See* Dkt. No. 176 at 5; Dkt. No. 194 at 1.)  The

25   parties are currently in expert discovery, a claim construction hearing is scheduled for April 11,

26   2023, and a jury trial is set for April 8, 2024.  (Dkt. No. 194 at 2.)

27   **III.   ARGUMENT**

28   Finjan seeks to sever the *ESET* Patents and stay them indefinitely but maintain the

1    possibility of reasserting them at some unknown future date.  But Finjan's eleventh-hour request

2    comes only after the parties have made significant progress regarding the non-*ESET* Patents,

3    including completing claim construction briefing, all contentions required by the Patent Local

4    Rules, and fact discovery.  (Dkt. No. 194.)  The parties are now in the midst of expert discovery, a

5    claim construction hearing is set for April 11, 2023, and a jury trial is scheduled for April 8, 2024.

6    (*Id.*)

7        Finjan's request to sever and indefinitely stay the *ESET* Patents now—after Finjan refused

8    to deal with them for one-and-a-half years—is improper.  Finjan has acknowledged that it did

9    nothing to deal with the *ESET* Patents after the Court denied requests to dismiss those patents.

10   (Dkt. No. 219 at 3-5.)  Finjan cites only to estoppel for why it did nothing.  (*Id.*)  But estoppel,

11   which Finjan admits applied as soon as Judge Bencivengo entered a judgment of invalidity in

12   May 2021 (*Id.* at 3-4), did not prevent the parties from attempting to dismiss the *ESET* Patents in

13   June and August 2021 (Dkt. Nos. 131, 157).  Finjan thus could have continued to deal with the

14   *ESET* Patents as soon as the Court denied requests to dismiss those patents in June and August

15   2021.  (*Id.*)  Finjan added to Joint Case Management Statements filed in October 2021 and

16   January 2022 that a "further plan" would be presented to the Court regarding the appropriate

17   dismissal of the *ESET* Patents from the case, but Finjan never did so.  (Dkt. Nos. 171, 176; Lin

18   Decl., Ex. 3 at 2.)  In August 2022, Finjan also moved for a case schedule that did not include a

19   plan for the *ESET* Patents, despite PAN's opposition that entering a schedule without accounting

20   for the *ESET* Patents would unnecessarily waste the Court's and the parties' resources.  (Dkt.

21   Nos. 191-193.)  Even when the Federal Circuit reversed and vacated Judge Bencivengo's

22   indefiniteness decision on November 1, 2022, Finjan allowed fact discovery to close on

23   December 23, 2022, without taking any action on the *ESET* Patents.  The Court should not now

24   reward Finjan's delay by staying its claims of infringement of the *ESET* Patents (expired since

25   2017) and allowing Finjan to continue to litigate them should Finjan not prevail on the non-*ESET*

26   Patents at the jury trial set for April 8, 2024.

27       There are also no claims to stay.  Finjan acquiesced to not asserting any claims from the

28   *ESET* Patents and has not shown any good cause or diligence, or even sought modifications to the

1    case narrowing schedule.  Despite Finjan's belief that the *ESET* Patents are among the "current

2    patents in suit" (Dkt. No. 219 at 2), Finjan never elected any claims from the *ESET* Patents.

3    Judge Hamilton's Case Narrowing Schedule Order requires that "[u]pon a showing of diligence,

4    and with due consideration for prejudice, a party may seek to modify the above limits on asserted

5    claims . . . for good cause shown."  (Dkt. No. 126 at 2.)  The Case Narrowing Schedule Order

6    makes clear that "[a] failure to seek such a modification [of the limits on asserted claims] will

7    *constitute acquiescence* to the . . . limits on asserted claims[.]"  (*Id.* (emphasis added).)  Finjan did

8    not elect any claims from the *ESET* Patents in its preliminary election of claims.  After Judge

9    Hamilton and this Court rejected the parties' stipulations to conditionally dismiss the *ESET*

10   Patents, Finjan did nothing to deal with the *ESET* Patents.  Finjan did not seek to modify the

11   limits on asserted claims as required by the Case Narrowing Schedule.  Finjan also did not elect

12   any claims from the *ESET* Patents in its second election of claims.  Finjan has acquiesced to not

13   asserting any claims from the *ESET* Patents and has not shown any good cause or diligence for

14   why the case narrowing schedule should be set aside.  *See, e.g.*, *In re Katz Interactive Call*

15   *Processing Patent Litig.*, 639 F.3d at 1312-13 (affirming denial of motion to sever and stay

16   unselected claims); *In re Ameranth Pat. Litig. Cases*, No. 11CV1810 DMS (WVG), 2021 WL

17   6750642, at *3 (S.D. Cal. Dec. 27, 2021) (denying request to reassert unselected claims because

18   plaintiff did not show good cause and delayed in making its request).  Finjan therefore is barred

19   from reasserting any claims from the *ESET* Patents at a later undefined time.

20   **IV.    CONCLUSION**

21          In the interest of judicial economy and fairness to the parties, the Court should deny

22   Finjan's motion to sever and stay its claims for infringement of the *ESET* Patents, *i.e.*, U.S. Patent

23   Nos. 6,804,780, 8,677,494, and 7,613,926.

24

25

26

27

28

1   Dated:  January 31, 2023                    MORRISON & FOERSTER LLP

2

3                                               By:    _/s/ Michael A. Jacobs_
                                                       Michael A. Jacobs
4
                                                Attorneys for Defendant
5                                               PALO ALTO NETWORKS, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28