MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
MATTHEW I. KREEGER (CA SBN 153793)
MKreeger@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

KYLE W.K. MOONEY (*Pro Hac Vice*)
KMooney@mofo.com
ERIC W. LIN (*Pro Hac Vice*)
ELin@mofo.com
MICHAEL J DESTEFANO (*Pro Hac Vice*)
MDestefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street,
New York, New York  10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

ROSE S. LEE (SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California  90017-3543
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>Plaintiff,<br><br>v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>Defendant. | Case No. 3:14-CV-04908-JD<br><br>**DEFENDANT PALO ALTO NETWORKS' MOTION TO STRIKE FINJAN'S EXPERTS' UNDISCLOSED INFRINGEMENT THEORIES**<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**<br><br>Date:  May 4, 2023<br>Time:  10:00 a.m.<br>Courtroom:  11, 19th Floor<br>Judge:  Honorable James Donato |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ........................................................................................ 1

RELIEF REQUESTED ................................................................................................................. 1

STATEMENT OF ISSUES ........................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

I. INTRODUCTION ........................................................................................................... 2

II. FACTUAL BACKGROUND .......................................................................................... 3

III. LEGAL STANDARD ...................................................................................................... 4

IV. ARGUMENT ................................................................................................................... 5

    A. The Court Should Strike Finjan's Experts' Infringement Theories that Finjan Did Not Timely Disclose Under the Patent Local Rules ................................... 5

        1. Dr. Min's and Dr. Jakobsson's Opinions Regarding the "CTD Engine" Are Based On Undisclosed Infringement Theories ............................................... 5

        2. Dr. Min's and Dr. Jakobsson's Opinions Regarding "Single Pass Architecture" and "Single Pass Scanning" Are Based On Undisclosed Infringement Theories ................................................................................. 8

        3. Dr. Min's and Dr. Jakobsson's Opinions Based On Undisclosed Infringement Theories Prejudice PAN ................................................................. 9

    B. The Court Should Strike Finjan's Experts' Other Opinions that Rely On Undisclosed Infringement Theories ................................................................. 9

V. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adobe Sys. Inc. v. Wowza Media Sys.*,
   No. 11-CV-02243-JST, 2014 WL 709865 (N.D. Cal. Feb. 23, 2014) ...................................... 9

*DSS Tech. Mgmt., Inc. v. Apple, Inc.*,
   No. 14-CV-05330-HSG, 2020 WL 210318 (N.D. Cal. Jan. 14, 2020) ...................................... 4

*Finjan LLC v. Qualys Inc.*,
   No. 4:18-CV-07229-YGR, 2021 WL 2793470 (N.D. Cal. June 3, 2021) ............................. 2, 4

*Finjan, Inc. v. Check Point Software Techs., Inc.*,
   No. 18-CV-02621-WHO, 2019 WL 955000 (N.D. Cal. Feb. 27, 2019) .................................. 7

*Finjan, Inc. v. Check Point Software Techs., Inc.*,
   No. 18-CV-02621-WHO, 2020 WL 597630 (N.D. Cal. Jan. 17, 2020) ................................... 2

*Finjan, Inc. v. Cisco Sys. Inc.*,
   No. 17-cv-00072, 2020 WL 2322923 (N.D. Cal. May 11, 2020) ............................................ 4

*Finjan, Inc. v. Cisco Sys. Inc.*,
   No. 17-CV-00072-BLF, 2019 WL 6174936 (N.D. Cal. Nov. 20, 2019) .......................... 2, 7, 8

*Finjan, Inc. v. Proofpoint, Inc.*,
   No. 13-CV-05808-HSG, 2016 WL 612907 (N.D. Cal. Feb. 16, 2016) .............................. 8, 10

*Finjan, Inc. v. Sophos, Inc.*,
   No. 14-CV-01197-WHO, 2015 WL 5012679 (N.D. Cal. Aug. 24, 2015) .............................. 2

