Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tyler R. Train (CA SBN 318998) / train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan E. Morrison (*Pro Hac Vice*) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607
Additional counsel listed on signature page

Attorneys for Plaintiff,
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>          Defendant. | Case No. 4:14-cv-04908-JD<br><br>**FINJAN LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ITS OPPOSITION TO PALO ALTO NETWORKS, INC.'S MOTION TO STRIKE FINJAN'S EXPERTS' UNDISCLOSED INFRINGEMENT THEORIES AND EXHIBITS A-G**<br><br>Hon. James Donato<br>Ctrm: 11, 19th Floor |

## I. INTRODUCTION

In accordance with Civil Local Rules 7-11 and 79-5,[1] Judge Donato's Standing Order for Civil Cases, and the Stipulated Protective Order (Dkt. No. 110), Plaintiff Finjan LLC ("Finjan") hereby moves the Court for permission to file under seal the following:

| Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|
| Finjan LLC's Opposition to Palo Alto Opposition to Palo Alto Networks, Inc.'s Motion to Strike Finjan's Experts' Undisclosed Infringement Theories. | Highlighted portions on pp. 2-15 | The highlighted portions of this document reflect specific details of source code, specific pathnames and filenames of source code, or specific technical details related to PAN's Next-Generation Firewall ("NGFW") products. Jarvis Decl. ¶¶ 4-6. |
| **Exhibit A** to the Declaration of Lawrence R. Jarvis in Support of Finjan LLC's Opposition to Palo Alto Networks, Inc.'s Motion to Strike Finjan's Experts' Undisclosed Infringement Theories. | Entirety of excerpted document (pp. cover page, 22, 23, 26-31, 39, 80-95, 108-10, 113-16, 133-43, 188-92, 208-10, 212-14, 219, 220, 251, 252, 255, 292). | Content on each page of this excerpted document reflects specific details of source code, specific pathnames and filenames of source code, or specific technical details related to PAN's NGFW products. Jarvis Decl. ¶¶ 4-6. |
| **Exhibit B** to the Declaration of Lawrence R. Jarvis in Support of Finjan LLC's Opposition to Palo Alto Networks, Inc.'s Motion to Strike Finjan's Experts' Undisclosed Infringement Theories. | Entirety of excerpted document (pp. cover page, 34, 35, 78, 79, 86-90, 128, 131-34, 200-209, 309-15, 354-59). | Content on each page of this excerpted document reflects specific details of source code, specific pathnames and filenames of source code, or specific technical details related to PAN's NGFW products. Jarvis Decl. ¶¶ 4-6. |
| **Exhibit C** to the Declaration of Lawrence R. Jarvis in Support of Finjan LLC's Opposition to Palo Alto Networks, Inc.'s Motion to Strike Finjan's Experts' Undisclosed Infringement Theories. | Entirety of excerpted document (pp. cover page, 16, 22-24, 73-81, 107). | Content on each page of this excerpted document reflects specific details of source code, specific pathnames and filenames of source code, or specific technical details related to PAN's NGFW products. Jarvis Decl. ¶¶ 4-6. |

---

[1] The Civil Local Rules effective February 2, 2023 provide for the filing of a "Motion to Consider Whether Another Party's Material Should be Sealed" where, as here, the filing party is not the designating party. *See* Civ. L.R. 79-5(f). However, the Standing Order for Civil Cases Before Judge James Donato (the "Standing Order") makes multiple references to Civil Local Rule 79-5(d)(1), which was set forth in prior versions of the Civil Local Rules. *See* Standing Order ¶¶ 25-31. Thus, Finjan is filing the current Administrative Motion to File Under Seal in conformance with Civ. L.R. 79-5(d)(1) as modified by the Standing Order.

