**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK  10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

November 30, 2022

Writer's Direct Contact
+1 (212) 336-4092
KMooney@mofo.com

**[UNREDACTED VERSION OF DOCUMENT
SOUGHT TO BE SEALED]**

***By ECF***

The Honorable James Donato
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *Finjan LLC v. Palo Alto Networks, Inc.*, Case No. 3:14-cv-04908-JD (N.D. Cal.)

Dear Judge Donato:

Palo Alto Networks, Inc. ("PAN") submits this letter brief seeking an order compelling Finjan LLC ("Finjan") to produce documents concerning valuations of the asserted patents that Finjan is improperly withholding based on alleged privilege.  PAN certifies that it has met and conferred with Finjan regarding this issue.  PAN has worked with Finjan for more than five months to try to obtain some or all of these documents and to thereby narrow the dispute and minimize the burden on the Court.  The parties have exchanged at least 33 letters and emails and have met and conferred three times.  But the parties remain at an impasse and PAN is now forced to raise this issue with the Court.

PAN's discovery requests sought the production of documents concerning valuations of any of the asserted patents.  (*See* PAN Interrog. No. 14; PAN RFP Nos. 91, 100.)[1]  These documents are relevant to, *inter alia*, Finjan's claimed damages in this case.  PAN believes that many of these documents were created and disclosed to Fortress Investment Group ("Fortress") and other third parties during a competitive sale process that Finjan conducted during the 2018-2020 time period — efforts that resulted in Fortress acquiring Finjan in July 2020 for $43.9 million.[2]

---

[1] Excerpts of PAN's discovery requests and Finjan's responses are attached as Exhibits B and C.

[2] Finjan described this sales process to its shareholders in a Solicitation/Recommendation Statement, filed June 24, 2020, *available at* https://www.sec.gov/Archives/edgar/data/1366340/000104746920003821/a2241956zsc14d9.htm.

**IIIORRISON FOERSTER**

The Honorable James Donato
November 30, 2022
Page Two

Finjan is wrongfully withholding these documents, identified as Entry Nos. 1-10 and 12-56 on its privilege log, dated September 3, 2021.  (*See* Ex. A.)  But the documents are not privileged or protected and, even if they were, Finjan has waived any such privilege or protection.

**A.      Finjan Fails to Establish That the Withheld Documents Were Ever Protected By the Attorney-Client Privilege or Work Product Doctrine**

Finjan's withheld documents fall into two categories, neither of which includes any documents that were ever privileged or protected work product.

<u>**Communications with Fortress and Unidentified Recipient No. 13**</u>.  Finjan is withholding communications by and among Fortress (a then-potential acquirer of Finjan), unidentified "Recipient No. 13" (a "potential acquisition party"), Atlas Technology (a financial advisor to Finjan), Finjan, and Bentham IMF (a third-party litigation funder), dated September 2018, October 2018, and December 2019.  (*See* Ex. A, Entry Nos. 1-4, 8-10, 12.) These communications are not protected by attorney-client privilege because none of them are communications from Finjan to a Finjan attorney seeking legal advice or from a Finjan attorney to Finjan providing legal advice.  Finjan also has not even made a colorable showing that these communications are entitled to work product protection and, in fact, does not claim that any of them were created or sent to Fortress "because of" litigation.  *See, e.g.*, *In re Grand Jury Subpoena*, 357 F.3d 900, 908 (9th Cir. 2004) (document must be "'created because of anticipated litigation and would not have been created in substantially similar form but for the prospect of litigation'" (quoting *United States v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998)).  These communications, in fact, appear to have been part of arm's-length negotiations with Fortress when Finjan was soliciting Fortress and many other third parties in connection with a potential acquisition.

