Michael A. Jacobs (CA SBN 111664)
MJacobs@mofo.com
Matthew I. Kreeger (CA SBN 153793)
MKreeger@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000/Fax: (415) 268-7522

KYLE W.K. MOONEY (*Pro Hac Vice*)
KMooney@mofo.com
MICHAEL J. DESTEFANO (*Pro Hac Vice*)
MDeStefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

*Attorneys for Defendant,*
*PALO ALTO NETWORKS, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC, <br><br> Plaintiff, <br><br> v. <br><br> PALO ALTO NETWORKS, INC., <br><br> Defendant. | Case No.   3:14-CV-04908-JD <br><br> **DEFENDANT PALO ALTO NETWORKS, INC.'S NOTICE OF MOTION AND MOTION TO CHANGE CASE SCHEDULE** <br><br> Date:      October 5, 2023 <br> Time:      10:00 a.m. <br> Dept:      Courtroom 11 <br> Judge:     Hon. James Donato |

1  **<u>NOTICE OF MOTION AND MOTION</u>**

2  TO ALL PARTIES AND COUNSEL OF RECORD:

3  PLEASE TAKE NOTICE that on Thursday, October 5, 2023 at 10:00 AM, or as soon

4  thereafter as the matter may be heard in the United States District Court for the Northern District

5  of California, San Francisco Division, in Courtroom 11 before the Honorable James Donato,

6  Defendant Palo Alto Networks, Inc. ("PAN") will and hereby does move pursuant to Civil Local

7  Rule 6-3 to amend case deadlines in light of the recently rescheduled technology tutorial and

8  claim construction hearing.

9  **<u>RELIEF REQUESTED</u>**

10  PAN seeks to amend case deadlines to ensure the most efficient resolution of this action.

11  Under the current schedule, dispositive motions would be due the same day as the rescheduled

12  claim construction hearing (October 26) and would be briefed without the benefit of the Court's

13  claim construction order.

14  **<u>STATEMENT OF ISSUES</u>**

15  Whether the Court should amend the current case schedule to restore the sequence

16  between claim construction and later events contemplated by the Court's earlier scheduling order.

17  **<u>MEMORANDUM AND POINTS OF AUTHORITIES</u>**

18  PAN submits this motion pursuant to Civil Local Rule 6-3 to request that the Court extend

19  certain deadlines on and after the date for the rescheduled claim construction hearing to facilitate

20  the most efficient resolution of this action, to avoid unnecessarily burdening the Court and,

21  potentially, a jury, and to mitigate prejudice to PAN.

22  The scheduling order the Court earlier entered contemplated the parties filing and briefing

23  dispositive and *Daubert* motions after the claim construction hearing and with the benefit of the

24  Court's claim construction order.  The Court's August 23, 2022 scheduling order ("2022

25  Scheduling Order") included (i) a claim construction hearing on April 11, 2023, (ii) a deadline for

26  dispositive and *Daubert* motions on July 31, 2023 (111 days after the claim construction hearing),

27  (iii) a hearing on dispositive and *Daubert* motions on September 28, 2023 (59 days after the filing

28  of dispositive and *Daubert* motions), and (iv) trial on April 8, 2024 (193 days after the

1   Dispositive Motion/*Daubert* hearing).  (Dkt. No. 194.)

2        The Court continued the claim construction hearing until, most recently, October 26,

3   2023.  On February 15, 2023, the Court continued the claim construction hearing to May 11,

4   2023.  (Dkt. No. 225.)  Thereafter, due to preexisting trial conflicts, PAN requested that the claim

5   construction hearing be continued to June 1, 2023.  (Dkt. No. 227.)  The Court ordered the

6   hearing continued to that date and reset the deadline for dispositive motions to October 26, 2023.

7   (Dkt. No. 228.)  On May 11, 2023, the Court again continued the claim construction hearing to

8   September 7, 2023.  (Dkt. No. 247.)  On August 15, 2023, the Court continued the claim

9   construction hearing to October 26, 2023 (Dkt. No. 254), but did not reset the deadline for

10  dispositive motions, so they are now, under the March 15, 2023 scheduling order (Dkt. No. 228),

11  due the same day as the claim construction hearing.  The current schedule, unlike the 2022

12  Scheduling Order, thus now requires that the parties file dispositive and *Daubert* motions the

13  same day as the claim construction hearing and then brief those motions without the benefit of the

14  Court's claim construction order.

15        PAN requests that the Court amend the current case schedule to defer dispositive and

16  *Daubert* motions until a reasonable time after the claim construction hearing and reinstate the

17  spacing between deadlines provided in the 2022 Scheduling Order, as set forth below.

