Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
K. Nicole Williams (CA SBN 291900) / nwilliams@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tyler R. Train (CA SBN 318998) / train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan E. Morrison (*Pro Hac Vice*) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607
Additional counsel listed on signature page

Attorneys for Plaintiff,
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>  Defendant. | Case No. 3:14-cv-04908-JD<br><br>**FINJAN LLC'S OPPOSITION TO PALO ALTO NETWORKS' MOTION TO CHANGE CASE SCHEDULE**<br><br>Date: October 5, 2023<br>Time: 10:00 a.m.<br>Hon. James Donato<br>Ctrm: 11, 19th Floor |

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES ................................................................................................................ 1

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF RELEVANT FACTS .............................................................................. 2

III. ARGUMENT .......................................................................................................................... 3

    A. PAN Has Not Shown Good Cause to Change the Schedule ................................... 3

    B. PAN's Proposed Changes to the Schedule Will Indeed Harm Finjan ..................... 4

    C. PAN Is Not Prejudiced by the Current Case Schedule ............................................ 5

IV. CONCLUSION ....................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Droplets, Inc. v. Yahoo! Inc.*,
  No. 12-CV-03733-JST, 2021 WL 9038351 (N.D. Cal. Apr. 30, 2021) ................................... 4

*Mobile Hi-Tech Wheels v. CIA Wheel Grp.*,
  514 F. Supp. 2d 1172 (C.D. Cal. 2007) ............................................................................... 4

*Watkins v. MGA Ent., Inc.*,
  574 F. Supp. 3d 747 (N.D. Cal. 2021) ................................................................................. 3

**Other Authorities**

Federal Rules of Civil Procedure Rule 16(b)(4) ............................................................... 1, 3

**STATEMENT OF ISSUES**

Whether PAN has shown "good cause" to amend the case schedule, including continuing the trial by seven months to October 28, 2024.

**MEMORANDUM OF POINTS AND AUTHORITIES**[1]

## I.  INTRODUCTION

PAN seeks yet again to delay this almost 9-year-old case another 7 months.  In so doing, PAN seeks to move the trial date this Court has already set.  The Court's standing order, however, instructs the parties that "[o]nce assigned, the trial date will not be changed or continued absent good cause in the interest of justice" and "[c]ounsel and parties should assume that the trial date will not be moved."  But PAN fails to contend, let alone show, that there is "good cause," pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and paragraph 4 of this Court's Standing Order for Civil Cases, to modify the schedule including resetting dates for dispositive and *Daubert* motions and continuing the trial date by more than 7 months to October 28, 2024.

Even if it had addressed the Court's standing order, which it did not, PAN cannot show good cause to extend the schedule.  Nor can PAN show that it is in the interest of justice to once again delay Finjan's day in court, which is long overdue.  PAN fails to account for the harm to Finjan's patent rights that would result from yet another 7-month delay to this case already pending for nearly 9 years.

In contrast, PAN's apparent claim of prejudice regarding the timing of dispositive motions is without merit.  The Court has considerable latitude in determining when to resolve issues of claim construction, including during summary judgment, at pretrial conference, or at trial.  Further, there is no requirement in the Patent Local Rules, precedent, or this Court's standing orders that filing dispositive and *Daubert* motions must occur after the claim construction hearing.  And there is certainly no requirement that the Court issue its claim construction order before the deadline to file such motions.  Further, PAN's apparent claim of prejudice regarding its ability to

---

[1] PAN mischaracterizes (at 1) its motion as a motion to change time "pursuant to Civil Local Rule 6-3.  Because PAN seeks relief from the Court's Scheduling Order including continuing the trial date, the motion is instead subject to Civil Local Rules 7, 16, and 40.

1      FINJAN'S OPP. TO PAN'S MOTION
       TO CHANGE CASE SCHEDULE
       CASE NO. 3:14-CV-04908-JD

1  file a renewed motion to strike Finjan's infringement contentions is without merit at least because
2  such a motion would be untimely.
3        Finjan respectfully requests that the Court deny PAN's motion to change the case
4  schedule, and maintain the current schedule including, the claim construction hearing on October
5  26, 2023, deadline to file dispositive and *Daubert* motions on October 26, 2023, and trial on April
6  8, 2024.

7  **II.   STATEMENT OF RELEVANT FACTS**

8        Finjan filed this case nearly **9 years** ago, on November 4, 2014, asserting 10 patents
9  against PAN.  *See* Dkt. No. 1.  In response, PAN filed 13 *inter partes* review ("IPR") petitions,
10 and on December 10, 2015, Judge Hamilton stayed the litigation pending resolution of the IPRs.
11 *See* Dkt. No. 67; *see also* Dkt. No. 69 (ordering that the stay remain in effect beyond institution
12 until all final written decisions and appeals had been issued).  **Five years** later, the IPRs and
13 appeals on all of the asserted patents were concluded by December 16, 2020, with all but 3 of the
14 198 challenged claims across all 10 asserted patents surviving.  Judge Hamilton lifted the stay on
15 January 25, 2021 (*see* Dkt. No. 84) and set the claim construction hearing for October 13, 2021 or
16 October 14, 2021 (Dkt. No. 106).

