Michael A. Jacobs (CA SBN 111664)
MJacobs@mofo.com
Matthew I. Kreeger (CA SBN 153793)
MKreeger@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000/Fax: (415) 268-7522

KYLE W.K. MOONEY (*Pro Hac Vice*)
KMooney@mofo.com
MICHAEL J. DESTEFANO (*Pro Hac Vice*)
MDeStefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

*Attorneys for Defendant,*
*PALO ALTO NETWORKS, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>               Plaintiff,<br><br>     v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>               Defendant. | Case No.   3:14-CV-04908-JD<br><br>**DEFENDANT PALO ALTO NETWORKS, INC.'S NOTICE OF MOTION AND MOTION TO EXPEDITE HEARING SCHEDULE**<br><br>Date:     September 14, 2023<br>Time:    10:00 a.m.<br>Dept:    Courtroom 11<br>Judge:   Hon. James Donato |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, September 14, 2023, at 10:00 AM, or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, San Francisco Division, in Courtroom 11 before the Honorable James Donato, Defendant Palo Alto Networks, Inc. ("PAN") will and hereby does move pursuant to Civil Local Rule 6-3 to expedite the time for the Court to rule on PAN's Motion to Change Case Schedule (Dkt. No. 256) ("Scheduling Motion").

**RELIEF REQUESTED**

PAN seeks to expedite resolution of the Scheduling Motion by moving the hearing to September 14, 2023, or as soon thereafter as the Court can hear the motion or, alternatively, vacating the October 5, 2023 motion hearing and deciding the Scheduling Motion on the papers. PAN requests this relief to ensure that the Scheduling Motion is resolved in advance of the upcoming deadline for summary judgment (October 26, 2023) and to ensure the most efficient resolution of this case.

**STATEMENT OF ISSUES**

Whether the Court should expedite resolution of PAN's Scheduling Motion by moving the hearing to September 14, 2023, or as soon thereafter as the Court can hear the motion or, alternatively, vacating the October 5, 2023 motion hearing and deciding the Scheduling Motion on the papers.

**MEMORANDUM AND POINTS OF AUTHORITIES**

PAN submits this motion pursuant to Civil Local Rule 6-3 to request a shortening of time for the Court to resolve PAN's Scheduling Motion by moving the hearing on October 5, 2023 to September 14, 2023, or as soon thereafter as the Court can hear the motion or, alternatively, vacating the October 5, 2023 motion hearing and deciding the Scheduling Motion on the papers.

No previous modifications to the hearing schedule for PAN's Scheduling Motion have been requested or entered.  The Court has ordered certain other changes to the schedule in this case.  The Court's scheduling order dated August 22, 2022 ("2022 Scheduling Order") included

1    (i) a claim construction hearing on April 11, 2023, (ii) a deadline for dispositive and *Daubert*

2    motions on July 31, 2023 (111 days after the claim construction hearing), (iii) a hearing on

3    dispositive and *Daubert* motions on September 28, 2023, and (iv) trial on April 8, 2024.  (Dkt.

4    No. 194.)  The Court continued the claim construction hearing until, most recently, October 26,

5    2023.  On February 15, 2023, the Court continued the claim construction hearing to May 11,

6    2023.  (Dkt. No. 225.)  Thereafter, due to preexisting trial conflicts, PAN requested that the claim

7    construction hearing be continued to June 1, 2023.  (Dkt. No. 227.)  The Court ordered the

8    hearing continued to that date and reset the deadline for dispositive motions to October 26, 2023.

9    (Dkt. No. 228.)  On May 11, 2023, the Court again continued the claim construction hearing to

10   September 7, 2023.  (Dkt. No. 247.)  On August 15, 2023, the Court continued the claim

11   construction hearing to October 26, 2023 (Dkt. No. 254) but did not reset the deadline for

12   dispositive motions.  Accordingly, dispositive motions are now due the same day as the claim

13   construction hearing.

14           On August 28, 2023, PAN filed the Scheduling Motion seeking to reset case deadlines and

15   reinstate the timing established in the 2022 Scheduling Order.  (Dkt. No. 256.)  On September 11,

16   2023, the parties met and conferred regarding PAN's request to expedite resolution of PAN's

17   Scheduling Motion.  Finjan stated that it would not take a position on PAN's request.  PAN's

18   request to expedite resolution of the Scheduling Motion will not alter any dates in the case

19   schedule, other than the October 5, 2023, hearing on the motion itself.

20           PAN's request to expedite resolution of the Scheduling Motion is warranted given the

21   imminent deadline for the filing of dispositive and *Daubert* motions.  The current deadline for

22   dispositive and *Daubert* motions is October 26, 2023.  Accordingly, absent an early resolution of

23   the Scheduling Motion, PAN will be forced to expend potentially unnecessary time and resources

24   on those motions or, even worse, be forced to file those motions on October 26, 2023, without the

25   benefit of any claim construction ruling.  In short, the relief PAN seeks in the Scheduling Motion

26   would be mooted absent a ruling in advance of, and preferably well in advance of, October 26,

27   2023.

