UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br>        Plaintiff,<br>    v.<br>PALO ALTO NETWORKS, INC.,<br>        Defendant. | Case No. 3:14-cv-04908-JD<br><br>**ORDER RE MOTION TO STRIKE** |

Defendant Palo Alto Networks, Inc. (PAN) asks to strike portions of plaintiff Finjan's expert reports that are said to rely on undisclosed infringement theories. Dkt. No. 230. The request is granted in part.

Pursuant to the scheduling order, the parties exchanged expert reports in January 2023. *See* Dkt. No. 194. PAN says that that three of Finjan's experts, namely Dr. Min, Dr. Jakobsson, and Dr. Keromytis, offered infringement opinions based on the "CTD engine," "single pass scanning," and "single pass architecture," that were not disclosed in Finjan's infringement contentions.

As the Federal Circuit has rightly observed, our District's patent local rules require plaintiffs and defendants "to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1365-66 (Fed. Cir. 2006). Under Patent Local Rule 3-1, a party alleging infringement must serve contentions that: (a) identify each allegedly infringed claim and (b) each accused device, method, or instrumentality; (c) provide a chart "identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality"; (d) state the bases for any claims of indirect or joint infringement; (e) state whether each claim is alleged to be infringed literally or under the doctrine of equivalents; (f) identify the priority date to which each claim is entitled; (g)

identify any of the patentee's own products that allegedly embody the asserted claims; and (h) state the grounds for willful infringement claims. Patent L.R. 3-1.

The purpose of the Rule 3-1 disclosures is to reduce uncertainty about the parties' claims, and to ensure that the often costly course of patent litigation is focused on the disagreements that matter. To those ends, Rule 3-1 disclosures are made early in the case and are subject to amendment only upon diligence and good cause. *See Altera Corp. v. PACT XXP Techs., AG*, Case No. 14-cv-02868 JD, 2015 WL 928122 at *1 (N.D. Cal. Feb. 19, 2015).

The parties disagree as to what, exactly, the CTD engine is or does, and whether Finjan has properly disclosed infringement claims related to it. According to PAN's Rule 30(b)(6) deponent, the CTD engine is a "unified threat engine" that inspects network traffic for malware and cybersecurity threats. Dkt. No. 234-8 at 62:24-63:4. In Finjan's view, the CTD engine is effectively interchangeable with Content-ID, which Finjan's infringement contentions disclosed. PAN's Rule 30(b)(6) deponent has said, "Content-ID is not a term we really use" to describe its software or hardware. Dkt. No. 229-3 at 6. But according to Finjan, Content-ID is a key component of PAN's Next Generation Firewall (NGFW) that scans content in an incoming stream. Dkt. No. 234-3 at 81, 83; *see also* Dkt. No. 195-5 at 107.

Finjan says that the CTD engine underpins Content-ID, *see* Dkt. No. 235 at 7, so Finjan's expert reports can treat CTD and Content-ID interchangeably in their infringement analysis. *See, e.g.*, Dkt. No. 230-2 at 9 (referring to "Content ID or the CTD engine"). According to Finjan, "PAN engineering uses the term CTD, while PAN marketing uses the term Content-ID," and so everyone is talking about the same thing and nothing is new in the expert opinions. Dkt. No. 235 at 6.

The record indicates that Finjan goes too far. The deposition testimony by a PAN witness that it relies on does not say that the two features are identical, or that the CTD engine is the engine underlying Content-ID. Dkt. 234-8 at 62:18-63:1. Finjan itself did not use the terms interchangeably in its second amended infringement contentions, and appears to have changed tack on the issue in its expert reports. *See* Dkt. No. 195-5 (using only the term "Content-ID" and not "CTD" or "CTD engine"). In addition, the record demonstrates that PAN's public-facing

2

1  website hosts separate pages for the CTD engine and Content-ID, which weighs against Finjan's
2  position.  Dkt. No. 230-8.

3  Finjan proposes in the alternative that it disclosed the CTD engine when it listed source
4  code for the engine in its infringement contentions.  This suggestion is also not well taken.  For
5  Claim 1[a] alone, Finjan's infringement contentions list over eighty files as potentially
6  implementing the infringing technology.  Dkt. No. 234-3 at 27-30.  Of these files, only a small
7  fraction contain the substring "_ctd_" somewhere in the filename.  *Id.*  The rest of the files
8  correspond to other software functionality unrelated to the CTD engine.  *Id.*  A few, scattered
9  references to a product -- either in metadata like filenames or contained within software files -- do
10 not meet the letter of Rule 3-1(b)'s requirement that each instrumentality "shall be identified by
11 name," or its spirit of adequate disclosure.

12 Overall, Finjan's prior disclosures did not give PAN fair notice of the infringement claims
13 with respect to the CTD engine on which Finjan's experts now seek to opine.  Consequently,
14 opinions that rely on a "CTD engine" in NGFW to show that PAN infringes the '408, '154, and
15 '731 patents will be excluded.

16 A different outcome is warranted for the opinions about single pass architecture and single
17 pass scanning.  PAN stumbled on these issues by initially saying that Finjan never mentioned
18 single pass architecture or single pass scanning anywhere in its infringement contentions, *see* Dkt.
19 No. 230 at 8, and then backtracking after Finjan identified multiple references throughout the '408
20 patent infringement chart, *see* Dkt. No. 247 at 7, n.4.  That is an effective end to PAN's objections
21 on this score.  Infringement opinions by Finjan's experts with respect to single pass architecture
22 and scanning will not be excluded as inadequately disclosed.

23 **IT IS SO ORDERED.**

24 Dated: September 27, 2023

JAMES DONATO
United States District Judge