Michael A. Jacobs (CA SBN 111664)
MJacobs@mofo.com
Matthew I. Kreeger (CA SBN 153793)
MKreeger@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000/Fax: (415) 268-7522

KYLE W.K. MOONEY (*Pro Hac Vice*)
KMooney@mofo.com
MICHAEL J. DESTEFANO (*Pro Hac Vice*)
MDeStefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

*Attorneys for Defendant,*
*PALO ALTO NETWORKS, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>           Defendant. | Case No.   3:14-CV-04908-JD<br><br>**DEFENDANT PALO ALTO NETWORKS, INC.'S NOTICE OF MOTION AND MOTION TO CHANGE CASE SCHEDULE**<br><br>Date:    March 28, 2024<br>Time:   10:00 a.m.<br>Dept:    Courtroom 11<br>Judge:   Hon. James Donato |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, March 28, 2024 at 10:00 AM, or as soon thereafter as the matter may be heard in the United States District Court for the Northern District of California, San Francisco Division, in Courtroom 11 before the Honorable James Donato, Defendant Palo Alto Networks, Inc. ("PAN") will and hereby does move pursuant to Civil Local Rule 6-3 to amend case deadlines in light of the Court's recent rescheduling of the claim construction hearing from January 18, 2024, to April 18, 2024.

## RELIEF REQUESTED

PAN seeks to amend case deadlines to avoid the schedule compression that would result based on the rescheduled claim construction hearing set to occur just 18 days before dispositive motions are due and to ensure the most efficient resolution of this dispute. More specifically, PAN seeks to reinstate the same timing between the claim construction hearing, dispositive motion deadline, and trial established by the Court in its September 13, 2023 Scheduling Order ("2023 Scheduling Order"). Finjan does not oppose PAN's proposed amended deadlines for dispositive and *Daubert* motions but opposes PAN's request to also move the trial date.

## STATEMENT OF ISSUES

Whether the Court should amend the current case schedule to reinstate the timing between the claim construction hearing, dispositive motion deadline, and trial contemplated by the Court's 2023 Scheduling Order.

## MEMORANDUM AND POINTS OF AUTHORITIES

PAN submits this motion pursuant to Civil Local Rule 6-3 to request that the Court extend certain deadlines on and after the date for the rescheduled claim construction hearing to facilitate the most efficient resolution of this action, to avoid unnecessarily burdening the Court and, potentially, a jury, and to mitigate prejudice to PAN. *See, e.g.*, *Krzyzanowsky v. Orkin Exterminating Co., Inc.*, No. C 07-05362 SBA, 2008 WL 4648338, at *2-3 (N.D. Cal. Oct. 20, 2008) (granting motion to enlarge time under Civil Local Rule 6-3 to continue a trial date and corresponding deadlines to accommodate case delays).

1    On August 23, 2022, the Court entered a scheduling order ("2022 Scheduling Order") including (i) a technology tutorial on April 4, 2023, (ii) a claim construction hearing on April 11, 2023, (iii) a deadline for dispositive and *Daubert* motions on July 31, 2023 (111 days after the claim construction hearing), (iv) a hearing on dispositive and *Daubert* motions on September 28, 2023, (v) a pre-trial conference on March 21, 2024 (199 days after dispositive and *Daubert* motions were briefed), and (vi) trial on April 8, 2024 (217 days after dispositive and *Daubert* motions were briefed). (Dkt. No. 194.)

The Court subsequently rescheduled the claim construction hearing. On February 15, 2023, the Court continued the claim construction hearing to May 11, 2023. (Dkt. No. 225.) Thereafter, due to preexisting trial conflicts, PAN requested that the claim construction hearing be continued to June 1, 2023. (Dkt. No. 227.) The Court ordered the hearing continued to June 1, 2023, and reset the deadline for dispositive motions to October 26, 2023. (Dkt. No. 228.) On May 11, 2023, the Court again continued the claim construction hearing to September 7, 2023. (Dkt. No. 247.) On August 15, 2023, the Court continued the claim construction hearing to October 26, 2023. (Dkt. No. 254.)

On September 13, 2023, in response to a motion from PAN under Civil Local Rule 6-3, the Court set the amended 2023 Scheduling Order that largely maintained the spacing between the rescheduled claim construction hearing and later deadlines provided for in the 2022 Scheduling Order and slightly decreased the time to trial, including (i) a technology tutorial on January 2, 2024, (ii) a claim construction hearing on January 18, 2024, (iii) a deadline for dispositive and *Daubert* motions on May 6, 2024 (109 days after the claim construction hearing), (iv) pretrial conference on October 3, 2024 (129 days after dispositive and *Daubert* motions were briefed), and (vi) trial on October 21, 2024 (147 days after dispositive and *Daubert* motions were briefed). (Dkt. No. 260.)

On December 27, 2023, the Court vacated the January 2, 2024 technology tutorial and the January 18, 2024 claim construction hearing, citing Finjan's alleged failure to have filed an opening claim construction brief. (Dkt. No. 263.) The parties thereafter filed a joint request for the Court to re-calendar the hearing because the parties had fully briefed claim construction in

late 2021. (Dkt No. 264.) The Court rescheduled the technology tutorial and claim construction hearing for April 2, 2024, and April 18, 2024, respectively. (Dkt. No. 265.) The Court did not reset the deadlines for dispositive or *Daubert* motions, the pre-trial conference, or trial. Instead, the Court stated that it "will address the October 2024 trial date at a later occasion." (*Id.*)

Accordingly, under the current schedule there arejust 18 days between the rescheduled claim construction hearing (April 18, 2024) and the deadline for dispositive and *Daubert* motions (May 6, 2024). In practice, this means that the parties will likely not have a claim construction ruling before the deadline for dispositive and *Daubert* motions or, even if they do, will not have time to adequately take that ruling into consideration before filing their dispositive and *Daubert* motions.

