Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tyler R. Train (CA SBN 318998) / train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan E. Morrison (*Pro Hac Vice*) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607
Additional counsel listed on signature page

Attorneys for Plaintiff,
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>                Plaintiff,<br><br>       v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>                Defendant. | Case No. 3:14-cv-04908-JD<br><br>**FINJAN LLC'S OPPOSITION TO PALO ALTO NETWORKS' MOTION TO CHANGE CASE SCHEDULE**<br><br>Date: March 28, 2024<br>Time: 10:00 a.m.<br>Hon. James Donato<br>Ctrm: 11, 19th Floor |

## STATEMENT OF ISSUES

Whether PAN has shown "good cause" to continue the trial date by more than three months to January 27, 2025.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

For over 9 years, PAN has been infringing Finjan's patents, and Finjan has awaited its day in court. PAN seeks yet again to delay this over-9-year-old case by more than 3 months, further obstructing Finjan from vindicating its rights. The Court set trial for October 21, 2024, and under the Court's standing order, "[o]nce assigned, the trial date will not be changed or continued absent good cause in the interest of justice" and "[c]ounsel and parties should assume that the trial date will not be moved." Dkt. No. 260; SO re Civ. Cases at ¶ 4. PAN fails to allege, let alone show, "good cause," pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and paragraph 4 of this Court's Standing Order for Civil Cases, to continue the trial date by more than three months to January 27, 2025. The parties are fully capable of preparing for trial currently set for October 21, 2024, even with PAN's proposed pre-trial extensions. Moreover, PAN fails to account for the harm to Finjan's patent rights that would result from yet another delay to this case already pending for over 9 years.

Though Finjan does not oppose PAN's proposed pre-trial extensions, Finjan respectfully requests that the Court deny-in-part PAN's motion to change the case schedule by maintaining the current trial date on October 21, 2024.

### II. STATEMENT OF RELEVANT FACTS

Finjan filed this case over **9 years** ago, on November 4, 2014, asserting 10 patents against PAN. This case has been repeatedly delayed since then. On September 13, 2023, the Court amended the case schedule, including continuing the trial date for over 7 months, in response to a motion from PAN. Dkt. No. 256; Dkt. No. 260. Finjan provided a factual overview of the many preceding delays spanning the last decade in its opposition to PAN's previous motion to change the case schedule. Dkt. No. 257 at 2–3.

### III.  ARGUMENT

#### A.  PAN Has Not Shown Good Cause to Continue the Trial Date

PAN has failed to show good cause for its unilateral request to move the trial date by more than 3 months from October 21, 2024 to January 27, 2025. According to the Court's Standing Order, "[o]nce assigned, the trial date will not be changed or continued absent good cause in the interest of justice." SO re Civ. Cases at ¶ 4; *see also* Fed. R. Civ. P 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In this context, "'good cause' means scheduling deadlines cannot be met despite [a] party's diligence." *Watkins v. MGA Ent., Inc.*, 574 F. Supp. 3d 747, 759 (N.D. Cal. 2021); *see also id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.")). PAN does not assert that the parties cannot prepare for the currently set trial, even with its proposed pre-trial extensions. Because PAN has failed to allege good cause, the Court should reject PAN's request to continue the trial date.

Moreover, PAN's desire to schedule an arbitrary number of days between a summary judgment hearing and trial does not constitute good cause. Even with PAN's requested pre-trial extensions, the currently scheduled trial date (October 27, 2024) would follow approximately 6 weeks after PAN's proposed hearing date for summary judgment motions (September 10, 2024). Dkt. No. 268 at 3–4. This is sufficient time for the Court to issue any summary judgment orders, and PAN does not rely on any support suggesting otherwise. *Id.* at 4. Further, because the parties have ample time to prepare for trial, now 8 months away, there is no good cause to further delay resolution of this case. *See, e.g.*, *Victor Co. of Japan, Ltd. v. Quanta Comput., Inc.*, No. C 06–04222–WHA, 2007 WL 806491, at *3 (N.D. Cal. Mar. 15, 2007) (amending claim construction deadlines, but denying continuance of trial date, because defendant "has not shown good cause why it cannot keep deadlines so far in the future" and "will have ample time to prepare for dispositive motions and trial on the current schedule").

### B.     PAN's Proposed Continuance Is Harmful to Finjan

Contrary to PAN's suggestion (*id.* at 5), its proposed continuance of the trial date by more than 3 months would harm Finjan. Finjan filed this case in October 2014. Dkt. No. 1. After more than **9 years**, Finjan still awaits its day in Court to vindicate its patent rights in the face of PAN's continuing, infringing activities. Any further delay in the resolution of this case is harmful to Finjan, and PAN's request to keep this case on the Court's docket for months longer should be denied as unwarranted. *See, e.g.*, *Victor*, 2007 WL 806491, at *3 (denying continuance of trial date because plaintiff "could suffer some harm in delaying the resolution of this action").

## IV.    CONCLUSION

For the reasons stated above, and as supported in the Declaration of Jared A. Smith pursuant to Civil Local Rule 6-3, Finjan respectfully requests that the Court deny-in-part PAN's motion to change the case schedule by maintaining the currently scheduled trial date for October 21, 2024.

1  Dated: February 20, 2024						Respectfully Submitted,

*/s/ Juanita R. Brooks*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tyler R. Train (CA SBN 318998)
train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

John M. Farrell (CA SBN 99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070 / Fax: (650) 839-5071

Aamir Kazi (*Pro Hac Vice*)
kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st floor
Atlanta, GA  30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

*Attorneys for Plaintiff FINJAN LLC*