Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tyler R. Train (CA SBN 318998)
train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

*Attorneys for Plaintiff,*
*FINJAN LLC*

DARALYN J. DURIE (CA SBN 169825)
DDurie@mofo.com
MATTHEW I. KREEGER (CA SBN 153793)
MKreeger@mofo.com
TIMOTHY CHEN SAULSBURY (CA SBN 281434)
TSaulsbury@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000 / Fax: (415) 268-7522

*Attorneys for Defendant,*
*PALO ALTO NETWORKS, INC.*

*Additional counsel on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC, | Case No.  3:14-CV-04908-RS |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| v. | |
| PALO ALTO NETWORKS, INC., | Courtroom:  3, 17th Floor |
| Defendant. | Judge:  Honorable Richard Seeborg |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Court's Standing Order Regarding Initial Case Management, and the Court's March 11, 2024 Order (Dkt. No. 275) and subsequent March 14, 2024 Order (Dkt. No. 277), the parties to the above-titled action, Plaintiff Finjan LLC ("Finjan") and Defendant Palo Alto Networks, Inc. ("PAN"), jointly submit the following Joint Case Management Statement and Proposed Order.

## 1. Jurisdiction and Service

This is an action for patent infringement arising under 35 U.S.C. § 101 et seq.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).  No issues exist regarding personal jurisdiction or service.

## 2. Facts

Finjan's Infringement Claims:  Finjan filed this case over nine years ago—on November 4, 2014—asserting ten (10) patents.  After Judge Hamilton lifted the stay on January 25, 2021 (Dkt. No. 84), Finjan filed an Amended Complaint on March 31, 2021 (Dkt. No. 112) and asserted the following seven (7) patents.  Finjan contends it holds all rights, title, and interest in these patents.

- U.S. Patent No. 6,804,780 ("the '780 Patent");
- U.S. Patent No. 7,418,731 ("the '731 Patent");
- U.S. Patent No. 7,613,926 ("the '926 Patent");
- U.S. Patent No. 7,647,633 ("the '633 Patent");
- U.S. Patent No. 8,141,154 ("the '154 Patent");
- U.S. Patent No. 8,225,408 ("the '408 Patent"); and
- U.S. Patent No. 8,677,494 ("the '494 Patent").

For the other three originally-asserted patents (U.S. Patent Nos. 6,965,968, 7,058,822, and 7,613,918), Judge Hamilton dismissed with prejudice Finjan's claims for infringement and PAN's counterclaims and defenses based on a joint stipulation.  (Dkt. No. 111.)  In accordance with the stipulated case narrowing schedule ordered by Judge Hamilton on June 9, 2021 (Dkt. No. 126),

1   Finjan served a Preliminary Election of Asserted Claims on June 21, 2021—continuing to assert

2   twenty-one (21) claims from the '731 Patent, the '154 Patent, the '408 Patent, and the '633 Patent

3   (collectively, "the Patents-in-Suit") and no claims from the '780 Patent, the '926 Patent, and the

4   '494 Patent (collectively, "the ESET Patents").

5          In Finjan's case against ESET, LLC and ESET SPOL. S.R.O. in the United States District

6   Court for the Southern District of California, Judge Bencivengo found that the asserted claims of

7   U.S. Patent No. 6,804,780 (the "'780 Patent") and four other Finjan patents were invalid on the

8   grounds that the claim term "Downloadable," as used in those claims and construed by that court,

9   was indefinite.  *Finjan, Inc. v. ESET, LLC*, No. 3:17-cv-0183-CAB-BGS ("ESET"), Dkt No. 869

10  (S. D. Cal. Mar. 29, 2021).  Based on that order, Judge Bencivengo entered judgment of invalidity

11  with regard to those patents.  *Id*. at Dkt. No. 875 (May 20, 2021).  The Federal Circuit mandate

12  issued on January 3, 2023.  Although the '926 and '494 Patents were not at issue in the *ESET* case,

13  they are both related to the '780 Patent, and claims of the '926 and '494 Patents include the term

14  "Downloadable."  As a result of Judge Bencivengo's *ESET* ruling, the parties in this case ceased

15  active litigation of the '780, '926, and '494 Patents back in 2021 while Finjan appealed that

16  judgment to the United States Court of Appeals for the Federal Circuit. *Id*. at Dkt. No. 878 (June

17  17, 2021).  On November 1, 2022, the Federal Circuit reversed the district court's claim

18  construction, vacated its grant of summary judgment, and remanded for further proceedings.

19  *Finjan LLC v. ESET, LLC*, 51 F.4th 1377 (Fed. Cir. 2022).  Pursuant to the parties' stipulation

20  filed May 30, 2023 (Dkt. No. 249), Judge Donato dismissed Finjan's claims for infringement of

21  the '780, '926, and '494 Patents without prejudice (Dkt. No. 250).  Judge Donato also dismissed

22  PAN's counterclaims and defenses regarding the '780, '926, and '494 Patents without prejudice.

23  (*Id*.)

24          Finjan alleges that PAN has infringed and/or continues to infringe the Patents-in-Suit by

25  making, using, selling, offering for sale and/or importing "products and services that utilize the

26  Next Generation Enterprise Security Platform, App-ID, User-ID, Content-ID, Wildfire, Next-

27  Generation Intelligence Cloud, and Targeted Remote Attack Prevention System ('TRAPS' also

28  spelled as 'Traps')," including: "Next-Generation Security Platform, Next-Generation Firewall,

Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced Endpoint Protection." (*See, e.g.*, Dkt. No. 112 ¶ 31.)  On April 1, 2021, Finjan served Patent Local Rule 3-1 Infringement Contentions and identified the accused products as the Next-Generation Firewalls ("NGFWs"), WildFire, Traps, Threat Prevention, and URL Filtering.

