Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tyler R. Train (CA SBN 318998) / train@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan E. Morrison (*Pro Hac Vice*) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607
Additional counsel listed on signature page

Attorneys for Plaintiff,
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>Plaintiff,<br><br>v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>Defendant. | Case No. 3:14-cv-04908-RS<br><br>**FINJAN LLC'S OPPOSITION TO PALO ALTO NETWORKS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL CLAIM CONSTRUCTION AUTHORITY**<br><br>Date: Thursday, May 23, 2024<br>Time: 1:30 pm<br>Hon. Richard Seeborg<br>Ctrm: 3, 17th Floor |

**STATEMENT OF ISSUES**

Whether the Court should grant leave for PAN to submit supplemental authority consisting of testimony and exhibits and if so, whether the Court should consider Finjan's additional testimony and exhibits.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

PAN's motion and the testimony and exhibits cited therein should be disregarded. Dr. Paul Min is not Finjan's expert on claim construction issues—Dr. Alex Orso is—and the testimony PAN cites from Dr. Min's deposition relates to a patent claim on which Dr. Min had not offered any opinions regarding infringement or validity. PAN's cherry-picked excerpts of Dr. Min's testimony exclude this context and ignore his full testimony.

Moreover, the testimony Dr. Min offered regarding "programming language" during his deposition aligns with the testimony of Dr. Orso. PAN's cited testimony relates to claim 7, which identifies URI (uniform resource identifier) to be the "programming language." That claim is not asserted in this litigation. Dr. Min testified that, before reading the '408 patent, he may not have considered URI to be a programming language, but having read the patent, he understands the '408 patent teaches that URI is a programming language. That is consistent with Dr. Orso.

Finally, PAN ignores that its own expert—Dr. Aviel Rubin—has opined repeatedly that the '408 patent teaches one of skill that URI is indeed a "programming language." Dr. Rubin has served as an expert adverse to the '408 patent in many other cases, and he opined that "programming language" as used in the '408 patent has a plain and ordinary meaning without ever having argued that it was indefinite. And in this case, Dr. Rubin has been able to apply the "programming language" limitation to the accused products and prior art, which belies PAN's argument that the limitation is indefinite. It goes without saying, the claim language in this case has remain unchanged.

Should the Court nevertheless choose to consider Dr. Min's testimony, Finjan requests that it considers the complete record set forth below.

## II. STATEMENT OF RELEVANT FACTS AND ARGUMENT

Dr. Min opined in his expert report that PAN's accused products infringe claims 1, 4-6, and 22 of the '408 patent. Ex. A (Min Op. Rpt.) ¶ 25. Each of those claims includes a limitation relating to "determining, by the computer, any specific one of a plurality of programming languages in which the incoming stream is written." Claim 7 states that "the specific programming language is Uniform Resource Identifier (URI)." Claim 7 is not asserted in this case, and Dr. Min did not offer any opinions on Claim 7 in his expert report.

PAN incorrectly asserts that Dr. Min testified in deposition that URI would not be considered a "programming language" under the plain and ordinary meaning of the term. Instead, Dr. Min testified that—before reading the '408 patent—he "probably would not have considered" URI "to be a programming language," but that he understands the patentee described it as such in the '408 patent.

> Q. So then the definition of programming language in the '408 patent is different than your understanding of programming language before you read the '408 patent, true?
>
> A. Huh. The only difference here --
>
> Q. Uh-huh.
>
> A. -- is the URI, the uniform resource identifier.
>
> Q. Okay.
>
> A. That's the only one that is different that prior to '408 patent, I probably would not have considered that to be a programming language. But, once again, the inventors of the '408 patent has a right to be their own lexicographic -- lexicographer, so they define the URI to be a part of that programming language, too.

Ex. B (Min Dep. Tr. Vol. I) at 67:1-16.

Further, PAN's attorney-created exhibits 36 and 36A should be ignored entirely. Contrary to PAN's assertion, Dr. Min did not confirm differences in the plain and ordinary meaning of "programming language" and the '408 patent, nor did he testify that the '408 patent had a special definition for "programming languages." Instead, Dr. Min testified that "programming languages" ***has a plain and ordinary meaning in the context of the '408 patent*** that is readily understood by

one of skill, and he identified specific examples of programming languages (*e.g.*, URI) found in the patent:

> Q. I mean, what is your understanding of what a programming language is?
>
> A. Well, the program language in the context of [the '408] patent is what is disclosed, and they're disclosed in the patent. ***The program language has a plain and ordinary meaning in the context in light of what is stated in the '408 patent.***

Ex. B (Min Dep. Tr. Vol. I) at 42:13-19 (emphasis added).

> Q. Are you saying that programming language in the context of the '408 patent means something different than programming language in another context such, as like I said, your life before the '408 patent?
>
> Are they different, or are they the same?
>
> A. No. What I said was the programming language, like many -- Many terms of art can have different meanings in a different context as a plain and ordinary meaning; and what I was saying was that ***in '408 patent, it has its own plain and ordinary meaning in light of what the specification said***.

Ex. B (Min Dep. Tr. Vol. I) at 43:16-44:2 (emphasis added).  PAN omits this testimony with its motion.

PAN's motion is premised on the argument that Dr. Min testified that the patentee acted as a lexicographer, but in fact Dr. Min denied the patentee acted as a lexicographer to define "programming language" and explained that the usage of "'programming language' is generally consistent" with his understanding and that the only thing he "would not have ordinarily thought would be included is a URI."

