Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tyler R. Train (CA SBN 318998)
train@fr.com
Elliot N. Scher (CA SBN 343705)
scher@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

*Attorneys for Plaintiff,*
*FINJAN LLC*

DARALYN J. DURIE (CA SBN 169825)
DDurie@mofo.com
MATTHEW I. KREEGER (CA SBN 153793)
MKreeger@mofo.com
TIMOTHY CHEN SAULSBURY (CA SBN 281434)
TSaulsbury@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000 / Fax: (415) 268-7522

*Attorneys for Defendant,*
*PALO ALTO NETWORKS, INC.*

*Additional counsel on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC, | Case No.  3:14-CV-04908-RS |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| v. | |
| PALO ALTO NETWORKS, INC., | Courtroom:  3, 17th Floor |
| Defendant. | Judge:  Honorable Richard Seeborg |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Court's Standing Order Regarding Initial Case Management, and the Court's July 11, 2024 Notice (Dkt. No. 293), the parties to the above-captioned action, Plaintiff Finjan LLC ("Finjan") and Defendant Palo Alto Networks, Inc. ("PAN"), jointly submit the following Joint Case Management Statement and Proposed Order.

**1.  Jurisdiction and Service**

This is an action for patent infringement arising under 35 U.S.C. § 101 *et seq.*  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).  No issues exist regarding personal jurisdiction or service.

**2.  Facts**

2014:  Finjan's Initial Complaint:  Finjan filed this patent infringement case against PAN on November 4, 2014, asserting ten (10) patents:  U.S. Patent No. 6,804,780; U.S. Patent No. 7,058,022; U.S. Patent No. 7,418,731; U.S. Patent No. 6,965,968; U.S. Patent No. 7,613,968; U.S. Patent No. 7,613,926; U.S. Patent No. 7,647,633; U.S. Patent No. 8,141,154; U.S. Patent No. 8,255,408; and U.S. Patent No. 8,677,494.  The case was assigned to Judge Chen on December 8, 2014 (Dkt. 16).  Judge Chen recused himself from the case on October 8, 2015 (Dkt. 56), and the case was reassigned to Judge Hamilton (Dkt. No. 57).

2015-2020:  Stay Pending IPRs:  In September 2015 and November 2015, PAN filed thirteen petitions for *inter partes* review—covering all ten of the patents asserted in Finjan's complaint—with the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB").  (Dkt. No. 63.)  On November 30, 2015, PAN filed a motion to stay the case based on the IPR petitions.  Pursuant to the parties' stipulation (Dkt. No. 66), on December 10, 2015, the Court entered an order staying the case pending decisions by the PTAB regarding whether to institute the IPR petitions.  (Dkt. No. 67.)

On May 23, 2016, the parties filed a joint status report informing the Court that the PTAB decided to institute IPR proceedings on six of the thirteen (6 of 13) petitions filed by PAN, and

denied institution on the other seven (7).  (Dkt. No. 68).  The six instituted IPRs related to four of the ten patents asserted by Finjan.  In the joint status report, Finjan requested that the Court lift the stay, while PAN requested the Court to keep the stay in place pending the resolution of the six IPR petitions.  (*Id.*)  On May 26, 2016, the Court ordered the stay to remain in place pending the final determination and appeal of the instituted IPR petitions.  (Dkt. No. 69)

The chart below summarizes the results of the IPR proceedings for the ten originally-asserted patents.

| <u>Patent</u> | PAN IPR <u>Petition</u> | Claims <u>Challenged</u> | <u>Claims Instituted</u> | Claims <u>Invalidated</u> |
|---|---|---|---|---|
| '633 | IPR2015-01974 | 1-4, 6-8, 13, 14, 19, 28, 34 | 14, 19 | None[1] |
| '154 | IPR2015-01979 | 1-8, 10, 11 | 1-8, 10, 11 | None |
| | IPR2016-00151 | 1-12 | 1-8, 10, 11 | None |
| '408 | IPR2015-02001 IPR2016-00157 (Consolidated) | 1, 3-7, 9, 12-16, 18-23, 29, 35 | 1, 3-7, 9, 12-16, 18-23, 29, 35 | None |
| '494 | IPR2016-00159 | 1-18 | 1-6, 10-15 | 1, 2, 6 |
| '780 | IPR2016-00165 | 1-18 | None | None |
| '968 | IPR2016-00149 | 1-12, 24, 33-38 | None | None |
| | IPR2016-00150 | 1-38 | None | |
| '822 | IPR2015-01999 | 1, 4-6, 8, 9, 12, 16-20, 22, 24, 27 | None | None |

---

[1] In a separate IPR filed by Cisco Systems, Inc. (IPR2018-00391), the PTAB found claims 1-4, 8, and 11-13 of the '633 Patent to be unpatentable.

| Patent | PAN IPR Petition | Claims Challenged | Claims Instituted | Claims Invalidated |
|---|---|---|---|---|
| '731 | IPR2015-02000 | 1-22 | None | None |
| '918 | IPR2016-00164 | 1-10, 12-19, 21, 34-36 | None | None |
| '926 | IPR2016-00145 | 1-5, 8-12, 15-19, 22-26, 29, 30 | None | None |

Following the PTAB's final written decisions in the IPRs, PAN appealed five of the six decisions to the Court of Appeals for the Federal Circuit. As the parties reported in their joint status report filed on December 28, 2020, the Federal Circuit affirmed the PTAB's decisions. (Dkt. No. 79.) The last of those Federal Circuit decisions issued on Dec. 16, 2020. (*Id.*)

2021: Lifting the Stay and Finjan's Amended Complaint: Following the IPR decisions and appeals, the parties jointly requested the Court to lift the stay on December 28, 2020. (Dkt. No. 83). Judge Hamilton lifted the stay on January 25, 2021 (Dkt. No. 84). Judge Hamilton set a Case Management Conference for March 18, 2021, and ordered the parties to file a Joint Case Management Statement (Dkt. No. 84). The parties filed a Joint Case Management Statement on March 11, 2021. (Dkt. No. 104.)

