DARALYN J. DURIE (CA SBN 169825)
DDurie@mofo.com
TIMOTHY CHEN SAULSBURY (CA SBN 281434)
TSaulsbury@mofo.com
MATTHEW I. KREEGER (CA SBN 153793)
MKreeger@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000 / Fax: (415) 268-7522

*Attorneys for Defendant,*
*PALO ALTO NETWORKS, INC.*

*Additional counsel on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FINJAN LLC,

Plaintiff,

v.

PALO ALTO NETWORKS, INC.,

Defendant.

Case No. 3:14-CV-04908-RS

**ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS TO DEFENDANT PALO ALTO NETWORKS, INC.'S RENEWED MOTION TO STRIKE AND DISMISS AND SUPPORTING MATERIALS**

Courtroom: 3, 17th Floor
Judge: Honorable Richard Seeborg

In accordance with Civil Local Rules 7-11 and 79-5 and Section 14.4 of the Stipulated Protective Order (Dkt. No. 110), Defendant Palo Alto Networks, Inc. ("PAN") submits this Motion for an order to file under seal the highlighted portions of the exhibits to PAN's Renewed Motion to Strike the Infringement Contentions for the '408 and '731 Patents and to Dismiss these Claims with Prejudice ("Motion").

## I. LEGAL STANDARD

PAN's Motion is a dispositive motion, therefore, the "compelling reasons" standard applies to this sealing request. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("compelling reasons must be shown to seal judicial records attached to a dispositive motion") (internal quotations omitted). Courts have found that there are compelling reasons to seal "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotations omitted).

## II. DISCUSSION

### A. Specific Details of Source Code

PAN seeks to seal highlighted portions in Exhibits 8, 9, 14 and 15 that contain specific details of the PAN-OS and hardware source code that runs the accused Next-Generation Firewall ("NGFW") products. These proposed redactions occur on pages 124-125, 128-129 of Exhibit 8 to the accompanying Declaration of Michael J. DeStefano ("DeStefano Decl."); pages 125-126 of DeStefano Decl. Exhibit 9; pages 119-125 of DeStefano Decl. Exhibit 14; and page 289 of DeStefano Decl. Exhibit 15.

The proposed redactions are narrowly tailored: they list specific functions in PAN's source code and discuss in detail how particular functions in PAN's source code operate, including their specific capabilities and what other functions are called by the particular functions. (Decl. of Michael J. DeStefano in Support of Administrative Motion to File Under Seal ("DeStefano Decl."), filed herewith, ¶ 4.) PAN's source code is highly confidential and proprietary to PAN. (*Id.*) PAN does not publicly disclose or describe how particular functions in PAN's source code operate. (*Id.*) PAN derives a business advantage from this information not

being known by PAN's competitors or the general public. (*Id.*) There are compelling reasons to seal such information because disclosure of this highly confidential information would allow PAN's competitors to reverse engineer and copy PAN's products with little effort. (*Id.*) Disclosure of this information would also help PAN's competitors advance their own technical development and shape their business decisions, thereby harming PAN's competitive standing in the cybersecurity industry. (*Id.*) The confidentiality interests of PAN therefore outweigh the right of public access to the record, as a substantial probability exists that PAN's confidentiality interests will be prejudiced if the information is made public. (*Id.*) Moreover, given the nature of the products at issue (network security products) and in view of recent cyberattacks with major impact (e.g., 2020 attack using several vectors impacting the U.S. federal government, state governments, and private sector), disclosure of this information could compromise the security of computers and networks protected by PAN's products. (*Id.*) Finally, the information PAN requests to be sealed concerns source code under the Protective Order previously entered by the Court and has been designated as such by PAN. (Dkt. No. 110 § 2.9.)

