1   DARALYN J. DURIE (CA SBN 169825)
    DDurie@mofo.com
2   TIMOTHY CHEN SAULSBURY (CA SBN 281434)
    TSaulsbury@mofo.com
3   MATTHEW I. KREEGER (CA SBN 153793)
    MKreeger@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California 94105-2482
    Telephone: (415) 268-7000 / Fax: (415) 268-7522
6
    *Attorneys for Defendant,*
7   *PALO ALTO NETWORKS, INC.*

8   *Additional counsel on signature page*

9

10                     UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13   FINJAN LLC,                          Case No.    3:14-CV-04908-RS

14              Plaintiff,                 **ADMINISTRATIVE MOTION TO
                                           FILE UNDER SEAL PORTIONS
15         v.                              OF EXHIBITS SUPPORTING
                                           DEFENDANT PALO ALTO
16   PALO ALTO NETWORKS, INC.,            NETWORKS INC.'S MOTION TO
                                           EXCLUDE TESTIMONY OF DRS.
17              Defendant.                 ANGELOS KEROMYTIS AND
                                           ROBERT MANESS**
18

19                                         Courtroom:  3, 17th Floor
                                           Judge:  Honorable Richard Seeborg
20

21

22

23

24

25

26

27

28

1    In accordance with Civil Local Rules 7-11 and 79-5, Defendant Palo Alto Networks, Inc.

2    ("PAN") submits this Motion for an order to file under seal the highlighted portions of exhibits

3    supporting PAN's Motion to Exclude the Testimony of Drs. Angelos Keromytis and Robert

4    Maness ("Motion").

5    **I.    LEGAL STANDARD**

6    Courts generally apply a "compelling reasons" standard when considering motions to seal

7    documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting

8    *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  Records attached to

9    nondispositive motions, however, "must meet the lower 'good cause' standard of Rule 26(c) of

10   the Federal Rules of Civil Procedure, as such records 'are often unrelated, or only tangentially

11   related, to the underlying cause of action.'"  *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-

12   04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (quoting *Kamakana*, 447 F.3d at

13   1179-80).  Thus, Courts in this District have applied the lower good cause standard for documents

14   related to a party's *Daubert* motion.  *See, e.g.*, *id.* at *2.

15   Courts have found that there are compelling reasons to seal "sources of business

16   information that might harm a litigant's competitive standing."  *Ctr. for Auto Safety v. Chrysler

17   Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotations omitted); *In re Elec. Arts*,

18   298 F. App'x. 568, 569 (9th Cir. 2008).

19   **II.    DISCUSSION**

20   PAN seeks to seal portions of two exhibits submitted with its Motion to Exclude

21   Testimony of Drs. Angelos Keromytis and Robert Maness.  Because the materials are being

22   submitted with a *Daubert* motion, PAN need only show "good cause" to seal the requested

23   materials.  *Exeltis*, 2020 WL 2838812, at *2.  Nevertheless, as shown below, there are

24   "compelling reasons" to grant PAN's request.

25   **A.    PAN's Confidential Sales Information**

26   PAN seeks to seal highlighted portions of Exhibit 6 to the Declaration of Kyle W.K.

27   Mooney in support of its PAN's Motion to Exclude Testimony of Drs. Angelos Keromytis and

28   Robert Maness ("Mooney Decl.") that contain confidential sales information, the disclosure of

1    which would harm PAN's competitive standing.  These proposed redactions occur on pages 4, 5,

2    7, 10, 12, 16, 24, 64, 65, 189, 197, 200, 201 and Exs. A, 1-4, 5B, 8A, 8B, 10A-O, 11 of Mooney

3    Decl. Exhibit 6.

4         Courts in this District routinely grant motions to seal portions of documents containing

5    sales information.  *Asia Vital Components Co. v. Asetek Danmark A/S*, No. 16-CV-07160-JST,

6    2019 WL 13423737, at *2 (N.D. Cal. Jan. 30, 2019) (granting a motion to seal sales data and

7    finding that "compelling reasons exist because disclosure of this information would harm

8    Asetek's competitive standing."); *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL

9    1497489, at *2 (N.D. Cal. Apr. 27, 2012) (granting a motion to seal an exhibit containing

10   sensitive "sales data"); *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2021 WL 2476916, at *3

11   (N.D. Cal. June 17, 2021) (granting motion to seal product's "userbase, costs, revenues, gross

12   margins, and market research data" under compelling reasons standard).

