Juanita R. Brooks (CA SBN 75934) / brooks@fr.com
Roger A. Denning (CA SBN 228998) / denning@fr.com
Frank J. Albert (CA SBN 247741) / albert@fr.com
Jared A. Smith (CA SBN 306576) / jasmith@fr.com
Tyler R. Train (CA SBN 318998) / train@fr.com
Elliot N. Scher (CA SBN 343705) / scher@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Susan E. Morrison (*Pro Hac Vice*) / morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

*Additional counsel listed on signature page*

Attorneys for Plaintiff,
FINJAN LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| FINJAN LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>　　　　Defendant. | Case No. 3:14-cv-04908-RS<br><br>**FINJAN LLC'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY**<br><br>Date:　November 14, 2024<br>Time:　1:30 P.M.<br>Hon. Richard Seeborg<br>Ctrm. 3, 17th Floor |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT .................................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

I. INTRODUCTION ................................................................................................................ 2

II. BACKGROUND ................................................................................................................. 2

III. ISSUE TO BE DECIDED (Civ. L.R. 7-4(A)(3)) ................................................................ 4

IV. LEGAL STANDARD .......................................................................................................... 4

V. PAN HAS PRODUCED NO ADMISSIBLE EVIDENCE OF PUBLIC AVAILABILITY FOR ITS ALLEGED SYSTEM ART ................................................. 6

    A. Publications Alone Cannot Establish Public Availability Of The Alleged System Art .............................................................................................. 6

    B. The Trend Micro And Check Point Declarations Should Not Be Considered ............................................................................................................ 7

VI. CONCLUSION ..................................................................................................................... 8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) .................................................................................................... 4, 5

*C.R. Bard, Inc. v. AngioDynamics, Inc.*,
    748 F. App'x 1009 (Fed. Cir. 2018) ................................................................................ 6

*Celotext Corp. v. Catrett*,
    477 U.S. 317 (1986) ......................................................................................................... 4

*CNET Networks, Inc. v. Etilize, Inc.*,
    584 F. Supp. 2d 1260 (N.D. Cal. Oct. 22, 2008) ............................................................. 5

*Finjan, Inc. v. Sophos, Inc.*,
    No. 14-cv-01197-WHO, 2016 WL 2988834 (N.D. Cal. May 24, 2016) ......................... 7

*Gemmy Indus. Corp. v. Chrisha Creations Ltd.*,
    452 F.3d 1353 (Fed. Cir. 2006) ........................................................................................ 5

*Heishman v. Ayers*,
    621 F.3d 1030 (9th Cir. 2010) .......................................................................................... 6

*Hilgraeve, Inc. v. Symantec Corp.*,
    271 F.Supp.2d 964 (E.D. Mich. July 9, 2003) ................................................................ 6

*House v. Bell*,
    547 U.S. 518 (2006) ......................................................................................................... 4

*Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*,
    475 U.S. 574 (986) ........................................................................................................... 4

*Microsoft Corp. v. I4I Limited Partnership et al.*,
    564 U.S. 91 (2011) ........................................................................................................... 5

*Minn. Min. & Mfg. Co.*,
    303 F.3d 1294 (Fed. Cir. 2002) ....................................................................................... 5

*Navico Inc. v. Garmin Int'l, Inc.*,
    No. 2:16-CV-00190-JRG-RSP,
    2017 WL 3750252 (E.D. Tex. July 28, 2017) ................................................................. 7

*Rotec Indus., Inc. v. Mitsubishi Corp.*,
    215 F.3d 1246 (Fed. Cir. 2000) .................................................................................. 7, 8

*Safas Corp. v. Etura Premier, L.L.C.*,
    293 F.Supp.2d 442 (D. Del. Nov. 12, 2003) ................................................................... 7

*Scosche Indus., Inc. v. Visor Gear, Inc.*,
    121 F.3d 675 (Fed. Cir. 1997) .................................................................................................. 7

*Silver State Intell. Techs., Inc. v. Garmin Int'l, Inc.*,
    32 F. Supp. 3d 1155 (D. Nev. July 24, 2014) ........................................................................... 5

*SRI Int'l v. Internet Sec. Sys.*,
    511 F.3d 1186 (Fed. Cir. 2008) .................................................................................................. 5

