UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FINJAN LLC,

        Plaintiff,

    v.

PALO ALTO NETWORKS, INC.,

        Defendant.

Case No. 14-cv-04908-RS

**SCHEDULING AND PROCEDURAL ORDER**

        The parties filed a number of substantive motions and associated sealing motions on September 11, 2024. Defendant Palo Alto Networks, Inc. ("PAN") has filed a motion to strike the infringement contentions of plaintiff Finjan LLC, with prejudice, and to dismiss the claims as to two of the three remaining patents in suit on that basis. That motion has been set for October 17, 2024. The remainder of the substantive motions, including PAN's motion for summary judgment as to all three remaining patents, are set for November 14, 2024. To ensure orderly and efficient disposition of those motions, the following provisions shall apply.

        1. Briefing on PAN's motion to strike (Dkt. No. 302) is suspended, and the hearing date is vacated, pending disposition of PAN's summary judgment motion. In view of the policy preference for resolution on the merits, the motion to strike will not be considered unless and until there is a determination that the claims survive summary judgment. An order setting a briefing schedule and a new hearing date will accompany any order denying PAN's summary judgment motion.

2. Briefing on the parties' respective motions to exclude expert testimony (Dkt. Nos. 305, 316, and 318) shall go forward as currently scheduled. The court reserves the right, however, to reserve consideration of the motions relating to experts testifying on damages issues (Dkt. Nos. 305 and 318) until after any orders denying Pan's motion for summary judgment and its motion to strike have issued. The remaining motion, Dkt. No. 316, is brought by Finjan and seeks to exclude PAN's expert's opinion relating to the meaning of the term "information recommunicator" in the '633 patent. While that motion will be considered in conjunction with PAN's summary judgment motion, preliminarily it appears PAN's motion does not implicate the "information recommunicator" term or the challenged expert opinion. Accordingly, the court reserves the right to not reach the motion to exclude if it has no bearing on the motion for summary judgment.

3. Finjan has brought a motion for partial summary judgment seeking a determination that PAN's counterclaims for a declaratory judgment of invalidity have no merit. In PAN's opposition brief, it should include a statement of its view as to whether the court must or should reach the counterclaims if summary judgment or the motion to strike is granted with the result that PAN prevails on all three patents. Finjan's reply brief should include a statement of its view on the same question.

4. Civil Local Rule 79-5(a) provides:

> The public has a right of access to the Court's files. This local rule applies in all instances where a party seeks to conceal information from the public by filing a document, or portions of a document, under seal. A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document).

The parties are advised that the sealing motions filed to date appear to include grossly excessive requests for material to be sealed. As a general rule, sealing motions should be limited to the extent possible, to material set forth in declarations and exhibits to declarations. Where it is absolutely necessary to include references in a brief to such material with a level of detail and specificity that risks competitive harm from the disclosure of genuinely confidential and

1  protectable information, every effort must be made to limit the extent of redactions that are
2  requested.
3      For example, that a passage in a brief merely refers to or describes generally some portion
4  of an expert's testimony that may have been designated as confidential is not a proper basis for
5  sealing, where the passage does not actually disclose any of the underlying source code or other
6  confidential, non-public, technical information that may have informed the expert's opinion. To
7  illustrate, sealing is sought for a sentence in PAN's summary judgment brief that merely states
8  Finjan's expert "has not provided any opinion that these servers are 'user devices' consistent with
9  the Court's construction, and PAN's expert explained why these servers are not 'user devices.'"
10 Other examples abound.
11     This emphasis that briefs should contain few, if any, redactions should not be taken as
12 license to redact material in declarations liberally. Again, the fact that an expert may have had
13 access to, and based his opinions on, potentially sensitive material such as source code or other
14 detailed non-public technical information, does not mean that all or even most of what the expert
15 then says about the technology, the patents (which, of course are public), and his conclusions,
16 actually poses a substantial risk of disclosing any underlying technical details that might warrant
17 protection.
18     Finally, while exhibits to declarations are generally more likely to contain directly
19 protectable information, and sometimes may be sealed in their entirety, care still must be exercised
20 not to request sealing of information simply because it is technical in nature, and may have been
21 produced with a confidentiality designation. It also seems likely that given the age of this case,
22 and the evolving nature of technology, it may be that at least some of the material designated as
23 confidential at an earlier time may no longer be as sensitive as it arguably once was.
24     With these principles in mind, the parties are directed to meet and confer to review all of
25 the sealing motions filed to date and those that may be filed in conjunction with opposition and
26 reply briefs. To the extent sealing motions involve material designated as confidential by third
27 parties, reasonable efforts shall be made to meet and confer with those such parties as well. All
28

1  designating parties are still required to submit appropriate declarations to support the
2  appropriateness of sealing any material as to which they still contend warrants such treatment.
3        Within two weeks after the hearing set for November 14, 2024, the parties shall submit a
4  joint proposed order addressing all of the sealing motions related to the motions presently set to be
5  heard on that date (whether or not the court defers consideration on one or more of them), which
6  in the language of the rule, "is narrowly tailored to seal only the sealable material." To the extent
7  the parties have been unable to reach agreement on the sealing of any particular material, they may
8  briefly set out their respective positions in the joint submission. If summary judgment is not
9  granted, and a briefing schedule and hearing date is reset for PAN's motion to strike the
10 infringement contentions, the parties shall engage in the same process with respect to any sealing
11 motions that may be filed pertaining to that motion.

**IT IS SO ORDERED**.

Dated: September 16, 2024

_____
RICHARD SEEBORG
Chief United States District Judge