1   DARALYN J. DURIE (CA SBN 169825)
    DDurie@mofo.com
2   TIMOTHY CHEN SAULSBURY (CA SBN 281434)
    TSaulsbury@mofo.com
3   MATTHEW I. KREEGER (CA SBN 153793)
    MKreeger@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California 94105-2482
    Telephone: (415) 268-7000 / Fax: (415) 268-7522
6
7   *Attorneys for Defendant,*
    *PALO ALTO NETWORKS, INC.*
8   *Additional counsel on signature page*

9

10                UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13   FINJAN LLC,

                                         Case No.   3:14-CV-04908-RS

14             Plaintiff,

                                    **PALO ALTO NETWORKS INC.'S**
15       v.                         **STATEMENT IN SUPPORT OF**
                                      **FINJAN LLC'S**
16   PALO ALTO NETWORKS, INC.,      **ADMINISTRATIVE MOTION TO**
                                      **CONSIDER WHETHER PALO**
17             Defendant.        **ALTO NETWORKS, INC.'S**
                                      **MATERIAL SHOULD BE**
18                                   **SEALED**

19                                   Courtroom:  3, 17th Floor
20                                   Judge:  Honorable Richard Seeborg

21

22

23

24

25

26

27

28

1    In accordance with Civil Local Rule 79-5(f)(3),[1] Defendant Palo Alto Networks, Inc.

2   ("PAN") submits this statement in support of Finjan's Administrative Motion to Consider

3   Whether [PAN's] Material Should be Sealed.  (Dkt. No. 339)

### I.    LEGAL STANDARD

5    PAN's Motion is a dispositive motion, and therefore, the "compelling reasons" standard

6   applies to this sealing request.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179

7   (9th Cir. 2006) ("compelling reasons must be shown to seal judicial records attached to a

8   dispositive motion") (internal quotations omitted).  Courts have found that there are compelling

9   reasons to seal "sources of business information that might harm a litigant's competitive

10   standing."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016)

11   (internal quotations omitted).

### II.    DISCUSSION

#### A.    Specific Technical Details

14    PAN seeks to seal highlighted portions in Finjan's Opposition to PAN's Motion for

15   Summary Judgment (Dkt. No. 339-1) ("Opp'n Mot.")[2] and Exhibits A, B, C, D, G, H and I to the

16   Declaration of Juanita R. Brooks in support of Finjan's Opposition to PAN's Motion for

17   Summary Judgment (Dkt. No. 340-1) ("Brooks Decl.") that contain specific technical details

18   regarding the accused Next Generation Firewall ("NGFW") and WildFire products.  These

---

[1] PAN understands from the Court's order at Docket No. 323 that within two weeks of November 14, 2024, the parties are to submit a joint proposed order addressing all of the sealing motions related to the motions presently set to be heard on that date.  This sealing motion is related to a motion set to be heard on November 14, 2024.  Accordingly, PAN has not submitted a proposed order with this motion, as it will be submitting a joint proposed order with Finjan.

[2] Finjan provided proposed redactions in its Sealed Opposition to PAN's Motion for Summary Judgment (Dkt. No. 339-1), filed with its Administrative Motion to Consider Whether PAN's Material Should be Sealed.  (Dkt. No. 339).  For avoidance of doubt, PAN only seeks to seal the material cited in the above table.  Due to uneven line spacing within Finjan's Opposition to PAN's Motion for Summary Judgment (Dkt. No. 339-1), PAN has cited to what appears to be the lines before and after the relevant highlighted material.

