Juanita R. Brooks (CA SBN 75934)
brooks@fr.com
Roger A. Denning (CA SBN 228998)
denning@fr.com
Frank J. Albert (CA SBN 247741)
albert@fr.com
Jared A. Smith (CA SBN 306576)
jasmith@fr.com
Tyler R. Train (CA SBN 318998)
train@fr.com
Elliot N. Scher (CA SBN 343705)
scher@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070 / Fax: (858) 678-5099

*Attorneys for Plaintiff,*
*FINJAN LLC*

DARALYN J. DURIE (CA SBN 169825)
DDurie@mofo.com
MATTHEW I. KREEGER (CA SBN 153793)
MKreeger@mofo.com
TIMOTHY CHEN SAULSBURY (CA SBN 281434)
TSaulsbury@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000 / Fax: (415) 268-7522

*Attorneys for Defendant,*
*PALO ALTO NETWORKS, INC.*

*Additional counsel on signature page*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN LLC,<br><br>Plaintiff,<br><br>v.<br><br>PALO ALTO NETWORKS, INC.,<br><br>Defendant. | Case No.  3:14-CV-04908-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Courtroom:  3, 17th Floor<br>Judge:  Honorable Richard Seeborg |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Court's Standing Order Regarding Initial Case Management, and the Court's Notice on February 14, 2025 (Dkt. No. 378), the parties to the above-captioned action, Plaintiff Finjan LLC ("Finjan") and Defendant Palo Alto Networks, Inc. ("PAN"), jointly submit the following Joint Case Management Statement and Proposed Order.

The Joint Case Management Statement generally tracks prior versions, provided, however, that it has been updated to account for motions filed last fall, including the parties' summary judgment and *Daubert* motions, and PAN's renewed motion to strike Finjan's infringement contentions.  The parties have met and conferred regarding the case schedule and June 9 trial date in light of those pending motions and the Court's Scheduling and Procedural Order, dated September 16, 2024 (Dkt. No. 323).  Finjan remains prepared and willing to proceed with the June 9 trial date, as scheduled.  PAN believes that the most efficient path forward is for the Court to vacate the current deadlines and trial date, set a status conference for fourteen (14) days after resolution of PAN's summary judgment motion, and require the parties to submit a proposed schedule seven (7) days before that status conference.

## 1.    Jurisdiction and Service

This is an action for patent infringement.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).  No issues exist regarding personal jurisdiction or service.

## 2.    Facts

2014:  Finjan's Initial Complaint:  Finjan filed this patent infringement case against PAN on November 4, 2014, asserting ten (10) patents:  U.S. Patent No. 6,804,780; U.S. Patent No. 7,058,022; U.S. Patent No. 7,418,731; U.S. Patent No. 6,965,968; U.S. Patent No. 7,613,968; U.S. Patent No. 7,613,926; U.S. Patent No. 7,647,633; U.S. Patent No. 8,141,154; U.S. Patent No. 8,255,408; and U.S. Patent No. 8,677,494.  The case was assigned to Judge Chen on December 8,

2014 (Dkt. 16).  Judge Chen recused himself from the case on October 8, 2015 (Dkt. 56), and the case was reassigned to Judge Hamilton (Dkt. No. 57).

2015-2020:  Stay Pending IPRs:  In September 2015 and November 2015, PAN filed thirteen petitions for *inter partes* review—covering all ten of the patents asserted in Finjan's complaint—with the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB").  (Dkt. No. 63.)  On November 30, 2015, PAN filed a motion to stay the case based on the IPR petitions.  Pursuant to the parties' stipulation (Dkt. No. 66), on December 10, 2015, the Court entered an order staying the case pending decisions by the PTAB regarding whether to institute the IPR petitions.  (Dkt. No. 67.)

On May 23, 2016, the parties filed a joint status report informing the Court that the PTAB decided to institute IPR proceedings on six of the thirteen (6 of 13) petitions filed by PAN, and denied institution on the other seven (7).  (Dkt. No. 68.)  The six instituted IPRs related to four of the ten patents asserted by Finjan.  In the joint status report, Finjan requested that the Court lift the stay, while PAN requested the Court to keep the stay in place pending the resolution of the six IPR petitions.  (*Id.*)  On May 26, 2016, the Court ordered the stay to remain in place pending the final determination and appeal of the instituted IPR petitions.  (Dkt. No. 69.)