*Finjan, Inc. v. Symantec Corp.*,
   No. 14-CV-02998-HSG(JSC), 2018 WL 620169 (N.D. Cal. Jan. 30, 2018) ........................ 5, 8

*Golden Bridge Tech. Inc. v. Apple, Inc.*,
   No. 12-CV-04882-PSG, 2014 WL 1928977 (N.D. Cal. May 14, 2014) ................................. 4

*Huawei Techs., Co. Ltd. v. Samsung Elecs. Co., Ltd.*,
   340 F. Supp. 3d 934 (N.D. Cal. 2018) ..................................................................................... 4

*Int'l Seaway Trading Corp. v. Walgreens Corp.*,
   589 F.3d 1233 (Fed. Cir. 2009) ............................................................................................... 9

*MasterObjects, Inc. v. Amazon.com, Inc.*,
   No. 20-CV-08103-WHA, 2021 WL 5987101 (N.D. Cal. Dec. 17, 2021) ............................... 8

*Plexxikon, Inc. v. Novartis Pharm. Corp.*,
   No. 17-CV-04405-HSG, 2020 WL 1820733 (N.D. Cal. Apr. 10, 2020) ................................. 9

*Verinata Health, Inc. v. Sequenom, Inc.*,
   No. 12-CV-00865 SI, 2014 WL 4100638 (N.D. Cal. Aug. 20, 2014) .......................................4

**Other Authorities**

N.D. Cal. L.R. 3-1 ................................................................................................................ *passim*

N.D. Cal. L.R. 3-6 ..........................................................................................................................1, 4

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1 | Chart of sections of paragraphs proposed to be stricken from the Opening Expert Report of Dr. Paul Min, dated January 27, 2023 |
| 2 | Chart of sections of paragraphs proposed to be stricken from the Opening Expert Report of Dr. Markus Jakobsson, dated January 27, 2023 |
| 3 | Chart of sections of paragraphs and Appendix to Opening Expert Report proposed to be stricken from the Opening Expert Report proposed to be stricken from the Opening Expert Report of Dr. Angelos Keromytis, dated January 27, 2023 |
| 4 | February 9, 2023 letter to Nicole Williams, counsel for Finjan, from Michael DeStefano, counsel for PAN |
| 5 | February 14, 2023 letter to Michael DeStefano, counsel for PAN, from Tyler Train, counsel for Finjan |
| 6 | Excerpt of October 17, 2022 Deposition of Jesse Ralston, PAN 30(b)(6) designee |
| 7 | "Content and Threat Detection State," available at https://docs.paloaltonetworks.com/pan-os/u-v/pan-os-device-telemetry-metrics-reference/threat-prevention/metric-dt-tp-6 |
| 8 | Excerpt of Appendix B-1 to Finjan's Amended Infringement Contentions, dated January 28, 2022 |
| 9 | Single Pass Architecture, available at https://www.paloaltonetworks.com/resources/whitepapers/single-pass-parallel-processing-architecture |
| 10 | Excerpt of Finjan's First Set of Requests for Admission to PAN, dated November 23, 2022 |
| 11 | Excerpt of March 15, 2023 Deposition of Markus Jakobsson |
| 12 | Excerpt of March 16, 2023 Deposition of Paul Min |
| 13 | Excerpt of Opening Expert Report of Dr. Markus Jakobsson, dated on January 27, 2023 |
| 14 | Excerpt of Opening Expert Report of Dr. Paul Min, dated on January 27, 2023 |
| 15 | Excerpt of March 15, 2023 Deposition of Angelos Keromytis |
| 16 | Corrected Appendix G to the Opening Expert Report of Dr. Angelos Keromytis, served on March 13, 2023 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 4, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard in the United District Court for the Northern District of California, San Francisco Division, in Courtroom 11, 19th Floor, before the Honorable James Donato, Palo Alto Networks, Inc. ("PAN") will and hereby does submit its motion to move the Court for an Order striking Plaintiff Finjan LLC's ("Finjan") experts' reliance on undisclosed theories of infringement regarding U.S. Patent Nos. 8,141,154 ("'154 Patent"), 8,225,408 ("'408 Patent"), and 7,418,731 ("'731 Patent").