| | | |
|---|---|---|
| **Exhibit D** to the Declaration of Lawrence R. Jarvis in Support of Finjan LLC's Opposition to Palo Alto Networks, Inc.'s Motion to Strike Finjan's Experts' Undisclosed Infringement Theories. | Entirety of excerpted document (pp. cover page, 50, 203, 204-208, 242-245). | Content on each page of this excerpted document reflects specific details of source code, specific pathnames and filenames of source code, or specific technical details related to PAN's NGFW products. Jarvis Decl. ¶¶ 4-6. |
| **Exhibit E** to the Declaration of Lawrence R. Jarvis in Support of Finjan LLC's Opposition to Palo Alto Networks, Inc.'s Motion to Strike Finjan's Experts' Undisclosed Infringement Theories. | Entirety of excerpted document (pp. cover page, 177-84, 236-38, 270-73). | Content on each page of this excerpted document reflects specific details of source code, specific pathnames and filenames of source code, or specific technical details related to PAN's NGFW products. Jarvis Decl. ¶¶ 4-6. |
| **Exhibit F** to the Declaration of Lawrence R. Jarvis in Support of Finjan LLC's Opposition to Palo Alto Networks, Inc.'s Motion to Strike Finjan's Experts' Undisclosed Infringement Theories. | Entirety of excerpted document (pp. cover page, 55-64, 71-73, 114-16, 138-41). | Content on each page of this excerpted document reflects specific technical details related to PAN's NGFW products. Jarvis Decl. ¶ 6. |
| **Exhibit G** to the Declaration of Lawrence R. Jarvis in Support of Finjan LLC's Opposition to Palo Alto Networks, Inc.'s Motion to Strike Finjan's Experts' Undisclosed Infringement Theories. | Entirety of excerpted document (pp. cover page, 9). | Content on each page of this excerpted document reflects specific technical details related to PAN's NGFW products. Jarvis Decl. ¶ 6. |

Filed concurrently herewith and pursuant to Civ. L.R. 79-5(c) are the confidential versions of Plaintiff Finjan Inc.'s Opposition to Palo Alto Networks, Inc.'s ("PAN") Motion to Strike Finjan's Experts' Undisclosed Infringement Theories and Exhibits A-G to the Declaration of Lawrence Jarvis in Support thereof, as well as public, redacted versions of same.

## II.    LEGAL STANDARD

PAN's Motion is a non-dispositive motion, and the information to be sealed in Finjan's Opposition and Exhibits A-G is only tangentially related to the merits of this case; therefore, the "good cause" standard applies to this sealing request. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action,"

1   parties moving to seal must meet the lower "good cause" standard); *Finjan, Inc. v. Check Point*
2   *Software Techs., Inc.*, No. 18-CV-02621-WHO, 2019 WL 955000, at *10 (N.D. Cal. Feb. 27,
3   2019) (finding Check Point has shown good cause to seal attachments to its motion to strike
4   Finjan's infringement contentions). The "good cause" standard requires a "particularized
5   showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex*
6   *rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal
7   quotation marks omitted).

8   **III.   ARGUMENT**

9       Good cause exists to file the documents in question under seal, as described in the
10   Declaration of Lawrence Jarvis In Support of Finjan Inc.'s Motion to File under Seal Its
11   Opposition to Defendant Palo Alto Networks, Inc.'s ("PAN") Motion to Strike Finjan's Experts'
12   Undisclosed Infringement Theories and Exhibits A-G ("Jarvis Decl.") accompanying this motion
13   to seal.

14       **A.   Specific Details of Source Code**

15       Finjan seeks to seal highlighted portions of its Opposition and the entirety of excerpted
16   Exhibits A-G, that contain specific details of the source code that runs the accused NGFW
17   products. The proposed redactions are narrowly tailored and discuss in detail how particular
18   functions in PAN's source code operate, including their specific capabilities and what other
19   functions are called by the particular functions. Jarvis Decl. at ¶ 4. According to PAN, its source
20   code is highly confidential and proprietary to PAN. Dkt. No. 229 at pp. 4-5. According to PAN,
21   it does not publicly disclose or describe how particular functions in PAN's source code operate.
22   *Id*. According to PAN, it derives business advantage from this information not being known by
23   PAN's competitors or the general public. *Id*. According to PAN, disclosure of this highly-
24   confidential information would allow PAN's competitors to reverse engineer and copy PAN's
25   products with little effort. *Id*. According to PAN, disclosure of this information would also help
26   PAN's competitors advance their own technical development and shape their business decisions,
27   thereby harming PAN's competitive standing in the cybersecurity industry. *Id*. According to
28   PAN, the confidentiality interests of PAN outweigh the right of public access to the record, as a