<u>**Spreadsheets and Presentations Sent to Potential Acquirers**</u>.  Finjan is withholding (1) spreadsheets prepared by Ann Taylor (Sr. IP Specialist, Finjan) and sent to at least 30 different persons affiliated with at least 9 different third parties between November 2018 and February 2020 (*see* Ex. A, Entry Nos. 5-7, 13-15, 17-33, 44-51, 53-56); and (2) presentations (or portions thereof) prepared by Ms. Taylor and sent to at least 60 different persons affiliated with at least 12 different third parties between September 2018 and October 2019 (*see* Entry Nos. 16, 34-43, 52).  Finjan has refused to disclose the identities of these persons or entities, but has confirmed in correspondence that they were "potential acquisition parties."  Once again, these documents are not protected by attorney-client privilege because none of them are documents from Finjan to a Finjan attorney seeking legal advice or from a Finjan attorney to Finjan providing legal advice.  Finjan also fails to provide information sufficient to justify its position that these documents were prepared, or sent to any of these myriad third parties, "because of" litigation.  *See In re Grand Jury Subpoena*, 357 F.3d at 908.  Rather, the documents appear to have been created and broadly

**ΙΙΙORRISON FOERSTER**

The Honorable James Donato
November 30, 2022
Page Three

disseminated at arm's-length to these third parties because of Finjan's competitive sale process and third parties' interest in acquiring the company. Accordingly, they are not protected work product. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 580 (N.D. Cal. 2007) (documents prepared "to further a commercial transaction in which the parties, if anything, have opposing interests").

> **B.      Even If the Withheld Documents Were Ever Protected, Finjan Has Waived Any Protections by Disclosing Them to Unaffiliated Third Parties as Part of Arm's-Length Business Negotiations**

Even if the withheld documents were privileged, Finjan has not established a requisite common legal interest with any of the unaffiliated "potential acquisition parties" and any alleged privileged or protections are therefore waived.

Finjan cannot establish a common legal interest with any potential acquisition party except for Fortress — and even then not until around June 9, 2020, or July 24, 2020, the dates that Finjan approved of the Merger Agreement with Fortress and that Fortress completed its acquisition, respectively. Before that time, Finjan's interests were directly opposite each of the several potential buyers. Finjan was trying to get the best deal it could from each potential buyer. Each potential buyer was trying to get the best deal it could from Finjan. These are pure business negotiations and are insufficient to establish a common interest. *See, e.g.*, *Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939-WHA(JSC), 2017 WL 2485382, at *9 (N.D. Cal. June 8, 2017) (the common interest doctrine did not apply because "[a]t that time, Otto and Uber were on the opposite sides of a proposed acquisition with no obligation to consummate the transaction"); *Nidec*, 249 F.R.D. at 579-80 (common interest doctrine did not protect information exchanged during bidding process because parties "if anything, ha[d] opposing interests"). Finjan's reliance on *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 115 F.R.D. 308 (N.D. Cal. 1987) is misplaced because the parties in that case were furthering a joint legal interest in anticipated joint litigation. *Id.* at 310.

Finjan also cannot rely on the common interest doctrine here merely because it is in the business of IP and those arm's-length business negotiations, therefore, necessarily relate to IP. Courts have held that "evaluating patents to acquire and targets to assert those patents against are clearly business functions, and documents resulting from these functions cannot be categorized in sweeping assertions of privileges." *See, e.g.*, *Thought, Inc. v. Oracle Corp.*, No. 12-cv-05601-WHO(MEJ), 2014 WL 3940294, at *3 (N.D. Cal. Aug. 11, 2014) (internal citation and quotation marks omitted).

Any argument that the existence of a confidentiality agreement with these third parties suffices to support a common legal interest is also baseless. *See, e.g.*, *Waymo*, 2017 WL 2485382, at *11-12; *Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091-JSC, 2020 WL 4732334, at *8 (N.D. Cal. Aug. 14, 2020).

**IIIORRISON FOERSTER**

The Honorable James Donato
November 30, 2022
Page Four

Respectfully,

/s/ *Kyle Mooney*

Kyle Mooney
Counsel for Palo Alto Networks, Inc.