18

| Event | Deadline |
|---|---|
| Subsequent Case Management Conference | 30 days after issuance of claim construction order |
| Patent L.R. 3-7 Disclosures | 30 days after issuance of claim construction order |
| Last day to file dispositive and *Daubert* motions | February 14, 2024 |
| Last day to file oppositions to dispositive and *Daubert* motions | March 6, 2024 |
| Last day to file replies to dispositive and *Daubert* Motions | March 20, 2024 |

| Event | Deadline |
|---|---|
| Dispositive Motion/*Daubert* Hearing | April 11, 2024, at 10:00 AM, or as soon thereafter as convenient for the Court |
| Final Pretrial Conference | October 3, 2024, or as soon thereafter as convenient for the Court |
| Trial | October 28, 2024, or as soon thereafter as convenient for the Court |

On August 18, 2023, PAN sought agreement from Finjan for such an amended scheduling order. On August 23, 2023, Finjan stated that it opposed PAN's request without further elaboration. (Declaration of Rose S. Lee ¶ 2.)

The Court's entry of the amended case deadlines above will (like the 2022 Scheduling Order) ensure the most efficient resolution of this case and minimize the burden on the Court. Rescheduling dispositive and *Daubert* motions for dates after the claim construction order will allow PAN (and Finjan) to focus and prioritize arguments based on the issues remaining in the case. This will maximize the likelihood that the Court can address as many "live" issues as possible in connection with dispositive and *Daubert* motions. That, in turn, will minimize the burden on the Court's resources at trial.

An amended schedule will also make the process for dispositive and *Daubert* motions more efficient. For example, the Court would not be called upon to review, and PAN would not be required to brief, alternative constructions in support of summary judgment motions. Given the Court's limits on the length of dispositive motions, these efficiencies are all the more important.

Deferring dispositive and *Daubert* motions until after claim construction will, as contemplated by the Court, also allow PAN to renew its motion to strike Finjan's infringement contentions as to U.S. Patent Nos. 7,418,731 ("'731 Patent"), 8,141,154 ("'154 Patent"), and 8,225,408 ("'408 Patent"). (Dkt. No. 232 (terminating PAN's motion to strike without prejudice on the basis that "claim construction may simplify or eliminate many of the issues raised in

1  [PAN's] motion").)  Deferring dispositive motions would allow PAN the opportunity to renew its

2  motion to strike before dispositive motions, and that renewed motion may eliminate one or more

3  patents (or claims) from this case.  In addition, PAN contends that the preamble of claim 14 of

4  U.S. Patent 7,647,633 ("'633 Patent") is indefinite, and that "programming language" from the

5  asserted claims of the '408 Patent is indefinite.  (*See, e.g.*, Dkt. No. 164-1 at 7, 18.)  The Court's

6  claim construction order could eliminate one or both of those asserted patents from the case.

7         Finally, the amended scheduling order would do no harm to Finjan.  PAN's proposal does

8  no more than restore the spacing between the remaining deadlines that existed in the 2022

9  Scheduling Order.  PAN's proposal maintains 111 days between claim construction and the

10  deadline to file dispositive motions and proposes the soonest available trial date (based on PAN's

11  read of the Court's calendar) after 193 days between the dispositive motion/*Daubert* hearing and

12  trial.  The continuance of the parties' trial date would cause no prejudice to Finjan, and indeed,

13  would allow Finjan, like PAN, to have a claim construction order in hand for its preparation for

14  summary judgment and *Daubert* motions.

15         Accordingly, for the reasons stated above, and as supported in the Declaration of Rose S.

16  Lee pursuant to Civil Local Rule 6-3, attached hereto, PAN requests that the foregoing

17  modifications to the case schedule be ordered by the Court.

18

19  Dated:  August 28, 2023

20                                        Respectfully Submitted,

21                                        /s/ *Michael A. Jacobs*
                                          Michael A. Jacobs (CA SBN 111664)
22                                        MJacobs@mofo.com
                                          Matthew I. Kreeger (CA SBN 153793)
23                                        MKreeger@mofo.com
                                          MORRISON & FOERSTER LLP
24                                        425 Market Street
                                          San Francisco, California 94105-2482
25                                        Telephone: (415) 268-7000/Fax: (415) 268-7522

26
                                          Kyle W.K. Mooney (*Pro Hac Vice*)
27                                        KMooney@mofo.com
                                          Michael J. DeStefano (*Pro Hac Vice*)
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mdestefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000/Fax: (212) 468-7900

Rose S. Lee (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90071-3543
Telephone: (415) 268-7000/Fax: (415) 268-7522

*Attorneys for Defendant*
*PALO ALTO NETWORKS, INC.*

1

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1(h)

2    In accordance with Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this

3    document has been obtained from any other signatory to this document.

4
                                            */s/ Michael A. Jacobs*
5                                            Michael A. Jacobs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAN's NOTICE OF MOTION AND MOTION TO CHANGE CASE SCHEDULE
CASE NO. 3:14-CV-04908-JD
ny-2608833

6