17       The case was subsequently reassigned to this Court on August 9, 2021. Dkt. No. 150.  The
18 parties completed claim construction briefing by September 20, 2021, in accordance with the
19 previously existing schedule and the Patent Local Rules.  *See* Dkt Nos. 158, 159, 163, 164.  A case
20 management conference was set for October 21, 2021, and pursuant to this Court's request (*see*
21 Dkt. No. 151), on October 14, 2021, the parties filed a joint case management statement, including
22 competing proposed schedules.  *See* Dkt. No. 171, Appx. A.  On October 18, 2021, the Court
23 rescheduled the case management conference for January 20, 2022.  Dkt. No. 172.  After
24 conferring further, the parties agreed on a joint proposed schedule, and on January 13, 2022, filed
25 a second joint case management statement.  On January 14, 2022, the Court vacated the case
26 management conference set for January 20, 2022 and said it would enter a scheduling order.  Dkt.
27 No. 181.
28

1    On July 18, 2022, Finjan filed an opposed motion for a scheduling order.  Dkt. No. 191.
2  On August 23, 2022, the Court issued its Scheduling Order setting the claim construction hearing
3  for April 11, 2023, the deadline for dispositive and *Daubert* motions as September 28, 2023, and
4  trial for April 8, 2024—*which is nearly 10 years after this case was filed*.  Dkt. No. 194.  On
5  February 15, 2023, the Court continued the claim construction hearing to May 11, 2023.  Dkt. No.
6  225.  The Court continued the claim construction hearing a second time to June 1, 2023 and reset
7  the deadline for dispositive and *Daubert* motions to October 26, 2023.  Dkt. No. 228.  The Court
8  continued the claim construction hearing a third time to September 7, 2023 (Dkt. No. 247), and a
9  fourth time, most recently, to October 26, 2023 (Dkt. No. 254).
10    PAN's instant motion seeks to lengthen this case even more by moving the deadline for
11  dispositive and *Daubert* motions by almost 4 months to February 14, 2024 and continuing the trial
12  date by more than 7 months to October 28, 2024.  Dkt. No. 194 at 2-3.

13  **III.   ARGUMENT**

14    **A.   PAN Has Not Shown Good Cause to Change the Schedule**

15    PAN has failed to show good cause for its unilateral request to move the trial date by more
16  than 7 months from April 8, 2024 to October 28, 2024.  According to the Court's Standing Order,
17  "[o]nce assigned, the trial date will not be changed or continued absent good cause in the interest
18  of justice."  SO re Civ. Cases at ¶ 4; *see also* Fed. R. Civ. P 16(b)(4) ("A schedule may be
19  modified only for good cause and with the judge's consent.").  In this context, "'good cause'
20  means scheduling deadlines cannot be met despite [a] party's diligence."  *Watkins v. MGA Ent.,*
21  *Inc.*, 574 F. Supp. 3d 747, 759 (N.D. Cal. 2021); *see also id.* (quoting *Johnson v. Mammoth*
22  *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("The district court may modify the pretrial
23  schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.")).
24  PAN does not assert that the parties cannot meet the deadlines in the current schedule.  Instead,
25  PAN's argument for a 7-month delay is based entirely on alleged efficiency for the parties, burden
26  on the Court, and prejudice to PAN.  Because PAN has failed to even allege good cause, let alone
27  show it, the Court should reject PAN's request to change the schedule.
28

1      The timing of the claim construction hearing does not provide good cause to again delay
2  this case.  Neither precedent nor the Patent Local Rules require the Court to amend the current
3  case schedule so that dispositive and *Daubert* motions come after the claim construction hearing
4  *and* in view of the Court's claim construction.  "District courts 'have considerable latitude in
5  de[ter]mining when to resolve issues of claim construction.'"  *Droplets, Inc. v. Yahoo! Inc.*, No.
6  12-CV-03733-JST, 2021 WL 9038351, at *2 (N.D. Cal. Apr. 30, 2021) (quoting *CytoLogix Corp.*
7  *v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005)).  "A court may [] decide claim
8  construction on summary judgment."  *Droplets*, 2021 WL 9038351, at *2 (citing *Gentex Corp. v.*
9  *Donnelly Corp.*, 69 F.3d 527, 530 (Fed. Cir. 1995)).  A court may even decide claim construction
10 at a pretrial conference or at trial.  *Droplets*, 2021 WL 9038351, at *2 (citing *Pressure Prods.*
11 *Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1316 (Fed. Cir. 2010) and *Utah Med.*
12 *Prods., Inc. v. Graphic Controls Corp.*, 350 F.3d 1376, 1381-82 (Fed. Cir. 2003)); *see also Mobile*
13 *Hi-Tech Wheels v. CIA Wheel Grp.*, 514 F. Supp. 2d 1172, 1188–89 (C.D. Cal. 2007) (citing
14 *Chem. Patents v. Lubrizol Corp.*, 64 F.3d 1553, 1555 (Fed.Cir.1995)) ("The only limitation on the
15 district court is that the patent claims must be construed before the jury is instructed so that the
16 Court can explain the scope of the claims to the jury.").  Furthermore, this Court's standing orders
17 do not require that dispositive and *Daubert* motions be filed and briefed after the claim
18 construction hearing *and* in view of the Court's claim construction order.
19      **B.     PAN's Proposed Changes to the Schedule Will Indeed Harm Finjan**
20      Contrary to PAN's assertion (at 4), its proposed change to the case schedule, including
21 moving the trial date by 7 months, would harm Finjan.  Finjan filed this case in October 2014.
22 Dkt. No. 1.  The case was subsequently stayed for ***5 years*** because PAN filed 13 IPRs against the
23 asserted patent, which resulted in just 3 out of 198 challenged claims across 10 patents being
24 found unpatentable.  *See* Dkt. No. 171, App. B at vi.  On August 9, 2021, the case was reassigned
25 from Judge Hamilton to this Court.  Dkt. No. 150.  ***One year*** later, on August 23, 2022, the Court
26 issued its Scheduling Order.  Dkt. No. 194.  All in all, this case has been pending for nearly
27 ***9 years***.
28