28           Moreover, PAN's Scheduling Motion is ripe for an early resolution.  Civil Local Rule

1  6-3(b) requires that "a party who opposes a motion to enlarge or shorten time must file an

2  opposition not to exceed 5 pages, accompanied by a declaration setting forth the basis for

3  opposition, no later than 4 days after receiving the motion."  PAN filed the Scheduling Motion on

4  Monday, August 28, 2023.  (Dkt. No. 256.)  Finjan did not timely respond.  Only after PAN

5  reached out to Finjan regarding its failure to timely respond did Finjan belatedly file a brief

6  purporting to oppose PAN's proposed schedule.  (Dkt. No. 257.)  Finjan's reliance on Civil Local

7  Rules 7, 16, and 40 to excuse its untimely opposition (Dkt. No. 257 n.1) is baseless.  PAN's

8  motion expressly relied on Civil Local Rule 6-3.  Moreover, Civil Local Rules 16 and 40 require

9  motions in accordance with Civil Local Rule 7, and Civil Local Rule 7 provides that motions to

10  enlarge or shorten time should be filed under Civil Local Rule 6-1.  (Civ. L.R. 7.1-(a)(2).)  Even

11  if the Court were to consider Finjan's untimely opposition, PAN's Scheduling Motion is fully

12  briefed and could be heard on September 14, 2023, or as soon as is convenient for the Court.

13      But Finjan's opposition also confirms that PAN's Scheduling Motion is ripe for resolution

14  on the papers and without a hearing.  Finjan does not dispute that reinstating the original timing

15  between the claim construction hearing and dispositive and *Daubert* motions would facilitate the

16  most efficient resolution of this action and avoid unnecessarily burdening the Court.  The only

17  arguments that Finjan raises in its opposition can easily and summarily be addressed by the Court

18  without a hearing.

19      For example, Finjan's claim that PAN fails to show "good cause" (Dkt. No. 257 at 3)

20  ignores that PAN moved diligently to reinstate the original case schedule (in terms of post-claim

21  construction events), that PAN would be prejudiced by expending unnecessary time and resources

22  absent a scheduling change, and that the Court would be unnecessarily burdened because the case

23  would not be efficiently streamlined by the filing of focused dispositive and *Daubert* motions

24  with a claim construction ruling in hand.

25      Finjan's claim that it would be prejudiced if this case were tried 9½ years instead of

26  9 years after filing (Dkt. No. 257 at 4-5) is unsupported by any alleged specific prejudice, let

27  alone any supporting declaration.  And Finjan's claim is unavailing on its face given that Finjan is

28  not an operating company and that three of the four asserted patents have already expired.

1    Accordingly, for the reasons stated above, and as supported in the Declaration of Rose S.

2    Lee pursuant to Civil Local Rule 6-3, PAN requests that the Court either expedite the hearing on

3    its motion to change the case schedule to Thursday, September 14, 2023, or alternatively, that the

4    Court vacate the October 5, 2023, motion hearing and issue an order on the papers.

5

6    Dated:  September 11, 2023

7                                                    Respectfully Submitted,

8                                                    */s/ Michael A. Jacobs*
                                                     Michael A. Jacobs (CA SBN 111664)
9                                                    MJacobs@mofo.com
                                                     Matthew I. Kreeger (CA SBN 153793)
10                                                   MKreeger@mofo.com
                                                     MORRISON & FOERSTER LLP
11                                                   425 Market Street
                                                     San Francisco, California 94105-2482
12                                                   Telephone: (415) 268-7000/Fax: (415) 268-7522

13
                                                     Kyle W.K. Mooney (*Pro Hac Vice*)
14                                                   KMooney@mofo.com
                                                     Michael J. DeStefano (*Pro Hac Vice*)
15                                                   Mdestefano@mofo.com
                                                     MORRISON & FOERSTER LLP
16                                                   250 West 55th Street
                                                     New York, New York 10019-9601
17                                                   Telephone: (212) 468-8000/Fax: (212) 468-7900

18
                                                     Rose S. Lee (CA SBN 294658)
19                                                   RoseLee@mofo.com
                                                     MORRISON & FOERSTER LLP
20                                                   707 Wilshire Boulevard, Suite 6000
                                                     Los Angeles, California 90071-3543
21                                                   Telephone: (415) 268-7000/Fax: (415) 268-7522

22
                                                     *Attorneys for Defendant*
23                                                   *PALO ALTO NETWORKS, INC.*

24

25

26

27

28