PAN requests that the Court amend the current case schedule to undo the compression created by rescheduling the claim construction hearing and reinstate the spacing between deadlines that the Court provided for in the 2023 Scheduling Order, as set forth below.

| **Event** | **2023 Schedule** | **PAN Proposed Deadline** |
|---|---|---|
| Last day to file dispositive and *Daubert* motions | May 6, 2024<br>[109 days after claim construction hearing] | August 6, 2024<br>[110 days after claim construction hearing] |
| Last Day to file oppositions to dispositive and *Daubert* motions | May 20, 2024 | August 20, 2024 |
| Last Day to File replies to dispositive and *Daubert* motions | May 27, 2024 | August 27, 2024 |
| Dispositive Motion/ *Daubert* Hearing | [No specific date set] | September 10, 2024, at 10:00 AM, or as soon thereafter as convenient for the Court |
| Final Pretrial Conference | October 3, 2024<br><br>[129 days after dispositive and *Daubert* motions are briefed] | January 9, 2025, or as soon thereafter as convenient for the Court<br><br>[135 days after dispositive and *Daubert* motions are briefed] |

| Event | 2023 Schedule | PAN Proposed Deadline |
|---|---|---|
| Trial | October 21, 2024<br><br>[147 days after dispositive and *Daubert* motions are briefed] | January 27, 2025,<br>or as soon thereafter as convenient for the Court<br><br>[153 days after dispositive and *Daubert* motions are briefed] |

On February 1, 2024, PAN sought agreement from Finjan for such an amended scheduling order. On February 5, 2024, Finjan proposed a compromise schedule which matched PAN's proposed schedule, aside from the trial date, which Finjan requested to remain unchanged. (Declaration of Rose S. Lee ("Lee Decl.") ¶ 3.) PAN rejected that proposal, because it would make it difficult for a summary judgment order to issue before trial. On February 11, 2024, Finjan stated that it does not oppose PAN's proposed deadlines for dispositive and *Daubert* motions, but does oppose any change to the trial date. (Lee Decl. ¶ 3.)

The Court's entry of the amended case deadlines above will (like the 2022 Scheduling Order and 2023 Scheduling Order) ensure the most efficient resolution of this case and minimize the burden on the Court. Rescheduling dispositive and *Daubert* motions for dates after the claim construction order will allow the Court to issue a claim construction ruling, the parties to consider that ruling, and to then focus and prioritize arguments based on the issues remaining in the case. This will maximize the likelihood that the Court can address as many "live" issues as possible in connection with dispositive and *Daubert* motions. That, in turn, will minimize the burden on the Court's resources at trial should trial be necessary.

An amended schedule will also make the process for dispositive and *Daubert* motions more efficient. For example, the Court would not be called upon to review, and PAN would not be required to brief, alternative constructions in support of summary judgment motions. Given the Court's limits on the length of dispositive motions, these efficiencies are all the more important.

Deferring dispositive and *Daubert* motions until after claim construction will, as contemplated by the Court, also allow PAN to renew its motion to strike Finjan's infringement contentions as to U.S. Patent Nos. 7,418,731 ("'731 Patent"), 8,141,154 ("'154 Patent"), and

8,225,408 ("'408 Patent"). (Dkt. No. 232 (terminating PAN's motion to strike without prejudice on the basis that "claim construction may simplify or eliminate many of the issues raised in [PAN's] motion").) Deferring dispositive motions would allow PAN the opportunity to renew its motion to strike before dispositive motions, and that renewed motion may eliminate one or more patents (or claims) from this case. In addition, PAN contends that the preamble of claim 14 of U.S. Patent 7,647,633 ("'633 Patent") is indefinite, and that "programming language" from the asserted claims of the '408 Patent is indefinite. (*See, e.g.*, Dkt. No. 164-1 at 7, 18.) The Court's claim construction order could eliminate one or both of those asserted patents from the case.

Finally, the amended scheduling order would do no harm to Finjan. PAN's proposal does no more than restore the spacing between the remaining deadlines that existed in the 2022 Scheduling Order and 2023 Scheduling Order. PAN's proposal (1) allows for 110 days between claim construction and the deadline to file dispositive and *Daubert* motions (exactly in line with the 2022 Scheduling Order and 2023 Scheduling Order) and (2) proposes the soonest available trial date that generally aligns with the spacing between dispositive motions and trial in the 2023 Scheduling Order. The modest continuance of the trial date would cause no prejudice to Finjan, and indeed, would allow Finjan, like PAN, to have a claim construction order in hand for its preparation for summary judgment and *Daubert* motions, and to then reasonably take into account the Court's rulings on those motions before trial.

Accordingly, for the reasons stated above, and as supported in the Declaration of Rose S. Lee pursuant to Civil Local Rule 6-3, attached hereto, PAN requests that the foregoing modifications to the case schedule be ordered by the Court.

Dated: February 16, 2024

Respectfully Submitted,

*/s/ Rose S. Lee*
Michael A. Jacobs (CA SBN 111664)
MJacobs@mofo.com
Matthew I. Kreeger (CA SBN 153793)
MKreeger@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000/Fax: (415) 268-7522

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Kyle W.K. Mooney (Pro Hac Vice)
KMooney@mofo.com
Michael J. DeStefano (Pro Hac Vice)
Mdestefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000/Fax: (212) 468-7900

Rose S. Lee (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90071-3543
Telephone: (415) 268-7000/Fax: (415) 268-7522

*Attorneys for Defendant*
*PALO ALTO NETWORKS, INC.*