Finjan additionally alleges that PAN has induced and/or continues to induce infringement of the Patents-in-Suit by instructing, directing and/or requiring others to perform the steps of method claims of these patents.

Finjan seeks damages and injunctive relief for PAN's infringement, as well as a finding that PAN's infringement has been willful and that this case is exceptional.

PAN's Defenses and Counterclaims:  PAN filed its Answer to Finjan's Amended Complaint on April 14, 2021 (Dkt. No. 116), denying infringement and asserting affirmative defenses of non-infringement, invalidity, judicial estoppel, prosecution history estoppel and disclaimer, prosecution laches, ensnarement and prior art estoppel, adequate remedy at law, limitations on damages, 28 U.S.C. § 1498, inequitable conduct as to the '494 Patent and the '154 Patent, unclean hands as to the '494 Patent and the '154 Patent, failure to mark, and preclusion. PAN also asserts counterclaims seeking declarations of non-infringement and invalidity of the Patents-in-Suit, and unenforceability of the '494 Patent and '154 Patent due to inequitable conduct and unclean hands.  PAN further seeks a finding of an exceptional case.

On May 5, 2021, Finjan filed its Answer to PAN's counterclaims (Dkt. No. 121), denying non-infringement, invalidity, and unenforceability, and asserting affirmative defenses of failure to state a claim upon which relief may be granted, good faith, and equitable estoppel.  On the same day, Finjan also filed a motion to strike and dismiss PAN's affirmative defenses and counterclaims related to inequitable conduct for not being sufficiently pleaded.  (Dkt. No. 120.)  After full briefing (Dkt. No. 122 (PAN's opposition), Dkt. No. 124 (Finjan's reply)), Judge Hamilton denied the motion on June 23, 2021 (Dkt. No. 131).

Pre-Stay:  The Court initially assigned this case to Magistrate Judge Corley.  (Dkt. No. 10.) After Finjan declined magistrate judge jurisdiction (Dkt. No. 14), the case was reassigned to Judge

1   Chen on December 8, 2014 (Dkt. No. 16).  Judge Chen recused himself from the case on October

2   8, 2015 (Dkt. No. 56), and the case was reassigned to Judge Hamilton (Dkt. No. 57).  On October

3   15, 2015, Judge Hamilton ordered a Case Management Conference to be held on November 5,

4   2015 (Dkt. No. 58), which Judge Hamilton rescheduled for December 3, 2015, on joint motion of

5   the parties (Dkt. No. 61).  On November 25, 2015, the parties filed a Joint Case Management

6   Statement.  (Dkt. No. 62.)

7          Five days later, PAN filed a motion to stay the case based on thirteen petitions for *inter*

8   *partes* review relating to asserted patents that PAN filed with the United States Patent and

9   Trademark Office's Patent Trial and Appeal Board ("PTAB").  (Dkt. No. 63.)  Concurrent with

10  the motion to stay, PAN filed a motion for partial judgment on the pleadings of invalidity of the

11  '780 and '494 Patents under 35 U.S.C. § 101.  (*Id.*)

12         At the Case Management Conference on December 3, 2015, Judge Hamilton indicated she

13  would stay the case pending the PTAB's decisions on whether to institute PAN's IPRs and

14  ordered PAN to withdraw the motion for partial judgment on the pleadings.  (Dkt. No. 65.)  On

15  December 10, 2015, Judge Hamilton entered the Order staying the case and withdrawing the

16  motion for partial judgment on the pleadings.  (Dkt. No. 67.)  On May 23, 2016, the parties filed a

17  Joint Status Report informing Judge Hamilton that the PTAB had granted institution of six IPR

18  petitions on four asserted patents, but denied institution of seven IPR petitions on six asserted

19  patents.  (Dkt. No. 68.)  Finjan requested Judge Hamilton to lift the stay as to the six patents on

20  which the PTAB denied institution of the IPRs, while PAN requested Judge Hamilton to leave the

21  stay in place for all patents through the pendency of the six instituted IPRs on the four asserted

22  patents.  (*Id.*)  On May 26, 2016, Judge Hamilton ordered the stay to remain in place as to all

23  patents.  (Dkt. No. 69.)

24         The IPR Petitions:  The IPR proceedings and the subsequent appeals to the Federal Circuit

25  are complete, as the parties reported in the Joint Status Report on December 28, 2020.  (Dkt. No.

26  68.)  The chart below summarizes the results of the IPR proceedings for the ten originally-asserted

27  patents.

28

| Patent | PAN IPR Petition | Claims Challenged | Claims Instituted | Claims Invalidated | Claims Surviving |
|---|---|---|---|---|---|
| '633 | IPR2015-01974 | 1-4, 6-8, 13, 14, 19, 28, 34 | 14, 19 | None[1] | 5-7, 9-10, 14-45 |
| '154 | IPR2015-01979 | 1-8, 10, 11 | 1-8, 10, 11 | None | All |
| | IPR2016-00151 | 1-12 | 1-8, 10, 11 | None | |
| '408 | IPR2015-02001 IPR2016-00157 (Consolidated) | 1, 3-7, 9, 12-16, 18-23, 29, 35 | 1, 3-7, 9, 12-16, 18-23, 29, 35 | None | All |
| '494 | IPR2016-00159 | 1-18 | 1-6, 10-15 | 1, 2, 6 | 3-5, 7-18 |
| '780 | IPR2016-00165 | 1-18 | None | None | All |
| '968 | IPR2016-00149 | 1-12, 24, 33-38 | None | None | All |
| | IPR2016-00150 | 1-38 | None | | |
| '822 | IPR2015-01999 | 1, 4-6, 8, 9, 12, 16-20, 22, 24, 27 | None | None | All |
| '731 | IPR2015-02000 | 1-22 | None | None | All |
| '918 | IPR2016-00164 | 1-10, 12-19, 21, 34-36 | None | None | All |
| '926 | IPR2016-00145 | 1-5, 8-12, 15-19, 22-26, 29, 30 | None | None | All |