> Q. And so it's your testimony that – that the inventors in the '408 patent were their own lexicographers and entitled to define programming language however they wanted?
>
> A. No. That's not what I said. They said -- their use of a program -- term "programming language" is generally consistent. The only thing that I mentioned to you that I think it differ that I would not have ordinarily thought would be included is a URI. Okay?

Ex. B (Min Dep. Tr. Vol. I) at 68:7-16.

Dr. Min's testimony regarding the plain and ordinary meaning of "programming language" is also consistent with the testimony of Finjan's claim construction expert, Dr. Alex Orso.  Like

1  Dr. Min, Dr. Orso opined that a POSITA reading the '408 patent would consider URI to be a
2  programming language.  *Compare* Ex. B (Min Dep. Tr. Vol. I) at 67:1-16, 68:7-16 *with* Dkt. No.
3  158-10 (Orso Decl.) at ¶¶ 68, 71, 73, 77.  Dr. Min also testified that a programming language is a
4  syntax that is used in a specified way and translated into a machine-understood format, that the
5  syntax is interpretable to execute a command, and that something with syntax that can be
6  interpreted to execute commands qualifies as a programming language.  Ex. B (Min Dep. Tr.
7  Vol. I) at 46:3-9; Ex. C (Min Dep. Tr. Vol. II) at 632:25-633:7. All of that testimony aligns with
8  Dr. Orso's regarding "programming language" as used in the '408 patent.  PAN omits this
9  testimony as well.

10  Furthermore, PAN's own expert on claim construction, infringement, and validity issues—
11  Dr. Aviel Rubin—has repeatedly accepted that "programming language" as used in the '408 patent
12  has a plain and ordinary meaning.  Like Dr. Min, Dr. Rubin testified that the '408 patent tells one
13  of ordinary skill that URI is a "programming language":

> Q. And you agree that the '408 patent states that ***mobile code*** can take the form of a ***URI or Uniform Resource Identifier***?
>
> A. It says that.

Ex. D (Rubin Dep. Tr. Vol. II) at 291:11-14.  PAN omits this testimony from its motion.

In addition, in formulating opinions on infringement and validity, Dr. Rubin was able to apply the limitation to the accused products and the alleged prior art, which is contrary to PAN's argument that the "programming language" limitation is indefinite.  *See, e.g.*, Ex. E (Rubin Inv. Rpt.) ¶¶ 34, 81, 437, 439, 450, 453, 466.  And this case is not the first time Dr. Rubin applied the "programming language" limitation.  Dr. Rubin has repeatedly offered expert opinions regarding the '408 patent in IPR proceedings and other litigations.  *See, e.g.*, Ex. E (Rubin Inv. Rpt.) Appx. A at 10-13 (Dr. Rubin listing multiple cases where he served as an expert patent invalidity and infringement witness adverse to Finjan where the '408 patent was asserted).  In each of those cases, Dr. Rubin readily applied the "programming language" claim limitation against prior art, and in none of those cases did Dr. Rubin even suggest, let alone opine, that the limitation was indefinite.  *See, e.g.*, *Finjan LLC v. Qualys Inc.* Case No. 4:18-cv-07229 (N.D. Cal.) at Dkt. No.

1   52-6 (Rubin Decl.); *Finjan LLC v. Sonicwall, Inc.*, Case No. 5:17-cv-04467 (N.D. Cal.) at Dkt.

2   No. 109.  Dr. Rubin's testimony and application of the alleged prior art to the '408 patent claims

3   demonstrate that "programming language" is definite and has a plain and ordinary meaning to one

4   of skill.

5   **III.     CONCLUSION**

6          For the reasons stated above, and as supported in the Declaration of Jared A. Smith

7   pursuant to Civil Local Rule 7-3, Finjan respectfully requests that the Court consider the full

8   record of Dr. Min's deposition and Dr. Rubin's deposition and invalidity report.

10  Dated:  May 1, 2024                         Respectfully Submitted,

                                                */s/ Roger A. Denning*
                                                Juanita R. Brooks (CA SBN 75934)
                                                brooks@fr.com
                                                Roger A. Denning (CA SBN 228998)
                                                denning@fr.com
                                                Frank J. Albert (CA SBN 247741)
                                                albert@fr.com
                                                Jared A. Smith (CA SBN 306576)
                                                jasmith@fr.com
                                                Tyler R. Train (CA SBN 318998)
                                                train@fr.com
                                                FISH & RICHARDSON P.C.
                                                12860 El Camino Real, Suite 400
                                                San Diego, CA 92130
                                                Telephone: (858) 678-5070 / Fax: (858) 678-5099

                                                John M. Farrell (CA SBN 99649)
                                                farrell@fr.com
                                                FISH & RICHARDSON P.C.
                                                500 Arguello Street, Suite 400
                                                Redwood City, CA 94063
                                                Telephone: (650) 839-5070 / Fax: (650) 839-5071

                                                Aamir Kazi (*Pro Hac Vice*)
                                                kazi@fr.com
                                                Lawrence Jarvis (*Pro Hac Vice*)
                                                jarvis@fr.com
                                                FISH & RICHARDSON P.C.
                                                1180 Peachtree Street NE, 21st floor
                                                Atlanta, GA  30309
                                                Telephone: (404) 892-5005 / Fax: (404) 892-5002

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

*Attorneys for Plaintiff FINJAN LLC*