During the Case Management Conference on March 18, 2021, Judge Hamilton ordered that the Technology Tutorial be held on September 29, 2021, and the Claim Construction Hearing be held on October 13 or 14, 2021. (Dkt. No. 106.) No dates were set beyond the Claim Construction Hearing, and the parties agreed on all dates prior to the Claim Construction Hearing (Dkt. No. 104).

Finjan filed an Amended Complaint narrowing the case on March 31, 2021 (Dkt. No. 112), asserting the following seven (7) patents. Finjan alleges that it holds all rights, title, and interest in these patents.

- U.S. Patent No. 6,804,780 ("the '780 Patent");
- U.S. Patent No. 7,418,731 ("the '731 Patent");
- U.S. Patent No. 7,613,926 ("the '926 Patent");

- U.S. Patent No. 7,647,633 ("the '633 Patent");

- U.S. Patent No. 8,141,154 ("the '154 Patent");

- U.S. Patent No. 8,225,408 ("the '408 Patent"); and

- U.S. Patent No. 8,677,494 ("the '494 Patent").

Concurrent with the filing of Finjan's Amended Complaint, the parties entered into a joint stipulation to dismiss with prejudice Finjan's claims for infringement (and PAN's counterclaims and defenses) relating to the other three originally-asserted patents (U.S. Patent Nos. 6,965,968, 7,058,822, and 7,613,918).  (Dkt. No. 109)  Judge Hamilton entered the order of dismissal on March 31, 2021.  (Dkt. No. 111.)

2021:  Reassignment to Judge Donato:  On August 9, 2021, the case was reassigned to Judge Donato.  (Dkt. No. 150.)  The dates for the Technology Tutorial and Claim Construction Hearing were vacated in view of the Reassignment Order.  But the parties proceeded with Finjan's Patent Local Rule 3-1 Infringement Contentions (served on April 1, 2021), PAN's Patent Local Rule 3-3 Invalidity Contentions (served on May 17, 2021), Finjan's Patent Local Rule 3-8 Damages Contentions (served on July 6, 2021), and PAN's Patent Local Rule 3-9 Responsive Damages Contentions (served on August 5, 2021).  The parties also filed a Stipulated Protective Order, which Judge Hamilton entered on March 31, 2021 (Dkt. No. 110) and a Stipulated ESI Order, which Judge Hamilton entered on April 20, 2021 (Dkt. No. 117).

The parties completed all claim construction discovery on August 16, 2021, including claim construction disclosures pursuant to Patent Local Rules 4-1, 4-2, 4-3, and 4-4.  The parties also completed claim construction briefing, including Finjan's opening claim construction brief filed on August 30, 2021 (Dkt. No. 158), PAN's responsive claim construction brief filed on September 13, 2021 (Dkt. No. 159), and Finjan's reply claim construction brief filed on September 20, 2021 (Dkt. No. 163).  The parties filed a final amended joint claim construction and pre-hearing statement on September 20, 2021.  (Dkt. No. 164.)

In accordance with the Reassignment Order Setting CMC (Dkt. No. 151), the parties filed a Joint Case Management Statement on October 14, 2021 (Dkt. No. 171) ahead of a Case Management Conference scheduled for October 20, 2021.  On October 18, 2021, the Court

1    continued the Case Management Conference to January 20, 2022.  (Dkt. No. 172.)  The parties

2    filed an updated Joint Case Management Statement on January 13, 2022.  (Dkt. No. 176.)  On

3    January 14, 2022, the Court vacated the Case Management Conference, and said it would enter a

4    scheduling order.  (Dkt. No. 181).  Six months later, on July 18, 2022, Finjan filed an opposed

5    motion to move the Court to issue a scheduling order.  (Dkt. No. 191.)  On August, 23, 2022, the

6    Court issued its Scheduling Order, resetting, among other dates, the claim construction hearing for

7    April 11, 2023 and trial for April 8, 2024.  (Dkt. No. 194.)  The claim construction hearing was

8    rescheduled five more times: June 1, 2023 (Dkt. No. 228); September 7, 2023 (Dkt. No. 247);

9    October 26, 2023 (Dkt. No. 254); January 18, 2024 (Dkt. No. 260); and April 18, 2024 (Dkt. No.

10   265).  Each of those dates were also vacated.  The trial has also been rescheduled several times.