Sealing is also justified because courts in this district, including this Court, have previously granted motions to file under seal specific details of source code under the compelling reasons standard. *See, e.g., Zellmer v. Facebook, Inc.*, No. 3:18-cv-01880-JD, 2022 U.S. Dist. LEXIS 60253, *8 (N.D. Cal. Mar. 31, 2022) (granting sealing of expert report that "contains detailed analysis of Facebook's source code" under the compelling reasons standard*); Open Text S.A. v. Box, Inc.,* No. 13-CV-04910-JD, 2014 WL 7368594, at *3 (N.D. Cal. Dec. 26, 2014) (granting the party's motion to seal "highly confidential, non-public details relating to [] product design and source code" under the compelling reasons standard); *see also Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *5 (N.D. Cal. Mar. 10, 2010) (granting sealing of excerpts of opposition to summary judgment motion that include "detailed information regarding NetApp's proprietary source code" under the compelling reasons standard); *Apple, Inc. v. Samsung Elecs. Co.,* No. 11-CV-01846-LHK, 2012 WL 4068633 (N.D. Cal. Sept. 14, 2012) (finding compelling reasons to seal and granting sealing of documents

discussing confidential source code and detailed technical information).

PAN seeks only limited redactions of specific discussions about particular functions in PAN's source code. Thus, the proposed sealing is narrowly tailored, and no less restrictive means exist to protect PAN's overriding confidentiality interests and the public's security interests.

**B. Pathnames and Filenames of Source Code**

PAN seeks to seal highlighted portions in Exhibits 8, 9, 11, 13, 14 and 15 that contain pathnames and filenames of the PAN-OS and hardware source code that runs the accused NGFW products. These proposed redactions occur on pages 108-109, 121-128 of DeStefano Decl. Exhibit 8; pages 109, 123-126 of DeStefano Decl. Exhibit 9; pages 183-184 of DeStefano Decl. Exhibit 11; pages 118-125, 165 of DeStefano Decl. Exhibit 13; pages 118-125 of DeStefano Decl. Exhibit 14; and page 289 of DeStefano Decl. Exhibit 15.

The proposed redactions are narrowly tailored and include only the source code pathnames and filenames. (DeStefano Decl. ¶ 5.) PAN's source code is highly confidential and proprietary to PAN. (*Id.*) The large number of source code pathnames and filenames included in the Exhibits provide insights into the confidential internal architecture and operation of PAN's products. (*Id.*) There are compelling reasons to seal such information because access to the internal architecture and operation of PAN's products would help PAN's competitors advance their own technical development and shape their business decisions, thereby harming PAN's competitive standing in the cybersecurity industry. (*Id.*) The confidentiality interests of PAN therefore outweigh the right of public access to the record, as a substantial probability exists that PAN's confidentiality interests will be prejudiced if the information is made public. (*Id.*) Finally, the information PAN requests to be sealed concerns source code under the Protective Order previously entered by the Court and has been designated as such by PAN. (Dkt. No. 110.)

Sealing is also justified because courts in this district, including this Court, have previously granted motions to file under seal filenames or directories of source code under the compelling reasons standard. *Finjan, Inc. v. Proofpoint*, Inc., No. 13-CV-05808-HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (finding "compelling reasons to seal confidential, sealable information, including source code directories"). PAN seeks only limited redactions of

pathnames and filenames of PAN's source code. Thus, the proposed sealing is narrowly tailored, and no less restrictive means exist to protect PAN's overriding confidentiality interests and the public's security interests.

### C. Specific Technical Details

PAN seeks to seal highlighted portions in Exhibits 8, 11, 13, and 14 that contain specific technical details regarding the accused Next Generation Firewall products ("NGFW") and WildFire products. These proposed redactions occur on pages 116 - 118 of DeStefano Decl. Exhibit 8; pages 168, 181-184 of DeStefano Decl. Exhibit 11; pages 111-114, 116, 144-149, 165 of DeStefano Decl. Exhibit 13; and pages 112-114, 116, 144, 165 of DeStefano Decl. Exhibit 14.