13        Here, PAN seeks to seal confidential information related to PAN's sales of the accused

14   products.  This information includes absolute and relative sales revenues for the accused

15   products; figures from which those revenues can be calculated[1]; and data about PAN's sales,

16   including the frequency with which certain products are sold together.  (Mooney Decl. ¶ 4.)  PAN

17   has not publicly disclosed this information.  (*Id.*)  Public disclosure of this confidential

18   information would help PAN's competitors shape their business decisions, thereby harming

19   PAN's competitive standing in the cybersecurity industry.  (*Id.*)  For example, a competitor could

20   use information regarding revenues for specific products to determine whether PAN could expect

21   sufficient returns to cover its costs for a given product and whether it could undercut PAN's

22   pricing.  (*Id.*)  A competitor could also gain a competitive advantage over PAN by using PAN's

23   data regarding sales of product combinations to develop products that compete with PAN while

24   avoiding the costs PAN expended in developing its own product offerings.  (*Id.*)  The

25   confidentiality interests of PAN therefore outweigh the right of public access to the record, as a

26

27        [1] This includes Finjan's proposed royalty calculations, which are derived by multiplying
     revenues for the accused products by royalty rate.

28

substantial probability exists that PAN's confidentiality interests will be prejudiced if the information is made public.

PAN seeks to seal limited redactions of only information that would allow others to gain access to PAN's confidential sales data.  Thus, the proposed sealing is narrowly tailored, and no less restrictive means exist to protect PAN's overriding confidential business interests.

## B.  PAN's Marketing Strategy

PAN seeks to seal highlighted portions of Exhibit 6 to the Mooney Declaration that contain descriptions of PAN's marketing strategy regarding the accused products.  These proposed redactions occur on pages 58 and 59 of Mooney Decl. Exhibit 6.

Courts in this Circuit routinely grant motions to seal confidential information concerning marketing strategy.  *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-CV-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (granting motion to seal information regarding the parties' "marketing and competitive strategy"); *Algarin v. Maybelline, LLC*, No. 12-CV-3000-AJB-DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal where "confidential business material, marketing strategies, product development plans could result in improper use by business competitors").

PAN seeks to seal confidential information regarding its marketing strategy.  (Mooney Decl. ¶ 5.)  There are compelling reasons to seal such information, as disclosure of this information would harm PAN's competitive standing in the cybersecurity industry by, for example, enabling competitors to tailor their own marketing decisions to attempt to undermine PAN's messaging.  (*Id.*)  The confidentiality interests of PAN therefore outweigh the right of public access to the record, as a substantial probability exists that PAN's confidentiality interests will be prejudiced if the information is made public.

PAN seeks only limited redactions of PAN's marketing strategy.   Thus, the proposed sealing is narrowly tailored, and no less restrictive means exist to protect PAN's overriding confidentiality interests.

## C.  Terms of PAN's Agreements with Third Parties

PAN seeks to seal highlighted portions in Exhibits 1 and 6 to the Mooney Declaration that

1  describe terms of PAN's agreements with third parties.  These proposed redactions occur on

2  pages 255-58 of Mooney Decl. Exhibit 1 and on pages 24, 49-54, and 56 of Mooney Decl.