*Wi-LAN Inc. v. Sharp Elecs. Corp.*,
    No. 2020-1041, 2021 WL 1257074 (Fed. Cir. Apr. 6, 2021) .................................................... 6

**Statutes**

35 U.S.C. § 102 ................................................................................................................................ 5

35 U.S.C. §§ 102, 103 ..................................................................................................................... 2

35 U.S.C. § 102(b) .......................................................................................................................... 5

35 U.S.C. § 282 ............................................................................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 56 ............................................................................................................................. 4

Fed. R. Civ. P. 56(a) ........................................................................................................................ 4

Fed. R. Civ. P. 56(e) ........................................................................................................................ 7

Fed. R. Evid. 104 ............................................................................................................................. 5

Fed. R. Evid. 703 ............................................................................................................................. 6

Fed. R. Evid. 801, 803 and 902 ....................................................................................................... 5

Fed. R. Evid. 803(6)(D) ................................................................................................................... 5

# NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 14, 2024, at 1:30 PM, or as soon thereafter as this matter may be heard, before the Honorable Richard Seeborg in Courtroom 3, 17th Floor, of this Court located at 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiff Finjan LLC ("Finjan") will and hereby does move for an order granting partial summary judgment of no invalidity of the Asserted Patents in its favor.

The grounds for the Motion are that there is no genuine issue of material fact and that Finjan is entitled to judgment as a matter of law that certain of Palo Alto Networks, Inc.'s ("PAN") relied-upon "system" art references are not prior art to the Asserted Patents, and therefore cannot invalidate any asserted claims. This Motion is based upon this Notice and Memorandum in Support of Motion for Partial Summary Judgment, the Declaration of Juanita R. Brooks in Support of Finjan's Motion for Partial Summary Judgment, the Exhibits thereto, all filed concurrently herewith, and all the files and records of the within proceeding.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should grant Finjan's motion for partial summary judgment of no invalidity based on PAN's alleged system art for failing to offer any evidence of public availability. Knowing that Finjan's patents have survived numerous *inter partes* review challenges based on prior art patents and publications, PAN now relies on a system art, which requires a showing by clear and convincing evidence that the alleged system art was in fact publicly available before a critical date for the respective asserted patent. But PAN has not produced any admissible evidence supporting the public availability of any of its alleged systems discussed by their invalidity expert, Dr. Rubin. Here, PAN advances alleged system art, including (1) the Janus System, (2) the VICEd system, (3) the Privoxy system, (4) Applet Trap, (5) Virus Wall, and (6) Check Point FireWall-1 (collectively, the "Alleged System Art"). For the first three, PAN relies on little more than the alleged publication date of documents without offering any testimony authenticating whether those systems were available prior to the critical date. For the next three, PAN also relies on hearsay statements PAN secured outside of formal discovery and produced the last day of fact discovery, thus preventing Finjan from testing the accuracy of any of the offered out-of-court statements. Thus, there is no admissible evidence upon which there can be a genuine dispute of material fact on the legal issue of whether the Alleged System Art constitute prior art under 35 U.S.C. §§ 102, 103. Because there has been no showing of public availability of the Alleged System Art, the Court should grant summary judgment that the asserted claims are not invalid in view of them.

## II. BACKGROUND

On May 17, 2021, PAN served its initial invalidity contentions, alleging a number of prior art references directed to the Asserted Patents, including Trend Micro's Applet Trap and Virus Wall, as well as Check Point's Firewall-1. *See, e.g.*, Ex. 1 (May 17, 2021, PAN Invalidity Contentions) at 65, 81. At that point, PAN indicated that it had "received initial production of documents from third parties, including Sophos, Trend Micro, and Check Point in response to