1  proposed redactions occur at 19:15-18, 21-26; 20:3-6, 8-18; 22:6-14, 21-24[3], 26-28; 23:1-5 of the

2  Opp'n Mot.; pages 136, 147, 167-169, 173-178, 182-183, 186, 193, 199-200, 210, 213-216, 224

3  of Exhibit A; pages 490, 492-494, 514-518, 523, 595 of Exhibit B; pages 149, 150-151, 160-162,

4  227, 230-232, 234-236 of Exhibit C; pages 68, 72, 180-181 of Exhibit D; pages 217, 304, 317-

5  319, 324-327, 331-334 of Exhibit G; pages PAN_FIN00008337-8338 of Exhibit H; and pages

6  PAN_FIN00008325 and PAN_FIN00008329 of Exhibit I.

7        NGFW is an industry-leading family of physical, virtualized, and containerized firewalls

8  that leverage machine learning for proactive protection.[4]  WildFire is the industry's most

9  advanced analysis and prevention engine to identify and block targeted and unknown malware.

10  The technical details regarding PAN's NGFW and WildFire products include configuration of the

11  NGFW and WildFire infrastructure, detailed workflow inside the NGFW and WildFire products,

12  and specific capabilities of key components of the NGFW and WildFire products.  (DeStefano

13  Decl. ¶ 6.)  Technical details regarding PAN's NGFW and WildFire products are highly

14  confidential and proprietary to PAN.  (*Id.*)  PAN does not publicly disclose or describe this

15  information.  (*Id.*)  PAN's products succeed in the marketplace because they are of the highest

16  quality and performance.  (*Id.*)  These advantages are directly attributable to the technical details

17  and inner workings of PAN's products.  (*Id.*)  Public disclosure of this highly confidential

18  information would allow PAN's competitors to reverse engineer and achieve similar results in

19  their own products.  (*Id.*)  Disclosure of this information would also help PAN's competitors

20  advance their own technical development and shape their business decisions, thereby harming

21  PAN's competitive standing in the cybersecurity industry.  (*Id.*)  The confidentiality interests of

22  PAN therefore outweigh the right of public access to the record, as a substantial probability exists

23  that PAN's confidentiality interests will be prejudiced if the information is made public.  (*Id.*)

24  Finally, given the nature of the products at issue (network security products) and in view of recent

25

26       [3] Specifically, PAN seeks to highlight the portion of text in between "(e.g., security profile
cache) is" and "(e.g., derived security profiles that include a list of computer commands" in Dkt.
27  No. 339-1.

28       [4] https://www.paloaltonetworks.com/products/products-a-z

1   cyberattacks with major impact (*e.g.*, 2020 attack using several vectors impacting the U.S. federal

2   government, state governments, and private sector), disclosure of this information could

3   compromise the security of computers and networks protected by PAN's products.  (*Id.*)

4          Sealing is also justified because courts in this district have previously granted motions to

5   file under seal technical details of products under the compelling reasons standard.  *Largan*

6   *Precision Co. v. Genius Elec. Optical Co.*, No. 3:13-cv-02502-JD, 2015 U.S. Dist. LEXIS 28698,

7   at *6, *8 (N.D. Cal. Mar. 9, 2015) (finding "compelling reasons to seal information regarding

8   technical details of the lens products at issue"); *Cisco Sys. Inc. v. Arista Networks, Inc.*, No. 14-

9   cv-05344-BLF, 2016 U.S. Dist. LEXIS 113391, at *7, 8,  17, 35-36 (N.D. Cal. Aug. 24, 2016)

10  (finding compelling reasons to seal and granting sealing of information regarding "confidential

11  product development/roadmap information about [defendant]'s products," "specific functionality

12  in [defendant]'s products," "sensitive and non-public aspects of the source code underlying

13  [defendant]'s products," and "the inner workings of [defendant]'s products and their

14  technological capabilities").

15         PAN seeks to seal limited redactions of only information that would allow others to gain

16  access to closely guarded details of the internal functionality of PAN's products.  Thus, the

17  proposed sealing is narrowly tailored, and no less restrictive means exist to protect PAN's

18  overriding confidentiality interests and the public's security interests.