The chart below summarizes the results of the IPR proceedings for the ten originally-asserted patents.

| Patent | PAN IPR Petition | Claims Challenged | Claims Instituted | Claims Invalidated |
|---|---|---|---|---|
| '633 | IPR2015-01974 | 1-4, 6-8, 13, 14, 19, 28, 34 | 14, 19 | None[1] |
| '154 | IPR2015-01979 | 1-8, 10, 11 | 1-8, 10, 11 | None |
| | IPR2016-00151 | 1-12 | 1-8, 10, 11 | None |

---

[1] In a separate IPR filed by Cisco Systems, Inc. (IPR2018-00391), the PTAB found claims 1-4, 8, and 11-13 of the '633 Patent to be unpatentable.

| Patent | PAN IPR Petition | Claims Challenged | Claims Instituted | Claims Invalidated |
|---|---|---|---|---|
| '408 | IPR2015-02001 IPR2016-00157 (Consolidated) | 1, 3-7, 9, 12-16, 18-23, 29, 35 | 1, 3-7, 9, 12-16, 18-23, 29, 35 | None |
| '494 | IPR2016-00159 | 1-18 | 1-6, 10-15 | 1, 2, 6 |
| '780 | IPR2016-00165 | 1-18 | None | None |
| '968 | IPR2016-00149 | 1-12, 24, 33-38 | None | None |
| | IPR2016-00150 | 1-38 | None | |
| '822 | IPR2015-01999 | 1, 4-6, 8, 9, 12, 16-20, 22, 24, 27 | None | None |
| '731 | IPR2015-02000 | 1-22 | None | None |
| '918 | IPR2016-00164 | 1-10, 12-19, 21, 34-36 | None | None |
| '926 | IPR2016-00145 | 1-5, 8-12, 15-19, 22-26, 29, 30 | None | None |

Following the PTAB's final written decisions in the IPRs, PAN appealed five of the six decisions to the Court of Appeals for the Federal Circuit. As the parties reported in their joint status report filed on December 28, 2020, the Federal Circuit affirmed the PTAB's decisions. (Dkt. No. 79.) The last of those Federal Circuit decisions issued on Dec. 16, 2020. (*Id.*)

2021: Lifting the Stay and Finjan's Amended Complaint: Following the IPR decisions and appeals, the parties jointly requested the Court to lift the stay on December 28, 2020. (Dkt. No. 83.) Judge Hamilton lifted the stay on January 25, 2021. (Dkt. No. 84.) Judge Hamilton set a Case Management Conference for March 18, 2021, and ordered the parties to file a Joint Case Management Statement. (Dkt. No. 84.) The parties filed a Joint Case Management Statement on

1  March 11, 2021.  (Dkt. No. 104.)

2  During the Case Management Conference on March 18, 2021, Judge Hamilton ordered

3  that the Technology Tutorial be held on September 29, 2021, and the Claim Construction Hearing

4  be held on October 13 or 14, 2021.  (Dkt. No. 106.)  No dates were set beyond the Claim

5  Construction Hearing, and the parties agreed on all dates prior to the Claim Construction Hearing

6  (Dkt. No. 104.)

7  Finjan filed an Amended Complaint narrowing the case on March 31, 2021 (Dkt. No. 112),

8  asserting the following seven (7) patents:

9  - U.S. Patent No. 6,804,780 ("the '780 Patent");

10  - U.S. Patent No. 7,418,731 ("the '731 Patent");

11  - U.S. Patent No. 7,613,926 ("the '926 Patent");

12  - U.S. Patent No. 7,647,633 ("the '633 Patent");

13  - U.S. Patent No. 8,141,154 ("the '154 Patent");

14  - U.S. Patent No. 8,225,408 ("the '408 Patent"); and

15  - U.S. Patent No. 8,677,494 ("the '494 Patent").

16  Finjan alleges that it holds all rights, title, and interest in these patents.

17  Concurrent with the filing of Finjan's Amended Complaint, the parties entered into a joint

18  stipulation to dismiss with prejudice Finjan's claims for infringement (and PAN's counterclaims

19  and defenses) relating to the other three originally-asserted patents (U.S. Patent Nos. 6,965,968,

20  7,058,822, and 7,613,918).  (Dkt. No. 109.)  Judge Hamilton entered the order of dismissal on

21  March 31, 2021.  (Dkt. No. 111.)

22  <u>2021:  Reassignment to Judge Donato</u>:  On August 9, 2021, the case was reassigned to

23  Judge Donato.  (Dkt. No. 150.)  The dates for the Technology Tutorial and Claim Construction

24  Hearing were vacated in view of the Reassignment Order.  But the parties proceeded with Finjan's

25  Patent Local Rule 3-1 Infringement Contentions (served on April 1, 2021), PAN's Patent Local

26  Rule 3-3 Invalidity Contentions (served on May 17, 2021), Finjan's Patent Local Rule 3-8

27  Damages Contentions (served on July 6, 2021), and PAN's Patent Local Rule 3-9 Responsive

28

Damages Contentions (served on August 5, 2021). The parties also filed a Stipulated Protective Order, which Judge Hamilton entered on March 31, 2021 (Dkt. No. 110) and a Stipulated ESI Order, which Judge Hamilton entered on April 20, 2021 (Dkt. No. 117).

The parties completed all claim construction discovery by August 16, 2021, including claim construction disclosures pursuant to Patent Local Rules 4-1, 4-2, 4-3, and 4-4. The parties also completed claim construction briefing, including Finjan's opening claim construction brief filed on August 30, 2021 (Dkt. No. 158), PAN's responsive claim construction brief filed on September 13, 2021 (Dkt. No. 159), and Finjan's reply claim construction brief filed on September 20, 2021 (Dkt. No. 163). The parties filed a final amended joint claim construction and pre-hearing statement on September 20, 2021. (Dkt. No. 164.)