## RELIEF REQUESTED

Pursuant to Patent Local Rules 3-1 and 3-6, Judge Hamilton's July 20, 2021 Order (Dkt. No. 146), and Judge Donato's January 13, 2022 Order (Dkt. No. 177), PAN seeks an Order striking portions of the expert reports of Drs. Paul Min, Markus Jakobsson, and Angelos Keromytis that articulate, or rely on, undisclosed infringement theories.

## STATEMENT OF ISSUES

Whether the following opinions of Finjan's experts should be stricken from their reports because Finjan failed to timely disclose the infringement theories in compliance with the Patent Local Rules:

1. Dr. Min's reliance on PAN's "CTD engine," "single pass architecture," and "single pass scanning" to support his opinion that PAN infringes the '408 Patent;

2. Dr. Jakobsson's reliance on PAN's "CTD engine," "single pass architecture," and "single pass scanning" to support his opinion that PAN infringes the '154 and '731 Patents; and

3. Dr. Keromytis's reliance on PAN's "single pass scanning," and on Dr. Min's and Dr. Jakobsson's opinions regarding "single pass scanning," to support his apportionment opinions.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Finjan's attempt to sandbag PAN with undisclosed infringement theories in its expert reports is part-and-parcel of Finjan's pattern of discovery misconduct in this district. Finjan prosecutes its cases without regard for its obligation under the Patent Local Rules to "identify[] specifically where and how each limitation of each asserted claim is found" in the accused products. Patent L. R. 3-1(c). *See, e.g.*, *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2020 WL 597630, at *18-20 (N.D. Cal. Jan. 17, 2020) (striking Finjan's second amended contentions with prejudice); *Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2015 WL 5012679, at *4-5 (N.D. Cal. Aug. 24, 2015) (granting defendant's motion to strike Finjan's infringement contentions because "Finjan must do more than vaguely reference the alleged function, way, and result of the whole accused product" in order to satisfy Patent Local Rule 3-1). In this case alone, the Court has *twice* ordered Finjan to supplement its contentions to comply with the Patent Local Rules—and *another* motion to strike Finjan's most recent amended contentions is still pending. (*See* Dkt. No. 195-3.)

Undeterred by this record, Finjan now attempts to inject new infringement theories into this case by serving expert reports relying on functionality in PAN's accused products that Finjan never identified or tied to any alleged infringement. Finjan's experts target three new functionalities in PAN's Next Generation Firewall ("NGFW"): "CTD engine" or "content threat detection;" "single pass architecture;" and "single pass scanning." But Finjan's infringement contentions say nothing about any of these functionalities.[1] Accordingly, Finjan's undisclosed infringement theories should be stricken from its expert reports. *See, e.g.*, *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2019 WL 6174936, at *2 (N.D. Cal. Nov. 20, 2019) (striking Finjan's expert report opinions that relied on undisclosed infringement theories); *Finjan LLC v. Qualys Inc.*, No. 4:18-CV-07229-YGR, 2021 WL 2793470 (N.D. Cal. June 3, 2021) (same).

---

[1] Pursuant to the Court's direction that hundreds of pages of exhibits should not be required for the Court's review (Dkt. No. 161), PAN has not attached Finjan's full January 28, 2022 infringement contentions as exhibits.

## II.     FACTUAL BACKGROUND

Finjan served its initial infringement contentions on April 1, 2021. Finjan's initial infringement contentions violated Patent Local Rule No. 3-1, including the requirement that Finjan identify *where* and *how* each limitation of each asserted claim is found in the accused products. PAN asked Finjan to address these deficiencies. (Dkt. No. 128-9.) Finjan refused. (Dkt. No. 128-10.) Accordingly, PAN moved to strike Finjan's contentions. (Dkt. No. 128.)