1  substantial probability exists that PAN's confidential interests will be prejudiced if the information
2  is made public.  *Id*.  According to PAN, disclosure of this information could compromise the
3  security of computers and networks protected by PAN's products given the nature of the products
4  at issue (network security products).  *Id*.  Furthermore, the highlighted portions of Finjan's
5  Opposition and the excerpted portions of Exhibits A-G, reflect information PAN has designated
6  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY
7  CONFIDENTIAL – SOURCE CODE" under the Stipulated Protective Order.  Dkt. No. 110.
8        Sealing is also justified because courts in this district, including this Court, have previously
9  granted motions to file under seal specific details of source code.  *See, e.g.*, *Open Text S.A. v. Box,*
10 *Inc.*, No. 13-CV-04910-JD, 2014 WL 7368594, at *3 (N.D. Cal. Dec. 26, 2014) (Donato, J.)
11 (granting the party's motion to seal "highly confidential, non-public details relating to [] product
12 design and source code"); *see also Check Point*, 2019 WL 955000, at *10 (finding good cause to
13 seal Check Point's documents containing confidential source code); *Dynetix Design Sols. Inc. v.*
14 *Synopsys Inc.*, No. 11-CV-05973 PSG, 2012 WL 6586372, at *1 (N.D. Cal. Dec. 17, 2012)
15 (finding good cause to seal portions of a declaration referring to the function of plaintiff's source
16 code).  Courts in this district have also sealed source code information under the more stringent
17 "compelling reasons" standard.  *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-
18 LHK, 2012 WL 4068633 (N.D. Cal. Sept. 14, 2012) (finding compelling reasons to seal and
19 granting sealing of documents discussing confidential source code and detailed technical
20 information as "categories of information that [a]re sealable under Ninth Circuit law").
21       Finjan seeks only limited redactions of specific discussions about how particular functions
22 in the source code operate.  Thus, the proposed sealing is narrowly tailored, and no less restrictive
23 means exist to protect PAN's confidentiality interests.
24       **B.**    **Specific Pathnames and Filenames of Source Code**
25       Finjan seeks to seal highlighted portions of its Opposition and the entirety of excerpted
26 Exhibits A-G that contain pathnames and filenames of the source code that runs the accused
27 NGFW products.  The proposed redactions are narrowly tailored and include only the pathnames
28 and filenames of the source code.  Jarvis Decl. at ¶ 5.  According to PAN, its source code is highly

1  confidential and proprietary to PAN.  Dkt. No. 229 at pp. 3-4.  According to PAN, source code
2  pathnames and filenames provide insights into the confidential internal architecture and operation
3  of PAN's products.  *Id*.  According to PAN, access to the internal architecture and operation of
4  PAN's products would help PAN's competitors advance their own technical development and
5  shape their business decisions, thereby harming PAN's competitive standing in the cybersecurity
6  industry.  *Id*.  According to PAN, the confidentiality interests of PAN outweigh the right of public
7  access to the record, as a substantial probability exists that PAN's confidential interests will be
8  prejudiced if the information is made public.  *Id*.  Furthermore, the highlighted portions of
9  Finjan's Opposition, as well as the excerpted portions of Exhibits A-G, reflect information PAN
10 has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY
11 CONFIDENTIAL – SOURCE CODE" under the Stipulated Protective Order.  Dkt. No. 110.
12     Sealing is also justified because courts in this district, including this Court, have previously
13 granted motions to file under seal filenames or directories of source code.  *Altera Corp. v. PACT*
14 *XPP Techs., AG*, No. 14-cv-02868-JD, 2015 U.S. Dist. LEXIS 109024, at * 6 (N.D. Cal. Aug. 18,
15 2015) (Donato, J.) (granting motion to seal "[i]nteral code names and file names that could cause
16 competitive harm if disclosed to competitors or others"); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-
17 CV-05808-HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (finding "compelling reasons
18 to seal confidential, sealable information, including source code directories").
19     Finjan seeks only limited redactions of pathnames and filenames of PAN's source code.
20 Thus, the proposed sealing is narrowly tailored, and no less restrictive means exist to protect
21 PAN's confidentiality interests.
22     **C.     Specific Technical Details**
23     Finjan seeks to seal highlighted portions of its Opposition, as well as the entirety of
24 excerpted Exhibits A-G, that contain specific technical details of PAN's accused NGFW products.
25 The technical details include configuration of infrastructure, specific component names, and
26 specific capabilities of components.  The proposed redactions are narrowly tailored and include
27 only technical details about the configuration of infrastructure, specific component names, and
28 specific capabilities of components.  Jarvis Decl. at ¶ 6.  According to PAN, public disclosure of