Enclosures (Exhibits A-C)
cc:  All Counsel of Record (via ECF)

# Exhibit A

# FILED UNDER SEAL

# Exhibit B

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
MATTHEW A. CHIVVIS (CA SBN 251325)
MChivvis@mofo.com
DIEK O. VAN NORT (CA SBN 273823)
DVanNort@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

RUDY Y. KIM (CA SBN 99426)
RudyKim@mofo.com
COLETTE REINER MAYER (CA SBN 263630)
CRMayer@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

ERIC W. LIN (*Pro Hac Vice*)
Elin@mofo.com
MICHAEL J. DESTEFANO (*Pro Hac Vice*)
Mdestefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINJAN LLC,<br><br>Plaintiff,<br><br>v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>Defendant. | Case No.   4:14-CV-04908-PJH<br><br>**DEFENDANT PALO ALTO NETWORKS, INC.'S SECOND SET OF INTERROGATORIES TO FINJAN LLC (NO. 14)**<br><br>Judge:  Honorable Phyllis J. Hamilton |

1  derived sufficient to permit rendering the records and information intelligible; (b) file folders with

2  tabs or labels or directories of files identifying documents must be produced intact with such

3  documents; and (c) documents attached to each other shall not be separated.  Electronic records

4  and computerized information must be produced in the format ordered by the Court on April 20,

5  2021 in the Stipulation & Order Re: Discovery of Electronically Stored Information for Patent

6  Infringement (Dkt. No. 117).

7      5.      The Interrogatories are continuing in nature.  Finjan is required to timely

8  supplement these responses with any information discovered or identified subsequent to the

9  service of these Interrogatories, within a reasonable period of time following such discovery,

10  pursuant to Federal Rule of Civil Procedure 26(e).

11                            **INTERROGATORIES**

12  **INTERROGATORY NO. 14:**

13      Describe with particularity any valuation conducted by Finjan, or by any other entity,

14  including but not limited to Fortress Investment Group LLC, Potential Transaction Partners,

15  and/or Party B, of any of the Asserted Patents by, without limitation, describing communications

16  regarding, and identifying all facts and circumstances relating to, all documents concerning, and

17  the persons most knowledgeable about, each valuation of the Asserted Patent(s).

18

19

20  Dated:  May 12, 2021                    MORRISON & FOERSTER LLP

21

22                                 By:      /s/ Colette Reiner Mayer
                                          _____
23                                          Colette Reiner Mayer

24                                          Attorneys for Defendant
                                          PALO ALTO NETWORKS, INC.
25

26

27

28

Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038) / terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan Morrison (*Pro Hac Vice*) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607
*Additional counsel listed on signature page*

***Attorneys for Plaintiff,***
***FINJAN LLC***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>                Plaintiff,<br><br>        v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>                Defendant. | Case No. 14-cv-04908-PJH<br><br>**PLAINTIFF FINJAN LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT PALO ALTO NETWORKS, INC.'S SECOND SET OF INTERROGATORIES (NO. 14)**<br><br><br>Hon. Phyllis J. Hamilton<br>Ctrm: 3, 3rd Floor |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Finjan LLC ("Finjan") hereby serves its responses and objections to Palo Alto Networks, Inc. ("PAN") Second Set of Interrogatories (No. 14).

## GENERAL OBJECTIONS

Finjan incorporates its General Statement and Objections set forth in its Responses to Palo Alto Networks, Inc.'s First Set of Interrogatories served January 23, 2015.

## DEFINITIONS

1.      Finjan objects to the definitions "Finjan," "Plaintiff," "you," or "your"; "Fortress Investment Group LLC"; "Atlas"; and "Potential Transaction Partners" as overbroad and unduly burdensome.  Finjan further objects to these as conflating distinct legal entities and actors and incorporating distinct entities and actors of which Finjan is not aware.  Finjan will respond to these Interrogatories on behalf of Finjan LLC.

INTERROGATORY NO. 14:

Describe with particularity any valuation conducted by Finjan, or by any other entity, including but not limited to Fortress Investment Group LLC, Potential Transaction Partners, and/or Party B, of any of the Asserted Patents by, without limitation, describing communications regarding, and identifying all facts and circumstances relating to, all documents concerning, and the persons most knowledgeable about, each valuation of the Asserted Patent(s).