1   The timing of this case is out of the norm for cases in this District. The Court's Standing Order for Civil Cases does require "[a]s a general rule, [that] counsel should budget no more than *18 months* between the initial case management conference and trial." SO re Civ. Cases at ¶ 4 (emphasis added). Trial in this case is scheduled for April 8, 2024, which is already more than *8 years* after the initial case management conference held before Judge Hamilton on December 3, 2015 prior to the stay (Dkt. No. 65), more than *3 years* after the further case management conference held before Judge Hamilton on March 18, 2021 after the stay was lifted (Dkt. No. 106), and more than *26 months* after the first case management conference before this Court was scheduled to occur on January 20, 2022 (Dkt. No. 181). PAN now requests the Court to move the trial to October 28, 2024, more than *33 months* after the Court's scheduled case management conference. The Court should reject PAN's request at least because it is nearly double the general rule set forth in the Court's Standing Order.

PAN argues (at 4) that "[t]he continuance of the parties' trial date would cause no prejudice to Finjan, and indeed, would allow Finjan, like PAN, to have a claim construction order in hand for its preparation for summary judgment and *Daubert* motions." But Finjan is not asking for this. To be clear, Finjan is prepared to file and brief dispositive and *Daubert* motions as scheduled and without the benefit of the Court's claim construction order. Finjan is also prepared to handle claim construction at the pre-trial conference or at trial if the Court so chooses. PAN's requested change would harm Finjan by delaying Finjan's day in court yet another 7 months. For this reason alone, the Court should deny PAN's unilateral request to change the schedule.

**C.   PAN Is Not Prejudiced by the Current Case Schedule**

PAN's apparent claim (at 3-4) that it is prejudiced under the current schedule because it does not allow PAN the opportunity to renew its motion to strike Finjan's infringement contentions before dispositive and *Daubert* motions is meritless at least because such motion would be untimely. Under Civil Local Rule 37-3, the deadline for "motions related to fact discovery," including motions to strike infringement contentions, is 7 days after close of fact discovery. Fact discovery closed on December 23, 2022, so the deadline for PAN to file its renewed motion to strike Finjan's infringement contentions was December 30, 2022.

Accordingly, PAN should be precluded from renewing its motion to strike Finjan's infringement contentions at this advanced stage of the case.

Even if the Court's March 27, 2023 Order (Dkt. No. 232) is interpreted as an open-ended grant of leave for PAN to file a renewed motion to strike Finjan's infringement contentions out of time after the Court issues its claim construction order (which Finjan does not believe that it is), there is no guarantee that the Court would rule on such a motion before PAN's proposed deadline for filing dispositive and *Daubert* motions. Likewise, there is no deadline in PAN's proposed schedule that guarantees that the Court will issue its claim construction order before PAN's proposed deadline to file dispositive and *Daubert* motions. So despite the fact the PAN's proposed changes would continue the trial by more than 7 months, the case may end up back in the exact same posture that is now: no claim construction order before the deadline for dispositive and *Daubert* motions.

Thus, PAN is not prejudiced by the current schedule.

## IV.   CONCLUSION

For the reasons stated above, Finjan respectfully requests that the Court deny PAN's motion to change the case schedule.

Dated:  September 7, 2023                        Respectfully Submitted,

/s/ Roger A. Denning
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
K. Nicole Williams (CA SBN 291900)
nwilliams@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tyler R. Train (CA SBN 318998)
train@fr.com

FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

John M. Farrell (CA SBN 99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070 / Fax: (650) 839-5071

Aamir Kazi (*Pro Hac Vice*)
kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st floor
Atlanta, GA  30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

*Attorneys for Plaintiff FINJAN LLC*