Post-Stay:  On joint request from the parties (Dkt. No. 83), Judge Hamilton lifted the stay on January 25, 2021, set a Case Management Conference on March 18, 2021, and ordered the parties to file a Joint Case Management Statement (Dkt. No. 84).  The parties filed a Joint Case Management Statement on March 11, 2021.  (Dkt. No. 104.)  During the Case Management Conference on March 18, 2021, Judge Hamilton, among other things, ordered the parties to file a joint stipulation for case narrowing, have a settlement conference before Magistrate Judge Nathanael Cousins, and set the following dates:  Technology Tutorial on September 29, 2021 and Claim Construction Hearing on either October 13, 2021 or October 14, 2021.  (Dkt. No. 106.)  No

[1] In a separate IPR filed by Cisco Systems, Inc. (IPR2018-00391), the PTAB found claims 1-4, 8, and 11-13 of the '633 Patent to be unpatentable.

1    dates were set beyond the Claim Construction Hearing, and the parties agreed on all dates prior to

2    the Claim Construction Hearing (Dkt. No. 104).

3        **Reassignment to Judge Donato.**  The case was reassigned to Judge Donato on August 9,

4    2021.  (Dkt. No. 150.)  The parties complied with all dates set by Judge Hamilton other than the

5    Technology Tutorial and Claim Construction Hearing dates, which were vacated in view of the

6    Reassignment Order reassigning the case to Judge Donato.  These include Finjan's Patent Local

7    Rule 3-1 Infringement Contentions (served on April 1, 2021), PAN's Patent Local Rule 3-3

8    Invalidity Contentions (served on May 17, 2021), Finjan's Patent Local Rule 3-8 Damages

9    Contentions (served on July 6, 2021), and PAN's Patent Local Rule 3-9 Responsive Damages

10   Contentions (served on August 5, 2021).  The parties also filed a Stipulated Protective Order,

11   which Judge Hamilton entered on March 31, 2021 (Dkt. No. 110) and a Stipulated ESI Order,

12   which Judge Hamilton entered on April 20, 2021 (Dkt. No. 117).

13       The parties completed all claim construction discovery on August 16, 2021, including

14   claim construction disclosures pursuant to Patent Local Rules 4-1, 4-2, 4-3, and 4-4.  The parties

15   have also completed claim construction briefing, including Finjan's opening claim construction

16   brief filed on August 30, 2021 (Dkt. No. 158), PAN's responsive claim construction brief filed on

17   September 13, 2021 (Dkt. No. 159), and Finjan's reply claim construction brief filed on

18   September 20, 2021 (Dkt. No. 163).  The parties also filed a final amended joint claim

19   construction and pre-hearing statement on September 20, 2021.  (Dkt. No. 164.)

20       In accordance with the Reassignment Order Setting CMC (Dkt. No. 151), the parties filed

21   a Joint Case Management Statement on October 14, 2021 (Dkt. No. 171) ahead of a Case

22   Management Conference scheduled for October 20, 2021.  On October 18, 2021, the Court

23   continued the Case Management Conference to January 20, 2022.  (Dkt. No. 172.)  The parties

24   filed an updated Joint Case Management Statement on January 13, 2022.  (Dkt. No. 176.)  On

25   January 14, 2022, the Court vacated the Case Management Conference, and said it would enter a

26   scheduling order.  (Dkt. No. 181.)  Six months later, on July 18, 2022, Finjan filed an opposed

27   motion to move the Court to issue a scheduling order.  (Dkt. No. 191.)  On August, 23, 2022, the

28   Court issued its Scheduling Order, resetting, among other dates, the claim construction hearing for

1  April 11, 2023 and trial for April 8, 2024.  (Dkt. No. 194.)  The claim construction hearing was

2  rescheduled five more times: June 1, 2023 (Dkt. No. 228); September 7, 2023 (Dkt. No. 247);

3  October 26, 2023 (Dkt. No. 254); January 18, 2024 (Dkt. No. 260); and April 18, 2024 (Dkt. No.

4  265).  For various reasons, each of those dates was vacated.  As a result, no claim construction

5  hearing has been held in this case.  The trial has been rescheduled multiple times.  On September

6  13, 2023, the Court set the trial date for October 21, 2024, which contemplated a claim

7  construction hearing on January 18, 2024.  (Dkt. No. 260.)

8  **Reassignment to this Court.**  On March 8, 2024, Judge Donato recused himself from all

9  further proceedings in this matter and vacated all pending dates of motions, pretrial conferences,

10  and trial.  (Dkt. No. 273.)  On March 28, 2023, the Court reassigned the case to Chief Judge

11  Seeborg.  (Dkt. No. 274.)

12  **3.  Legal Issues**

13  The principal disputed legal issues are:

14  • The proper construction of any disputed claim terms;

15  • Whether PAN infringes any or all of the Patents-in-Suit, either directly (35 U.S.C. §

16  271(a)) or indirectly (35 U.S.C. § 271(b));

17  • Whether the Patents-in-Suit are invalid (35 U.S.C. §§ 101, 102, 103, 112);

18  • Whether the '154 Patent is unenforceable;

19  • Whether Finjan's claims are barred by any defense raised by PAN;

20  • Whether Finjan is entitled to damages as a result of the alleged infringement of any or all

21  of the Patents-in-Suit, and if so, the amount (35 U.S.C. § 284);

22  • Whether Finjan is entitled to injunctive relief to prevent irreparable harm as a result of the

23  alleged continuing infringement of any or all of the Patents-in-Suit (35 U.S.C. § 283);

24  • Whether PAN's alleged infringement has been willful; and

25  • Whether this case is exceptional (35 U.S.C. § 285).