11   On September 13, 2023, the Court set the trial date for October 21, 2024.  (Dkt. No. 260).

12        2023:  Dismissal Without Prejudice of the Three "Downloadable" Patents:  The '780

13   Patent asserted in this case was also at issue in Finjan's co-pending case against ESET, LLC in the

14   United States District Court for the Southern District of California.  In that case, on March 29,

15   2021, Judge Bencivengo found that the asserted claims of the '780 Patent (and four other Finjan

16   patents not asserted here) were invalid on the grounds that, as used in those claims and construed

17   by that court, the claim term "Downloadable" was indefinite.  *Finjan, Inc. v. ESET, LLC*, No.

18   3:17-cv-0183-CAB-BGS ("ESET"), Dkt No. 869 (S. D. Cal. Mar. 29, 2021).  On May 20, 2021,

19   and based on that order, Judge Bencivengo entered judgment of invalidity with regard to those

20   patents.  *Id*. at Dkt No. 875 (May 20, 2021).  Although the '926 and '494 Patents asserted here

21   were not at issue in the *ESET* case, they are both related to the '780 Patent, and claims of the '926

22   and '494 Patents also include the term "Downloadable."  As a result of Judge Bencivengo's *ESET*

23   ruling, the parties in this case ceased active litigation of the '780, '926, and '494 Patents, and

24   Finjan did not include claims from those patents in its Preliminary Election of Asserted Claims on

25   June 21, 2021.  Finjan appealed the *ESET* judgment to the United States Court of Appeals for the

26   Federal Circuit. *Id.* at Dkt. No. 878 (June 17, 2021).  On November 1, 2022, the Federal Circuit

27   reversed the district court's claim construction, vacated its grant of summary judgment, and

28   remanded the *ESET* case for further proceedings. *Finjan LLC v. ESET, LLC*, 51 F.4th 1377 (Fed.

1   Cir. 2022).  During Finjan's appeal of the *ESET* judgment, fact and expert discovery in this case

2   continued on the other four patents such that, when the Federal Circuit reversed the *ESET*

3   judgment, the '780, '926 and '494 patents were far behind the others.  Accordingly, on May 30,

4   2023, the parties stipulated to dismiss the '780, '926 and '494 patents from this case without

5   prejudice to Finjan filing a new case on those patents at a later date.  Based on that stipulation,

6   Judge Donato subsequently dismissed Finjan's claims for infringement of those three patents—as

7   well as PAN's counterclaims and defenses—without prejudice (Dkt. No. 250).

8        2024:  Reassignment to this Court, Claim Construction, and the '154 Patent: On March 8,

9   2024, Judge Donato recused himself from all further proceedings in this matter and vacated all

10  pending dates of motions, pretrial conferences, and trial.  (Dkt. No. 273.)  On March 28, 2024, the

11  Court reassigned the case to Chief Judge Seeborg.  (Dkt. No. 274.)  After reassignment, the Court

12  convened a Case Management Conference on April 4, 2024, and during the Conference set the

13  Technology Tutorial for May 24, 2024 and Claim Construction Hearing on May 29, 2024.  (Dkt.

14  No. 280).  The Court held the Technology Tutorial on May 24, 2024, the Claim Construction

15  hearing on May 29, 2024, and issued its Claim Construction Order on June 14, 2024.  The chart

16  below summarizes the result of the Court's claim construction order:

| **Term** | **Patent** | **Construction** |
| --- | --- | --- |
| "content" | '154 | "data or information, which has been modified and is received over a network" |
| "content processor" | '154 | "a processor that processes modified content" |
| "programming language" | '408 | No construction necessary |
| Preamble "A computer program product…the method comprising:" | '633 | Typographical error, corrected to strike "the method" |
| "downloadable information-destination" | '633 | "user device that includes one or more devices or processes that are capable of receiving and initiating or otherwise |

| Term | Patent | Construction |
|---|---|---|
| | | hosting a mobile code execution" |
| "file cache" | '731 | "memory for temporarily holding a file" |
| "incoming files from the Internet" | '731 | No construction necessary |

The parties subsequently agreed to a Joint Stipulation for Entry of Final Judgment and Order stipulating to non-infringement of the '154 Patent under the Court's constructions.  (Dkt. No. 291).  The Court so-ordered the parties' stipulation.  (Dkt. No. 292).

Finjan's Infringement Claims:  Finjan continues to assert claims from the '731 Patent, the '408 Patent, and the '633 Patent (collectively, the "Patents-in-Suit").  Finjan alleges that PAN has infringed and/or continues to infringe the "Patents-in-Suit" by making, using, selling, offering for sale and/or importing "products and services that utilize the Next Generation Enterprise Security Platform, App-ID, User-ID, Content-ID, Wildfire, Next-Generation Intelligence Cloud, and Targeted Remote Attack Prevention System ('TRAPS' also spelled as 'Traps')," including: "Next-Generation Security Platform, Next-Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL Filtering Subscription, Threat Prevention Subscription, and Advanced Endpoint Protection."  (*See, e.g.*, Dkt. No. 112 ¶ 31.)  On April 1, 2021, Finjan served Patent Local Rule 3-1 Infringement Contentions and identified the accused products as the Next-Generation Firewalls ("NGFWs"), WildFire, Traps, Threat Prevention, and URL Filtering.

Finjan additionally alleges that PAN has induced and/or continues to induce infringement of the Patents-in-Suit by instructing, directing and/or requiring others to perform the steps of method claims of these patents.