NGFW is an industry-leading family of physical, virtualized, and containerized firewalls that leverage machine learning for proactive protection.[1] The technical details regarding PAN's NGFW products include configuration of the NGFW infrastructure, detailed workflow inside the NGFW products, and specific capabilities of key components of the NGFW products. (DeStefano Decl. ¶ 6.) WildFire is the industry's most advanced analysis and prevention engine to identify and block targeted and unknown malware.[2] The technical details regarding PAN's WildFire products include configuration of the WildFire infrastructure, detailed workflow inside the WildFire products, and specific capabilities of key components of the WildFire products. (DeStefano Decl. ¶ 6.) Technical details regarding PAN's NGFW and WildFire products are highly confidential and proprietary to PAN. (*Id.*) PAN does not publicly disclose or describe this information. (*Id.*) PAN's products succeed in the marketplace because they are of the highest quality and performance. (*Id.*) These advantages are directly attributable to the technical details and inner workings of PAN's products. (*Id.*) Public disclosure of this highly confidential information would allow PAN's competitors to reverse engineer and achieve similar results in their own products. (*Id.*) Disclosure of this information would also help PAN's competitors advance their own technical development and shape their business decisions, thereby harming PAN's competitive standing in the cybersecurity industry. (*Id.*) The confidentiality interests of PAN therefore outweigh the right of public access to the record, as a substantial probability exists that PAN's confidentiality interests will be prejudiced if the information is made public. (*Id.*)

Finally, given the nature of the products at issue (network security products) and in view of recent cyberattacks with major impact (e.g., 2020 attack using several vectors impacting the U.S. federal government, state governments, and private sector), disclosure of this information could compromise the security of computers and networks protected by PAN's products. (*Id.*)

Sealing is also justified because courts in this district, including this Court, have previously granted motions to file under seal technical details of the products under the compelling reasons standard. *Largan Precision Co. v. Genius Elec. Optical Co.*, No. 3:13-cv-02502-JD, 2015 U.S. Dist. LEXIS 28698, at *4 (N.D. Cal. Mar. 9, 2015) (finding "compelling reasons to seal information regarding technical details of the lens products at issue"); *Cisco Sys. Inc. v. Arista Networks, Inc.,* No. 14-cv-05344-BLF, 2016 U.S. Dist. LEXIS 113391, at *7, 8, 17, 35-36 (N.D. Cal. Aug. 24, 2016) (finding compelling reasons to seal and granting sealing of information regarding "confidential product development/roadmap information about [defendant]'s products," "specific functionality in [defendant]'s products," "sensitive and non-public aspects of the source code underlying [defendant]'s products," and "the inner workings of [defendant]'s products and their technological capabilities"); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.,* No. 16-MD-02752-LHK, 2018 WL 9651897, at *3 (N.D. Cal. Jan. 3, 2018) (finding compelling reasons to seal "detailed information about the technology Yahoo uses to protect its users' information").

PAN seeks to seal limited redactions of only information that would allow others to gain access to PAN's closely-guarded product details. Thus, the proposed sealing is narrowly tailored, and no less restrictive means exist to protect PAN's overriding confidentiality interests and the public's security interests.

## III. CONCLUSION

PAN's request is "narrowly tailored to seek sealing only of sealable material," in accordance with Civil Local Rule 79-5(b) and Section 14.4 of the Stipulated Protective Order (Dkt. No. 110).

Accordingly, PAN requests that the Court grant its Administrative Motion to Seal.

Dated: September 11, 2024

*/s/ Kyle W.K. Mooney*

Daralyn J. Durie (CA SBN 169825)
DDurie@mofo.com
Timothy Chen Saulsbury (CA SBN 281434)
TSaulsbury@mofo.com
Matthew I. Kreeger (CA SBN 153793)
MKreeger@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Phone: (415) 268-7000
Fax: (415) 268-7522

Kyle W.K. Mooney (*Pro Hac Vice*)
KMooney@mofo.com
Michael J. DeStefano (*Pro Hac Vice*)
Mdestefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Phone: (212) 468-8000
Fax: (212) 468-7900

Rose S. Lee
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles CA 90017-3543
Phone: (213) 892-5200
Fax: (213) 892-5454

*Attorneys for Defendant*
*PALO ALTO NETWORKS, INC.*