3  Exhibit 6.

4      Courts in this District, including this Court, have granted motions to seal provisions of

5  agreements and confidential agreements with third parties.  *Microsoft Corp. v. Hon Hai Precision*

6  *Indus. Co.*, No. 19-CV-01279-LHK, 2020 WL 8991707, at *3 (N.D. Cal. Feb. 21, 2020) (sealing

7  a licensing agreement given "'pricing terms, royalty rates, and guaranteed minimum payment

8  terms' of patent licensing agreements have been deemed sealable trade secrets."); *Pace Anti-*

9  *Piracy, Inc. v. Inside Secure*, No. 17-CV-06744-BLF, 2018 WL 10517182, at *2 (N.D. Cal. Jan.

10  8, 2018) (finding compelling reasons to redact all designated references to a licensing agreement);

11  *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2020 WL 759528, at *5 (N.D.

12  Cal. Feb. 14, 2020) (granting motion to seal "confidential agreements with third parties").

13      PAN seeks to seal confidential information regarding its agreements with third parties.

14  The terms of these agreements that PAN seeks to seal contain highly confidential information of

15  PAN and the other party involved in the agreement, including pricing terms, the obligations of the

16  parties, the circumstances of the agreements, and the third party's identity.  (Mooney Decl. ¶ 6.)

17  PAN has not publicly disclosed the terms of these agreements.  (*Id.*)  There are compelling

18  reasons to seal this information because disclosure of this highly confidential information would

19  allow PAN's competitors to uncover not only PAN's proprietary information, but that of entities

20  not party to the case and unable to otherwise protect their own confidential information.  (*Id.*)

21  Disclosure of this information would harm PAN's competitive standing by revealing the pricing

22  terms and obligations to which it agreed and the circumstances of the agreement, which would

23  reveal PAN's negotiating strategies, thus hampering its ability to negotiate future agreements.

24  (*Id.*)  It would also reveal the parties with which PAN has made agreements, which could harm

25  PAN's ability to negotiate with competitors to those parties.  (*Id.*)  The confidentiality interests of

26  PAN therefore outweigh the right of public access to the record, as a substantial probability exists

27  that PAN's confidentiality interests will be prejudiced if the information is made public.  (*Id.*)

28      PAN seeks only limited redactions of specific terms in PAN's licensing agreements.

1   Thus, the proposed sealing is narrowly tailored, and no less restrictive means exist to protect

2   PAN's overriding confidentiality interests.

3       **III.    CONCLUSION**

4       PAN's request is "narrowly tailored to seek sealing only of sealable material," in

5   accordance with Civil Local Rule 79-5(b) and Section 14.4 of the Stipulated Protective Order

6   (Dkt. No. 110).

7       Accordingly, PAN requests that the Court grant its Administrative Motion to Seal.

8

9   Dated:  September 11, 2024           */s/ Kyle W.K. Mooney*

10      Daralyn J. Durie (CA SBN 169825)
    DDurie@mofo.com

11      Timothy Chen Saulsbury (CA SBN 281434)
    TSaulsbury@mofo.com

12      Matthew I. Kreeger (CA SBN 153793)
    MKreeger@mofo.com

13      MORRISON & FOERSTER LLP
    425 Market Street

14      San Francisco, California 94105-2482
    Phone: (415) 268-7000

15      Fax: (415) 268-7522

16      Kyle W.K. Mooney (*Pro Hac Vice*)
    KMooney@mofo.com

17      Michael J. DeStefano (*Pro Hac Vice*)
    Mdestefano@mofo.com

18      MORRISON & FOERSTER LLP
    250 West 55th Street

19      New York, New York 10019-9601
    Phone: (212) 468-8000

20      Fax: (212) 468-7900

21      Rose S. Lee
    RoseLee@mofo.com

22      MORRISON & FOERSTER LLP
    707 Wilshire Boulevard

23      Los Angeles CA 90017-3543
    Phone: (213) 892-5200

24      Fax: (213) 892-5454

25      *Attorneys for Defendant*
    *PALO ALTO NETWORKS, INC.*

26

27

28