1   PAN's subpoenas." *Id.* at 5-6. PAN did not take any depositions to authenticate the Alleged
2   System Art or obtain testimony to show if or when the Alleged System Art was publicly available
3   in the United States prior to the priority dates of the asserted patents.
4         Instead of seeking testimony, where Finjan could challenge any of the factual assertions,
5   PAN instead obtained last-minute declarations purportedly authenticating the third-party
6   documents. Despite being aware of the Alleged System Art in mid-2021, PAN did not disclose its
7   declarations until 18 months later on the last day of fact discovery, December 23, 2022, Dkt. 194;
8   Ex. 2 (Dec. 23, 2022, John Chen Decl.) ("Trend Micro Declaration"); Ex. 3 (Dec. 23, 2022, Tamir
9   Zegman Decl.) ("Check Point Declaration").
10        Subsequently, PAN served a report from its technical expert, Dr. Rubin, opining that U.S.
11  Patent Nos. 7,418,731 (the "'731 Patent"), 8,225,408 (the "'408 Patent"), and 7,647,633 (the
12  "'633 Patent") (collectively, the "Asserted Patents") are invalid in view of certain patents, patent
13  publications, and the Alleged System Art. *See generally* Exs. 4-6 (Rubin Op. Rpt. Excerpts). The
14  Alleged System Art includes Check Point FireWall-1 and VICEd (directed to the '731 Patent),
15  Privoxy (directed to the '408 Patent), and Applet Trap, Virus Wall, and Janus System (directed to
16  the '633 Patent). Ex. 4 (Rubin Op. Rpt. Excerpts re Trend Micro) ¶¶ 67-69, 83; Ex. 5 (Rubin Op.
17  Rpt. Excerpts re Check Point) ¶ 79; Ex. 6 (Rubin Op. Rpt. Excerpts re PAN) ¶¶ 77, 80.
18        The Alleged System Art analyzed in Dr. Rubin's report falls into two categories. First, for
19  some of the Alleged System Art (*e.g.*, the Janus System, VICEd, and Privoxy), Dr. Rubin does not
20  point to any evidence demonstrating each was publicly available by a critical date for the
21  respective asserted patent. Ex. 6 (Rubin Op. Rpt. Excerpts re PAN) ¶¶ 69, 77, 80, 269, 432.
22  Second, for the other Alleged System Art (*e.g.*, Applet Trap, Virus Wall, and Check Point
23  FireWall-1), Dr. Rubin relies upon hearsay declarations, which cannot establish a genuine issue of
24  material fact regarding their public availability by a certain date. Ex. 4 (Rubin Op. Rpt. Excerpts re
25  Trend Micro) ¶¶ 67-68, 83, 496; Ex. 5 (Rubin Op. Rpt. Excerpts re Check Point) ¶¶ 79, 269.
26
27
28

### III. ISSUE TO BE DECIDED (CIV. L.R. 7-4(A)(3))

1. Whether PAN has met its burden to demonstrate a genuine issue of material fact that the Alleged System Art was publicly available before a critical date for respective Asserted Patents.

### IV. LEGAL STANDARD

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotext Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). At the summary judgment stage, the Court "does not assess the credibility or weigh the evidence, but simply determines whether there is a genuine issue of fact for trial." *House v. Bell*, 547 U.S. 518, 559-60 (2006). A fact is material if it "might alter the outcome of the suit under the governing law," and a dispute as to a material fact is genuine if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted).

The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotext*, 477 U.S. at 323. Once the moving party meets its burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (internal quotations omitted). To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (986). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248. The "mere existence of a scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for

1  summary judgment; there must be "evidence on which the jury could reasonably find" for the
2  nonmoving party. *Id.* at 252.
3        A patent is presumed to be valid, and the burden of establishing invalidity of a patent rests
4  on the party asserting invalidity, which must establish invalidity by clear and convincing evidence.
5  35 U.S.C. § 282; *Microsoft Corp. v. I4I Limited Partnership et al.*, 564 U.S. 91, 95 (2011).
6  Whether a reference qualifies as prior art as a "printed publication" under 35 U.S.C. § 102 is a
7  legal conclusion based on underlying factual determinations. The key for determining whether a
8  reference constitutes a printed publication is whether the reference was "publicly accessible"
9  "prior to the date for patent." *CNET Networks, Inc. v. Etilize, Inc.*, 584 F. Supp. 2d 1260, 1273
10  (N.D. Cal. Oct. 22, 2008); 35 U.S.C. § 102(b); *SRI Int'l v. Internet Sec. Sys.*, 511 F.3d 1186, 1194
11  (Fed. Cir. 2008). "A given reference is 'publicly accessible' upon a satisfactory showing that such
12  document has been disseminated or otherwise made available to the extent that persons interested
13  and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *Id.*
14  at 1194 (citing *Bruckelmyer v. Ground Heaters, Inc.*, 445 F.3d 1374, 1378 (Fed. Cir. 2006)).
15        Similarly, whether "a product was placed on sale prior to the critical date is a conclusion of
16  law based on underlying findings of fact." *Minn. Min. & Mfg. Co.*, 303 F.3d 1294, 1301 (Fed. Cir.
17  2002). Invalidity based on the on-sale bar must be established by clear and convincing evidence.
18  *Gemmy Indus. Corp. v. Chrisha Creations Ltd.*, 452 F.3d 1353, 1358 (Fed. Cir. 2006).
19        For a document to be admitted at trial, it must be admissible evidence. Fed. R. Evid. 104.
20  Prior art documents are hearsay, unless they fall into some hearsay exception or they are otherwise
21  self-authenticating. *See* Fed. R. Evid. 801, 803 and 902. Hearsay cannot preclude or support a
22  motion for summary judgment. *See, e.g.*, *Silver State Intell. Techs., Inc. v. Garmin Int'l, Inc.*, 32 F.
23  Supp. 3d 1155, 1171 (D. Nev. July 24, 2014) (finding that an alleged press release was
24  unauthenticated hearsay, and therefore could not establish a genuine issue of material fact that an
25  alleged prior art system was sold or offered for sale before the asserted patent's critical date)
26  (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773, 776 (9th Cir. 2002)).
27        While a testifying expert may be considered a "qualified witness," to establish certain
28  information about a document, the expert cannot be a vehicle with which to publish hearsay. Fed.