19                          **B.  Pathnames and Filenames of Source Code**

20         PAN seeks to seal yellow highlighted portions in Exhibits A, D and G to the Brooks Decl.

21  that contain pathnames and filenames of the PAN-OS and hardware source code that runs the

22  accused NGFW and WildFire products.  These proposed redactions occur on pages 137-144, 148-

23  164, 183, 187-192, 194-196, 200-206, 208-210, 217-219 of Exhibit A; pages 212-214, 220-226 of

24  Exhibit D; and pages 305, 341-342, 352 to Exhibit G.

25         The proposed redactions are narrowly tailored and include only the source code

26  pathnames and filenames.  (DeStefano Decl. ¶ 5.)  PAN's source code is highly confidential and

27  proprietary to PAN.  (*Id.*)  The large number of source code pathnames and filenames included in

28  the Exhibits provide insights into the confidential internal architecture and operation of PAN's

1    products.  (*Id.*)  There are compelling reasons to seal such information because access to the

2    internal architecture and operation of PAN's products would help PAN's competitors advance

3    their own technical development and shape their business decisions, thereby harming PAN's

4    competitive standing in the cybersecurity industry.  (*Id.*)  The confidentiality interests of PAN

5    therefore outweigh the right of public access to the record, as a substantial probability exists that

6    PAN's confidentiality interests will be prejudiced if the information is made public.  (*Id.*)

7    Finally, the information PAN requests to be sealed concerns source code under the Protective

8    Order previously entered by the Court and has been designated as such by PAN.  (Dkt. No. 110.)

9          Sealing is also justified because courts in this district have previously granted motions to

10   file under seal filenames or directories of source code under the compelling reasons standard.

11   *Finjan, Inc. v. Proofpoint*, Inc., No. 13-CV-05808-HSG, 2016 WL 7429304, at \*2 (N.D. Cal.

12   Feb. 9, 2016) (finding "compelling reasons to seal confidential, sealable information, including

13   source code directories").  PAN seeks only limited redactions of pathnames and filenames of

14   PAN's source code.  Thus, the proposed sealing is narrowly tailored, and no less restrictive means

15   exist to protect PAN's overriding confidentiality interests and the public's security interests.

16                       **C.  Specific Details of Source Code**

17         PAN seeks to seal yellow highlighted portions in the Opp'n Mot. and Exhibits A, C, D

18   and G to the Brook Decl. that contain specific details of the PAN-OS and hardware source code

19   that runs the accused NGFW and WildFire products.  These proposed redactions occur on pages

20   2:18-24, 27-28; 3:9-11, 13-17; 6:24-28; 7:1-7, 12-15, 17-20, 27-28; 8:1-2; 12:6-11; 23:7-10, 11-

21   21 of the Opp'n Mot.; pages 137, 139-144, 149-164, 189-190, 193, 196-199, 205-210, 219-224 of

22   Exhibit A; pages 150-151, 158-159, 161, 227-232, 235-237 of Exhibit C; pages 212-214, 220-226

23   of Exhibit D; and pages 305, 341-342, 352 of Exhibit G.

24         The proposed redactions are narrowly tailored: they list specific functions in PAN's

25   source code and discuss how particular functions in PAN's source code operate, including their

26   specific capabilities and what other functions are called by the particular functions.  (DeStefano

27   Decl. ¶ 4.)  PAN's source code is highly confidential and proprietary to PAN.  (*Id.*)  PAN does

28   not publicly disclose or describe how particular functions in PAN's source code operate.  (*Id.*)

1   PAN derives a business advantage from this information not being known by PAN's competitors

2   or the general public.  (*Id.*)  There are compelling reasons to seal such information because

3   disclosure of this highly confidential information would allow PAN's competitors to reverse

4   engineer and copy PAN's products with little effort.  (*Id.*)  Disclosure of this information would

5   also help PAN's competitors advance their own technical development and shape their business

6   decisions, thereby harming PAN's competitive standing in the cybersecurity industry.  (*Id.*)  The

7   confidentiality interests of PAN therefore outweigh the right of public access to the record, as a

8   substantial probability exists that PAN's confidentiality interests will be prejudiced if the

9   information is made public.  (*Id.*)  Moreover, given the nature of the products at issue (network

10  security products) and in view of recent cyberattacks with major impact (*e.g.*, 2020 attack using

11  several vectors impacting the U.S. federal government, state governments, and private sector),

12  disclosure of this information could compromise the security of computers and networks

13  protected by PAN's products.  (*Id.*)  Finally, the information PAN requests to be sealed concerns

14  source code under the Protective Order previously entered by the Court and has been designated

15  as such by PAN.  (Dkt. No. 110 § 2.9.)