In accordance with the Reassignment Order Setting CMC (Dkt. No. 151), the parties filed a Joint Case Management Statement on October 14, 2021 (Dkt. No. 171) ahead of a Case Management Conference scheduled for October 20, 2021. On October 18, 2021, the Court continued the Case Management Conference to January 20, 2022. (Dkt. No. 172.) The parties filed an updated Joint Case Management Statement on January 13, 2022. (Dkt. No. 176.) On January 14, 2022, the Court vacated the Case Management Conference and indicated that it would enter a scheduling order. (Dkt. No. 181.) Six months later, on July 18, 2022, Finjan filed an opposed motion to move the Court to issue a scheduling order. (Dkt. No. 191.) On August, 23, 2022, the Court issued its Scheduling Order, resetting, among other dates, the claim construction hearing for April 11, 2023, and trial for April 8, 2024. (Dkt. No. 194.) The claim construction hearing was rescheduled five more times: June 1, 2023 (Dkt. No. 228); September 7, 2023 (Dkt. No. 247); October 26, 2023 (Dkt. No. 254); January 18, 2024 (Dkt. No. 260); and April 18, 2024 (Dkt. No. 265). The trial has also been rescheduled several times. On September 13, 2023, the Court set the trial date for October 21, 2024. (Dkt. No. 260.)

2023: Dismissal Without Prejudice of the Three "Downloadable" Patents: The '780 Patent asserted in this case was also at issue in Finjan's co-pending case against ESET, LLC in the United States District Court for the Southern District of California. In that case, on March 29,

2021, Judge Bencivengo found that the asserted claims of the '780 Patent (and four other Finjan

patents not asserted here) were invalid on the grounds that, as used in those claims and construed

by that court, the claim term "Downloadable" was indefinite.  *Finjan, Inc. v. ESET, LLC*, No.

3:17-cv-0183-CAB-BGS ("ESET"), Dkt No. 869 (S. D. Cal. Mar. 29, 2021).  On May 20, 2021,

and based on that order, Judge Bencivengo entered judgment of invalidity for those patents.  *Id*. at

Dkt No. 875 (May 20, 2021).  Although the '926 and '494 Patents asserted here were not at issue

in the *ESET* case, they are both related to the '780 Patent, and claims of the '926 and '494 Patents

also include the term "Downloadable."  As a result of Judge Bencivengo's *ESET* ruling, the parties

in this case ceased active litigation of the '780, '926, and '494 Patents, and Finjan did not include

claims from those patents in its Preliminary Election of Asserted Claims on June 21, 2021.  Finjan

appealed the *ESET* judgment to the United States Court of Appeals for the Federal Circuit. *Id.* at

Dkt. No. 878 (June 17, 2021).  On November 1, 2022, the Federal Circuit reversed the district

court's claim construction, vacated its grant of summary judgment, and remanded the *ESET* case

for further proceedings.  *Finjan LLC v. ESET, LLC*, 51 F.4th 1377 (Fed. Cir. 2022).  During

Finjan's appeal of the *ESET* judgment, fact and expert discovery in this case continued on the

other four patents such that, when the Federal Circuit reversed the *ESET* judgment, the '780, '926

and '494 Patents were far behind the others.  Accordingly, on May 30, 2023, the parties stipulated

to dismiss the '780, '926, and '494 Patents from this case without prejudice to Finjan filing a new

case on those patents at a later date.  Based on that stipulation, Judge Donato subsequently

dismissed Finjan's claims for infringement of those three patents—as well as PAN's

counterclaims and defenses—without prejudice.  (Dkt. No. 250.)

     2024:  Reassignment to this Court, Claim Construction, and the '154 Patent:  On March 8,

2024, Judge Donato recused himself from all further proceedings in this matter and vacated all

pending dates of motions, pretrial conferences, and trial.  (Dkt. No. 273.)  On March 28, 2024, the

Court reassigned the case to Chief Judge Seeborg.  (Dkt. No. 274.)  After reassignment, the Court

convened a Case Management Conference on April 4, 2024, and during the Conference set the

Technology Tutorial for May 24, 2024, and Claim Construction Hearing on May 29, 2024.  (Dkt.

No. 280.)  The Court held the Technology Tutorial on May 24, 2024, the Claim Construction hearing on May 29, 2024, and issued its Claim Construction Order on June 14, 2024.  The chart below summarizes the claim terms construed by the Court in its claim construction order:

| **Term** | **Patent** | **Construction** |
|---|---|---|
| "content" | '154 | "data or information, which has been modified and is received over a network" |
| "content processor" | '154 | "a processor that processes modified content" |
| "programming language" | '408 | No construction necessary |
| Preamble "A computer program product…the method comprising:" | '633 | Typographical error, corrected to strike "the method" |
| "downloadable information-destination" | '633 | "user device that includes one or more devices or processes that are capable of receiving and initiating or otherwise hosting a mobile code execution" |
| "file cache" | '731 | "memory for temporarily holding a file" |
| "incoming files from the Internet" | '731 | No construction necessary |

The parties subsequently agreed to a Joint Stipulation for Entry of Final Judgment and Order stipulating to non-infringement of the '154 Patent under the Court's constructions.  (Dkt. No. 291.)  The Court so-ordered the parties' stipulation.  (Dkt. No. 292.)