On July 20, 2021, Judge Hamilton granted PAN's motion and ordered Finjan to identify "where and how each of the claim limitations" can be found in the accused products. (Dkt. No. 146.) Finjan responded by serving amended contentions for *only* the '154 Patent (that were still deficient), despite Judge Hamilton's Order requiring Finjan to serve amended infringement contentions for *all* asserted patents. (Dkt. No. 161-5.) PAN raised Finjan's violation of the Court's order with Finjan, but Finjan refused to serve amended contentions for all asserted patents. (Dkt. No. 161-5.) Accordingly, PAN (again) moved to strike Finjan's contentions. (Dkt. No. 161.)

On January 13, 2022, the Court ordered Finjan to serve amended infringement contentions for all four asserted patents, and reserved judgment on the adequacy of the amended contentions for the '154 Patent. (Dkt. No. 177.) Finjan served yet another set of amended contentions that again failed to identify "where and how each of the claim limitations" can be found in the accused products. Accordingly, PAN moved for a *third* time against Finjan's deficient contentions. (Dkt. No. 195-3.) PAN's motion remains pending.

On January 27, 2023, Finjan served expert reports that cut-and-paste many of the deficient elements of its infringement contentions—but that also introduce *brand new infringement theories* targeting new functionality in the accused products: the "CTD engine;" "single pass architecture;" and "single pass scanning." PAN promptly demanded that Finjan serve corrected expert reports removing reference to these new infringement theories. (Ex. 4.)[2] Finjan refused. (Ex. 5.) The parties met and conferred in good faith on this issue but remain at an impasse.

---

[2] References to "Ex. __" or "Exhibit __" are to exhibits to the accompanying Declaration of Michael DeStefano, dated March 24, 2023 ("DeStefano Decl."), unless otherwise noted.

PALO ALTO NETWORKS, INC.'S MOTION TO STRIKE
CASE NO. 3:14-CV-04908-JD 3:14-CV-04908-JD          3

### III.     LEGAL STANDARD

The Patent Local Rules "exist to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-CV-00865 SI, 2014 WL 4100638, at *1 (N.D. Cal. Aug. 20, 2014) (internal citation omitted). Patent Local Rule 3-1 requires that a patentee, *inter alia*, identify "as specific[ally] as possible" the accused products and features and "identify[] specifically where and how each limitation [is met]." Patent Local Rule 3-6 requires that a patentee timely amend its infringement contentions to identify any newly discovered infringing features and theories. The purpose of these disclosure rules "[is] to be nit-picky, to require a plaintiff to crystalize its theory of the case and patent claims." *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-CV-05330-HSG, 2020 WL 210318, at *7 (N.D. Cal. Jan. 14, 2020) (granting motion to strike expert report that relied on undisclosed infringement theories).

Accordingly, a patentee cannot use expert reports to identify new infringement theories based on alleged infringing functionality that it failed to timely disclose under the Patent Local Rules. *See Huawei Techs., Co. Ltd. v. Samsung Elecs. Co., Ltd.*, 340 F. Supp. 3d 934, 946 (N.D. Cal. 2018) (patentee "may not use an expert report to introduce new infringement theories [or] new infringing instrumentalities") (internal citation omitted); *Golden Bridge Tech. Inc. v. Apple, Inc.*, No. 12-CV-04882-PSG, 2014 WL 1928977, at *3 (N.D. Cal. May 14, 2014) ("[e]xpert reports may not introduce theories not set forth in contentions"). Finjan knows from experience that it cannot introduce new infringement theories through its experts. *See, e.g.*, *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072, 2020 WL 2322923, at *3 (N.D. Cal. May 11, 2020) ("[i]t is well settled that expert reports may not introduce theories not set forth in contentions") (cleaned up); *Finjan LLC v. Qualys Inc.*, 2021 WL 2793470 (granting defendant's renewed motion to strike portions of Finjan's expert report that introduce new infringement theories that were not timely disclosed as required by the Patent Local Rules).