1    this highly confidential information would allow PAN's competitors to reverse engineer and
2    achieve similar results in their own products.  Dkt. No. 229 at p. 1-3.  According to PAN,
3    disclosure of this information would help PAN's competitors advance their own technical
4    development and shape their business decisions, thereby harming PAN's competitive standing in
5    the cybersecurity industry.  *Id*.  According to PAN, the confidentiality interests of PAN outweigh
6    the right of public access to the record, as a substantial probability exists that PAN's confidential
7    interests will be prejudiced if the information is made public.  *Id*.  According to PAN, disclosure
8    of this information could compromise the security of computers and networks protected by PAN's
9    products given the nature of the products at issue (network security products).  *Id*.  Furthermore,
10   the highlighted portions of Finjan's Opposition and the excerpted portions of Exhibits A-G, reflect
11   information PAN has designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
12   and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Stipulated Protective Order.
13   Dkt. No. 110.
14           Sealing is also justified because courts in this district, including this Court, have previously
15   granted motions to file under seal technical details of products.  *Largan Precision Co. v. Genius*
16   *Elec. Optical Co.*, No. 3:13-cv-02502-JD, 2015 U.S. Dist. LEXIS 28698, at *6, *8 (N.D. Cal. Mar.
17   9, 2015) (Donato, J.) (granting the party's motion to seal "[c]onfidential specification data and
18   technical information" and "specific technical specifications as to component for specific []
19   products"); *Cisco Sys. Inc. v. Arista Networks, Inc.*, No. 14-cv-05344-BLF, 2016 U.S. Dist.
20   LEXIS 113391, at *7, 8, 17, 35-36 (N.D. Cal. Aug. 24, 2016) (finding compelling reasons to seal
21   and granting sealing of information regarding "confidential product development/roadmap
22   information about [defendant]'s products," "specific functionality in [defendant]'s products,"
23   "sensitive and non-public aspects of the source code underlying [defendant]'s products," and "the
24   inner workings of [defendant]'s products and their technological capabilities").
25           Finjan seeks only limited redactions of specific technical details of PAN's products.  Thus,
26   the proposed sealing is narrowly tailored, and no less restrictive means exist to protect PAN's
27   confidentiality interests.
28

**IV.  CONCLUSION**

Finjan's request is narrowly tailored to seek sealing only of sealable material in accordance with Civil Local Rule 79-5, this Court's Standing Order for Civil Cases, and the Stipulated Protective Order (Dkt. No. 110).  Accordingly, Finjan requests that the Court grant its Administrative Motion to Seal.

1  Dated: April 7, 2023

/s/ *Lawrence Jarvis*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tyler R. Train (CA SBN 318998)
train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

John M. Farrell (CA SBN 99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070 / Fax: (650) 839-5071

Aamir Kazi (*Pro Hac Vice*)
kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st floor
Atlanta, GA  30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Attorneys for Plaintiff FINJAN LLC.