RESPONSE TO INTERROGATORY NO. 14:

Finjan objects to this Interrogatory as overbroad, unduly burdensome, and oppressive to the extent it seeks information not relevant to any claim or defense of any party, is disproportional to the needs of the case and/or is not reasonably calculated to lead to the discovery of admissible evidence.  Finjan objects to this Interrogatory to the extent it calls for a legal conclusion.  Finjan further objects to this Request as overbroad, unduly burdensome, and disproportionate to the claims and defenses in this case.  Finjan objects to this Interrogatory to the extent it calls for information that is not in Finjan's possession, custody, or control.  Finjan objects to this Interrogatory to the extent it seeks information in the public domain.  Finjan objects to this Interrogatory to the extent it seeks information that is subject to attorney-client privilege, attorney

1   work product, the common interest doctrine, or any other applicable privilege or immunity.  Finjan

2   objects to this Interrogatory to the extent that it seeks confidential, business, financial, proprietary

3   or sensitive information or trade secrets of third parties, which is subject to pre-existing protective

4   order(s) and/or confidentiality agreements.  Finjan will not disclose any information subject to a

5   confidentiality agreement without the express consent of the concerned third party.

6

7

8   Dated:  June 11, 2021                          Respectfully Submitted,

9                                                  */s/ Phillip W. Goter*

10                                                 Juanita R. Brooks (CA SBN 75934)
                                                   brooks@fr.com

11                                                 Roger A. Denning (CA SBN 228998)
                                                   denning@fr.com

12                                                 Frank J. Albert (CA SBN 247741)
                                                   albert@fr.com

13                                                 K. Nicole Williams (CA SBN 291900)
                                                   nwilliams@fr.com

14                                                 Jared A. Smith (CA SBN 306576)
                                                   jasmith@fr.com

15                                                 Tucker N. Terhufen (CA SBN 311038)
                                                   terhufen@fr.com

16                                                 FISH & RICHARDSON P.C.

17                                                 12860 El Camino Real, Ste. 400
                                                   San Diego, CA 92130

18                                                 Telephone: (858) 678-5070 / Fax: (858) 678-5099

19

20                                                 Aamir Kazi (*Pro Hac Vice*)
                                                   kazi@fr.com

21                                                 Lawrence Jarvis (*Pro Hac Vice*)
                                                   jarvis@fr.com

22                                                 FISH & RICHARDSON P.C.

23                                                 1180 Peachtree St. NE, 21st floor
                                                   Atlanta, GA  30309

24                                                 Telephone: (404) 892-5005 / Fax: (404) 892-5002

25                                                 Phillip W. Goter (*Pro Hac Vice*)

26                                                 goter@fr.com
                                                   FISH & RICHARDSON P.C.

27                                                 3200 RBC Plaza, 60 South Sixth Street
                                                   Minneapolis, MN  55402

28                                                 Telephone: (612) 335-5070 / Fax: (612) 288-9696

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Tracea Rice (*Pro Hac Vice*)
trice@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave. Ste. 1000
Washington, DC 20024
Telephone: (202) 783-5070 / Fax: (202) 783-2331


Attorneys for Plaintiff FINJAN LLC

# Exhibit C

1    MICHAEL A. JACOBS (CA SBN 111664)          ROSE S. LEE (CA SBN 294658)
     MJacobs@mofo.com                            RoseLee@mofo.com
2    MATTHEW A. CHIVVIS (CA SBN 251325)          MORRISON & FOERSTER LLP
     MChivvis@mofo.com                           707 Wilshire Boulevard, Suite 6000
3    DIEK O. VAN NORT (CA SBN 273823)            Los Angeles, California 90017-3543
     DVanNort@mofo.com                           Telephone: (213) 892-5200
4    MORRISON & FOERSTER LLP                     Facsimile: (213) 892-5454
     425 Market Street
5    San Francisco, California 94105-2482        ERIC W. LIN (*Pro Hac Vice*)
     Telephone: (415) 268-7000                   Elin@mofo.com
6    Facsimile: (415) 268-7522                   MICHAEL J. DESTEFANO (*Pro Hac Vice*)
                                                 Mdestefano@mofo.com
7    RUDY Y. KIM (CA SBN 99426)                  MORRISON & FOERSTER LLP
     RudyKim@mofo.com                            250 West 55th Street
8    COLETTE REINER MAYER (CA SBN 263630)        New York, New York 10019-9601
     CRMayer@mofo.com                            Telephone: (212) 468-8000
9    MORRISON & FOERSTER LLP                     Facsimile: (212) 468-7900
     755 Page Mill Road
10   Palo Alto, California 94304-1018
     Telephone: (650) 813-5600
11   Facsimile: (650) 494-0792