26  **4.  Motions**

27  (a) Pending Motions

28  There are no pending motions.

(b) <u>Anticipated Motions</u>

<u>PAN's Motion to Strike/Confirm re Finjan's Infringement Contentions</u>:

**PAN Position**: PAN intends to renew its motion to strike Finjan's infringement contentions as to the '154, '731, and '408 Patents after a claim construction order issues.

PAN has filed several motions to strike Finjan's Infringement Contentions. In response to PAN's first motion to strike, Judge Hamilton ordered Finjan to "serve amended infringement contentions in accordance with this order" within 30 days (August 19, 2021). (Dkt. No. 146.) Finjan then served amended infringement contentions for the '154 Patent, amending its contentions as to a single limitation. On September 16, 2021, PAN filed a motion to confirm Finjan has no operative infringement contentions for the '633, '408, and '731 Patents, and to strike Finjan's amended infringement contentions for the '154 Patent. (Dkt. No. 161.) On January 13, 2022, Judge Donato agreed that Judge Hamilton's order required amended contentions for all four of the Patents-in-Suit, but reserved judgment on PAN's motion on the merits and terminated it without prejudice. (Dkt. No. 177.) Finjan then served amended contentions for the Patents-in-Suit. PAN moved to strike Finjan's infringement contentions for the '154, '731, and '408 Patents as deficient. (Dkt. No. 195-3.) On March 27, 2023, the Court terminated PAN's motion without prejudice, and stated that "claim construction may simplify or eliminated many of the issues raised . . . [c]onsequently, PAN may renew its motion after claim construction, as developments warrant." (Dkt. No. 232) (internal quotations omitted). The amended infringement contentions that Finjan referenced below were served more than one year before the Court's March 27, 2023, decision. (Dkt. N. 232.)

**Finjan Position**: Finjan served amended infringement contentions for the '154, '731, '408, and '633 Patents on January 28, 2022, totaling more than 1,600 pages that include detailed infringement theories supported with citations to PAN's technical documents and source code. There is no basis to strike Finjan's infringement contentions.

<u>PAN's Motion to Enforce the Court's Order Regarding the "CTD Engine"</u>:

**PAN Position**: On March 24, 2023, PAN filed a motion to strike from Finjan's technical expert reports opinions relying on the "CTD Engine" and the concept of single-pass architecture in

1    the accused NGFW products due to Finjan's failure to sufficiently disclose these theories of

2    infringement in its infringement contentions.  (Dkt. No. 229-3.)  For example, Finjan's experts

3    opined that the CTD engine performs various limitations of the asserted claims of the '408 Patent,

4    includes several elements of the asserted claims of the '154 Patent, and acts as various structures

5    claimed in the '731 Patent.  (*Id.* at 5.)  But Finjan did not refer to "CTD engine" anywhere in its

6    nearly 3,000 pages of infringement contentions and amended infringement contentions, let alone

7    articulate how the CTD engine meets any claim limitation.  (*Id.*)  On April 7, 2023, Finjan filed its

8    opposition to PAN's motion, arguing that it has sufficiently disclosed these concepts.  (Dkt. No.

9    234-2.)  On April 14, 2023, PAN filed its reply.  (Dkt. No. 241-3.)  On September 27, 2023, Judge

10   Donato granted-in-part PAN's motion to strike, granting PAN's request as to the CTD Engine,

11   holding that "opinions that rely on a 'CTD engine' in NGFW to show that PAN infringes the '408,

12   '154, and '731 patents will be excluded."  (Dkt. No. 262 at 3.)  Judge Donato denied PAN's

13   request as to "single-pass architecture."  (*Id.*)

14        PAN then requested that Finjan serve redacted expert reports removing all opinions relying

15   on the CTD Engine.  The Parties disputed the scope of the redactions to Finjan's expert reports.

16   Accordingly, PAN intends to file a motion to enforce Judge Donato's order striking Finjan's

17   undisclosed opinions relying on the CTD Engine included in Finjan's technical expert reports.

18        Finjan's statement that "Finjan's amended expert reports regarding infringement of the

19   '408, '154, and '731 Patents redact the portions excluded by Judge Donato's September 27, 2023,

20   Order granting-in-part PAN's motion to strike" is a mischaracterization.  In fact, Finjan's amended

21   expert reports do not redact those portions of those expert reports that PAN requested be stricken

22   in the motion granted by Judge Donato.

23        **Finjan Position**: Finjan's amended expert reports regarding infringement of the '408,

24   '154, and '731 Patents redact the portions excluded by Judge Donato's September 27, 2023 Order

25   granting-in-part PAN's motion to strike.  The remaining infringement theories in Finjan's

26   amended expert reports were properly disclosed in Finjan's amended infringement contentions

27   served on January 28, 2022.

28        <u>Other</u>:  Finjan and PAN each anticipate moving for summary judgment and may file other

dispositive and non-dispositive motions as appropriate as the case progresses.  The parties

understand that the Local Rules of this Court, and applicable paragraphs of the Court's Standing

Order for Civil Cases, Discovery in Civil Cases, and Civil Jury Trials apply to motions filed in this

case.

### 5.  Amendment of Pleadings, Addition of Parties, Etc.

The deadline to amend pleadings without leave of the Court passed on April 1, 2021.  On

that day, Finjan filed an Amended Complaint (Dkt. No. 112) as discussed above.