Finjan seeks damages and injunctive relief for PAN's infringement, as well as a finding that PAN's infringement has been willful and that this case is exceptional.

PAN's Defenses and Counterclaims:  PAN filed its Answer to Finjan's Amended Complaint on April 14, 2021 (Dkt. No. 116), denying infringement and asserting affirmative defenses of non-infringement, invalidity, judicial estoppel, prosecution history estoppel and

1   disclaimer, prosecution laches, ensnarement and prior art estoppel, adequate remedy at law,

2   limitations on damages, 28 U.S.C. § 1498, inequitable conduct as to the '494 Patent and the

3   '154 Patent, unclean hands as to the '494 Patent and the '154 Patent, failure to mark, and

4   preclusion.  PAN also asserts counterclaims seeking declarations of non-infringement and

5   invalidity of the Patents-in-Suit.  PAN further seeks a finding of an exceptional case.

6          On May 5, 2021, Finjan filed its Answer to PAN's counterclaims (Dkt. No. 121), denying

7   non-infringement, invalidity, and unenforceability, and asserting affirmative defenses of failure to

8   state a claim upon which relief may be granted, good faith, and equitable estoppel.

9          **3.  Legal Issues**

10   The principal disputed legal issues are:

11   •   Whether PAN infringes any or all of the Patents-in-Suit, either directly (35 U.S.C.

12       § 271(a)) or indirectly (35 U.S.C. § 271(b));

13   •   Whether the Patents-in-Suit are invalid (35 U.S.C. §§ 101, 102, 103, 112);

14   •   Whether Finjan's claims are barred by any defense raised by PAN;

15   •   Whether Finjan is entitled to damages as a result of the alleged infringement of any or all

16       of the Patents-in-Suit, and if so, the amount (35 U.S.C. § 284);

17   •   Whether PAN's alleged infringement has been willful; and

18   •   Whether this case is exceptional (35 U.S.C. § 285).

19          **4.  Motions**

20              (a) Pending Motions

21   There are no pending motions.

22              (b) Anticipated Motions

23   PAN's Motion to Strike/Confirm re Finjan's Infringement Contentions:

24   **PAN Position**: PAN intends to renew its motion to strike Finjan's infringement

25   contentions as to the '731, and '408 Patents.

26          PAN has filed several motions to strike Finjan's Infringement Contentions.  In response to

27   PAN's first motion to strike, Judge Hamilton ordered Finjan to "serve amended infringement

28   contentions in accordance with this order" within 30 days (August 19, 2021).  (Dkt. No. 146.)

1   Finjan then served amended infringement contentions for the '154 Patent, amending its

2   contentions as to a single limitation.  On September 16, 2021, PAN filed a motion to confirm

3   Finjan has no operative infringement contentions for the '633, '408, and '731 Patents, and to strike

4   Finjan's amended infringement contentions for the '154 Patent.  (Dkt. No. 161.)  On January 13,

5   2022, Judge Donato agreed that Judge Hamilton's order required amended contentions for all four

6   of the Patents-in-Suit, but reserved judgment on PAN's motion on the merits and terminated it

7   without prejudice.  (Dkt. No. 177.)  Finjan then served amended contentions for the Patents-in-

8   Suit.  PAN moved to strike Finjan's infringement contentions for the '154, '731, and '408 Patents

9   as deficient.  (Dkt. No. 195-3.)  On March 27, 2023, the Court terminated PAN's motion without

10  prejudice, and stated that "claim construction may simplify or eliminate many of the issues raised .

11  . . [c]onsequently, PAN may renew its motion after claim construction, as developments warrant."

12  (Dkt. No. 232) (internal quotations omitted).  Now that a claim construction order has issued, PAN

13  intends to renew its motion to strike.[2]

14       **Finjan Position**: Finjan served amended infringement contentions for the '154, '731, '408,

15  and '633 Patents on January 28, 2022, totaling more than 1,600 pages that include detailed

16  infringement theories supported with citations to PAN's technical documents and source code.

17  There is no basis to strike Finjan's infringement contentions.

18       PAN's Forthcoming Motions Related to the "CTD Engine":

19       **PAN Position**: On March 24, 2023, PAN filed a motion to strike from Finjan's technical

20  expert reports opinions relying on the "CTD Engine" and the concept of single-pass architecture in

21  the accused NGFW products due to Finjan's failure to sufficiently disclose these theories of

22  infringement in its infringement contentions.  (Dkt. No. 229-3.)  For example, Finjan's experts

23  opined that the CTD engine performs various limitations of the asserted claims of the '408 Patent

24  and acts as various structures claimed in the '731 Patent.  (*Id.* at 5.)  But Finjan did not refer to any

25  "CTD engine" anywhere in its nearly 3,000 pages of infringement contentions and amended

26  infringement contentions, let alone articulate how the CTD engine meets any claim limitation.

27
28       [2] The amended infringement contentions that Finjan referenced below were served more
    than one year before the Court's March 27, 2023, decision.  (Dkt. N. 232.)

1   (*Id.*)  On April 7, 2023, Finjan filed its opposition to PAN's motion, arguing that it had sufficiently

2   disclosed these concepts.  (Dkt. No. 234-2.)  On April 14, 2023, PAN filed its reply.  (Dkt. No.