R. Evid. 803(6)(D); *Wi-LAN Inc. v. Sharp Elecs. Corp.*, No. 2020-1041, 2021 WL 1257074, at *7 (Fed. Cir. Apr. 6, 2021) (finding Fed. R. Evid. 703 does not permit a party to use "its expert as a substitute for a fact witness to circumvent the rules of evidence to admit otherwise inadmissible evidence."); *see also Heishman v. Ayers*, 621 F.3d 1030, 1042-43 (9th Cir. 2010) (finding Fed. R. Evid. 703 "does not convert the underlying inadmissible hearsay into admissible testimony-it only makes the opinion admissible.").

## V. PAN HAS PRODUCED NO ADMISSIBLE EVIDENCE OF PUBLIC AVAILABILITY FOR ITS ALLEGED SYSTEM ART

PAN has failed to put forward any admissible evidence establishing the public availability of the Alleged System Art. Dr. Rubin's expert report relating to invalidity presents conclusions, without admissible support, that the Alleged System Art references were made publicly available by certain dates. *See, e.g.*, Ex. 4 (Rubin Op. Rpt. Excerpts re Trend Micro), ¶¶ 67-69, 83, 496; Ex. 5 (Rubin Op. Rpt. Excerpts re Check Point), ¶¶ 79, 269; Ex. 6 (Rubin Op. Rpt. Excerpts re PAN), ¶¶ 77, 80, 432; Ex. 7 (Rubin Dep. Tr.) at 385:10-386:22 (agreeing that he does not "provide any opinion that [an Applet Trap product paper] supports a finding that Applet Trap was publicly available"). In fact, Dr. Rubin does not even allege a particular version of Virus Wall as prior art, but rather relies on three documents each pertaining to a different version of the system. Ex. 4 (Rubin Op. Rpt. Excerpts re Trend Micro), ¶ 496; Ex. 8 (TFS00001100) (Virus Wall user's guide, dated April 15, 1996); Ex. 9 (TFS00003986) (Virus Wall 3.5 administrator's guide, dated April 30, 2001); Ex. 10 (TFS00004347) (Virus Wall 5.0 design document).

### A. Publications Alone Cannot Establish Public Availability Of The Alleged System Art

Though Dr. Rubin points to publications describing the Alleged System Art, such evidence is insufficient to establish a reference's public availability, without more. *See, e.g.*, *C.R. Bard, Inc. v. AngioDynamics, Inc.*, 748 F. App'x 1009, 1014 (Fed. Cir. 2018) (vacating Board's determination that a reference qualified as a "printed publication" because the record only included the reference's uncorroborated copyright date and revision dates, as well as a vague declaration); *Hilgraeve, Inc. v. Symantec Corp.*, 271 F.Supp.2d 964, 975 (E.D. Mich. July 9, 2003) ("A date imprinted on a document, without more, does not prove by clear and convincing evidence

1    that SAM 1.3 was known or used by others in this country prior to" the patent's priority date);

2    *Navico Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-00190-JRG-RSP, 2017 WL 3750252, at *3 (E.D.