16          Sealing is also justified because courts in this district have previously granted motions to

17  file under seal specific details of source code.  See, e.g., *Zellmer v. Facebook, Inc*., No. 3:18-cv-

18  01880-JD, 2022 U.S. Dist. LEXIS 60253, *8 (N.D. Cal. Mar. 31, 2022) (granting sealing of

19  expert report that "contains detailed analysis of Facebook's source code" under the compelling

20  reasons standard); *Open Text S.A. v. Box, Inc.,* No. 13-CV-04910-JD, 2014 WL 7368594, at *3

21  (N.D. Cal. Dec. 26, 2014) (granting the party's motion to seal "highly confidential, non-public

22  details relating to [] product design and source code" under the compelling reasons standard); see

23  also *Network Appliance, Inc. v. Sun Microsystems Inc.,* No. C-07-06053 EDL, 2010 WL 841274,

24  at *5 (N.D. Cal. Mar. 10, 2010) (granting sealing of excerpts of opposition to summary judgment

25  motion that include "detailed information regarding NetApp's proprietary source code" under the

26  compelling reasons standard); *Apple, Inc. v. Samsung Elecs. Co*., No. 11-CV-01846-LHK, 2012

27  WL 4068633 (N.D. Cal. Sept. 14, 2012) (finding compelling reasons to seal and granting sealing

28  of documents discussing confidential source code and detailed technical information as

"categories of information that [a]re sealable under Ninth Circuit law").

PAN seeks only limited redactions of specific discussions about particular functions in PAN's source code.  Thus, the proposed sealing is narrowly tailored, and no less restrictive means exist to protect PAN's overriding confidentiality interests and the public's security interests.

**III.    CONCLUSION**

PAN's request is "narrowly tailored to seek sealing only of sealable material," in accordance with Civil Local Rule 79-5(b) and Section 14.4 of the Stipulated Protective Order (Dkt. No. 110).

Accordingly, PAN requests that the Court grant its request to seal portions of the Opp'n Mot. and Exhibits A, B, C, D, G, H and I to the Brooks Decl. as set forth in the DeStefano Declaration filed concurrently herewith.

1    Dated:  October 9, 2024

2

                                      */s/ Kyle W.K. Mooney*

Daralyn J. Durie (CA SBN 169825)
DDurie@mofo.com

3                                      Timothy Chen Saulsbury (CA SBN 281434)
TSaulsbury@mofo.com

4                                      Matthew I. Kreeger (CA SBN 153793)
MKreeger@mofo.com

5                                      MORRISON & FOERSTER LLP
425 Market Street

6                                      San Francisco, California 94105-2482
Phone: (415) 268-7000

7                                      Fax: (415) 268-7522

8                                      Kyle W.K. Mooney (*Pro Hac Vice*)
KMooney@mofo.com

9                                      Michael J. DeStefano (*Pro Hac Vice*)
Mdestefano@mofo.com

10                                     MORRISON & FOERSTER LLP
250 West 55th Street

11                                    New York, New York 10019-9601
Phone: (212) 468-8000

12                                    Fax: (212) 468-7900

13                                    Rose S. Lee
RoseLee@mofo.com

14                                    MORRISON & FOERSTER LLP
707 Wilshire Boulevard

15                                    Los Angeles CA 90017-3543
Phone: (213) 892-5200

16                                    Fax: (213) 892-5454

17                                    *Attorneys for Defendant*
*PALO ALTO NETWORKS, INC.*

18

19

20

21

22

23

24

25

26

27

28