2024: Motions for Summary Judgment and *Daubert* Motions:  On September 11, 2024, PAN moved for summary judgment of non-infringement for the '408, '731, and '633 Patents, and for summary judgment of no pre-suit willful infringement.  (Dkt. No. 306-3.)  Finjan moved for partial summary judgment of no invalidity for the '408, '731, and '633 Patents.  (Dkt. No. 309.)

1   PAN also moved to exclude the testimony of Drs. Angelos Keromytis and Robert Maness. (Dkt.

2   No. 304-3.)  Finjan moved to exclude the testimony of Dr. Aviel Rubin and Stephen Dell.  (Dkt.

3   Nos. 317-1, 320-3.)  Finjan confirmed that "Finjan will not pursue a pre-suit willful infringement

4   theory at trial" (Dkt. No. 339-1 at 25) but the motions are all otherwise opposed.  On

5   November 14, 2024, the Court held oral argument on PAN's summary judgment motion.  (Dkt.

6   No. 373.)  These motions are all currently pending before the court.

7       Finjan's Infringement Claims:  Finjan continues to assert claims from the '731 Patent, the

8   '408 Patent, and the '633 Patent (collectively, the "Patents-in-Suit").  In particular, Finjan asserts

9   claims 1, 2, 14, 15, 17 from the '731 Patent, claims 1, 4-6, and 22 from the '408 Patent, and claim

10  14 from the 633 Patent.  Finjan alleges that PAN has infringed and/or continues to infringe the

11  Patents-in-Suit by making, using, selling, offering for sale and/or importing "products and services

12  that utilize the Next Generation Enterprise Security Platform, App-ID, User-ID, Content-ID,

13  Wildfire, Next-Generation Intelligence Cloud, and Targeted Remote Attack Prevention System

14  ('TRAPS' also spelled as 'Traps')," including: "Next-Generation Security Platform, Next-

15  Generation Firewall, Virtualized Firewall, WildFire Subscription, WildFire Platform, URL

16  Filtering Subscription, Threat Prevention Subscription, and Advanced Endpoint Protection."  (*See,*

17  *e.g.*, Dkt. No. 112 ¶ 31.)  On April 1, 2021, Finjan served Patent Local Rule 3-1 Infringement

18  Contentions and identified the accused products as the Next-Generation Firewalls ("NGFWs"),

19  WildFire, Traps, Threat Prevention, and URL Filtering.

20      Finjan additionally alleges that PAN has induced and/or continues to induce infringement

21  of the Patents-in-Suit by instructing, directing and/or requiring others to perform the steps of

22  method claims of these patents.

23      Finjan seeks damages and injunctive relief for PAN's infringement, as well as a finding

24  that PAN's post-suit infringement has been willful and that this case is exceptional.

25      PAN's Defenses and Counterclaims:  PAN filed its Answer to Finjan's Amended

26  Complaint on April 14, 2021 (Dkt. No. 116), denying infringement and asserting affirmative

27  defenses of non-infringement, invalidity, judicial estoppel, prosecution history estoppel and

28

disclaimer, prosecution laches, ensnarement and prior art estoppel, adequate remedy at law, limitations on damages, 28 U.S.C. § 1498, failure to mark, and preclusion.  PAN also asserts counterclaims seeking declarations of non-infringement and invalidity of the Patents-in-Suit. PAN further seeks a finding of an exceptional case.  On May 5, 2021, Finjan filed its Answer to PAN's counterclaims (Dkt. No. 121), denying non-infringement, invalidity, and unenforceability, and asserting affirmative defenses of failure to state a claim upon which relief may be granted, good faith, and equitable estoppel.

### 3.    Legal Issues

The principal disputed legal issues are:

- Whether PAN infringes any or all of the Patents-in-Suit, either directly (35 U.S.C. § 271(a)) or indirectly (35 U.S.C. § 271(b));

- Whether the Patents-in-Suit are invalid (35 U.S.C. §§ 101, 102, 103, 112);

- Whether Finjan's claims are barred by any defense raised by PAN;

- Whether Finjan is entitled to damages as a result of the alleged infringement of any or all of the Patents-in-Suit, and if so, the amount (35 U.S.C. § 284);

- Whether PAN's alleged post-suit infringement has been willful[2]; and

- Whether this case is exceptional (35 U.S.C. § 285).