The inquiry on a motion to strike expert opinions under the Patent Local Rules is "whether the allegedly undisclosed 'theory' is in fact a new theory or new element of the accused product alleged to practice a particular claim that was not previously identified in plaintiff's contentions, or

whether the 'theory' is instead the identification of additional evidentiary proof showing that the accused element did in fact practice the limitation." *Finjan, Inc. v. Symantec Corp.*, No. 14-CV-02998-HSG(JSC), 2018 WL 620169, at *2 (N.D. Cal. Jan. 30, 2018). Here, as demonstrated below, Finjan inserts brand new infringement theories based on undisclosed elements of the accused products and those theories should be stricken.

## IV.   ARGUMENT

Finjan's experts introduce new infringement theories aimed at the "CTD engine," "single pass architecture," and "single pass scanning." The introduction of these theories prejudices PAN. Accordingly, the Court should strike them.

### A.   The Court Should Strike Finjan's Experts' Infringement Theories that Finjan Did Not Timely Disclose Under the Patent Local Rules

Finjan attempts to use Dr. Min's and Dr. Jakobsson's expert reports to introduce previously undisclosed infringement theories relying on PAN's "CTD engine," "single-pass architecture," and "single pass scanning." Dr. Min's and Dr. Jakobsson's opinions based on those theories are set forth in Exhibits 1 and 2, respectively. As demonstrated below, none of those theories were timely disclosed.

#### 1.   Dr. Min's and Dr. Jakobsson's Opinions Regarding the "CTD Engine" Are Based on Undisclosed Infringement Theories

Drs. Min and Jakobsson rely on a "CTD engine" in PAN's NGFW accused product to support their opinions that PAN infringes the '408, '154, and '731 Patents. Dr. Min opines that the CTD engine performs various limitations of the asserted claims of the '408 Patent, including: (1) receiving a stream of content over a network; (2) determining the programming language of the content; and (3) identifying patterns and tokens within the stream of content. Dr. Jakobsson opines that the CTD engine includes several elements of the asserted claims of the '154 Patent. Dr. Jakobsson also opines that the CTD engine acts as various structures claimed in the '731 Patent.

Finjan did not disclose these theories in its infringement contentions. The term "CTD engine" does not appear anywhere in the nearly 3,000 pages of infringement contentions and amended infringement contentions that Finjan has served. Finjan's attempt to salvage its expert's opinions by arguing in its February 14 letter to PAN that the "CTD engine" component is the same

1   as the "Content-ID" feature identified in PAN marketing documents is baseless.  The record is clear
2   that these are *not* the same.  Jesse Ralston, PAN's Rule 30(b)(6) representative designated to testify
3   regarding the structure and operation of NGFW, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
4   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
5   ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
6   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
7   ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
8   ▇▇▇
9   ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
10   . . .
11   ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
12   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
13   (Ex. 6 at 72:18-73:2 (emphasis added).) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
14   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
15   ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
16   ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
17   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
18   ▇▇▇▇▇
19   . . .
20   ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
21   . . .
22   ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
23   ▇▇▇▇▇▇▇▇▇▇▇
24   (*Id.* at 57:2-25 (emphasis added).)
25       Finjan's argument that "CTD engine" is merely an internal PAN identifier that it could only
26   learn about through discovery is also false.  Public-facing PAN materials refer to the "CTD engine"
27   by name and nothing precluded Finjan from referring to this feature even in its initial infringement
28   contentions.  (*See, e.g.* Ex. 7.)  But even if Finjan did first learn of the "CTD engine" during

discovery, it was obligated to timely *amend* its contentions. In fact, Finjan did not bother to do so despite that another court in this district struck Finjan's expert's opinion where, as here, Finjan had failed to timely amend its contentions to add functionality not identified in its contentions. In *Finjan, Inc. v. Cisco Systems*, Finjan defended reference to a new infringement theory in its expert report by claiming that it was merely the internal name of an already disclosed feature. *Finjan, Inc. v. Cisco Sys. Inc.*, 2019 WL 6174936, at *2. The Court rejected Finjan's argument, held that it was "more properly raised in a motion for leave to amend infringement contentions—not after expert reports are served," and struck the expert opinion. *Id*. at *2. There is no reason for the Court to hold differently here.