12   Attorneys for Defendant
     PALO ALTO NETWORKS, INC.
13

14                     UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                            OAKLAND DIVISION

17

18   FINJAN LLC,                          Case No.    4:14-CV-04908-PJH

19              Plaintiff,                 **DEFENDANT PALO ALTO
                                           NETWORKS, INC.'S SECOND
20         v.                              SET OF REQUESTS FOR THE
                                           PRODUCTION OF DOCUMENTS
21   PALO ALTO NETWORKS, INC.,             AND THINGS TO FINJAN LLC
                                           (NOS. 87-109)**
22              Defendant.
                                           Judge:  Honorable Phyllis J. Hamilton
23

24

25

26

27

28

portfolio as a whole.

**REQUEST FOR PRODUCTION NO. 88:**

All documents provided to Fortress Investment Group LLC prior to its acquisition of Finjan concerning any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 89:**

All communications between Finjan, Inc. or Finjan Holdings, Inc., and Fortress Investment Group LLC prior to its acquisition of Finjan concerning PAN.

**REQUEST FOR PRODUCTION NO. 90:**

All documents provided to Fortress Investment Group LLC prior to its acquisition of Finjan concerning substituting Kramer Levin Naftalis & Frankel LLP as counsel of record in any Finjan Litigation, including this Litigation.

**REQUEST FOR PRODUCTION NO. 91:**

All communications between Finjan, Inc. or Finjan Holdings, Inc., and Fortress Investment Group LLC concerning any valuation assigned to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 92:**

All documents concerning any purchase price allocations associated with the acquisition of Finjan by Fortress Investment Group LLC.

**REQUEST FOR PRODUCTION NO. 93:**

All communications between Finjan and any of its shareholders concerning the acquisition of Finjan by Fortress Investment Group LLC.

**REQUEST FOR PRODUCTION NO. 94:**

All communications between Finjan, Inc. or Finjan Holdings, Inc., and Fortress Investment Group LLC concerning any valuation assigned to pending claims for damages for alleged infringement of any of the Asserted Patents in any Finjan Litigation.

**REQUEST FOR PRODUCTION NO. 95:**

All communications between Finjan, Inc. or Finjan Holdings, Inc., and Fortress Investment Group LLC concerning any valuation assigned to pending claims for damages for any alleged infringement by PAN of any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 96:**

All communications between Finjan, Inc. or Finjan Holdings, Inc., and Fortress Investment Group LLC concerning any potential invalidity or unenforceability of any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 97:**

All communications between Finjan, Inc. or Finjan Holdings, Inc., and Fortress Investment Group LLC concerning any Prior Art.

**REQUEST FOR PRODUCTION NO. 98:**

All communications between Finjan or Atlas, and any of the Potential Transaction Partners, including but not limited to Party B, concerning any valuation of the Asserted Patents or the Finjan patent portfolio as a whole.

**REQUEST FOR PRODUCTION NO. 99:**

All communications between Finjan or Atlas, and any of the Potential Transaction Partners, including but not limited to Party B, concerning PAN.

**REQUEST FOR PRODUCTION NO. 100:**

All communications between Finjan or Atlas, and any of the Potential Transaction Partners, including but not limited to Party B, concerning any valuation assigned to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 101:**

All communications between Finjan or Atlas, and any of the Potential Transaction Partners, including but not limited to Party B, concerning any valuation assigned to pending claims for damages for alleged infringement of any of the Asserted Patents in any Finjan Litigation.