### 6.  Evidence Preservation

The parties have reviewed the Northern District of California's Guidelines for the

Discovery of Electronically Stored Information ("ESI"), the Northern District of California's

Model ESI Order, and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those

portions related to evidence preservation.  Additionally, the parties have met and conferred at their

Rule 26(f) conference and since that time regarding evidence preservation.  Each party has

implemented a litigation hold with respect to all ESI and hardcopy documents and media

identified as relevant to this action.

### 7.  Disclosures

The parties exchanged initial disclosures pursuant to Rule 26(a) on February 12, 2015.

The parties exchanged amended initial disclosures on April 30, 2021.  On October 25, 2022, PAN

served second amended initial disclosures.  On December 1, 2022, Finjan served second amended

initial disclosures.  On December 16, 2022, PAN served third amended initial disclosures.

### 8.  Discovery

Fact Discovery: Fact discovery cut-off was December 23, 2022 (Dkt. No. 194).

Expert Discovery: Expert discovery cut-off was March 17, 2023 (Dkt. No. 194).

Protective Order: The parties filed a Stipulated Protective Order, which Judge Hamilton

entered on March 31, 2021.  (Dkt. No. 110.)

Service: The parties agree that service via email is acceptable pursuant to Rule 5(b)(2)(E). Documents served on a party shall be emailed to all attorneys of record for that party.[2]

**9.  Class Actions**

Not Applicable.

**10. Related Pending Cases**

Information concerning other pending litigations and proceedings before the United States Patent and Trademark Office involving the Patents-in-Suit is provided at Appendix B.

**11. Relief**

Finjan seeks entry of judgment finding that PAN has infringed and/or continues to infringe the Patents-in-Suit, both directly and indirectly, and that PAN's infringement has been willful. Finjan also seeks injunctive relief, including an injunction against PAN from infringing the Patents-in-Suit.  Finjan also seeks monetary damages, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty.  Based on the information produced in this case and the report prepared by Finjan's expert, Finjan anticipates it will seek damages of approximately $500 million.  Finjan further seeks a judgment that this case is exceptional and an award of Finjan's costs and reasonable attorneys' fees.  Finjan also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest.  Finjan seeks any other relief available under applicable law.

PAN seeks a declaration that PAN does not infringe the Patents-in-Suit.  PAN further seeks a declaration that the Patents-in-Suit are invalid and that the '154 Patent is unenforceable due to inequitable conduct and unclean hands.  PAN also seeks judgment that Finjan filed this action without a good faith basis, and is thus liable for attorneys' fees, expenses, and costs incurred by PAN in connection with this action.

**12. Settlement and ADR**

Pursuant to ADR L.R. 3-5, the parties reviewed the Court's ADR handbook, discussed the available ADR procedures, and considered whether this case would benefit from an ADR

---

[2] Service upon Finjan via email shall be effective only with Finjan-PAN_Fish-Service@fr.com. Service upon PAN via email shall be effective only with MoFo-PAN-Finjan@mofo.com.

procedure.  The parties chose mediation as the ADR process for this case pursuant to ADR L.R. 6.
(Dkt. No. 35.)  Prior to the stay, a mediation session took place on September 15, 2015 with
mediator Vicki Veenker.  After the stay and at the Case Management Conference on March 18,
2021, Judge Hamilton referred the case to a settlement conference before Magistrate Judge
Cousins.  (Dkt. No. 106.)  The parties have since submitted confidential Settlement Conference
Statements to Magistrate Judge Cousins on August 3, 2021, and appeared via Zoom at a
Settlement Conference on August 10, 2021.  (Dkt. No. 152.)  Magistrate Judge Cousins ordered
the parties provide the Court with a confidential update on November 2, 2021, with the settlement
conference to continue November 9, 2021, at 9:30 am, by Zoom.  (*Id.*)  Those dates were
continued, respectively, to March 4, 2022 and March 11, 2022, at 9:30 am, by Zoom.  (Dkt. No.
174.)  The settlement conference was continued again from March 11, 2022 to June 28, 2022.
(Dkt. No. 187.)  The parties submitted a second round of confidential Settlement Conference
Statements to Magistrate Judge Cousins, and appeared via Zoom at a Settlement Conference on
August 28, 2022.  (Dkt. No. 190.)  Magistrate Judge Cousins ordered the parties provide the Court
with a settlement status report by October 14, 2022, commenting on whether, when, and where to
schedule the next settlement conference.  (*Id*.)  The parties submitted the joint settlement status
update, and on October 12, 2022, Magistrate Judge Cousins schedule a further settlement
conference for April 6, 2023.  (Dkt. No. 198.)  The parties submitted another joint settlement
status update on March 27, 2023, and the same day Magistrate Judge Cousins vacated the further
settlement conference scheduled for April 6, 2023, and ordered the parties to provide an update by
June 8, 2023, proposing a new date for the conference.  (Dkt. No. 233.)  The parties submitted an
update on June 5, 2023, and the same day Magistrate Judge Cousins ordered the parties to provide
further update by September 14, 2023, proposing a new date for the conference.  (Dkt. No. 251.)
The parties submitted a further update on September 14, 2023, and the same day Magistrate Judge
Cousins ordered the parties to provide further update by January 25, 2024, proposing a new date
for the conference.  (Dkt. No. 261.)  The parties submitted a further update on January 22, 2024
proposing to continue the further settlement conference to April 25, 2024.  Magistrate Judge
Cousins has not issued an order regarding the parties' request.  On March 11, 2024, the clerk's

notice stated the parties are ordered to email a joint settlement status update by April 25, 2024 indicating whether, when, and in what format (whether in person or Zoom) a settlement conference is requested.  (Dkt. No. 276.)