3   241-3.)  On September 27, 2023, Judge Donato granted-in-part PAN's motion to strike, granting

4   PAN's request as to the CTD Engine, holding that "opinions that rely on a 'CTD engine' in

5   NGFW to show that PAN infringes the '408 . . . . and '731 patents will be excluded."  (Dkt. No.

6   262 at 3.)  Judge Donato denied PAN's request as to "single-pass architecture."  (*Id.*)

7          PAN then requested that Finjan serve redacted expert reports removing all opinions relying

8   on the CTD Engine.  The Parties disputed the scope of the redactions to Finjan's expert reports.

9   Accordingly, PAN intends to file a motion to enforce Judge Donato's order striking Finjan's

10  undisclosed opinions relying on the CTD Engine included in Finjan's technical expert reports.

11         Finjan's statement that "Finjan's amended expert reports regarding infringement of the

12  '408 . . . . and '731 Patents redact the portions excluded by Judge Donato's September 27, 2023,

13  Order granting-in-part PAN's motion to strike" is a mischaracterization.  In fact, Finjan's amended

14  expert reports do not redact those portions of those expert reports that PAN requested be stricken

15  in the motion granted by Judge Donato.

16         PAN will seek to enforce Judge Donato's Order regarding the CTD Engine in its

17  forthcoming Summary Judgment briefing, as well as at the motion *in limine* phase as necessary.

18         **Finjan Position**: Finjan's amended expert reports regarding infringement of the '408,

19  '154, and '731 Patents redact the portions excluded by Judge Donato's September 27, 2023 Order

20  granting-in-part PAN's motion to strike.  The remaining infringement theories in Finjan's

21  amended expert reports were properly disclosed in Finjan's amended infringement contentions

22  served on January 28, 2022.

23         Other:  Finjan and PAN each anticipate moving for summary judgment and may file other

24  dispositive and non-dispositive motions as appropriate as the case progresses.  The parties

25  understand that the Local Rules of this Court, and applicable paragraphs of the Court's Standing

26  Order for Civil Cases, Discovery in Civil Cases, and Civil Jury Trials apply to motions filed in this

27  case.

28

**5.   Amendment of Pleadings, Addition of Parties, Etc.**

The deadline to amend pleadings without leave of the Court passed on April 1, 2021.  On that day, Finjan filed an Amended Complaint (Dkt. No. 112) as discussed above.

**6.   Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI"), the Northern District of California's Model ESI Order, and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation.  Additionally, the parties have met and conferred at their Rule 26(f) conference and since that time regarding evidence preservation.  Each party has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action.

**7.   Disclosures**

The parties exchanged initial disclosures pursuant to Rule 26(a) on February 12, 2015. The parties exchanged amended initial disclosures on April 30, 2021.  On October 25, 2022, PAN served second amended initial disclosures.  On December 1, 2022, Finjan served second amended initial disclosures.  On December 16, 2022, PAN served third amended initial disclosures.

**8.   Discovery**

Fact Discovery: Fact discovery cut-off was December 23, 2022 (Dkt. No. 194).

Expert Discovery: Expert discovery cut-off was March 17, 2023 (Dkt. No. 194).

Protective Order: The parties filed a Stipulated Protective Order, which Judge Hamilton entered on March 31, 2021.  (Dkt. No. 110.)

Service: The parties agree that service via email is acceptable pursuant to Rule 5(b)(2)(E). Documents served on a party shall be emailed to all attorneys of record for that party.[3]

**9.   Class Actions**

Not Applicable.

**10. Related Pending Cases**

---

[3] Service upon Finjan via email shall be effective only with Finjan-PAN_Fish-Service@fr.com. Service upon PAN via email shall be effective only with MoFo-PAN-Finjan@mofo.com.

1    Information concerning other pending litigations and proceedings before the United States

2    Patent and Trademark Office involving the Patents-in-Suit is provided at Appendix B.

3    **11. Relief**

4    Finjan seeks entry of judgment finding that PAN has infringed and/or continues to infringe

5    the Patents-in-Suit, both directly and indirectly, and that PAN's infringement has been willful.

6    Finjan also seeks monetary damages, including damages based on a calculation of lost profits or

7    an amount no less than a reasonable royalty.  Based on the information produced in this case and

8    the report prepared by Finjan's expert, Finjan anticipates it will seek damages of approximately

9    $500 million.  Finjan further seeks a judgment that this case is exceptional and an award of

10   Finjan's costs and reasonable attorneys' fees.  Finjan also seeks an accounting of all sales and

11   revenues, together with pre-judgment and post-judgment interest.  Finjan seeks any other relief

12   available under applicable law.

13   PAN seeks a declaration that PAN does not infringe the Patents-in-Suit.  PAN further

14   seeks a declaration that the Patents-in-Suit are invalid.  PAN also seeks judgment that Finjan filed

15   this action without a good faith basis, and is thus liable for attorneys' fees, expenses, and costs

16   incurred by PAN in connection with this action.

17   **12. Settlement and ADR**

18   Pursuant to ADR L.R. 3-5, the parties reviewed the Court's ADR handbook, discussed the

19   available ADR procedures, and considered whether this case would benefit from an ADR

20   procedure.  The parties chose mediation as the ADR process for this case pursuant to ADR L.R. 6.