3    Tex. July 28, 2017) ("[T]he Court concludes Garmin does not have enough evidence of public

4    accessibility of the 2007 Operator Manual to carry its burden at trial" because "Garmin relies only

5    on the Manual's copyright and revision dates…"); *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-

6    WHO, 2016 WL 2988834, at *26 (N.D. Cal. May 24, 2016) (holding that a reference's copyright

7    date and deficient trial testimony was "not sufficient to create a triable issue on the public

8    accessibility" of the reference). Because PAN has not put forth any admissible evidence to

9    corroborate the public availability of the Alleged System Art, they cannot carry their burden to

10   prove by clear and convincing evidence that these references invalidate any asserted claim.

11        **B.    The Trend Micro And Check Point Declarations Should Not Be Considered**

12        To the extent PAN relies on the Trend Micro[1] and Check Point[2] Declarations as evidence

13   of the public availability of the Alleged System Art, they should be disregarded for a number of

14   reasons.[3]

15        First, because the Trend Micro and Check Point Declarations are out-of-court statements

16   offered by PAN to prove the truth of the matter asserted (*i.e.*, that the alleged Virus Wall, Applet

17   Trap, and Check Point Firewall-1 systems were publicly available by certain dates), they are

18   inadmissible hearsay not subject to any exception, and therefore should not be considered. *See,*

19   *e.g.*, *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1257 (Fed. Cir. 2000) (affirming

20   district court's exclusion of inadmissible hearsay in granting summary judgment on issue of §

21   271(a) liability for an offer to sell); *Scosche Indus., Inc. v. Visor Gear, Inc.*, 121 F.3d 675, 681

22   (Fed. Cir. 1997) (holding that hearsay statement does not satisfy Rule 56(e)); *Safas Corp. v. Etura*

23   *Premier, L.L.C.*, 293 F.Supp.2d 442, 446 (D. Del. Nov. 12, 2003) ("Therefore, as the ACS

---

[1] The Trend Micro Declaration purportedly authenticates the alleged Applet Trap and Virus Wall systems.
[2] The Check Point Declaration purportedly authenticates the alleged Check Point Firewall-1 system.
[3] Even if considered, the Trend Micro and Check Point Declarations do not relate to the Janus System, VICEd, and Privoxy references, and so there would remain no evidence that these references were publicly accessible by a certain date.

documents are not admissible, and Safas has not shown how it could put on admissible evidence… at trial, the allegations regarding ACS do not stand in the way of summary judgment.").

Even if the Trend Micro and Check Point Declarations were admissible, PAN could not present it at trial without Finjan suffering unjust prejudice, for at least two reasons. **First,** both declarations were not produced until December 23, 2022, the final day of fact discovery. Due to PAN's belated production, Finjan did not have an opportunity to depose either declarants John Chen or Tamir Zegman. **Second,** neither declarant is testifying at trial, and so Finjan will not have an opportunity to cross-examine either Mr. Chen or Mr. Zegman (and could not fairly do so without having had the chance to take their depositions). The only just remedy is to disregard these declarations as hearsay. PAN's lack of diligence, underlined by its producing the Trend Micro and Check Point declarations on the last day of fact discovery, more than a year after being in possession of the relevant third-party documents, further counsels that the declarations should be disregarded as inadmissible.

With no admissible evidence to corroborate public availability of the Alleged System Art, PAN cannot prove that these references invalidate the Asserted Patents as a matter of law. *See, e.g.*, *Rotec*, 215 F.3d at 1257.

## VI. CONCLUSION

Finjan respectfully requests the Court to grant partial summary judgment that the asserted claims are not invalid in view of the Alleged System Art.

Dated: September 11, 2024

Respectfully Submitted,

/s/ *Juanita R. Brooks*
Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tyler R. Train (CA SBN 318998)
train@fr.com
Elliot N. Scher (CA SBN 343705)

scher@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

Aamir Kazi (*Pro Hac Vice*)
kazi@fr.com
Lawrence Jarvis (*Pro Hac Vice*)
jarvis@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st floor
Atlanta, GA 30309
Telephone: (404) 892-5005 / Fax: (404) 892-5002

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

*Attorneys for Plaintiff FINJAN LLC*