### 4.    Motions

#### (a) Pending Motions

PAN's Motion for Summary Judgment of No Infringement.  PAN moved for summary judgment of non-infringement as to the '408, '731, and '633 patents.  (Dkt. No. 308.)  PAN's motion has been fully briefed.  (Dkt. Nos. 308-3, 339-1, 367-3.)  On November 14, 2024, the Court held oral argument on this motion.  (Dkt. No. 373.)

PAN's Motion to Strike Finjan's Infringement Contentions.  PAN renewed its motion to strike Finjan's infringement contentions as to the '731 and '408 Patents.  (Dkt.

---

[2] On October 2, 2024, Finjan stated that it would not pursue a pre-suit willful infringement theory against PAN in this action. *(See, e.g.,* Dkt. No. 339.)

1    No. 302.)  The Court has suspended briefing on PAN's motion to strike and indicated that

2    it will enter a briefing schedule and consider the motion if it denies PAN's motion for

3    summary judgment of non-infringement of the '731 Patent or '408 Patent.  (Dkt. No. 343

4    at 2.)

5         Finjan's Motion for Partial Summary Judgment of No Invalidity.  Finjan moved for

6    partial summary judgment of no invalidity for the '408, '731, and '633 Patents.  (Dkt. No.

7    309.)  Finjan's motion has been fully briefed.  (Dkt. Nos. 309, 336, 359.)  The parties have

8    agreed that the Court need reach Finjan's motion for partial invalidity for any of the

9    Patents-in-Suit, if any, only if it denies PAN's motions for non-infringement of that patent

10   and PAN's motion to strike Finjan's infringement contentions for that patent.

11        PAN'S Motion to Exclude the Opinions of Angelos Keromytis and Robert Maness.

12   PAN moved to exclude certain testimony from Angelos Keromytis, one of Finjan's

13   technical experts, and Robert Maness, Finjan's damages expert.  (Dkt. No. 304-3.)  PAN's

14   motion has been fully briefed.  (Dkt. Nos. 304-3, 337-3, 361-3.)  The Court indicated that

15   it may reserve consideration of this motion pending resolution of PAN's motion for

16   summary judgment and PAN's motion to strike Finjan's infringement contentions.  (Dkt.

17   No. 323 at 2.)

18        Finjan's Motion to Exclude the Opinions of Aviel Rubin.  Finjan moved to exclude

19   certain opinions of Aviel Rubin, PAN's technical expert.  (Dkt. No. 317-1.)  Finjan's

20   motion has been fully briefed.  (Dkt. Nos. 317-1, 348, 360.)  The Court indicated that it

21   may reserve consideration of this motion pending resolution of PAN's motion for

22   summary judgment as to the '633 Patent.  (Dkt. No. 323 at 2.)

23        Finjan's Motion to Exclude the Opinions of Stephen Dell.  Finjan moved to

24   exclude certain opinions of Stephen Dell, PAN's damages expert.  (Dkt. No. 320-3.)

25   Finjan's motion has been fully briefed.  (Dkt. Nos. 320-3, 342-3, 363-2.)  The Court

26   indicated that it may reserve consideration of this motion pending resolution of PAN's

27

28

motion for summary judgment and PAN's motion to strike Finjan's infringement contentions.  (Dkt. No. 323 at 2.)

> (b) <u>Anticipated Motions</u>

> <u>Motions in Limine</u>.  Finjan and PAN each anticipate filing motions in limine at the appropriate time.

> <u>Other</u>.  The parties understand that the Local Rules of this Court, and applicable paragraphs of the Court's Standing Order for Civil Cases, Discovery in Civil Cases, and Civil Jury Trials apply to motions filed in this case.

**5.    Amendment of Pleadings, Addition of Parties, Etc.**

The deadline to amend pleadings without leave of the Court passed on April 1, 2021.  On that day, Finjan filed an Amended Complaint (Dkt. No. 112) as discussed above.

**6.    Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI"), the Northern District of California's Model ESI Order, and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation.  Additionally, the parties have met and conferred at their Rule 26(f) conference and since that time regarding evidence preservation.  Each party has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action.

**7.    Disclosures**

The parties exchanged initial disclosures pursuant to Rule 26(a) on February 12, 2015. The parties exchanged amended initial disclosures on April 30, 2021.  On October 25, 2022, PAN served second amended initial disclosures.  On December 1, 2022, Finjan served second amended initial disclosures.  On December 16, 2022, PAN served third amended initial disclosures.

**8.    Discovery**

<u>Fact Discovery</u>: Fact discovery cut-off was December 23, 2022 (Dkt. No. 194).

<u>Expert Discovery</u>: Expert discovery cut-off was March 17, 2023 (Dkt. No. 194).

Protective Order: The parties filed a Stipulated Protective Order, which Judge Hamilton entered on March 31, 2021.  (Dkt. No. 110.)

Service: The parties agree that service via email is acceptable pursuant to Rule 5(b)(2)(E). Documents served on a party shall be emailed to all attorneys of record for that party.[3]

**9.      Class Actions**

Not Applicable.