Finally, Finjan recently contended that it "included numerous citations to CTD source code in its Infringement Contentions," citing to page 76 of Appendix B-1 to its amended infringement contentions. (Ex. 5 at 1.) But the page cited by Finjan is the last page in a long list of nearly 70 different files that comprise *thousands* of lines of source code. (Ex. 8 at page 76.) The only places where the letters "CTD" appear on the page are in the middle of source code file, variable, or function names. There is no mention of a "CTD engine," let alone any disclosure identifying the structure by name or tying it specifically to any claim limitations. Finjan's short explanation of the source code on page 76 of Exhibit 8 does not identify any feature as the basis for a theory of infringement and does not tie it to any specific claim limitation. Patent Local Rule 3-1(c) is clear: a party cannot cite thousands of lines of source code in its contentions and then spring its actual infringement theories on the alleged infringer in the middle of expert discovery. *Cf. Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2019 WL 955000, at *5 (N.D. Cal. Feb. 27, 2019) (ordering Finjan to serve amended infringement contentions because Finjan's citation to "multiple sets of source code, often with little or no explanation for which set of citations relate to the relevant claim limitation" does not meet the level of specificity required by the Patent Local Rules).

### 2. Dr. Min's and Dr. Jakobsson's Opinions Regarding "Single Pass Architecture" and "Single Pass Scanning" Are Based On Undisclosed Infringement Theories

Finjan also did not disclose its "single pass architecture" and "single pass scanning" theories in its amended infringement contentions. The terms "single pass architecture" and "single pass scanning" do not appear anywhere in the thousands of pages of Finjan's infringement contentions. Finjan never cited this functionality despite that PAN's public facing website refers to "single pass architecture" multiple times. (*See, e.g.* Ex. 9.) And Finjan clearly knew about this feature because it served a Request for Admission last November that specifically asked about "PAN's Single Pass Architecture." *See, e.g.*, Ex. 10 at Request No. 1 ("[a]dmit that Next Generation Firewall's are made, offered for sale, and sold with source code that uses PAN's Single Pass Architecture").

Unable to point to any timely disclosure in its infringement contentions, Finjan has pointed to a single statement in its damages contentions that lists "Scan Incoming Network Traffic / Single-Pass Scanning" as a feature to which it apportioned damages. But this falls far short of identifying the functionality in any infringement contention*s* under Patent Local Rule 3-1(c). *See MasterObjects, Inc. v. Amazon.com, Inc.*, No. 20-CV-08103-WHA, 2021 WL 5987101, at *1 (N.D. Cal. Dec. 17, 2021) ("[A]ll courts agree that the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'") (internal citations omitted).

\* \* \*

As demonstrated above, Finjan did not disclose the "CTD engine," "single pass architecture," and "single pass scanning" theories in its contentions, and the Court should strike its expert opinions relying on those theories as set forth in Exhibits 1 and 2. *See, e.g.*, *Finjan, Inc. v. Cisco Sys. Inc.*, 2019 WL 6174936, at *2; *Finjan, Inc. v. Symantec Corp.*, 2018 WL 620169, at *4; *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 612907, at *3 (N.D. Cal. Feb. 16, 2016).

### 3. Dr. Min's and Dr. Jakobsson's Opinions Based On Undisclosed Infringement Theories Prejudice PAN

Finjan's untimely disclosure of the "CTD engine," "single pass scanning," and "single pass architecture" is highly prejudicial to PAN.  By withholding its theories of infringement until its expert reports, Finjan has denied PAN the opportunity to develop the record regarding these aspects of Finjan's infringement claim.  Finjan has also denied PAN the opportunity to identify and rely on prior art that performs the same or similar functionality to these components and that would invalidate claims interpreted to cover these components.  *See Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239 (Fed. Cir. 2009) ("'[t]hat which infringes, if later, would anticipate, if earlier'") (cleaned up).