**REQUEST FOR PRODUCTION NO. 102:**

All communications between Finjan or Atlas, and any of the Potential Transaction Partners, including but not limited to Party B, concerning any valuation assigned to pending claims for damages for any alleged infringement by PAN of any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 109:**

All documents concerning any decision to correct or not correct any claims of priority in connection with prosecution of the '494 and '154 Patents.

Dated:  May 12, 2021                                   MORRISON & FOERSTER LLP


By:     _/s/ Colette Reiner Mayer_
         Colette Reiner Mayer

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tucker N. Terhufen (CA SBN 311038) / terhufen@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan Morrison (*Pro Hac Vice*) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607
*Additional counsel listed on signature page*

***Attorneys for Plaintiff,***
***FINJAN LLC***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>Plaintiff,<br><br>v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>Defendant. | Case No. 14-cv-04908-PJH<br><br>**PLAINTIFF FINJAN LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT PALO ALTO NETWORKS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 87-109)**<br><br>Hon. Phyllis J. Hamilton<br>Ctrm: 3, 3rd Floor |

burdensome because it seeks production of "All communications."  Finjan further objects to this Request to the extent it seeks documents and/or information not within Finjan's possession, custody, or control.

Subject to the foregoing general and specific objections, and to the extent that Finjan understands this Request, Finjan responds that it has no non-protected information responsive to this Request.

REQUEST FOR PRODUCTION NO. 90:

All documents provided to Fortress Investment Group LLC prior to its acquisition of Finjan concerning substituting Kramer Levin Naftalis & Frankel LLP as counsel of record in any Finjan Litigation, including this Litigation.

RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

Finjan incorporates its General Objections, as fully set forth herein.  Finjan further objects to this Request as seeking documents not relevant to any of the issues in this case, and for which the burden of production substantially outweighs any need related to the issues in this case.  Finjan objects to this request as seeking information that is available from other, more convenient sources, including from Fortress Investment Group.  Finjan objects to this request as seeking information protected from discovery by the attorney-client privilege, the work product immunity, the common interest protection, and/or any other applicable privilege or immunity.  Finjan objects to this request as overbroad and unduly burdensome because it seeks production of "All documents."  Finjan further objects to this Request to the extent it seeks documents and/or information not within Finjan's possession, custody, or control.

Subject to the foregoing general and specific objections, and to the extent that Finjan understands this Request, Finjan responds that it has no non-protected information responsive to this Request.

REQUEST FOR PRODUCTION NO. 91:

All communications between Finjan, Inc. or Finjan Holdings, Inc., and Fortress Investment Group LLC concerning any valuation assigned to the Asserted Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 91:

Finjan incorporates its General Objections, as fully set forth herein.  Finjan further objects to this Request as seeking documents not relevant to any of the issues in this case, and for which the burden of production substantially outweighs any need related to the issues in this case.  Finjan objects to this request as seeking information that is available from other, more convenient sources, including from Fortress Investment Group LLC and Finjan Holdings, Inc.  Finjan further objects to this Request as seeking information protected from discovery by the attorney-client privilege, the work product immunity, the common interest protection, and/or any other applicable privilege or immunity.  Finjan objects to this request as overbroad and unduly burdensome because it seeks production of "All communications."  Finjan further objects to this Request's use of the terms "valuation" as vague and ambiguous.

Subject to the foregoing general and specific objections, and to the extent that Finjan understands this Request, Finjan responds that it has no non-protected information responsive to this Request.

REQUEST FOR PRODUCTION NO. 92:

All documents concerning any purchase price allocations associated with the acquisition of Finjan by Fortress Investment Group LLC.

RESPONSE TO REQUEST FOR PRODUCTION NO. 92:

Finjan incorporates its General Objections, as fully set forth herein.  Finjan further objects to this Request as seeking documents not relevant to any of the issues in this case, and for which the burden of production substantially outweighs any need related to the issues in this case.  Finjan objects to this request as seeking information that is publicly available.  Finjan further objects to this Request as seeking information protected from discovery by the attorney-client privilege, the work product immunity, the common interest protection, and/or any other applicable privilege or immunity.  Finjan objects to this request as overbroad and unduly burdensome because it seeks production of "All documents."  Finjan further objects to this Request's use of the terms "purchase price allocations" as vague and ambiguous.  Finjan further objects to this Request, including its use of the terms "purchase price allocations," as seeking information unrelated to the Asserted Patents.