**13. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

In accordance with Judge Hamilton's instructions at the Case Management Conference held on March 18, 2021, the parties filed a stipulated case narrowing schedule, which Judge Hamilton entered on June 9, 2021.  (Dkt. No. 126.)  In accordance with that schedule, Finjan served a Preliminary Election of Asserted Claims on June 21, 2021, and PAN served a Preliminary Election of Asserted Prior Art on July 6, 2021.

On January 11, 2023, Judge Donato ordered further narrowing through a second election of asserted claims and asserted prior art.  (Dkt. No. 217.)  The order allowed Finjan to assert up to 5 claims for a single patent, and 14 claims in total for all patents-in-suit, and PAN to assert up to 5 prior art references against a single patent, and 14 references in total for all patents-in-suit.  (*Id.*) In accordance with Judge Donato's order, Finjan served its Second Election of Asserted Claims on January 17, 2023, and PAN served its Second Election of Asserted Prior Art on January 27, 2023.

**15. Scheduling**

The parties' competing scheduling proposals are set forth in the chart attached hereto as Appendix A.

**Finjan Position**: Finjan filed this case on November 4, 2014.  (Dkt. No. 1).  In response, PAN filed 13 *inter partes* review petitions, and on December 10, 2015, the Court stayed the litigation pending resolution of the IPRs.  (Dkt. No. 67; *see also* Dkt. No. 69 (ordering that the stay remain in effect beyond institution until all final written decisions and appeals had been issued).)  The IPRs and appeals on all of the asserted patents were concluded by December 16, 2020, with 196 of the 199 challenged claims surviving.

This Court lifted the stay on January 25, 2021 (Dkt. No. 84.), but claim construction and trial have been repeatedly delayed through no fault of Finjan's. The parties completed claim construction briefing more than two years ago on September 20, 2021. (Dkt. No. 163.) Since then, the claim construction hearing has been scheduled and rescheduled six times, most recently to **April 18, 2024**. (Dkt. No. 194; Dkt. No. 228; Dkt. No. 247; Dkt. No. 254; Dkt. No. 260; Dkt. No. 265.) Trial has also been scheduled and reschedule twice, most recently to **October 21, 2024**. (Dkt. No. 194; Dkt. No. 260.)

After more than 9 years, Finjan still awaits its day in Court to vindicate its patent rights in the face of PAN's continuing, infringing activities. Any further delay in the resolution of this case is harmful to Finjan. Accordingly, Finjan proposes to keep the claim construction hearing and trial scheduled for April 18, 2024 and October 21, 2024, respectively, subject to the convenience of the Court's calendar. Finjan also proposes to keep the dispositive and *Daubert* motions briefing deadlines that PAN advocated for last month and Finjan did not oppose: opening briefs due August 6, 2024; responsive briefs due August 20, 2024; and reply briefs due August 27, 2024. (Dkt. No. 268; Dkt. No. 269.). To be clear, Finjan is prepared to file and brief dispositive and *Daubert* motions in accordance with this proposed schedule and without the benefit of the Court's claim construction order.**PAN Position**: PAN proposes that the Court set the technology tutorial and claim construction hearing and order the parties to submit a status report and proposed schedule within ten (10) days of the Court's claim construction order. In the alternative, PAN proposes that the Court schedule post-claim construction dates that are triggered from the Court's issuance of a claim construction order. The Court's entry of PAN's proposed schedule will ensure the most efficient resolution of this case and minimize the burden on the Court and the jury (should the case proceed to trial).

First, a schedule that ensures dispositive and Daubert motions are filed a reasonable time <u>after</u> the Court issues a claim construction order will allow the parties to consider that ruling, and to then focus and prioritize arguments based on the issues remaining in the case. This will maximize the likelihood that the Court can address as many "live" issues as possible in connection with dispositive and *Daubert* motions. That, in turn, will minimize the likelihood that the court

will have to hold a trial, minimize the burden on the Court's resources at trial (and a jury's time) should trial be necessary.

Second, PAN's proposed schedule will also make the process for dispositive and Daubert motions more efficient.  For example, the Court would not be called upon to review, and PAN would not be required to brief, alternative constructions in support of summary judgment motions. Instead, the Court will have ruled on claim construction, the parties and the Court will have in hand those constructions, and the parties can move for and oppose dispositive and Daubert motions with the Court's constructions in hand.

Third, PAN's proposed schedule should, as contemplated by Judge Donato, also allow PAN to renew its motion to strike Finjan's infringement contentions as to the '731, '154, and '408 Patents and for the Court to address that motion before dispositive motions.  (Dkt. No. 232 (terminating PAN's motion to strike without prejudice on the basis that "claim construction may simplify or eliminate many of the issues raised in [PAN's] motion").)  The Court's resolution of PAN's renewed motion may eliminate one or more patents (or claims) from this case.

Fourth, PAN contends that the preamble of claim 14 of the '633 Patent is indefinite, and that "programming language" from the asserted claims of the '408 Patent is indefinite.  (*See, e.g.*, Dkt. No. 164-1 at 7, 18.)  The Court's claim construction order could eliminate one or both of those asserted patents case.  Accordingly, the parties and the Court will benefit from having that claim construction order in hand before moving or opposing dispositive and Daubert motions concerning the '633 and '408 Patents.

Fifth, PAN's proposed schedule provides the Court a reasonable opportunity to consider and rule on dispositive and Daubert motions in advance of the final pretrial conference and trial. By contrast, Finjan proposes a final pre-trial conference just three weeks after oral argument on the parties' summary judgment and Daubert motions.