21   (Dkt. No. 35.)  Prior to the stay, a mediation session took place on September 15, 2015 with

22   mediator Vicki Veenker.  After the stay and at the Case Management Conference on March 18,

23   2021, Judge Hamilton referred the case to a settlement conference before Magistrate Judge

24   Cousins.  (Dkt. No. 106.)  The parties have since submitted confidential Settlement Conference

25   Statements to Magistrate Judge Cousins on August 3, 2021, and appeared via Zoom at a

26   Settlement Conference on August 10, 2021.  (Dkt. No. 152.)  Magistrate Judge Cousins ordered

27   the parties provide the Court with a confidential update on November 2, 2021, with the settlement

28   conference to continue November 9, 2021, at 9:30 am, by Zoom.  (*Id.*)  Those dates were

1  continued, respectively, to March 4, 2022 and March 11, 2022, at 9:30 am, by Zoom.  (Dkt. No.

2  174.)  The settlement conference was continued again from March 11, 2022 to June 28, 2022.

3  (Dkt. No. 187.)  The parties submitted a second round of confidential Settlement Conference

4  Statements to Magistrate Judge Cousins, and appeared via Zoom at a Settlement Conference on

5  August 28, 2022.  (Dkt. No. 190.)  Magistrate Judge Cousins ordered the parties provide the Court

6  with a settlement status report by October 14, 2022, commenting on whether, when, and where to

7  schedule the next settlement conference.  (*Id*.)  The parties submitted the joint settlement status

8  update, and on October 12, 2022, Magistrate Judge Cousins schedule a further settlement

9  conference for April 6, 2023.  (Dkt. No. 198.)  The parties submitted another joint settlement

10  status update on March 27, 2023, and the same day Magistrate Judge Cousins vacated the further

11  settlement conference scheduled for April 6, 2023, and ordered the parties to provide an update by

12  June 8, 2023, proposing a new date for the conference.  (Dkt. No. 233.)  The parties submitted an

13  update on June 5, 2023, and the same day Magistrate Judge Cousins ordered the parties to provide

14  further update by September 14, 2023, proposing a new date for the conference.  (Dkt. No. 251.)

15  The parties submitted a further update on September 14, 2023, and the same day Magistrate Judge

16  Cousins ordered the parties to provide further update by January 25, 2024, proposing a new date

17  for the conference.  (Dkt. No. 261.)  The parties submitted a further update on January 22, 2024

18  proposing to continue the further settlement conference to April 25, 2024.  Magistrate Judge

19  Cousins has not issued an order regarding the parties' request.  On March 11, 2024, the clerk's

20  notice stated the parties are ordered to email a joint settlement status update by April 25, 2024

21  indicating whether, when, and in what format (whether in person or Zoom) a settlement

22  conference is requested.  (Dkt. No. 276.)  The parties' provided a Joint Settlement Regarding

23  Further Settlement Conference on April 25, 2024, requesting that the Court extend the deadline for

24  the parties to propose a new date for the Further Settlement Conference to 14 days after the Court

25  issues its claim construction order.  On July 15, 2024, the Courtroom Deputy to Magistrate Judge

26  Cousins e-mailed counsel for the parties asking to schedule a further settlement conference and

27  offering five dates in August.  The parties are conferring regarding a response.

28

**13. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

In accordance with Judge Hamilton's instructions at the Case Management Conference held on March 18, 2021, the parties filed a stipulated case narrowing schedule, which Judge Hamilton entered on June 9, 2021.  (Dkt. No. 126.)  In accordance with that schedule, Finjan served a Preliminary Election of Asserted Claims on June 21, 2021, and PAN served a Preliminary Election of Asserted Prior Art on July 6, 2021.

On January 11, 2023, Judge Donato ordered further narrowing through a second election of asserted claims and asserted prior art.  (Dkt. No. 217.)  The order allowed Finjan to assert up to 5 claims for a single patent, and 14 claims in total for all patents-in-suit, and PAN to assert up to 5 prior art references against a single patent, and 14 references in total for all patents-in-suit.  (*Id*.)  In accordance with Judge Donato's order, Finjan served its Second Election of Asserted Claims on January 17, 2023, and PAN served its Second Election of Asserted Prior Art on January 27, 2023.

**15. Scheduling**

The parties' competing scheduling proposals are set forth in the chart attached hereto as Appendix A.

**Finjan Position**: Finjan filed this case on November 4, 2014.  (Dkt. No. 1).  In response, PAN filed 13 *inter partes* review petitions, and on December 10, 2015, the Court stayed the litigation pending resolution of the IPRs.  (Dkt. No. 67; *see also* Dkt. No. 69 (ordering that the stay remain in effect beyond institution until all final written decisions and appeals had been issued).)  The IPRs and appeals on all of the asserted patents were concluded by December 16, 2020, with 196 of the 199 challenged claims surviving.

This Court lifted the stay on January 25, 2021 (Dkt. No. 84.), but trial has been repeatedly delayed through no fault of Finjan's. Trial has been scheduled and rescheduled twice, most recently to October 21, 2024.  (Dkt. No. 194; Dkt. No. 260.)