**10.      Related Pending Cases**

The only related pending case is *Finjan LLC v. Fortinet, Inc.*, Case No. 3:18-cv-06555-JD, which is pending before Judge Donato in this District.  All three remaining patents asserted against PAN ('408, '731, and '633 Patents) are asserted in *Fortinet*, along with six other patents. *Fortinet* has been stayed since January 2019.

**11.      Relief**

Finjan seeks entry of judgment finding that PAN has infringed and/or continues to infringe the Patents-in-Suit, both directly and indirectly, and that PAN's alleged post-filing infringement has been willful.  Finjan also seeks monetary damages, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty.  Based on the information produced in this case and the report prepared by Finjan's expert, Finjan anticipates it will seek damages of approximately $300 million.  Finjan further seeks a judgment that this case is exceptional and an award of Finjan's costs and reasonable attorneys' fees.  Finjan also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest.  Finjan seeks any other relief available under applicable law.

PAN seeks a declaration that PAN does not infringe the Patents-in-Suit.  PAN further seeks a declaration that the Patents-in-Suit are invalid.  PAN also seeks judgment that Finjan filed this action without a good faith basis, that this case is exceptional, and that Finjan is liable for attorneys' fees, expenses, and costs incurred by PAN in connection with this action.

---

[3] Service upon Finjan via email shall be effective only with Finjan-PAN_Fish-Service@fr.com. Service upon PAN via email shall be effective only with MoFo-PAN-Finjan@mofo.com.

1

### 12. Settlement and ADR

2   Pursuant to ADR L.R. 3-5, the parties reviewed the Court's ADR handbook, discussed the

3   available ADR procedures, and considered whether this case would benefit from an ADR

4   procedure. The parties chose mediation as the ADR process for this case pursuant to ADR L.R. 6.

5   (Dkt. No. 35.) Prior to the stay, a mediation session took place on September 15, 2015, with

6   mediator Vicki Veenker. After the stay and at the Case Management Conference on March 18,

7   2021, Judge Hamilton referred the case to a settlement conference before Magistrate Judge

8   Cousins. (Dkt. No. 106.) The parties have since submitted confidential Settlement Conference

9   Statements to Magistrate Judge Cousins on August 3, 2021, and appeared via Zoom at a

10  Settlement Conference on August 10, 2021. (Dkt. No. 152.) Magistrate Judge Cousins ordered

11  the parties provide the Court with a confidential update on November 2, 2021, with the settlement

12  conference to continue November 9, 2021, at 9:30 am, by Zoom. (*Id.*) Those dates were

13  continued, respectively, to March 4, 2022, and March 11, 2022, at 9:30 am, by Zoom. (Dkt. No.

14  174.) The settlement conference was continued again from March 11, 2022, to June 28, 2022.

15  (Dkt. No. 187.) The parties submitted a second round of confidential Settlement Conference

16  Statements to Magistrate Judge Cousins, and appeared via Zoom at a Settlement Conference on

17  August 28, 2022. (Dkt. No. 190.) Magistrate Judge Cousins ordered the parties provide the Court

18  with a settlement status report by October 14, 2022, commenting on whether, when, and where to

19  schedule the next settlement conference. (*Id.*) The parties submitted the joint settlement status

20  update, and on October 12, 2022, Magistrate Judge Cousins schedule a further settlement

21  conference for April 6, 2023. (Dkt. No. 198.) The parties submitted another joint settlement

22  status update on March 27, 2023, and the same day Magistrate Judge Cousins vacated the further

23  settlement conference scheduled for April 6, 2023, and ordered the parties to provide an update by

24  June 8, 2023, proposing a new date for the conference. (Dkt. No. 233.) The parties submitted an

25  update on June 5, 2023, and the same day Magistrate Judge Cousins ordered the parties to provide

26  further update by September 14, 2023, proposing a new date for the conference. (Dkt. No. 251.)

27  The parties submitted a further update on September 14, 2023, and the same day Magistrate Judge

28

1   Cousins ordered the parties to provide further update by January 25, 2024, proposing a new date

2   for the conference.  (Dkt. No. 261.)  The parties submitted a further update on January 22, 2024

3   proposing to continue the further settlement conference to April 25, 2024.  Magistrate Judge

4   Cousins has not issued an order regarding the parties' request.  On March 11, 2024, the clerk's

5   notice stated the parties are ordered to email a joint settlement status update by April 25, 2024

6   indicating whether, when, and in what format (whether in person or Zoom) a settlement

7   conference is requested.  (Dkt. No. 276.)  The parties' provided a Joint Settlement Regarding

8   Further Settlement Conference on April 25, 2024, requesting that the Court extend the deadline for

9   the parties to propose a new date for the Further Settlement Conference to 14 days after the Court

10  issues its claim construction order.  On July 15, 2024, the Courtroom Deputy to Magistrate Judge

11  Cousins e-mailed counsel for the parties asking to schedule a further settlement conference. On

12  August 23, 2024, the parties submitted settlement statements and on August 30, 2024, the parties

13  engaged in a settlement conference before Magistrate Judge Cousins. (Dkt. No. 298).