Finjan's delay has inflicted on PAN the very prejudice that the Patent Local Rules were designed to prevent.  *See Adobe Sys. Inc. v. Wowza Media Sys.*, No. 11-CV-02243-JST, 2014 WL 709865, at *15 n. 7 (N.D. Cal. Feb. 23, 2014) ("in the context of motions to strike evidence based on a failure to comply with the Patent Local Rules, [] prejudice is inherent in the assertion of a new theory after discovery has closed"); *Plexxikon, Inc. v. Novartis Pharm. Corp.*, No. 17-CV-04405-HSG, 2020 WL 1820733, at *2 (N.D. Cal. Apr. 10, 2020) ("[t]he Northern District of California's Patent Local Rules exist to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to litigate their cases").

### B. The Court Should Strike Finjan's Experts' Other Opinions that Rely On Undisclosed Infringement Theories

In addition to striking Finjan's undisclosed infringement theories, the Court should also strike the opinions of Finjan's other expert, Dr. Keromytis, who relies on those undisclosed theories.

As part of his apportionment opinion, Dr. Keromytis opines about "single pass scanning." These sections are detailed in Exhibit 3, attached hereto.  (Ex. 3.)  More specifically, Dr. Keromytis's apportionment opinion relies on a list of features that includes "Scan Incoming Network Traffic / Single-Pass Scanning." (*Id.*)  Drs. Min and Jakobsson apparently completed and provided their indication of which of the features were relevant to infringement of their respective patents and both indicated that "single pass scanning" was relevant. (Ex. 11 at 183:2-23; Ex. 12 at

203:25-204:12, 270:17-271:14; Ex 13 ¶ 1028; Ex. 14 ¶ 893.) Dr. Keromytis used the list of features, including "single pass scanning," to determine the relative "weights" or "importance" of each feature for his technical apportionment analysis. (Ex. 15 at 18:22-19:6, 191:10-19; Ex. 16.)

Dr. Keromytis therefore improperly relied on theories that Finjan did not timely disclose in its contentions. *See Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 612907, at *8 (granting motion to strike expert report opining on the value of patents which relied on previously undisclosed infringement theories in relied-on reports). Accordingly, Finjan's untimely new infringement theories supporting technical apportionment should be stricken from the Keromytis Report.

## V.   CONCLUSION

PAN requests that (1) that Dr. Min's opinions regarding the "CTD engine" identified in Exhibit 1 be stricken, (2) that Dr. Jakobsson's opinions regarding the "CTD engine," "single pass architecture," and "single pass scanning" identified in Exhibit 2 be stricken, and (3) that Dr. Keromytis's opinions regarding "single pass scanning" identified in Exhibit 3 be stricken.

| | | |
|---|---|---|
| 1 | Dated: March 24, 2023 | MORRISON & FOERSTER LLP |

By: /s/ *Kyle W.K. Mooney*
    Kyle W.K. Mooney

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
MATTHEW I. KREEGER (CA SBN 153793)
MKreeger@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California  94105-2482
Telephone:	(415) 268-7000
Facsimile:	(415) 268-7522

KYLE W.K. MOONEY (*Pro Hac Vice*)
KMooney@mofo.com
ERIC W. LIN (*Pro Hac Vice*)
ELin@mofo.com
MICHAEL J DESTEFANO (*Pro Hac Vice*)
MDestefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street,
New York, New York  10019-9601
Telephone:	(212) 468-8000
Facsimile:	(212) 468-7900

ROSE S. LEE (SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California  90017-3543
Telephone:	(415) 268-7000
Facsimile:	(415) 268-7522

*Attorneys for Defendant*
PALO ALTO NETWORKS, INC.