Subject to the foregoing general and specific objections, and to the extent that Finjan understands this Request, Finjan responds that it has no non-protected information responsive to this Request.

REQUEST FOR PRODUCTION NO. 100:

All communications between Finjan or Atlas, and any of the Potential Transaction Partners, including but not limited to Party B, concerning any valuation assigned to the Asserted Patents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 100:

Finjan incorporates its General Objections, as fully set forth herein.  Finjan further objects to this Request as seeking documents not relevant to any of the issues in this case, and for which the burden of production substantially outweighs any need related to the issues in this case.  Finjan objects to this request as seeking information that is publically available.  Finjan objects to this request as seeking information protected from discovery by the attorney-client privilege, the work product immunity, the common interest protection, and/or any other applicable privilege or immunity.  Finjan further objects to this Request's use of the term "valuation" as vague and ambiguous.  Finjan objects to this request as overbroad and unduly burdensome because it seeks production of "All communications."  Finjan further objects to this Request to the extent it seeks documents and/or information not within Finjan LLC's possession, custody, or control.

Subject to the foregoing general and specific objections, and to the extent that Finjan Holdings understands this Request, Finjan responds that it has no non-protected information responsive to this Request.

REQUEST FOR PRODUCTION NO. 101:

All communications between Finjan or Atlas, and any of the Potential Transaction Partners, including but not limited to Party B, concerning any valuation assigned to pending claims for damages for alleged infringement of any of the Asserted Patents in any Finjan Litigation.

RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Finjan incorporates its General Objections, as fully set forth herein.  Finjan further objects to this Request as seeking documents not relevant to any of the issues in this case, and for which the

1  documents, to the extent they exist, that were in Finjan's possession, custody and control and

2  could be located after a reasonable search.

3

4  Dated:  June 11, 2021                              Respectfully Submitted,

5                                                     /s/ Phillip W. Goter

6                                                     Juanita R. Brooks (CA SBN 75934)
                                                      brooks@fr.com
7                                                     Roger A. Denning (CA SBN 228998)
                                                      denning@fr.com
8                                                     Frank J. Albert (CA SBN 247741)
                                                      albert@fr.com
9                                                     K. Nicole Williams (CA SBN 291900)
                                                      nwilliams@fr.com
10                                                    Jared A. Smith (CA SBN 306576)
                                                      jasmith@fr.com
11                                                    Tucker N. Terhufen (CA SBN 311038)
                                                      terhufen@fr.com
12                                                    FISH & RICHARDSON P.C.
13                                                    12860 El Camino Real, Ste. 400
                                                      San Diego, CA 92130
14                                                    Telephone: (858) 678-5070 / Fax: (858) 678-5099

15                                                    Aamir Kazi (*Pro Hac Vice*)
16                                                    kazi@fr.com
                                                      Lawrence Jarvis (*Pro Hac Vice*)
17                                                    jarvis@fr.com
                                                      FISH & RICHARDSON P.C.
18                                                    1180 Peachtree St. NE, 21st floor
                                                      Atlanta, GA  30309
19                                                    Telephone: (404) 892-5005 / Fax: (404) 892-5002

20

21                                                    Phillip W. Goter (*Pro Hac Vice*)
                                                      goter@fr.com
22                                                    FISH & RICHARDSON P.C.
                                                      3200 RBC Plaza, 60 South Sixth Street
23                                                    Minneapolis, MN  55402
                                                      Telephone: (612) 335-5070 / Fax: (612) 288-9696

24

25

26

27

28

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Tracea Rice (*Pro Hac Vice*)
trice@fr.com
FISH & RICHARDSON P.C.
1000 Maine Ave. Ste. 1000
Washington, DC 20024
Telephone: (202) 783-5070 / Fax: (202) 783-2331


Attorneys for Plaintiff FINJAN LLC