Finally, Finjan's description of the Court's prior scheduling orders is misleading.  On September 13, 2023, the Court set claim construction for January 18, 2024, and set trial for October 21, 2024.  (Dkt. No. 260.)  The Court later vacated the claim construction hearing and set

1    it for April 18, 2024, and stated "[t]he Court will address the October 2024 trial date at a later

2    occasion." (Dkt. Nos. 263, 265.)

3    **16. Trial**

4    The parties have requested trial by jury.  Finjan expects that the trial will require

5    approximately seven to ten court days.  PAN believes it is premature to estimate the time for trial,

6    as the parties do not yet know how many patents and patent claims will be asserted at trial.  If

7    Finjan maintains all of the Patents-in-Suit in this case, PAN estimates the trial will take

8    approximately seven court days.

9    **17. Disclosure of Non-party Interested Entities or Persons.**

10   The parties have filed Certifications of Interested Entities or Persons pursuant to Civil

11   Local Rule 3-15.  (Dkt. No. 3 (Finjan's certification); Dkt. No. 25 (PAN's certification).)

12   Finjan converted from a corporation to a limited liability company, and in conjunction,

13   changed its name from Finjan, Inc. to Finjan LLC.  Finjan has filed an unopposed motion to

14   amend the caption to reflect that name change.  (Dkt. No. 101.)  The Court granted Finjan's

15   motion.  (Dkt. No. 103.)  The company of which Finjan was a wholly owned subsidiary also went

16   through a similar conversion and changed its name from Finjan Holdings, Inc. to Finjan Holdings

17   LLC.  Finjan filed an updated Certification of Interested Parties or Persons to reflect that name

18   change, as well.  (Dkt. No. 102.)  Finjan filed an Amended Certification of Interested Parties or

19   Persons to specify that Finjan LLC is wholly-owned by Finjan Holdings LLC, which is wholly-

20   owned by CFIP Goldfish Holdings LLC.  (Dkt. No. 213.)  Finjan certified that no publicly held

21   corporation owns 10% or more of Finjan LLC's stock.  (*Id*.)  Finjan also identified Finjan

22   Holdings LLC, CFIP Goldfish Holdings LLC, and Fortress Investment Group LLC as each having

23   a direct or indirect financial interest in Finjan LLC.  (*Id*.)

24   PAN confirms that no other entities have a financial interest in the subject matter in

25   controversy or PAN, or a non-financial interest in that subject matter or PAN that could be

26   substantially affected by the outcome of this proceeding.

27   **18. Professional Conduct**

28

The attorneys of record confirm that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the following additional matters:

**(1) Proposed modification of the obligations or deadlines set forth in the Patent Local Rules**

The parties do not propose any modifications to the obligations or deadlines set forth in the Patent Local Rules at this time.

**(2) The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court**

As discussed above, the parties completed all claim construction discovery on August 16, 2021, including claim construction disclosures pursuant to Patent Local Rules 4-1, 4-2, 4-3, and 4-4. Each party served a claim construction expert report pursuant to Patent Local Rule 4-3 on July 30, 2021. Depositions of the parties' claim construction experts occurred, respectively, on August 13, 2021 (Finjan's expert) and August 16, 2021 (PAN's expert).

The parties have also completed claim construction briefing, including Finjan's opening claim construction brief filed on August 30, 2021 (Dkt. No. 158), PAN's responsive claim construction brief filed on September 13, 2021 (Dkt. No. 159), and Finjan's reply claim construction brief filed on September 20, 2021 (Dkt. No. 163). In accordance with Judge Donato's Standing Order for Claim Construction in Patent Cases, the parties filed a final amended joint claim construction and pre-hearing statement on September 20, 2021. (Dkt. No. 164.)

PAN notes that in addition to the disputed terms that are identified in the joint claim construction and pre-hearing statement, the parties presently dispute the meaning of at least 10 other terms that may require resolution by the Court. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). Pursuant to the Court's Order (Dkt. No. 141), the parties identified only "ten claim terms in the joint claim construction statement." (Dkt. No. 141 at 2.) Finjan notes that PAN already moved to construe more than 10 terms (Dkt. No. 135),

1    Finjan opposed (Dkt. No. 136), and Judge Hamilton denied PAN's motion (Dkt. No. 141).

2    **(3) The format of the Claim Construction Hearing, including whether the Court will
     hear live testimony, the order of presentation, and the estimated length of the
3    hearing**

4          At this time, the parties anticipate that they will not require more than three (3) hours for

5    the entire claim construction hearing.  The parties agree that each side will be allocated half of the

6    total time permitted for the hearing.  The parties agree that the presentation of argument at the

7    hearing should be in the manner and order that the Court prefers to address the issues, particularly

8    given the nature of the Patents-in-Suit, the technology involved and the number and nature of

9    claim terms that remain in dispute at the time of the hearing.  The parties propose proceeding

10   patent-by-patent, with Finjan proceeding first and PAN second, with rebuttal by Finjan and sur-

11   rebuttal by PAN.  The parties do not believe that live expert testimony is required at the claim

12   construction hearing, but reserve the right to present live expert testimony at the claim

13   construction hearing.

14   **(4) How the parties intend to educate the court on the technology at issue**

15         In accordance with paragraph 8 of Judge Donato's Standing Order for Claim Construction

16   in Patent Cases, the parties each filed a written technology synopsis.  (Dkt. No. 245 (Finjan); Dkt.

17   No. 246 (PAN).)  The parties are also prepared to provide the Court with brief, in-person

18   technology tutorial if the Court would find it useful.