After nearly a decade, Finjan still awaits its day in Court to vindicate its patent rights in the face of PAN's continuing, infringing activities.  Any further delay in the resolution of this case is harmful to Finjan.  Accordingly, Finjan proposes scheduling trial for the week of February 17, 2025, subject to the convenience of the Court's calendar.  Finjan's proposed schedule provides the parties ample time to prepare any dispositive motions and pretrial filings, while promptly resolving this nearly-decade-long action. By contrast, PAN's proposed schedule only invites further, unnecessary delay (*e.g.*, by proposing the parties file their joint pretrial statement **over five months** after the parties' jointly proposed hearing date for summary judgment motions).

**PAN Position**:  PAN has identified the soonest available date for PAN's lead trial counsel, fact and expert witnesses, and corporate representatives to attend trial.  PAN proposes May 29, 2025 for the pretrial conference.  PAN has also identified the week of June 9, 2025 as an available time for trial that would allow time for the parties to brief—and the Court to rule on—dispositive and *Daubert* motions.

**16. Trial**

The parties have requested trial by jury.  Finjan expects that the trial will require approximately five court days.  PAN believes it is premature to estimate the time for trial, as the parties do not yet know how many patents and patent claims will be asserted at trial.  If Finjan maintains all of the Patents-in-Suit in this case, PAN estimates the trial will take approximately five court days.

**17. Disclosure of Non-party Interested Entities or Persons.**

The parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-15.  (Dkt. No. 3 (Finjan's certification); Dkt. No. 25 (PAN's certification).)

Finjan converted from a corporation to a limited liability company, and in conjunction, changed its name from Finjan, Inc. to Finjan LLC.  Finjan has filed an unopposed motion to amend the caption to reflect that name change.  (Dkt. No. 101.)  The Court granted Finjan's motion.  (Dkt. No. 103.)  The company of which Finjan was a wholly owned subsidiary also went through a similar conversion and changed its name from Finjan Holdings, Inc. to Finjan Holdings LLC.  Finjan filed an updated Certification of Interested Parties or Persons to reflect that name

1   change, as well.  (Dkt. No. 102.)  Finjan filed an Amended Certification of Interested Parties or

2   Persons to specify that Finjan LLC is wholly-owned by Finjan Holdings LLC, which is wholly-

3   owned by CFIP Goldfish Holdings LLC.  (Dkt. No. 213.)  Finjan certified that no publicly held

4   corporation owns 10% or more of Finjan LLC's stock.  (*Id*.)  Finjan also identified Finjan

5   Holdings LLC, CFIP Goldfish Holdings LLC, and Fortress Investment Group LLC as each having

6   a direct or indirect financial interest in Finjan LLC.  (*Id*.)

7          PAN confirms that no other entities have a financial interest in the subject matter in

8   controversy or PAN, or a non-financial interest in that subject matter or PAN that could be

9   substantially affected by the outcome of this proceeding.

10          **18. Professional Conduct**

11          The attorneys of record confirm that they have reviewed the Guidelines for Professional

12   Conduct for the Northern District of California.

13          **19. Other Matters**

14          Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the

15   following additional matters:

16          **(1) Proposed modification of the obligations or deadlines set forth in the Patent Local

17              Rules**

18          The parties do not propose any modifications to the obligations or deadlines set forth in the

19   Patent Local Rules at this time.

20          **(2) The scope and timing of any claim construction discovery including disclosure of

21              and discovery from any expert witness permitted by the court**

22          A claim construction order issued on June 14, 2024.  (Dkt. No. 290).  The parties reserve

23   the right to raise with the Court additional claim construction disputes that arise pursuant to *O2*

24   *Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008).

25          **(3) The format of the Claim Construction Hearing, including whether the Court will

26              hear live testimony, the order of presentation, and the estimated length of the

                 hearing**

27          A claim construction order issued on June 14, 2024.  (Dkt. No. 290).

28

1      **(4) How the parties intend to educate the court on the technology at issue**

2      The Technology Tutorial took place on May 24, 2024.  (Dkt. No. 284).

3

4

5                                          Respectfully Submitted,

6   DATED:  July 18, 2024

7                                          */s/ Roger A. Denning*
                                           Juanita R. Brooks (CA SBN 75934)
8                                          brooks@fr.com
                                           Roger A. Denning (CA SBN 228998)
9                                          denning@fr.com
                                           Frank J. Albert (CA SBN 247741)
10                                         albert@fr.com
                                           Jared A. Smith (CA SBN 306576)
11                                         jasmith@fr.com
                                           Tyler R. Train (CA SBN 318998)
12                                         train@fr.com
                                           Elliot N. Scher (CA SBN 343705)
13                                         scher@fr.com
                                           FISH & RICHARDSON P.C.
14                                         12860 El Camino Real, Ste. 400
                                           San Diego, CA 92130
15                                         Telephone: (858) 678-5070 / Fax: (858) 678-5099
16
                                           Aamir Kazi (*Pro Hac Vice*)
17                                         kazi@fr.com
                                           Lawrence Jarvis (*Pro Hac Vice*)
18                                         jarvis@fr.com
                                           FISH & RICHARDSON P.C.
19                                         1180 Peachtree St. NE, 21st floor
                                           Atlanta, GA  30309
20                                         Telephone: (404) 892-5005 / Fax: (404) 892-5002
21
                                           Susan E. Morrison (*Pro Hac Vice*)
22                                         morrison@fr.com
                                           FISH & RICHARDSON P.C.
23                                         222 Delaware Ave., 17th Floor
                                           P.O. Box 1114
24                                         Wilmington, DE  19801
                                           Telephone: (302) 652-5070 / Fax: (302) 652-0607
25
26                                         Attorneys for Plaintiff
                                           FINJAN LLC
27