14          **13.     Other References**

15          The parties do not believe that this case is suitable for reference to binding arbitration, a

16  special master, or the Judicial Panel on Multidistrict Litigation.

17          **14.     Narrowing of Issues**

18          In accordance with Judge Hamilton's instructions at the Case Management Conference

19  held on March 18, 2021, the parties filed a stipulated case narrowing schedule, which Judge

20  Hamilton entered on June 9, 2021.  (Dkt. No. 126.)  In accordance with that schedule, Finjan

21  served a Preliminary Election of Asserted Claims on June 21, 2021, and PAN served a Preliminary

22  Election of Asserted Prior Art on July 6, 2021.

23          On January 11, 2023, Judge Donato ordered further narrowing through a second election of

24  asserted claims and asserted prior art.  (Dkt. No. 217.)  The order allowed Finjan to assert up to 5

25  claims for a single patent, and 14 claims in total for all patents-in-suit, and PAN to assert up to 5

26  prior art references against a single patent, and 14 references in total for all patents-in-suit.  (*Id.*)

27

28

In accordance with Judge Donato's order, Finjan served its Second Election of Asserted Claims on January 17, 2023, and PAN served its Second Election of Asserted Prior Art on January 27, 2023.

### 15.    Scheduling

The parties have met and conferred regarding the case schedule and June 9 trial date in light of the pending summary judgment motions (Dkt. Nos. 308, 309), PAN's motion to strike Finjan's infringement contentions (Dkt. No. 302), and the Court's Scheduling and Procedural Order, dated September 16, 2024 (Dkt. No. 323).

**Finjan's Position**: Finjan remains prepared and willing to proceed with trial as scheduled on June 9, 2025.  Finjan filed this case on November 4, 2014. (Dkt. No. 1). In response, PAN filed 13 *inter partes* review petitions, and on December 10, 2015, the Court stayed the litigation pending resolution of the IPRs. (Dkt. No. 67; *see also* Dkt. No. 69 (ordering that the stay remain in effect beyond institution until all final written decisions and appeals had been issued).) The IPRs and appeals on all of the asserted patents were concluded by December 16, 2020, with 196 of the 199 challenged claims surviving.

This Court lifted the stay on January 25, 2021 (Dkt. No. 84.), but trial has been repeatedly delayed through no fault of Finjan's. Trial has been scheduled and rescheduled three times, from April 8, 2024 to October 21, 2024 to June 9, 2025. (Dkt. Nos. 194, 260, 297.) After more than a decade, Finjan still awaits its day in Court to vindicate its patent rights in the face of PAN's continuing, infringing activities. Any further delay in the resolution of this case is harmful to Finjan. Accordingly, Finjan proposes maintaining the current schedule, including trial beginning June 9, 2025.  The current schedule provides the Court and parties ample time to resolve the pending motions and any pretrial filings, while promptly resolving this decade-long action. By contrast, PAN's proposal only invites further, unnecessary delay.

**PAN's Position**: PAN believes that the most efficient path forward is for the Court to vacate the June 9, 2025, trial date and pre-trial deadlines, set a status conference for 14 days after resolution of PAN's summary judgment motion, and require the parties to submit a proposed schedule seven (7) days before that status conference.

PAN's proposal will ensure that the parties are able to most efficiently prepare their pre-trial disclosures and motions and minimize the burden on the Court, or avoid the need to move forward with those disclosures and motions altogether. PAN's motion for summary judgment of non-infringement of all asserted patents (Dkt. No. 308) remains pending before the Court and is potentially dispositive of the case. Moreover, the Court has already stated that any order denying PAN's summary judgment motion as to the '408 Patent or '731 Patent will include a briefing schedule and hearing date for resolution of PAN's renewed motion to strike Finjan's infringement contentions, a motion that also is potentially dispositive of all claims as to those patents. (Dkt. No. 323 at 1-2.) Pending resolution of these motions, the Court has deferred resolution of Finjan's motion for partial summary judgment (Dkt. No. 309) and the parties' Daubert motions (Dkt. No. 304-3, 317-1, 320-3), motions that may not have to be resolved depending on the Court's resolution of PAN's summary judgment and renewed strike motions.

Moreover, Finjan will not be harmed by any modest delay to ensure the most efficient resolution of this case. Finjan does not seek an injunction and all of the asserted patents expired long ago.

Accordingly, PAN respectfully requests that the Court adopt its proposal. PAN, of course, will be prepared to discuss the pre-trial schedule that is most efficient based on the current or any later trial date that the Court deems appropriate.

**16.    Trial**

The parties have requested trial by jury. Both parties expect that the trial will require approximately five court days, provided, however, that this estimate may be impacted by the Court's resolution of the pending summary judgment and other motions.

**17.    Disclosure of Non-party Interested Entities or Persons.**

The parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-15. (Dkt. No. 3 (Finjan's certification); Dkt. No. 25 (PAN's certification).)