19

20                                              Respectfully Submitted,

21   DATED:  March 28, 2024

22                                              */s/ Roger A. Denning*
                                               Juanita R. Brooks (CA SBN 75934)
23                                             brooks@fr.com
                                               Roger A. Denning (CA SBN 228998)
24                                             denning@fr.com
                                               Frank J. Albert (CA SBN 247741)
25                                             albert@fr.com
                                               Jared A. Smith (CA SBN 306576)
26                                             jasmith@fr.com
                                               Tyler R. Train (CA SBN 318998)
27                                             train@fr.com
                                               FISH & RICHARDSON P.C.
28                                             12860 El Camino Real, Ste. 400

San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

John M. Farrell (CA SBN 99649)
farrell@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070 / Fax: (650) 839-5071

Aamir Kazi (*Pro Hac Vice*)
kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st floor
Atlanta, GA  30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Attorneys for Plaintiff
FINJAN LLC

1 | DATED: March 28, 2024

2

*/s/ Kyle W.K. Mooney*
Daralyn J. Durie (CA SBN 169825)
3 | DDurie@mofo.com
Timothy Chen Saulsbury (CA SBN 281434)
4 | TSaulsbury@mofo.com
Matthew I. Kreeger (CA SBN 153793)
5 | MKreeger@mofo.com
MORRISON & FOERSTER LLP
6 | 425 Market Street
San Francisco, California 94105-2482
7 | Telephone: (415) 268-7000/Fax: (415) 268-7522

8
Kyle W.K. Mooney (*Pro Hac Vice*)
9 | KMooney@mofo.com
Michael J. DeStefano (*Pro Hac Vice*)
10 | Mdestefano@mofo.com
MORRISON & FOERSTER LLP
11 | 250 West 55th Street
New York, New York 10019-9601
12 | Telephone: (212) 468-8000/Fax: (212) 468-7900

13
Rose S. Lee
14 | RoseLee@mofo.com
MORRISON & FOERSTER LLP
15 | 707 Wilshire Boulevard
Los Angeles CA 90017-3543
16 | Phone: (213) 892-5200/Fax: (213) 892-5454

17
Attorneys for Defendant
18 | PALO ALTO NETWORKS, INC.

19

20

21

22

23

24

25

26

27

28

1

## **ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

*/s/ Roger A. Denning*
Roger A. Denning

**APPENDIX A**

**Proposed Case Schedule**

| Event | Finjan's Proposal | PAN's Proposal |
|---|---|---|
| Claim Construction Technology Tutorial[3] | April 11, 2024<br><br>(subject to the convenience of the Court's calendar) | May 30, 2024<br><br>(subject to the convenience of the Court's calendar) |
| Claim Construction Hearing | April 18, 2024<br><br>(subject to the convenience of the Court's calendar) | June 13, 2024<br><br>(subject to the convenience of the Court's calendar) |
| Statement for Further Case Management Conference Due | Ten (10) days after claim construction order | Ten (10) days after claim construction order |
| Patent L.R. 3-7 Disclosures | Not later than 30 days after issuance of the claim construction order | Not later than 30 days after issuance of the claim construction order |
| Opening Summary Judgment/*Daubert* Briefs | August 6, 2024 | 60 days after Claim Construction Order |
| Responsive Summary Judgment/*Daubert* Briefs | August 20, 2024 | 74 days after Claim Construction Order |
| Reply summary judgement/*Daubert* briefs | August 27, 2024 | 81 days after Claim Construction Order |
| Summary judgment/*Daubert* Hearing | September 10, 2024<br><br>(subject to the convenience of the Court's calendar) | 100 days after Claim Construction Order (subject to the convenience of the Court's calendar) |
| Final Pretrial Conference | October 3, 2024<br><br>(subject to the convenience of the Court's calendar) | Subject to the convenience of the Court's calendar, on or after January 15, 2025 |

---

[3] Although the Court has not requested a technology tutorial ahead of a claim construction hearing, the parties are prepared to conduct one if the Court so orders.

| Event | Finjan's Proposal | PAN's Proposal |
|---|---|---|
| Trial | October 21, 2024<br><br>(subject to the convenience of the Court's calendar) | Subject to the convenience of the Court's calendar |

1

**APPENDIX B**

2

**Other Pending Proceedings Involving The Patents-in-Suit**

3

On October 26, 2018, Finjan filed a lawsuit against Fortinet, Inc. in this district (Case No.

4

3-18-cv-06555), alleging that Fortinet infringes six of the ten patents asserted against PAN in the

5

instant lawsuit—specifically the '968 Patent, the '822 Patent, the '731 Patent, the '633 Patent, the

6

'408 Patent, and the '494 Patent—and three additional patents.  However, in the *PAN* litigation,

7

the Court dismissed the '822 Patent and the '968 Patent, and the parties have dismissed the '780

8

Patent, the '494 Patent, and the '926 Patent, per the agreed stipulation referenced above.  This case

9

is pending before Judge Donato in the San Francisco division and is currently stayed.  PAN notes

10

that the Court stayed the case due to overlapping issues in Finjan's other cases, *e.g.*, "case

11

management issues with respect to the multiple cases in this district in which the same Finjan

12

patents and claims are asserted."  (Dkt. Nos. 32, 38, 43.)  Finjan notes that this case, as discussed

13

in Section 2 (Facts) and Section 8 (Discovery), is much further along procedurally than the

14

*Fortinet* case.  For example, *Fortinet* was stayed before any appreciable discovery was

15

completed.  In contrast, the parties in this case have served infringement, invalidity, and damages

16

contentions, and fully briefed claim construction.  Furthermore, this case was previously stayed

17

more than five years for PAN to litigate its 13 IPRs against the Asserted Patents—prevailing on

18

just three of 198 challenged claims.

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

## <u>CASE MANAGEMENT ORDER</u>

The above Joint Case Management Statement AND PROPOSED ORDER is approved as the Case Management Order for this case and the parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: _____

_____
United States District Court Judge
Honorable Richard Seeborg