28

1    DATED: July 18, 2024

2                                                        */s/ Timothy Chen Saulsbury*
                                                        Daralyn J. Durie (CA SBN 169825)
3                                                        DDurie@mofo.com
                                                        Timothy Chen Saulsbury (CA SBN 281434)
4                                                        TSaulsbury@mofo.com
                                                        Matthew I. Kreeger (CA SBN 153793)
5                                                        MKreeger@mofo.com
                                                        MORRISON & FOERSTER LLP
6                                                        425 Market Street
                                                        San Francisco, California 94105-2482
7                                                        Telephone: (415) 268-7000/Fax: (415) 268-7522

8
                                                        Kyle W.K. Mooney (*Pro Hac Vice*)
9                                                        KMooney@mofo.com
                                                        Michael J. DeStefano (*Pro Hac Vice*)
10                                                       Mdestefano@mofo.com
                                                        MORRISON & FOERSTER LLP
11                                                       250 West 55th Street
                                                        New York, New York 10019-9601
12                                                       Telephone: (212) 468-8000/Fax: (212) 468-7900

13
                                                        Rose S. Lee
14                                                       RoseLee@mofo.com
                                                        MORRISON & FOERSTER LLP
15                                                       707 Wilshire Boulevard
                                                        Los Angeles CA 90017-3543
16                                                       Phone: (213) 892-5200/Fax: (213) 892-5454

17
                                                        Attorneys for Defendant
18                                                       PALO ALTO NETWORKS, INC.

19

20

21

22

23

24

25

26

27

28

1

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

*/s/ Roger A. Denning*
Roger A. Denning

**APPENDIX A**

**Proposed Case Schedule**

| Event | Joint Proposal |
|---|---|
| Opening Summary Judgment/*Daubert* Briefs | September 11, 2024 |
| Responsive Summary Judgment/*Daubert* Briefs | October 2, 2024 |
| Reply summary judgement/*Daubert* briefs | October 16, 2024 |
| Summary judgment/*Daubert* Hearing | November 14, 2024<br><br>Subject to the convenience of the Court |

| Event | Finjan's Proposal | PAN's Proposal |
|---|---|---|
| Joint Pretrial Statement and Order | January 17, 2025 | April 28, 2025 |
| File Motions *in limine* | January 24, 2025 | May 19, 2025 |
| Exchange of Exhibits | January 31, 2025 | May 19, 2025 |
| Parties to provide Court with Pre-marked Exhibits | February 7, 2025 | May 23, 2025 |
| File and Serve Deposition Designations | February 7, 2025 | May 23, 2025 |
| File and Serve Jury Voir Dire Questions, Proposed Jury Instructions and Proposed Jury Verdict Forms | February 7, 2025 | May 23, 2025 |
| Trial Briefs Due | February 7, 2025 | May 23, 2025 |

| Event | Finjan's Proposal | PAN's Proposal |
|---|---|---|
| File Oppositions to Motions *in limine* | January 31, 2025 | May 26, 2025 |
| Final Pretrial Conference | February 12, 2025<br><br>Subject to the convenience of the Court | Subject to the convenience of the Court's calendar, on or after May 29, 2025 |
| Trial | February 17, 2025<br><br>Subject to the convenience of the Court | Subject to the convenience of the Court's calendar, beginning June 9, 2025 |

## APPENDIX B

### Other Pending Proceedings Involving The Patents-in-Suit

On October 26, 2018, Finjan filed a lawsuit against Fortinet, Inc. in this district (Case No. 3-18-cv-06555), alleging that Fortinet infringes six of the ten patents asserted against PAN in the instant lawsuit—specifically the '968 Patent, the '822 Patent, the '731 Patent, the '633 Patent, the '408 Patent, and the '494 Patent—and three additional patents.  However, in the *PAN* litigation, the Court dismissed the '822 Patent and the '968 Patent, and the parties have dismissed the '780 Patent, the '494 Patent, and the '926 Patent, per the agreed stipulation referenced above.  This case is pending before Judge Donato in the San Francisco division and is currently stayed.  PAN notes that the Court stayed the case due to overlapping issues in Finjan's other cases, *e.g.*, "case management issues with respect to the multiple cases in this district in which the same Finjan patents and claims are asserted."  (Dkt. Nos. 32, 38, 43.)  Finjan notes that this case, as discussed in Section 2 (Facts) and Section 8 (Discovery), is much further along procedurally than the *Fortinet* case.  For example, *Fortinet* was stayed before any appreciable discovery was completed.  In contrast, the parties in this case have served infringement, invalidity, and damages contentions, and fully briefed claim construction.  Furthermore, this case was previously stayed more than five years for PAN to litigate its 13 IPRs against the Asserted Patents—prevailing on just three of 198 challenged claims.

1

**CASE MANAGEMENT ORDER**

2          The above Joint Case Management Statement AND PROPOSED ORDER is approved as

3  the Case Management Order for this case and the parties shall comply with its provisions.

4          **IT IS SO ORDERED.**

5

6  Dated: _____

7                                      _____
                                       United States Chief District Court Judge
8                                      Honorable Richard Seeborg

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28