Finjan converted from a corporation to a limited liability company, and in conjunction, changed its name from Finjan, Inc. to Finjan LLC. Finjan has filed an unopposed motion to

amend the caption to reflect that name change. (Dkt. No. 101.) The Court granted Finjan's

motion. (Dkt. No. 103.) The company of which Finjan was a wholly owned subsidiary also went

through a similar conversion and changed its name from Finjan Holdings, Inc. to Finjan Holdings

LLC. Finjan filed an updated Certification of Interested Parties or Persons to reflect that name

change, as well. (Dkt. No. 102.) Finjan filed an Amended Certification of Interested Parties or

Persons to specify that Finjan LLC is wholly-owned by Finjan Holdings LLC, which is wholly-

owned by CFIP Goldfish Holdings LLC. (Dkt. No. 213.) Finjan certified that no publicly held

corporation owns 10% or more of Finjan LLC's stock. (*Id*.) Finjan also identified Finjan

Holdings LLC, CFIP Goldfish Holdings LLC, and Fortress Investment Group LLC as each having

a direct or indirect financial interest in Finjan LLC. (*Id*.)

PAN confirms that no other entities have a financial interest in the subject matter in

controversy or PAN, or a non-financial interest in that subject matter or PAN that could be

substantially affected by the outcome of this proceeding.

### 18.    Professional Conduct

The attorneys of record confirm that they have reviewed the Guidelines for Professional

Conduct for the Northern District of California.

### 19.    Other Matters

Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the

following additional matters:

> **(1)    Proposed modification of the obligations or deadlines set forth in the Patent Local Rules**

The parties do not propose any modifications to the obligations or deadlines set forth in the

Patent Local Rules at this time.

> **(2)    The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court**

A claim construction order issued on June 14, 2024. (Dkt. No. 290.) The parties reserve

the right to raise with the Court additional claim construction disputes that arise pursuant to *O2*

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

1  *Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008).

2          **(3)**      **The format of the Claim Construction Hearing, including whether the**

3                      **Court will hear live testimony, the order of presentation, and the**
                    **estimated length of the hearing**

4  A claim construction order issued on June 14, 2024.  (Dkt. No. 290).

5          **(4)**      **How the parties intend to educate the court on the technology at issue**

6  The Technology Tutorial took place on May 24, 2024.  (Dkt. No. 284).

7

8

9                                       Respectfully Submitted,

10  DATED:  March 20, 2025

11                                       */s/ Roger A. Denning*
                                     Juanita R. Brooks (CA SBN 75934)

12                                       brooks@fr.com
                                     Roger A. Denning (CA SBN 228998)

13                                       denning@fr.com
                                     Frank J. Albert (CA SBN 247741)

14                                       albert@fr.com
                                     Jared A. Smith (CA SBN 306576)

15                                       jasmith@fr.com
                                       Tyler R. Train (CA SBN 318998)

16                                       train@fr.com
                                     Elliot N. Scher (CA SBN 343705)

17                                       scher@fr.com

18                                       FISH & RICHARDSON P.C.

19                                       12860 El Camino Real, Ste. 400
                                     San Diego, CA 92130

20                                       Telephone: (858) 678-5070 / Fax: (858) 678-5099

21                                       Aamir Kazi (*Pro Hac Vice*)

22                                       kazi@fr.com
                                     Lawrence Jarvis (*Pro Hac Vice*)

23                                       jarvis@fr.com
                                     FISH & RICHARDSON P.C.

24                                       1180 Peachtree St. NE, 21st floor
                                   Atlanta, GA  30309

25                                     Telephone: (404) 892-5005 / Fax: (404) 892-5002

26

27

28                                18            Case No. 3:14-cv-04908-RS

Susan E. Morrison (*Pro Hac Vice*)
morrison@fr.com
FISH & RICHARDSON P.C.
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE  19801
Telephone: (302) 652-5070 / Fax: (302) 652-0607

Attorneys for Plaintiff
FINJAN LLC

DATED: March 20, 2025

                                        */s/ Kyle W.K. Mooney*

Daralyn J. Durie (CA SBN 169825)
DDurie@mofo.com
Timothy Chen Saulsbury (CA SBN 281434)
TSaulsbury@mofo.com
Matthew I. Kreeger (CA SBN 153793)
MKreeger@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000/Fax: (415) 268-7522

Kyle W.K. Mooney (*Pro Hac Vice*)
KMooney@mofo.com
Michael J. DeStefano (*Pro Hac Vice*)
Mdestefano@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000/Fax: (212) 468-7900

Rose S. Lee
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles CA 90017-3543
Phone: (213) 892-5200/Fax: (213) 892-5454

Attorneys for Defendant
PALO ALTO NETWORKS, INC.

1

## <u>ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)</u>

2      In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

3 document has been obtained from any other signatory to this document.

4

5                                              */s/ Roger A. Denning*
                                             Roger A. Denning

## **CASE MANAGEMENT ORDER**

The above Joint Case Management Statement AND PROPOSED ORDER is approved as the Case Management Order for this case and the parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: _____

_____
United States Chief District Court Judge
Honorable Richard Seeborg